# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
------------------------------- x
                                :
NEXTERA ENERGY GLOBAL HOLDINGS  :
B.V. and NEXTERA ENERGY SPAIN   :
HOLDINGS B.V.,                  :
                                :
Prins Bernhardplein 200, 1097 JB Amsterdam :
The Netherlands                 :   19 Civ. _____
                                :
                   Petitioners, :
                                :
            v.                  :
                                :
KINGDOM OF SPAIN,               :
                                :
Abogacia General del Estado     :
Calle Ayala, 5                  :
28001 – Madrid                  :
Spain                           :
                                :
                   Respondent   :
                                :
------------------------------- x
```

**PETITION TO CONFIRM INTERNATIONAL ARBITRAL
AWARD PURSUANT TO THE 1965 ICSID CONVENTION**

1. Pursuant to 22 U.S.C. § 1650a and Article 54 of the 1965 Convention on the Settlement of Investment Disputes between States and Nationals of Other States, 575 U.N.T.S. 159 (the "ICSID Convention"), Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively "NextEra" or "Petitioners") bring this action against the Kingdom of Spain ("Respondent" or "Spain") to recognize and confirm an international arbitral award (the "Award"), issued on May 31, 2019 in ICSID Case No. ARB/14/11, entitled *NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain*.[1]

2. The Award resulted from a full hearing, and reflected the Tribunal's prior Decision on Jurisdiction, Liability and Quantum Principles dated March 12, 2019 rendered in the same proceedings (the "Liability Decision"), which is attached as an annex to the Award (Nelson Decl. Ex. 1, Annex).

3. Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of . . . one of the several States" of the United States. 22 U.S.C. § 1650a(a). Accordingly, NextEra requests this Court: (i) enter an order recognizing and confirming the Award, and (ii) enter judgment for NextEra in the amounts of (a) EUR 290,600,000, plus interest at the rate of 0.234%, compounded monthly, from June 30, 2016 to the date of judgment; (b) USD 4,279,400.67, plus interest at the rate of 0.234%, compounded monthly, from May 31, 2019 to the date of judgment; (c) EUR 1,042,135.30, plus interest at the rate of 0.234%, compounded monthly, from May 31, 2019 to the date of judgment;

---

[1] A copy of the Award appears as Exhibit 1 to the accompanying Declaration of Timothy G. Nelson ("Nelson Decl."). A copy of the ICSID Convention appears as Exhibit 2 to the Nelson Declaration.

and (d) post-judgment interest on all of the preceding sums at the rate applicable under 28 U.S.C. § 1961.

## PARTIES

4.     Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. are private limited liability companies incorporated under the laws of the Netherlands.  (*See* Liability Decision ¶ 2.)

5.     Respondent the Kingdom of Spain is a foreign state within the meaning of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330 and 1602-1611.  (*See* Liability Decision ¶ 3.)  Spain signed the ICSID Convention on March 21, 1994, and deposited its instrument of ratification on August 18, 1994.  The ICSID Convention entered into force for Spain on September 17, 1994.[2]

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction under 22 U.S.C. § 1650a(b), which gives "district courts of the United States . . . exclusive jurisdiction" to enforce ICSID Convention awards.

7.     Furthermore, this Court has subject-matter jurisdiction over this action under the FSIA because ICSID arbitration proceedings are a "nonjury civil action against a foreign state" on a claim against which the foreign state enjoys no immunity under the FSIA.  28 U.S.C. § 1330(a).  Under 28 U.S.C. § 1605(a)(6), "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . to confirm an award" based on an agreement to arbitrate where "the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition

---

[2]     *See* Int'l Centre for Settlement of Investment Disputes, Database of ICSID Member States (Nelson Decl. Ex. 4).

and enforcement of arbitral awards." *Id.* The ICSID Convention is such a treaty in force in the United States for the recognition and enforcement arbitral awards. *See Blue Ridge Invs., L.L.C. v. Republic of Arg.*, 735 F.3d 72, 85 (2d Cir. 2013) ("To our knowledge, every court to consider whether awards issued pursuant to the ICSID Convention fall within the arbitral award exception to [foreign sovereign immunity under] the FSIA has concluded that they do.").

