# EXHIBIT 12

STATUTE OF THE COURT OF JUSTICE
OF THE EUROPEAN UNION

(CONSOLIDATED VERSION)

This text contains the consolidated version of Protocol (No 3) on the Statute of the Court of Justice of the European Union, annexed to the Treaties, as amended by Regulation (EU, Euratom) No 741/2012 of the European Parliament and of the Council of 11 August 2012 (OJ L 228, 23.8.2012, p. 1), by Article 9 of the Act concerning the conditions of accession to the European Union of the Republic of Croatia and the adjustments to the Treaty on European Union, the Treaty on the Functioning of the European Union and the Treaty establishing the European Atomic Energy Community (OJ L 112, 24.4.2012, p. 21), by Regulation (EU, Euratom) 2015/2422 of the European Parliament and of the Council of 16 December 2015 (OJ L 341, 24.12.2015, p. 14) and by Regulation (EU, Euratom) 2016/1192 of the European Parliament and of the Council of 6 July 2016 on the transfer to the General Court of jurisdiction at first instance in disputes between the European Union and its servants (OJ L 200, 26.7.2016, p. 137).

This text is meant purely as a documentation tool and the institution does not assume any liability for its contents.

PROTOCOL (No 3)
**ON THE STATUTE OF THE COURT OF JUSTICE OF
THE EUROPEAN UNION**

THE HIGH CONTRACTING PARTIES,

DESIRING to lay down the Statute of the Court of Justice of the European Union provided for in Article 281 of the Treaty on the Functioning of the European Union,

HAVE AGREED UPON the following provisions, which shall be annexed to the Treaty on European Union, the Treaty on the Functioning of the European Union and the Treaty establishing the European Atomic Energy Community:

*Article 1*

The Court of Justice of the European Union shall be constituted and shall function in accordance with the provisions of the Treaties, of the Treaty establishing the European Atomic Energy Community (EAEC Treaty) and of this Statute.

TITLE I

**JUDGES AND ADVOCATES GENERAL**

*Article 2*

Before taking up his duties each Judge shall, before the Court of Justice sitting in open court, take an oath to perform his duties impartially and conscientiously and to preserve the secrecy of the deliberations of the Court.

*Article 3*

The Judges shall be immune from legal proceedings. After they have ceased to hold office, they shall continue to enjoy immunity in respect of acts performed by them in their official capacity, including words spoken or written.

The Court of Justice, sitting as a full Court, may waive the immunity. If the decision concerns a member of the General Court or of a specialised court, the Court shall decide after consulting the court concerned.

Where immunity has been waived and criminal proceedings are instituted against a Judge, he shall be tried, in any of the Member States, only by the court competent to judge the members of the highest national judiciary.

Articles 11 to 14 and Article 17 of the Protocol on the privileges and immunities of the European Union shall apply to the Judges, Advocates General, Registrar and Assistant Rapporteurs of the Court of Justice of the European Union, without prejudice to the provisions relating to immunity from legal proceedings of Judges which are set out in the preceding paragraphs.

*Article 4*

The Judges may not hold any political or administrative office.

They may not engage in any occupation, whether gainful or not, unless exemption is exceptionally granted by the Council, acting by a simple majority.

When taking up their duties, they shall give a solemn undertaking that, both during and after their term of office, they will respect the obligations arising therefrom, in particular the duty to behave with integrity and discretion as regards the acceptance, after they have ceased to hold office, of certain appointments or benefits.

Any doubt on this point shall be settled by decision of the Court of Justice. If the decision concerns a member of the General Court or of a specialised court, the Court shall decide after consulting the court concerned.

*Article 5*

Apart from normal replacement, or death, the duties of a Judge shall end when he resigns.

Where a Judge resigns, his letter of resignation shall be addressed to the President of the Court of Justice for transmission to the President of the Council. Upon this notification a vacancy shall arise on the bench.

Save where Article 6 applies, a Judge shall continue to hold office until his successor takes up his duties.

*Article 6*

A Judge may be deprived of his office or of his right to a pension or other benefits in its stead only if, in the unanimous opinion of the Judges and Advocates General of the Court of Justice, he no longer fulfils the requisite conditions or meets the obligations arising from his office. The Judge concerned shall not take part in any such deliberations. If the person concerned is a member of the General Court or of a specialised court, the Court shall decide after consulting the court concerned.

