# EXHIBIT 21

JUDGMENT OF 4. 2. 1988 — CASE 157/86

# JUDGMENT OF THE COURT
## 4 February 1988 *

In Case 157/86

REFERENCE to the Court under Article 177 of the EEC Treaty by the High Court of Ireland for a preliminary ruling in the proceedings pending before that court between

**Mary Murphy and Others**

and

**Bord Telecom Eireann**

on the interpretation of Article 119 of the EEC Treaty and Article 1 of Council Directive 75/117/EEC of 10 February 1975 on the approximation of the laws of the Member States relating to the application of the principle of equal pay for men and women (Official Journal 1975, L 45, p. 19),

THE COURT,

composed of: G. Bosco, President of Chamber, acting as President, O. Due and J. C. Moitinho de Almeida (Presidents of Chambers), U. Everling, K. Bahlmann, Y. Galmot, C. Kakouris, T. F. O'Higgins and F. Schockweiler, Judges,

Advocate General: C. O. Lenz
Registrar: D. Louterman, Administrator

after considering the observations submitted on behalf of

Mrs Murphy and Others, by Mary Robinson, SC, and Paul Butler, BL, assisted by Charles B. W. Boyle & Son, Solicitors,

---

\* Language of the Case: English.

686

Bord Telecom Eireann, by E. G. Hall, Company Solicitor, assisted by Hugh Geoghegan, SC, and James O'Reilly, BL,

the Irish Government, by Louis J. Dockery, Chief State Solicitor, and by J. Hamilton, BL,

the Commission of the European Communities, by Julian Currall, a member of its Legal Department,

having regard to the Report for the Hearing and further to the hearing on 10 November 1987,

after hearing the Opinion of the Advocate General delivered at the sitting on the same day,

gives the following

### Judgment

1   By an order of 4 March 1986, which was received at the Court on 30 June 1986, the High Court of Ireland referred to the Court for a preliminary ruling, under Article 177 of the EEC Treaty, three questions on the interpretation of Article 119 of the EEC Treaty and Article 1 of Council Directive 75/117/EEC of 10 February 1975 on the approximation of the laws of the Member States relating to the application of the principle of equal pay for men and women (Official Journal 1975, L 45, p. 19).

2   The questions were raised in the context of proceedings brought by Mary Murphy and 28 other women against their employer, Bord Telecom Eireann. They are employed as factory workers and they are engaged in such tasks as dismantling, cleaning, oiling and reassembling telephones and other equipment. They claim the right to be paid at the same rate as a specified male worker employed in the same factory as a stores labourer and engaged in cleaning, collecting and delivering equipment and components and in lending general assistance as required.

3   It is apparent from the documents before the Court that the Equality Officer to whom the claim was referred in the first instance, under the procedure prescribed by the Anti-Discrimination (Pay) Act 1974, considered the appellants' work to be of higher value taken as a whole than that of the male worker and, consequently, did not constitute 'like work' within the meaning of the aforesaid Act. The Equality Officer therefore found herself unable on that ground alone to make a recommendation that the appellants should be paid at the same rate as the male worker; that being so, the Equality Officer decided that it was unnecessary to consider whether the difference in pay amounted to discrimination on grounds of sex.

4   Those conclusions were upheld on appeal by the Labour Court and the appellants then appealed on a point of law to the High Court. That court, whilst upholding the interpretation of the Anti-Discrimination (Pay) Act adopted by the Equality Officer and the Labour Court, examined whether the national legislation was compatible with the Community provisions on equal pay. It therefore stayed the proceedings and referred the following questions to the Court of Justice for a preliminary ruling:

'(1) Does the Community law principle of equal pay for equal work extend to a claim for equal pay on the basis of work of equal value in circumstances where the work of the claimant has been assessed to be of higher value than that of the person with whom the claimant sought comparison?

(2) If the answer to Question 1 is in the affirmative is that answer dependent on the provisions of Article 1 of Council Directive 75/117/EEC of 10 February 1975 on the approximation of the laws of the Member States relating to the application of the principle of equal pay for men and women?

(3) If so, is Article 1 of the said Directive directly applicable in Member States?'

