**EXHIBIT 53**

## DECLARATION OF THE REPRESENTATIVES OF THE GOVERNMENTS OF THE MEMBER STATES,

## OF 16 JANUARY

## ON THE ENFORCEMENT OF THE JUDGMENT OF THE COURT OF JUSTICE IN *ACHMEA* AND ON INVESTMENT PROTECTION IN THE EUROPEAN UNION

THE REPRESENTATIVES OF THE GOVERNMENTS OF THE FOLLOWING MEMBER STATES OF THE EUROPEAN UNION: THE REPUBLIC OF FINLAND, THE GRAND DUCHY OF LUXEMBOURG, THE REPUBLIC OF MALTA, THE REPUBLIC OF SLOVENIA AND THE KINGDOM OF SWEDEN, HEREINAFTER REFERRED TO AS THE MEMBER STATES, HAVE ADOPTED THE FOLLOWING DECLARATION

In its judgment of 6 March 2018 in Case C-284/16, Achmea v Slovak Republic ('the *Achmea* judgment'), the Court of Justice of the European Union held that "*Articles 267 and 344 [... of the Treaty on the Functioning of the European Union] must be interpreted as precluding a provision in an international agreement concluded between Member States, [...] under which an investor from one of those Member States may, in the event of a dispute concerning investments in the other Member State, bring proceedings against the latter Member State before an arbitral tribunal whose jurisdiction that Member State has undertaken to accept*" ("investor-State arbitration clauses").

Member States are bound to draw all necessary consequences from that judgment pursuant to their obligations under Union law.

In its judgment C-478-/07, Budějovický Budvar, národní podnik v Rudolf Ammersin GmbH, paragraph 98, the CJEU noted that "*It follows that, since the bilateral instruments at issue now concern two Member States, their provisions cannot apply in the relations between those States if they are found to be contrary to the rules of the Treaty* [..],

Therefore, according to the case law of the CJEU, the provisions of a bilateral agreement between Member States containing an investor-State arbitration clause such as the one described in the *Achmea* judgment are contrary to Union law and thus inapplicable. As a consequence, the use of such an investor-State arbitration clause would be contrary to Union

1

law and inapplicable also as regards provisions that provide for extended protection of investments made prior to termination for a further period of time (so-called sunset or grandfathering clauses).

When investors from Member States exercise one of the fundamental freedoms such as the freedom of establishment or the free movement of capital, they act within the scope of application of Union law and therefore enjoy the protection granted by those freedoms and, as the case may be, by the relevant secondary legislation, by the Charter of Fundamental Rights of the European Union, and by the general principles of Union law, which include in particular non-discrimination, proportionality, legal certainty and the protection of legitimate expectations.[1] Where a Member State enacts a measure that derogates from one of the fundamental freedoms guaranteed by Union law, that measure falls within the scope of Union law and the fundamental rights guaranteed by the Charter also apply.[2]

Member States are obliged to provide remedies sufficient to ensure the effective legal protection of investors' rights under Union law.[3] In particular, every Member State must ensure that its courts or tribunals, within the meaning of Union law, meet the requirements of effective judicial protection.[4]

The Member States underline the importance of providing guidance on how Union law protects intra-EU investments, including on legal remedies. In this context, the Member States take note of the Communication "Protection of intra-EU investment" adopted by the Commission on 19 July 2018.[5]

In light of the ECOFIN Council conclusions of 11 July 2017, Member States and the Commission will intensify discussions without undue delay with the aim of better ensuring complete, strong and effective protection of investments within the European Union. Those discussions include the assessment of existing processes and mechanisms of dispute resolution

---

[1] Judgment in *Pfleger*, C-390/12, EU:C:2014:281, paragraphs 30 to 37.

[2] Judgment in *Online Games Handels*, C-685/15, EU:C:2017:452, paragraphs 55 - 57.

[3] Article 19(1) TEU, second sub-paragraph.

[4] Judgment in *Associação Sindical dos Juízes Portugueses*, C-64/16, EU:C:2018:117, paragraphs 31 to 37.

[5] COM(2018)547 final..

as well as the need and, if the need is ascertained, the means to create new or to improve relevant existing tools and mechanisms under Union law.[6]

The Achmea case concerns the interpretation of EU law in relation to an investor-state arbitration clause in a bilateral investment treaty between Member States. The Member States note that the *Achmea* judgment is silent on the investor-state arbitration clause in the Energy Charter Treaty. A number of international arbitration tribunals post the *Achmea* judgment have concluded that the Energy Charter Treaty contains an investor-State arbitration clause applicable between EU Member States.[7] This interpretation is currently contested before a national court in a Member State[8]. Against this background, the Member States underline the importance of allowing for due process and consider that it would be inappropriate, in the absence of a specific judgment on this matter, to express views as regards the compatibility with Union law of the intra EU application of the Energy Charter Treaty.