8. Moreover, Spain's accession to the ICSID Convention operates to waive immunity from an action to recognize an award governed by the ICSID Convention. *See* 28 U.S.C. § 1605(a)(1) (subject matter jurisdiction exists if a "foreign state has waived its immunity either explicitly or by implication"); *see also Blue Ridge Invs.*, 735 F.3d at 84 (foreign countries waive sovereign immunity under the FSIA "by becoming a party to the ICSID Convention").

9. Because subject-matter jurisdiction exists over Spain, personal jurisdiction also is established. *See* 28 U.S.C. § 1330(b).

10. Venue is proper in this Court under 28 U.S.C. § 1391(f)(4), which allows civil actions against foreign states or their political subdivisions to be brought "in the United States District Court for the District of Columbia."

11. The Federal Arbitration Act, 9 U.S.C. § 1 et seq., does "not apply to enforcement of awards rendered pursuant to the [ICSID] Convention," 22 U.S.C. § 1650a(a), so its jurisdictional requirements play no role here. *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, No. 16-1533, 2019 WL 2185040 at *7-8 (D.D.C. May 21, 2019).

## THE UNDERLYING DISPUTE

12. The Award arises from NextEra's investments in concentrated solar power ("CSP") projects in Spain.

13. In 2007, Spain enacted legislation to encourage investment in solar power projects within its territory. The legislation was intended to "minimise regulatory uncertainty" by providing "transparency and predictability" regarding economic incentives in order to "encourage[] investment in new capacity." (Liability Decision ¶ 116.) In reliance on that legislation and explicit assurances by Spanish authorities—including "[s]tatements made in writing to NextEra by Spanish officials"—NextEra invested in the construction, development and operation of two Spanish CSP projects at a total cost of approximately 750 million euros. (*Id.* ¶¶ 93, 97, 588(1).)

14. After a government transition, Spain enacted a series of laws between 2012 and 2014 that "fundamentally and radically changed" the investment regime NextEra relied on when making its investment. *Id.* ¶ 599. The changes created an entirely new regulatory system by 2014, contradicting written government assurances to NextEra and going "beyond anything that might have been reasonably expected" by NextEra when it "undertook [the] investment." *Id.* NextEra suffered significant harm as a result. *See id.* ¶¶ 678-80 (concluding that "Claimants are entitled to damages" and inviting further quantum claim submissions).

15. NextEra's solar power investments were protected by the Energy Charter Treaty (Nelson Decl. Ex. 3 ("ECT")). The ECT "establishes a legal framework in order to promote long-term cooperation in the energy field, based on complementarities and mutual benefits." ECT, art. 2.

16. Spain is a party to the ECT and the ICSID Convention, as is NextEra's state of incorporation, the Netherlands.[3] Furthermore, NextEra is an "investor" under the ECT. (*See*

---

[3] *See* Int'l Energy Charter, Energy Charter Treaty: Signatories/Contracting Parties (listing both the Netherlands and Spain as parties) (Nelson Decl. Ex. 5); Int'l Centre for Settlement of Investment Disputes, Database of ICSID Member States (Nelson Decl. Ex. 4 ("ICSID Member Database")).

4

Liability Decision ¶ 211 ("Claimants are companies that are organized under the law of the Netherlands and thus are '*Investors*' within the meaning of Article 1(7) of the ECT.").)

17.  As an ECT contracting party, Spain has consented to submitting any ECT disputes to arbitration.  *See* ECT, art. 26(3)(a) (Contracting Parties give their "unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article").  Furthermore, ECT arbitrations can proceed under the ICSID Convention where "the Contracting Party of the investor and the Contracting Party . . . to the dispute" are also parties to the ICSID Convention and the investor elects arbitration under that Convention.  ECT, art. 26(4)(a)(i).  Accordingly, upon becoming a party to the ECT, Spain irrevocably consented to arbitrate disputes with investors (such as NextEra) arising thereunder pursuant to the ICSID Convention.

18.  On May 12, 2014, NextEra filed a Request for Arbitration against Spain, arguing that Spain's regulatory revisions devalued NextEra's solar power investments and constituted a violation of Articles 10(1) and 10(7) of the ECT.  ICSID received the Request for Arbitration, including its hard copy exhibits, on May 15, 2014.  (Liability Decision ¶¶ 6, 180.)  In the Request for Arbitration, NextEra consented to submit its disputes to ICSID arbitration pursuant to Article 26 of the ECT.