The Registrar of the Court shall communicate the decision of the Court to the President of the European Parliament and to the President of the Commission and shall notify it to the President of the Council.

In the case of a decision depriving a Judge of his office, a vacancy shall arise on the bench upon this latter notification.

*Article 7*

A Judge who is to replace a member of the Court whose term of office has not expired shall be appointed for the remainder of his predecessor's term.

*Article 8*

The provisions of Articles 2 to 7 shall apply to the Advocates General.

# TITLE II

## ORGANISATION OF THE COURT OF JUSTICE

### *Article 9*

When, every three years, the Judges are partially replaced, one half of the number of Judges shall be replaced. If the number of Judges is an uneven number, the number of Judges who shall be replaced shall alternately be the number which is the next above one half of the number of Judges and the number which is next below one half.

The first paragraph shall also apply when the Advocates General are partially replaced, every three years.

### *Article 9a*

The Judges shall elect the President and the Vice-President of the Court of Justice from among their number for a term of three years. They may be re-elected.

The Vice-President shall assist the President in accordance with the conditions laid down in the Rules of Procedure. He shall take the President's place when the latter is prevented from attending or when the office of President is vacant.

### *Article 10*

The Registrar shall take an oath before the Court of Justice to perform his duties impartially and conscientiously and to preserve the secrecy of the deliberations of the Court of Justice.

### *Article 11*

The Court of Justice shall arrange for replacement of the Registrar on occasions when he is prevented from attending the Court of Justice.

### *Article 12*

Officials and other servants shall be attached to the Court of Justice to enable it to function. They shall be responsible to the Registrar under the authority of the President.

### *Article 13*

At the request of the Court of Justice, the European Parliament and the Council may, acting in accordance with the ordinary legislative procedure, provide for the appointment of Assistant Rapporteurs and lay down the rules governing their service. The Assistant Rapporteurs may be required, under conditions laid down in the Rules

of Procedure, to participate in preparatory inquiries in cases pending before the Court and to cooperate with the Judge who acts as Rapporteur.

The Assistant Rapporteurs shall be chosen from persons whose independence is beyond doubt and who possess the necessary legal qualifications; they shall be appointed by the Council, acting by a simple majority. They shall take an oath before the Court to perform their duties impartially and conscientiously and to preserve the secrecy of the deliberations of the Court.

### Article 14

The Judges, the Advocates General and the Registrar shall be required to reside at the place where the Court of Justice has its seat.

### Article 15

The Court of Justice shall remain permanently in session. The duration of the judicial vacations shall be determined by the Court with due regard to the needs of its business.

### Article 16

The Court of Justice shall form chambers consisting of three and five Judges. The Judges shall elect the Presidents of the chambers from among their number. The Presidents of the chambers of five Judges shall be elected for three years. They may be re-elected once.

The Grand Chamber shall consist of 15 Judges. It shall be presided over by the President of the Court. The Vice-President of the Court and, in accordance with the conditions laid down in the Rules of Procedure, three of the Presidents of the chambers of five Judges and other Judges shall also form part of the Grand Chamber.

The Court shall sit in a Grand Chamber when a Member State or an institution of the Union that is party to the proceedings so requests.

The Court shall sit as a full Court where cases are brought before it pursuant to Article 228(2), Article 245(2), Article 247 or Article 286(6) of the Treaty on the Functioning of the European Union.

Moreover, where it considers that a case before it is of exceptional importance, the Court may decide, after hearing the Advocate General, to refer the case to the full Court.

### Article 17

Decisions of the Court of Justice shall be valid only when an uneven number of its members is sitting in the deliberations.

Decisions of the chambers consisting of either three or five Judges shall be valid only if they are taken by three Judges.

Decisions of the Grand Chamber shall be valid only if 11 Judges are sitting.

Decisions of the full Court shall be valid only if 17 Judges are sitting.

In the event of one of the Judges of a chamber being prevented from attending, a Judge of another chamber may be called upon to sit in accordance with conditions laid down in the Rules of Procedure.

### Article 18

No Judge or Advocate General may take part in the disposal of any case in which he has previously taken part as agent or adviser or has acted for one of the parties, or in which he has been called upon to pronounce as a member of a court or tribunal, of a commission of inquiry or in any other capacity.

If, for some special reason, any Judge or Advocate General considers that he should not take part in the judgment or examination of a particular case, he shall so inform the President. If, for some special reason, the President considers that any Judge or Advocate General should not sit or make submissions in a particular case, he shall notify him accordingly.