5   Reference is made to the Report for the Hearing for a fuller account of the facts of the main proceedings, the provisions of Community law in question, the course

of the procedure and the observations submitted to the Court, which are mentioned or discussed hereinafter only in so far as is necessary for the reasoning of the Court.

### The first question

6   It is apparent from a comparison of the three questions referred to the Court of Justice and from the explanations given in the grounds of the order for reference that the first question essentially seeks to ascertain whether Article 119 of the EEC Treaty must be interpreted as covering a case where a worker who relies on that provision to obtain equal pay within the meaning thereof is engaged in work of higher value than that of the person with whom a comparison is to be made.

7   Under the first paragraph of Article 119 the Member States are to ensure and maintain 'the application of the principle that men and women should receive equal pay for equal work'. According to a consistent line of decisions beginning with the Court's judgment of 8 April 1976 in Case 43/75 *Defrenne* v *Sabena* [1976] ECR 455, Article 119 is directly applicable in particular in cases where men and women receive unequal pay for equal work carried out in the same establishment or service, whether public or private.

8   Bord Telecom Eireann contends that the principle does not apply in the situation where a lower wage is paid for work of higher value. In support of its view it maintains that the term 'equal work' in Article 119 of the EEC Treaty cannot be understood as embracing unequal work and that the effect of a contrary interpretation would be that equal pay would have to be paid for work of different value.

9   It is true that Article 119 expressly requires the application of the principle of equal pay for men and women solely in the case of equal work or, according to a consistent line of decisions of the Court, in the case of work of equal value, and not in the case of work of unequal value. Nevertheless, if that principle forbids

workers of one sex engaged in work of equal value to that of workers of the opposite sex to be paid a lower wage than the latter on grounds of sex, it *a fortiori* prohibits such a difference in pay where the lower-paid category of workers is engaged in work of higher value.

10  To adopt a contrary interpretation would be tantamount to rendering the principle of equal pay ineffective and nugatory. As the Irish Government rightly emphasized, in that case an employer would easily be able to circumvent the principle by assigning additional or more onerous duties to workers of a particular sex, who could then be paid a lower wage.

11  In so far as it is established that the difference in wage levels in question is based on discrimination on grounds of sex, Article 119 of the EEC Treaty is directly applicable in the sense that the workers concerned may rely on it in legal proceedings in order to obtain equal pay within the meaning of the provision and in the sense that national courts or tribunals must take it into account as a constituent part of Community law. It is for the national court, within the limits of its discretion under national law, when interpreting and applying domestic law, to give to it, where possible, an interpretation which accords with the requirements of the applicable Community law and, to the extent that this is not possible, to hold such domestic law inapplicable.

12  For those reasons the reply to the first question must be that Article 119 of the EEC Treaty must be interpreted as covering the case where a worker who relies on that provision to obtain equal pay within the meaning thereof is engaged in work of higher value than that of the person with whom a comparison is to be made.

### The second and third questions

13  It follows from the foregoing that the proceedings before the High Court of Ireland are capable of being resolved by means of an interpretation of Article 119 of the EEC Treaty alone. In those circumstances it is unnecessary to reply to the second and third questions concerning the interpretation of Council Directive 75/117/EEC of 10 February 1975.

## Costs

14  The costs incurred by the Irish Government and by the Commission of the European Communities, which have submitted observations to the Court, are not recoverable. As these proceedings are, in so far as the parties to the main proceedings are concerned, in the nature of a step in the proceedings pending before the national court, the decision on costs is a matter for that court.

On those grounds,

## THE COURT,

in answer to the questions referred to it by the High Court of Ireland, by order of 4 March 1986, hereby rules:

**Article 119 of the EEC Treaty must be interpreted as covering the case where a worker who relies on that provision to obtain equal pay within the meaning thereof is engaged in work of higher value than that of the person with whom a comparison is to be made.**

| Bosco | Due | Moitinho de Almeida | | Everling |
|---|---|---|---|---|
| Bahlmann | Galmot | Kakouris | O'Higgins | Schockweiler |

Delivered in open court in Luxembourg on 4 February 1988.

P. Heim                                                                                                      A. J. Mackenzie Stuart

Registrar                                                                                                                  President