This declaration is without prejudice to the division of competences between the Member States and the Union.

Taking into account the foregoing, the Member States declare that they will undertake the following actions without undue delay:

1. By the present declaration, the Member States inform investment arbitration tribunals about the legal consequences of the *Achmea* judgment, as set out in this declaration, in all pending intra-EU investment arbitration proceedings brought under bilateral investment treaties concluded between Member States.

---

[6] Council conclusions on the Communication of the Commission on the mid-term review of the Capital Markets Union Action Plan; http://www.consilium.europa.eu/en/press/press-releases/2017/07/11/conclusions-mid-term-review-capital-markets-union-action-plan/

[7] *Masdar Solar & Wind Cooperatief U.A. vs the Kingdom of Spain*, ICSID Case No ARB/14/1, *Eiser Infrastructure Limited and Energía Solar Luxembourg S.à.r.l vs the Kingdom of Spain*, ICSD Case No. ARB/13/36, *Antin Infrastructure Services Luxembourg S.à.r.l vs the Kingdom of Spain* and *Antin Energia Termosolar B.V. vs the Kingdom of Spain*, ICSID Case No. ARB, 13/2, *Vattenfall AB; Vattenfall GMBH; Vattenfall Europé Nuclear Energy GMBH; Kernkraftwerk Krümmel GMBH & Co. oHG; Kernkraftwerk Brunbüttel GMBH & Co. oHG vs the Republic of Germany*, ICSID Case No. ARB/12/12, *Antaris Solar GmbH and Michael Gode vs Czech Republic*, PCA CASE No. 2014-01, *Athena Investments A/S vs the Kingdom of Spain,* SCC Case No. 150/2015

[8] Set-aside proceeding in Svea Court of Appeal, Case No 4658-18, *Novenergia II - Energy & Environment (SCA) (Grand Duchy of Luxembourg), SICAR vs the Kingdom of Spain*, SCC Arbitration (2015/06)

2. In cooperation with a defending Member State the State in which an investor that has brought such an action is established, will take the necessary measures to inform the investment tribunals concerned of those consequences. Similarly, defending Member States will request the courts, including in any third country, which are to decide in proceedings relating to an intra EU investment arbitration under a bilateral investment treaty, to set these awards aside or not to enforce them.

3. By the present declaration, the Member States inform the investor community that no new intra-EU investment arbitration proceedings under bilateral investment treaties should be initiated.

4. Member States which control undertakings that have brought investment arbitration cases against another Member State under a bilateral investment Treaty concluded between Member States will take steps under their national laws governing such undertakings, and in compliance with Union law, so that those undertakings withdraw pending investment arbitration cases.

5. In light of the *Achmea* judgment, the Member States will terminate all bilateral investment treaties concluded between them and other Member States by means of a plurilateral treaty or, where that is mutually recognised as more expedient, bilaterally.

6. The Member States will ensure effective legal protection pursuant to the second subparagraph of Article 19(1) TEU under the control of the Court of Justice against State measures that are the object of pending intra-EU investment arbitration proceedings.

7. Settlements and arbitral awards in intra-EU investment arbitration cases that can no longer be annulled or set aside and were voluntarily complied with or definitively enforced before the *Achmea* judgment should not be challenged. Member States will discuss, in the context of the plurilateral Treaty or in the context of bilateral terminations, practical arrangements for such arbitral awards and settlements, in conformity with Union law. This is without prejudice to the lack of jurisdiction of arbitral tribunals in pending intra-EU cases.

8. The Member States will make best efforts to deposit their instruments of ratification, approval or acceptance of that plurilateral treaty or of any bilateral treaty terminating bilateral investment treaties between Member States no later than 6 December 2019. They will inform each other and the Secretary General of the Council of the European Union in due time of any obstacle they encounter, and of measures they envisage in order to overcome that obstacle.

9. The Member States stand ready to discuss with other Member States and the Commission whether any additional steps are necessary to draw all the consequences from the *Achmea* judgment.

Done in Brussels 16 January 2019

Suomen tasavalta/Republiken Finland

Grand-Duché de Luxembourg

Repubblika ta' Malta

Republika Slovenija

Konungariket Sverige

5