19.  A three-member ICSID arbitral tribunal (the "Tribunal") was duly constituted on January 23, 2015.  (Liability Decision ¶ 10.)  The Tribunal received briefing and evidence from the parties, and conducted a hearing on all issues (including contested issues of jurisdiction, merits and quantum) in London from December 12 to 19, 2016.  (*Id.* ¶ 67.)  NextEra and Spain were represented by counsel, and fully participated in the hearing.

20. On March 12, 2019, the Tribunal issued its 235-page Liability Decision (its full title being the "Decision on Jurisdiction, Liability and Quantum Principles"), finding that Spain breached its obligation to "provide [NextEra] fair and equitable treatment" under Article 10(1) of the ECT by failing to protect NextEra's "legitimate expectations." (*Id.* ¶ 682(ii).) The Tribunal directed that NextEra was entitled to damages quantified by reference to the capitalized costs of the two Spanish CSP projects and a return equal to the weighted average cost of capital of the projects plus a margin of 200 bps. (*Id.* ¶ 682(iii).) In light of this finding, the Tribunal instructed NextEra to "recalculate their damages claim of EUR 398.4 million" in light of the quantum formulation directed in the Tribunal's Liability Decision and to submit the recalculated amount "within 10 days of receipt of this Decision." (*Id.* ¶ 682(iv).) The Tribunal then received confirmation of the relevant amount from NextEra.

21. On May 31, 2019, the Tribunal issued a Final Award requiring Spain to pay NextEra EUR 290.6 million as damages, plus pre-judgment interest at a rate of 0.234%, compounded monthly, from June 30, 2016. ICSID Award ¶ 37(2)-(3). The Tribunal further directed Spain to pay NextEra USD 132,368.86, representing its share of the costs of the proceeding, USD 4,147,031.81 plus EUR 1,042,135.30 representing part of NextEra's costs of the ICSID proceedings (including legal fees), and directed that Spain "shall pay [NextEra] post-judgment interest on the amounts owing under this Award from the date of the Award until date of payment at the rate of 0.234%, compounded monthly." (*Id.* ¶ 37(4)-(6).)

## LEGAL BASIS FOR RELIEF

22. The United States is a Contracting Party to the ICSID Convention.[4] Article 54 of the ICSID Convention requires the U.S. to "recognize an award rendered pursuant to th[e]

---

[4] *See* ICSID Member Database (Nelson Decl. Ex. 4).

Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a [U.S.] court." ICSID Convention, art. 54(1).  Article 54 further provides that, for Member States (such as the United States) with federal systems, ICSID awards may be enforced "through its federal courts," in which case an ICSID award shall be treated "as if it were a final judgment of the courts of a constituent state." *Id.*  Consequently, the implementing legislation for the ICSID Convention states that "[t]he pecuniary obligations imposed by [an ICSID award] shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a); *see also TECO Guat. Holdings, LLC v. Republic of Guat.*, Civil Action No. 17-102 (RDM), 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018).

23.     ICSID Convention awards thus "create a right arising under a treaty of the United States."  22 U.S.C. § 1650a(a).  ICSID Convention awards against a foreign state may be enforced by plenary actions in U.S. federal district courts if they comply with (i) the FSIA's personal service, jurisdiction and venue requirements, and (ii) the requirements for commencing a civil action under the Federal Rules of Civil Procedure.  *See Micula v. Gov't of Rom.*, 104 F. Supp. 3d 42, 49-50 (D.D.C. 2015); *see also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 99-100, 117-20 (2d Cir. 2017).

24.     The legal standards governing judicial review of arbitration awards are "not complicated"—they are "limited by design." *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 133 (D.D.C. 2012) (citation omitted).  Those standards are even narrower for awards issued pursuant to the ICSID Convention, which are not open to *any* collateral attack during enforcement proceedings.  Courts may only "examine the judgment's authenticity and enforce [its] obligations." *TECO*, 2018 WL 4705794, at *2 (citation omitted).

They cannot examine its "merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award." *Mobil Cerro Negro*, 863 F.3d at 102; *accord OI European Grp.*, 2019 WL 2185040, at *7. Courts are expected to "treat the award[s] as final," *Mobil Cerro Negro*, 863 F.3d at 102, and award-debtors cannot "make substantive challenges to the award" in enforcement proceedings. *Id.* at 118. Furthermore, the FAA and its various defenses do not apply to ICSID award enforcement. *See Tidewater Inv. SRL v. Bolivarian Republic of Venez.*, Civil Action No. 17-1457 (TJK), 2018 WL 6605633, at *1 (D.D.C. Dec. 17, 2018). Thus, Spain cannot collaterally attack the Award or Liability Decision during these proceedings.