Any difficulty arising as to the application of this Article shall be settled by decision of the Court of Justice.

A party may not apply for a change in the composition of the Court or of one of its chambers on the grounds of either the nationality of a Judge or the absence from the Court or from the chamber of a Judge of the nationality of that party.

### TITLE III

## PROCEDURE BEFORE THE COURT OF JUSTICE

### Article 19

The Member States and the institutions of the Union shall be represented before the Court of Justice by an agent appointed for each case; the agent may be assisted by an adviser or by a lawyer.

The States, other than the Member States, which are parties to the Agreement on the European Economic Area and also the EFTA Surveillance Authority referred to in that Agreement shall be represented in same manner.

Other parties must be represented by a lawyer.

Only a lawyer authorised to practise before a court of a Member State or of another State which is a party to the Agreement on the European Economic Area may represent or assist a party before the Court.

Such agents, advisers and lawyers shall, when they appear before the Court, enjoy the rights and immunities necessary to the independent exercise of their duties, under conditions laid down in the Rules of Procedure.

As regards such advisers and lawyers who appear before it, the Court shall have the powers normally accorded to courts of law, under conditions laid down in the Rules of Procedure.

University teachers being nationals of a Member State whose law accords them a right of audience shall have the same rights before the Court as are accorded by this Article to lawyers.

## Article 20

The procedure before the Court of Justice shall consist of two parts: written and oral.

The written procedure shall consist of the communication to the parties and to the institutions of the Union whose decisions are in dispute, of applications, statements of case, defences and observations, and of replies, if any, as well as of all papers and documents in support or of certified copies of them.

Communications shall be made by the Registrar in the order and within the time laid down in the Rules of Procedure.

The oral procedure shall consist of the hearing by the Court of agents, advisers and lawyers and of the submissions of the Advocate General, as well as the hearing, if any, of witnesses and experts.

Where it considers that the case raises no new point of law, the Court may decide, after hearing the Advocate General, that the case shall be determined without a submission from the Advocate General.

## Article 21

A case shall be brought before the Court of Justice by a written application addressed to the Registrar. The application shall contain the applicant's name and permanent address and the description of the signatory, the name of the party or names of the parties against whom the application is made, the subject-matter of the dispute, the form of order sought and a brief statement of the pleas in law on which the application is based.

The application shall be accompanied, where appropriate, by the measure the annulment of which is sought or, in the circumstances referred to in Article 265 of the Treaty on the Functioning of the European Union, by documentary evidence of the date on which an institution was, in accordance with those Articles, requested to act. If the documents are not submitted with the application, the Registrar shall ask the party concerned to produce them within a reasonable period, but in that event the rights of the party shall not lapse even if such documents are produced after the time limit for bringing proceedings.

## Article 22

A case governed by Article 18 of the EAEC Treaty shall be brought before the Court of Justice by an appeal addressed to the Registrar. The appeal shall contain the name and permanent address of the applicant and the description of the signatory, a reference to the decision against which the appeal is brought, the names of the respondents, the subject-matter of the dispute, the submissions and a brief statement of the grounds on which the appeal is based.

The appeal shall be accompanied by a certified copy of the decision of the Arbitration Committee which is contested.

If the Court rejects the appeal, the decision of the Arbitration Committee shall become final.

If the Court annuls the decision of the Arbitration Committee, the matter may be re-opened, where appropriate, on the initiative of one of the parties in the case, before the Arbitration Committee. The latter shall conform to any decisions on points of law given by the Court.

### *Article 23*

In the cases governed by Article 267 of the Treaty on the Functioning of the European Union, the decision of the court or tribunal of a Member State which suspends its proceedings and refers a case to the Court of Justice shall be notified to the Court by the court or tribunal concerned. The decision shall then be notified by the Registrar of the Court to the parties, to the Member States and to the Commission, and to the institution, body, office or agency of the Union which adopted the act the validity or interpretation of which is in dispute.

Within two months of this notification, the parties, the Member States, the Commission and, where appropriate, the institution, body, office or agency which adopted the act the validity or interpretation of which is in dispute, shall be entitled to submit statements of case or written observations to the Court.