25. Additionally, Spain may not claim sovereign immunity under the FSIA. The FSIA creates "a comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983). The standards include "a set of enumerated exceptions" to state immunity, "including, such as here, when a case is brought to 'confirm an award made pursuant to . . . an agreement to arbitrate' and the award is 'governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards.'" *Tidewater*, 2018 WL 6605633, at *4 (alteration in original) (quoting 28 U.S.C. § 1605(a)(6)). The Award fits this FSIA exception, and Spain cannot escape enforcement here.

26. Spain has also waived its foreign sovereign immunity in this action by acceding to the ICSID Convention. *See* 28 U.S.C. § 1605(a)(1) (a foreign state is not immune from suit in U.S. courts where it has "waived its immunity either explicitly or by implication"). As a party to the ICSID Convention, Spain has agreed to abide by and comply with all awards against it, and enforce award obligations as if they were final judgments of Spanish courts. ICSID Convention, arts. 53(1); 54(1). That very agreement necessarily contemplates "enforcement actions in other

[Contracting] States," *Blue Ridge Invs.*, 735 F.3d at 84 (alteration in original) (citation omitted), and dispenses with any claim of sovereign immunity.

## CAUSE OF ACTION AND REQUEST FOR RELIEF

27. Under federal statute, the Award is to be given "the same full faith and credit as . . . a final judgment" issued by a state court. 22 U.S.C. § 1650a(a); *TECO*, 2018 WL 4705794, at *2. NextEra may therefore enforce the Award's pecuniary obligations against Spain. Accordingly, NextEra requests that this Court issue an order: (i) recognizing and confirming the Award, and (ii) entering judgment in NextEra's favor thereupon.

28. NextEra requests that the Court enter judgment in the currencies specified in the award, including Euros. *See* ICSID Award ¶ 37. This Court has authority to enter judgment in a foreign currency when requested by the judgment creditor. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 218 (D.C. Cir. 2018) ("Recent cases have endorsed judgment in a foreign currency if the petitioner requests payment in that currency."); *accord* Restatement (Third) of the Foreign Relations Law of the United States § 823 cmt. b (Am. Law Inst. 1987) ("[T]here is no impediment to issuance by a court in the United States of a judgment denominated in a foreign currency.").

29. Once judgment is entered by the court confirming the Award, the proper rate of interest is that prescribed by 28 U.S.C. § 1961. *See OI European Grp.,* 2019 WL 2185040, at *8 (construing ICSID implementing legislation, and the requirement of full faith and credit, as meaning that 28 U.S.C. § 1961 "should apply" as the basis for post-judgment interest, once an ICSID award is confirmed).

WHEREFORE, Petitioners request that the Court enter an order:

(i) enforcing the Award against Spain in the same manner as a final judgment issued by a court of one of the several states;

(ii) entering judgment thereupon against Spain and in NextEra's favor in the amounts of (a) EUR 290,600,000, plus interest at the rate of 0.234%, compounded monthly, from June 30, 2016 to the date of judgment; (b) USD 4,279,400.67, plus interest at the rate of 0.234%, compounded monthly, from May 31, 2019 to the date of judgment; and (c) EUR 1,042,135.30, plus interest at the rate of 0.234%, compounded monthly, from May 31, 2019 to the date of judgment; and

(iii) awarding post-judgment interest at the rate applicable under 28 U.S.C. § 1961.

| | |
|---|---|
| June 3, 2019 | By:  /s/ Jennifer L. Spaziano |
| | Jennifer L. Spaziano<br>D.C. Bar Number 462787<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC  20005-2111<br>(202) 371-7000<br>jen.spaziano@skadden.com |
| | Timothy G. Nelson (*pro hac vice* motion to be filed)<br>New York Bar Number 3060175<br>Amanda Raymond Kalantirsky (*pro hac vice* motion to be filed)<br>New York Bar Number 4812418<br>Aaron Murphy (*pro hac vice* motion to be filed)<br>New York Bar Number 5604459<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>Four Times Square<br>New York, NY 10036-6522<br>(212) 735-3000<br>(212) 735-2000 (fax)<br>timothy.g.nelson@skadden.com |

amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (*pro hac vice* motion to be filed)
New York Bar Number 4167920
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London E14 5DS
ENGLAND

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*