In the cases governed by Article 267 of the Treaty on the Functioning of the European Union, the decision of the national court or tribunal shall, moreover, be notified by the Registrar of the Court to the States, other than the Member States, which are parties to the Agreement on the European Economic Area and also to the EFTA Surveillance Authority referred to in that Agreement which may, within two months of notification, where one of the fields of application of that Agreement is concerned, submit statements of case or written observations to the Court.

Where an agreement relating to a specific subject matter, concluded by the Council and one or more non-member States, provides that those States are to be entitled to submit statements of case or written observations where a court or tribunal of a Member State refers to the Court of Justice for a preliminary ruling a question falling within the scope of the agreement, the decision of the national court or tribunal containing that question shall also be notified to the non-member States concerned. Within two months from such notification, those States may lodge at the Court statements of case or written observations.

### *Article 23a*

The Rules of Procedure may provide for an expedited or accelerated procedure and, for references for a preliminary ruling relating to the area of freedom, security and justice, an urgent procedure.

Those procedures may provide, in respect of the submission of statements of case or written observations, for a shorter period than that provided for by Article 23, and, in derogation from the fourth paragraph of Article 20, for the case to be determined without a submission from the Advocate General.

In addition, the urgent procedure may provide for restriction of the parties and other interested persons mentioned in Article 23, authorised to submit statements of case or

written observations and, in cases of extreme urgency, for the written stage of the procedure to be omitted.

### Article 24

The Court of Justice may require the parties to produce all documents and to supply all information which the Court considers desirable. Formal note shall be taken of any refusal.

The Court may also require the Member States and institutions, bodies, offices and agencies not being parties to the case to supply all information which the Court considers necessary for the proceedings.

### Article 25

The Court of Justice may at any time entrust any individual, body, authority, committee or other organisation it chooses with the task of giving an expert opinion.

### Article 26

Witnesses may be heard under conditions laid down in the Rules of Procedure.

### Article 27

With respect to defaulting witnesses the Court of Justice shall have the powers generally granted to courts and tribunals and may impose pecuniary penalties under conditions laid down in the Rules of Procedure.

### Article 28

Witnesses and experts may be heard on oath taken in the form laid down in the Rules of Procedure or in the manner laid down by the law of the country of the witness or expert.

### Article 29

The Court of Justice may order that a witness or expert be heard by the judicial authority of his place of permanent residence.

The order shall be sent for implementation to the competent judicial authority under conditions laid down in the Rules of Procedure. The documents drawn up in compliance with the letters rogatory shall be returned to the Court under the same conditions.

The Court shall defray the expenses, without prejudice to the right to charge them, where appropriate, to the parties.

### Article 30

A Member State shall treat any violation of an oath by a witness or expert in the same manner as if the offence had been committed before one of its courts with jurisdiction

in civil proceedings. At the instance of the Court of Justice, the Member State concerned shall prosecute the offender before its competent court.

### Article 31

The hearing in court shall be public, unless the Court of Justice, of its own motion or on application by the parties, decides otherwise for serious reasons.

### Article 32

During the hearings the Court of Justice may examine the experts, the witnesses and the parties themselves. The latter, however, may address the Court of Justice only through their representatives.

### Article 33

Minutes shall be made of each hearing and signed by the President and the Registrar.

### Article 34

The case list shall be established by the President.

### Article 35

The deliberations of the Court of Justice shall be and shall remain secret.

### Article 36

Judgments shall state the reasons on which they are based. They shall contain the names of the Judges who took part in the deliberations.

### Article 37

Judgments shall be signed by the President and the Registrar. They shall be read in open court.

### Article 38

The Court of Justice shall adjudicate upon costs.

### Article 39

The President of the Court of Justice may, by way of summary procedure, which may, in so far as necessary, differ from some of the rules contained in this Statute and which shall be laid down in the Rules of Procedure, adjudicate upon applications to suspend execution, as provided for in Article 278 of the Treaty on the Functioning of the European Union and Article 157 of the EAEC Treaty, or to prescribe interim measures pursuant to Article 279 of the Treaty on the Functioning of the European Union, or to suspend enforcement in accordance with the fourth paragraph of Article

299 of the Treaty on the Functioning of the European Union or the third paragraph of Article 164 of the EAEC Treaty.

The powers referred to in the first paragraph may, under the conditions laid down in the Rules of Procedure, be exercised by the Vice-President of the Court of Justice.

Should the President and the Vice-President be prevented from attending, another Judge shall take their place under the conditions laid down in the Rules of Procedure.

The ruling of the President or of the Judge replacing him shall be provisional and shall in no way prejudice the decision of the Court on the substance of the case.

### Article 40

Member States and institutions of the Union may intervene in cases before the Court of Justice.

The same right shall be open to the bodies, offices and agencies of the Union and to any other person which can establish an interest in the result of a case submitted to the Court. Natural or legal persons shall not intervene in cases between Member States, between institutions of the Union or between Member States and institutions of the Union.

Without prejudice to the second paragraph, the States, other than the Member States, which are parties to the Agreement on the European Economic Area, and also the EFTA Surveillance Authority referred to in that Agreement, may intervene in cases before the Court where one of the fields of application of that Agreement is concerned.

An application to intervene shall be limited to supporting the form of order sought by one of the parties.

### Article 41

Where the defending party, after having been duly summoned, fails to file written submissions in defence, judgment shall be given against that party by default. An objection may be lodged against the judgment within one month of it being notified. The objection shall not have the effect of staying enforcement of the judgment by default unless the Court of Justice decides otherwise.

### Article 42

Member States, institutions, bodies, offices and agencies of the Union and any other natural or legal persons may, in cases and under conditions to be determined by the Rules of Procedure, institute third-party proceedings to contest a judgment rendered without their being heard, where the judgment is prejudicial to their rights.

### Article 43

If the meaning or scope of a judgment is in doubt, the Court of Justice shall construe it on application by any party or any institution of the Union establishing an interest therein.

*Article 44*

An application for revision of a judgment may be made to the Court of Justice only on discovery of a fact which is of such a nature as to be a decisive factor, and which, when the judgment was given, was unknown to the Court and to the party claiming the revision.

The revision shall be opened by a judgment of the Court expressly recording the existence of a new fact, recognising that it is of such a character as to lay the case open to revision and declaring the application admissible on this ground.

No application for revision may be made after the lapse of 10 years from the date of the judgment.

*Article 45*

Periods of grace based on considerations of distance shall be determined by the Rules of Procedure.

No right shall be prejudiced in consequence of the expiry of a time limit if the party concerned proves the existence of unforeseeable circumstances or of *force majeure*.

*Article 46*

Proceedings against the Union in matters arising from non-contractual liability shall be barred after a period of five years from the occurrence of the event giving rise thereto. The period of limitation shall be interrupted if proceedings are instituted before the Court of Justice or if prior to such proceedings an application is made by the aggrieved party to the relevant institution of the Union. In the latter event the proceedings must be instituted within the period of two months provided for in Article 263 of the Treaty on the Functioning of the European Union; the provisions of the second paragraph of Article 265 of the Treaty on the Functioning of the European Union shall apply where appropriate.

This Article shall also apply to proceedings against the European Central Bank regarding non-contractual liability.

## TITLE IV

## GENERAL COURT

*Article 47*

The first paragraph of Article 9, Article 9a, Articles 14 and 15, the first, second, fourth and fifth paragraphs of Article 17 and Article 18 shall apply to the General Court and its members.

The fourth paragraph of Article 3 and Articles 10, 11 and 14 shall apply to the Registrar of the General Court *mutatis mutandis*.

*Article 48*

The General Court shall consist of:

(a) 40 Judges as from 25 December 2015;

(b) 47 Judges as from 1 September 2016;

(c) two Judges per Member State as from 1 September 2019.

*Article 49*

The Members of the General Court may be called upon to perform the task of an Advocate General.

It shall be the duty of the Advocate General, acting with complete impartiality and independence, to make, in open court, reasoned submissions on certain cases brought before the General Court in order to assist the General Court in the performance of its task.

The criteria for selecting such cases, as well as the procedures for designating the Advocates General, shall be laid down in the Rules of Procedure of the General Court.

A Member called upon to perform the task of Advocate General in a case may not take part in the judgment of the case.

*Article 50*

The General Court shall sit in chambers of three or five Judges. The Judges shall elect the Presidents of the chambers from among their number. The Presidents of the chambers of five Judges shall be elected for three years. They may be re-elected once.

The composition of the chambers and the assignment of cases to them shall be governed by the Rules of Procedure. In certain cases governed by the Rules of Procedure, the General Court may sit as a full court or be constituted by a single Judge.

The Rules of Procedure may also provide that the General Court may sit in a Grand Chamber in cases and under the conditions specified therein.

*Article 50a*

1. The General Court shall exercise at first instance jurisdiction in disputes between the Union and its servants as referred to in Article 270 of the Treaty on the Functioning of the European Union, including disputes between all institutions, bodies, offices or agencies, on the one hand, and their servants, on the other, in respect of which jurisdiction is conferred on the Court of Justice of the European Union.

2. At all stages of the procedure, including the time when the application is filed, the General Court may examine the possibilities of an amicable settlement of the dispute and may try to facilitate such settlement.

## Article 51

By way of derogation from the rule laid down in Article 256(1) of the Treaty on the Functioning of the European Union, jurisdiction shall be reserved to the Court of Justice in the actions referred to in Articles 263 and 265 of the Treaty on the Functioning of the European Union when they are brought by a Member State against:

(a) an act of or failure to act by the European Parliament or the Council, or by those institutions acting jointly, except for:

— decisions taken by the Council under the third subparagraph of Article 108(2) of the Treaty on the Functioning of the European Union;

— acts of the Council adopted pursuant to a Council regulation concerning measures to protect trade within the meaning of Article 207 of the Treaty on the Functioning of the European Union;

— acts of the Council by which the Council exercises implementing powers in accordance with the second paragraph of Article 291 of the Treaty on the Functioning of the European Union;

(b) against an act of or failure to act by the Commission under the first paragraph of Article 331 of the Treaty on the Functioning of the European Union.

Jurisdiction shall also be reserved to the Court of Justice in the actions referred to in the same Articles when they are brought by an institution of the Union against an act of or failure to act by the European Parliament, the Council, both those institutions acting jointly, or the Commission, or brought by an institution of the Union against an act of or failure to act by the European Central Bank.

## Article 52

The President of the Court of Justice and the President of the General Court shall determine, by common accord, the conditions under which officials and other servants attached to the Court of Justice shall render their services to the General Court to enable it to function. Certain officials or other servants shall be responsible to the Registrar of the General Court under the authority of the President of the General Court.

## Article 53

The procedure before the General Court shall be governed by Title III.

Such further and more detailed provisions as may be necessary shall be laid down in its Rules of Procedure. The Rules of Procedure may derogate from the fourth paragraph of Article 40 and from Article 41 in order to take account of the specific features of litigation in the field of intellectual property.

Notwithstanding the fourth paragraph of Article 20, the Advocate General may make his reasoned submissions in writing.

## Article 54

Where an application or other procedural document addressed to the General Court is lodged by mistake with the Registrar of the Court of Justice, it shall be transmitted

immediately by that Registrar to the Registrar of the General Court; likewise, where an application or other procedural document addressed to the Court of Justice is lodged by mistake with the Registrar of the General Court, it shall be transmitted immediately by that Registrar to the Registrar of the Court of Justice.

Where the General Court finds that it does not have jurisdiction to hear and determine an action in respect of which the Court of Justice has jurisdiction, it shall refer that action to the Court of Justice; likewise, where the Court of Justice finds that an action falls within the jurisdiction of the General Court, it shall refer that action to the General Court, whereupon that Court may not decline jurisdiction.

Where the Court of Justice and the General Court are seised of cases in which the same relief is sought, the same issue of interpretation is raised or the validity of the same act is called in question, the General Court may, after hearing the parties, stay the proceedings before it until such time as the Court of Justice has delivered judgment or, where the action is one brought pursuant to Article 263 of the Treaty on the Functioning of the European Union, may decline jurisdiction so as to allow the Court of Justice to rule on such actions. In the same circumstances, the Court of Justice may also decide to stay the proceedings before it; in that event, the proceedings before the General Court shall continue.

Where a Member State and an institution of the Union are challenging the same act, the General Court shall decline jurisdiction so that the Court of Justice may rule on those applications.

## Article 55

Final decisions of the General Court, decisions disposing of the substantive issues in part only or disposing of a procedural issue concerning a plea of lack of competence or inadmissibility, shall be notified by the Registrar of the General Court to all parties as well as all Member States and the institutions of the Union even if they did not intervene in the case before the General Court.

## Article 56

An appeal may be brought before the Court of Justice, within two months of the notification of the decision appealed against, against final decisions of the General Court and decisions of that Court disposing of the substantive issues in part only or disposing of a procedural issue concerning a plea of lack of competence or inadmissibility.

Such an appeal may be brought by any party which has been unsuccessful, in whole or in part, in its submissions. However, interveners other than the Member States and the institutions of the Union may bring such an appeal only where the decision of the General Court directly affects them.

With the exception of cases relating to disputes between the Union and its servants, an appeal may also be brought by Member States and institutions of the Union which did not intervene in the proceedings before the General Court. Such Member States and institutions shall be in the same position as Member States or institutions which intervened at first instance.

*Article 57*

Any person whose application to intervene has been dismissed by the General Court may appeal to the Court of Justice within two weeks from the notification of the decision dismissing the application.

The parties to the proceedings may appeal to the Court of Justice against any decision of the General Court made pursuant to Article 278 or Article 279 or the fourth paragraph of Article 299 of the Treaty on the Functioning of the European Union or Article 157 or the third paragraph of Article 164 of the EAEC Treaty within two months from their notification.

The appeal referred to in the first two paragraphs of this Article shall be heard and determined under the procedure referred to in Article 39.

*Article 58*

An appeal to the Court of Justice shall be limited to points of law. It shall lie on the grounds of lack of competence of the General Court, a breach of procedure before it which adversely affects the interests of the appellant as well as the infringement of Union law by the General Court.

No appeal shall lie regarding only the amount of the costs or the party ordered to pay them.

*Article 59*

Where an appeal is brought against a decision of the General Court, the procedure before the Court of Justice shall consist of a written part and an oral part. In accordance with conditions laid down in the Rules of Procedure, the Court of Justice, having heard the Advocate General and the parties, may dispense with the oral procedure.

*Article 60*

Without prejudice to Articles 278 and 279 of the Treaty on the Functioning of the European Union or Article 157 of the EAEC Treaty, an appeal shall not have suspensory effect.

By way of derogation from Article 280 of the Treaty on the Functioning of the European Union, decisions of the General Court declaring a regulation to be void shall take effect only as from the date of expiry of the period referred to in the first paragraph of Article 56 of this Statute or, if an appeal shall have been brought within that period, as from the date of dismissal of the appeal, without prejudice, however, to the right of a party to apply to the Court of Justice, pursuant to Articles 278 and 279 of the Treaty on the Functioning of the European Union or Article 157 of the EAEC Treaty, for the suspension of the effects of the regulation which has been declared void or for the prescription of any other interim measure.

*Article 61*

If the appeal is well founded, the Court of Justice shall quash the decision of the General Court. It may itself give final judgment in the matter, where the state of the proceedings so permits, or refer the case back to the General Court for judgment.

Where a case is referred back to the General Court, that Court shall be bound by the decision of the Court of Justice on points of law.

When an appeal brought by a Member State or an institution of the Union, which did not intervene in the proceedings before the General Court, is well founded, the Court of Justice may, if it considers this necessary, state which of the effects of the decision of the General Court which has been quashed shall be considered as definitive in respect of the parties to the litigation.

*Article 62*

In the cases provided for in Article 256(2) and (3) of the Treaty on the Functioning of the European Union, where the First Advocate General considers that there is a serious risk of the unity or consistency of Union law being affected, he may propose that the Court of Justice review the decision of the General Court.

The proposal must be made within one month of delivery of the decision by the General Court. Within one month of receiving the proposal made by the First Advocate General, the Court of Justice shall decide whether or not the decision should be reviewed.

*Article 62a*

The Court of Justice shall give a ruling on the questions which are subject to review by means of an urgent procedure on the basis of the file forwarded to it by the General Court.

Those referred to in Article 23 of this Statute and, in the cases provided for in Article 256(2) of the EC Treaty, the parties to the proceedings before the General Court shall be entitled to lodge statements or written observations with the Court of Justice relating to questions which are subject to review within a period prescribed for that purpose.

The Court of Justice may decide to open the oral procedure before giving a ruling.

*Article 62b*

In the cases provided for in Article 256(2) of the Treaty on the Functioning of the European Union, without prejudice to Articles 278 and 279 of the Treaty on the Functioning of the European Union, proposals for review and decisions to open the review procedure shall not have suspensory effect. If the Court of Justice finds that the decision of the General Court affects the unity or consistency of Union law, it shall refer the case back to the General Court which shall be bound by the points of law decided by the Court of Justice; the Court of Justice may state which of the effects of the decision of the General Court are to be considered as definitive in respect of the parties to the litigation. If, however, having regard to the result of the review, the outcome of the proceedings flows from the findings of fact on which the

decision of the General Court was based, the Court of Justice shall give final judgment.

In the cases provided for in Article 256(3) of the Treaty on the Functioning of the European Union, in the absence of proposals for review or decisions to open the review procedure, the answer(s) given by the General Court to the questions submitted to it shall take effect upon expiry of the periods prescribed for that purpose in the second paragraph of Article 62. Should a review procedure be opened, the answer(s) subject to review shall take effect following that procedure, unless the Court of Justice decides otherwise. If the Court of Justice finds that the decision of the General Court affects the unity or consistency of Union law, the answer given by the Court of Justice to the questions subject to review shall be substituted for that given by the General Court.

## TITLE IVa

## SPECIALISED COURTS

### Article 62c

The provisions relating to the jurisdiction, composition, organisation and procedure of any specialised court established under Article 257 of the Treaty on the Functioning of the European Union shall be contained in an Annex to this Statute.

## TITLE V

## FINAL PROVISIONS

### Article 63

The Rules of Procedure of the Court of Justice and of the General Court shall contain any provisions necessary for applying and, where required, supplementing this Statute.

### Article 64

The rules governing the language arrangements applicable at the Court of Justice of the European Union shall be laid down by a regulation of the Council acting unanimously. This regulation shall be adopted either at the request of the Court of Justice and after consultation of the Commission and the European Parliament, or on a proposal from the Commission and after consultation of the Court of Justice and of the European Parliament.

Until those rules have been adopted, the provisions of the Rules of Procedure of the Court of Justice and of the Rules of Procedure of the General Court governing language arrangements shall continue to apply. By way of derogation from Articles 253 and 254 of the Treaty on the Functioning of the European Union, those provisions may only be amended or repealed with the unanimous consent of the Council.

*ANNEX I*

**THE EUROPEAN UNION CIVIL SERVICE TRIBUNAL**

*This annex was repealed by Regulation (EU, Euratom) 2016/1192 of the European Parliament and of the Council of 6 July 2016. Under Article 4 of that regulation, however, Articles 9 to 12 of Annex I to Protocol No 3 are to continue to apply to the appeals against decisions of the Civil Service Tribunal of which the General Court is seised as at 31 August 2016 or which are brought after that date.*

...

*Article 9*

An appeal may be brought before the General Court, within two months of notification of the decision appealed against, against final decisions of the Civil Service Tribunal and decisions of that Tribunal disposing of the substantive issues in part only or disposing of a procedural issue concerning a plea of lack of jurisdiction or inadmissibility.

Such an appeal may be brought by any party which has been unsuccessful, in whole or in part, in its submissions. However, interveners other than the Member States and the institutions of the Union may bring such an appeal only where the decision of the Civil Service Tribunal directly affects them.

*Article 10*

1. Any person whose application to intervene has been dismissed by the Civil Service Tribunal may appeal to the General Court within two weeks of notification of the decision dismissing the application.

2. The parties to the proceedings may appeal to the General Court against any decision of the Civil Service Tribunal made pursuant to Article 278 or Article 279 or the fourth paragraph of Article 299 of the Treaty on the Functioning of the European Union or Article 157 or the third paragraph of Article 164 of the EAEC Treaty within two months of its notification.

3. The President of the General Court may, by way of summary procedure, which may, in so far as necessary, differ from some of the rules contained in this Annex and which shall be laid down in the rules of procedure of the General Court, adjudicate upon appeals brought in accordance with paragraphs 1 and 2.

*Article 11*

1. An appeal to the General Court shall be limited to points of law. It shall lie on the grounds of lack of jurisdiction of the Civil Service Tribunal, a breach of procedure before it which adversely affects the interests of the appellant, as well as the infringement of Union law by the Tribunal.

2. No appeal shall lie regarding only the amount of the costs or the party ordered to pay them.

*Article 12*

1. Without prejudice to Articles 278 and 279 of the Treaty on the Functioning of the European Union or Article 157 of the EAEC Treaty, an appeal before the General Court shall not have suspensory effect.

2. Where an appeal is brought against a decision of the Civil Service Tribunal, the procedure before the General Court shall consist of a written part and an oral part. In accordance with conditions laid down in the rules of procedure, the General Court, having heard the parties, may dispense with the oral procedure.

…