COUNCIL OF EUROPE

CONSEIL DE L'EUROPE

*European Treaty Series - No. 130*

## Convention on Insider Trading *

Strasbourg, 20.IV.1989

**Preamble**

The member States of the Council of Europe, signatories hereto,

Considering that the aim of the Council of Europe is to achieve a greater unity between its members;

Considering that certain financial transactions in securities traded on stock exchanges are carried out by persons seeking to avoid losses or to make profits by using the privileged information available to them, thus undermining equality of opportunity as between investors and the credibility of the market;

Considering that such behaviour is also proving dangerous for the economies of the member States concerned and in particular for the proper functioning of the stock markets;

Considering that, because of the internationalisation of markets and the ease of present-day communications, operations of this nature are carried out sometimes on the market of a State by persons not resident in that State or acting through persons not resident there;

Considering that efforts to counter such practices which are already being made on the domestic level in many member States make it essential to set up specific machinery to deal with these situations and co-ordinate endeavours at international level,

Have agreed as follows:

**Chapter I – Definitions**

**Article 1**

1   For the purposes of this Convention an irregular operation of insider trading means an irregular operation carried out by a person:

---

(*)   Text amended according to the provisions of Protocol (ETS No. 133), which entered into force on 1 October 1991.
The Treaty of Lisbon amending the Treaty on European Union and the Treaty establishing the European Community entered into force on 1 December 2009. As a consequence, as from that date, any reference to the European Economic Community shall be read as the European Union.

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 2 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

    a    who is the president or chairman, or a member of a board of directors or other administrative or supervisory organ, or is the authorised agent or in the employment of an issuer of securities, and has effected or caused to be effected an operation on an organised stock market knowingly using information not yet disclosed to the public, the possession of which he obtained by reason of his occupation and the disclosure of which was likely to have a significant influence on the stock market, with a view to securing an advantage for himself or a third party;

    b    who has entered into the transactions described above knowingly using not yet disclosed information which he obtained in the performance of his duties or in the course of his occupation;

    c    who has entered into the transactions described above knowingly using not yet disclosed information communicated to him by one of the persons mentioned in a or b above.

2    For the purposes of applying this Convention:

    a    the expression "organised stock market" signifies stock markets subject to regulations established by authorities recognised by the government for this purpose;

    b    the term "stock" signifies transferable securities issued according to the national legislation of each Party by business firms or companies or other issuers, where such securities may be bought and sold on a market organised in accordance with the provisions of paragraph a above, as well as other transferable securities admitted on that market in conformity with the national rules applicable to it;

    c    the expression "operation" signifies any act on an organised stock market which gives or may give entitlement to stock as provided for in paragraph b above.

**Chapter II – Exchange of information**

### Article 2

The Parties undertake, in accordance with the provisions of this chapter, to provide each other with the greatest possible measure of mutual assistance in the exchange of information relating to matters establishing or giving rise to the belief that irregular operations of insider trading have been carried out.

### Article 3

Each Party may, by a declaration to the Secretary General of the Council of Europe, undertake to provide other Parties, subject to reciprocity, with the greatest possible measure of mutual assistance in the exchange of information necessary for the surveillance of operations carried out in the organised stock markets which could adversely affect equal access to information for all users of the stock market or the quality of the information supplied to investors in order to ensure honest dealing.

### Article 4

1    Each Party shall designate one or more authorities actually responsible for submitting any request for assistance, and for receiving and taking action on requests for assistance from the corresponding authorities designated by each Party.

2    Each Party shall, in a declaration addressed to the Secretary General of the Council of Europe, indicate the name and address of the authority or authorities designated in accordance with the provisions of this article and any modification thereto.

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 3 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

3   The Secretary General shall notify these declarations to the other Parties.

**Article 5**

1   Reasons shall be given for making a request for assistance.

2   The request shall contain a description of the facts establishing or giving rise to the belief that irregular operations of insider trading have been carried out or, if assistance is requested according to the rules laid down by Parties under Article 3, reference to the principles mentioned in that article which have been violated.

3   The request shall contain reference to the provisions by virtue of which the operations are irregular in the State of the requesting authority.

4   The request shall be in or translated into one of the official languages of the State of the requested authority, or in one of the official languages of the Council of Europe.

5   The request shall specify:

   a   the requesting authority and the requested authority;

   b   the information sought by the requesting authority, the persons or bodies which may be in possession of it, or the place where it may be available;

   c   the reasons for and the purpose of the requesting authority's application, and the use it will make of the information under its national law; and

   d   how soon a response is required and, in cases of urgency, the reasons therefor.

**Article 6**

1   The execution of requests for assistance by the requested authority is carried out in accordance with the rules and procedures laid down by the law of the Party in which that authority operates.

2   When the search for information so requires, and in the absence of specific provisions, the rules laid down by national law for obtaining evidence shall be capable of being applied by the requested authority or on its behalf. Sanctions laid down for breaches of professional secrecy shall not apply in regard to the information provided compulsorily in the course of enquiries.

3   These provisions shall not prejudice the rights accorded to the defendant by national law.

4   Save to the extent strictly necessary to carry out the request, the requested authority and the persons seeking the information requested are bound to maintain secrecy about the request, the component parts of the request and the information so gathered.

5   However, at the time of the designation of the authority, provided for by Article 4, each Party shall declare the derogations to the principle set forth in paragraph 4 of this article possibly imposed or permitted by national law:

   –   either to guarantee free access of citizens to the files of the administration;

   –   or when the designated authority is obliged to denounce to other administrative or judicial authorities information communicated or gathered within the framework of the request;

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 4 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

– or, provided the requesting authority has been informed, to investigate violations of the law of the requested Party or to secure compliance with such law.

### Article 7

1  The requesting authority may not use the information supplied for purposes other than those set out in its request.

2  The requested authority may refuse to supply the requested information or subsequently oppose its use for purposes set out in the request or fix certain conditions unless:

   a  the facts are within the scope of Article 1 and

   b  the purposes set out are in conformity with the aims defined in Article 2 and

   c  the facts constitute in each State an irregularity as regards the rules of both States.

3  When the requesting authority wishes to use the information supplied for purposes other than those set out in the initial request it must inform in advance the requested authority who may refuse to consent to such use unless the conditions in paragraph 2 above are fulfilled.

4  The information supplied may be used before a criminal court only in cases where it could have been obtained by application of Chapter III.

5  No authority of the requesting Party may use or transmit this information for tax, customs or currency purposes unless otherwise provided in a declaration by the requested Party.

### Article 8

The requested authority may refuse to give effect to the request for assistance or to supply the information obtained, if:

a  the request is not in conformity with this Convention;

b  the communication of the information obtained might constitute an infringement of the sovereignty, security, essential interests or public policy (ordre public) of the requested Party;

c  the irregularities to which the requested information relates or the sanctions provided for such irregularities are time-barred under the law of the requesting or of the requested Party;

d  the requested information relates to matters which arose before the Convention entered into force for the requesting or the requested Party;

e  proceedings have already been commenced before the authorities in the requested Party in respect of the same matters and against the same persons, or if they have been finally adjudicated upon in respect of the same matters by the competent authorities of the requested Party;

f  the authorities of the requested Party have decided not to commence proceedings or to stop proceedings in respect of the same matters.

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 5 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

### Article 9

The requested authority shall, in so far as it is able to do so, supply the information requested by the requesting authority in the form desired by that authority or in the form currently in use between them.

### Article 10

1. Any Party which has ascertained that there has been a substantial breach by the requesting authority of the confidentiality of the information provided may suspend the application of Chapter II of this Convention with respect to the Party which has failed to discharge its obligation and shall notify the Secretary General of the Council of Europe of its decision. The Party may lift the suspension at any time and shall notify the Secretary General accordingly.

2. Any Party which intends to make use of the procedure provided for in paragraph 1 must first give an opportunity to the Party concerned to make observations on the alleged breach of confidentiality.

3. The Secretary General of the Council of Europe shall inform the member States and the Parties to this Convention of any use made of the procedure provided for in paragraph 1.

### Article 11

Parties may agree that, notwithstanding the provisions of paragraph 4 of Article 5, requests for assistance and replies thereto may be drawn up in the language of their choice and made according to simplified procedures or by employing means of communication other than the exchange of written correspondence.

## Chapter III – Mutual assistance in criminal matters

### Article 12

1. The Parties undertake to afford each other the widest measure of mutual assistance in criminal matters relating to offences involving insider trading.

2. Nothing in this Convention shall be construed as restricting or prejudicing the application of the European Convention on Mutual Assistance in Criminal Matters and the Additional Protocol thereto among States party to these instruments or of specific agreements or arrangements on mutual assistance in criminal matters in force between Parties.

## Chapter IV – Final provisions

### Article 13

This Convention shall be open for signature by the member States of the Council of Europe. It shall be subject to ratification, acceptance or approval. Instruments of ratification, acceptance or approval shall be deposited with the Secretary General of the Council of Europe.

### Article 14

1. This Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date on which three member States of the Council of Europe have expressed their consent to be bound by the Convention in accordance with the provisions of Article 13.

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 6 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

2   In respect of any member State which subsequently expresses its consent to be bound by it, the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of the deposit of the instrument of ratification, acceptance or approval.

### Article 15

1   After the entry into force of this Convention, the Committee of Ministers of the Council of Europe may invite any State not a member of the Council of Europe or any international intergovernmental organisation to accede to this Convention, by a decision taken by the majority provided for in Article 20.d of the Statute of the Council of Europe and by the unanimous vote of the representatives of the Contracting States entitled to sit on the Committee.

2   In respect of any acceding State or international intergovernmental organisation, the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of deposit of the instrument of accession with the Secretary General of the Council of Europe.

### Article 16

1   Any State may, at the time of signature or when depositing its instrument of ratification, acceptance, approval or accession, specify the territory or territories to which this Convention shall apply.

2   Any State may, at any later date, by a declaration addressed to the Secretary General of the Council of Europe, extend the application of this Convention to any other territory specified in the declaration. In respect of such territory the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of receipt of such declaration by the Secretary General.

3   Any declaration made under the two preceding paragraphs may, in respect of any territory specified in such declaration, be withdrawn by a notification addressed to the Secretary General. The withdrawal shall become effective on the first day of the month following the expiration of a period of three months after the date of receipt of such notification by the Secretary General.

### Article 16bis [1]

In their mutual relations, Parties which are members of the European Economic Community shall apply Community rules and shall therefore not apply the rules arising from this Convention except in so far as there is no Community rule governing the particular subject concerned.

### Article 17

Without prejudice to the application of Article 6, no reservation may be made to the Convention.

___
(1)   Article added according to the provisions of the Protocol (ETS No. 133).

Case 1:19-cv-01618-TSC   Document 23-9   Filed 12/20/19   Page 7 of 7

ETS 130 – insider Trading, 20.IV.1989
_____

**Article 18**

1  After the entry into force of the present Convention, a group of experts representing the Parties to the Convention and the member States of the Council of Europe not being Parties to the Convention shall be convened at the request of at least two Parties or on the initiative of the Secretary General of the Council of Europe.

2  This group shall have the task of preparing an evaluation of the application of the Convention and making appropriate suggestions.

**Article 19**

Difficulties with regard to the interpretation and application of this Convention shall be settled by direct consultation between the competent administrative authorities and, if the need arises, through diplomatic channels.

**Article 20**

1  Any Party may at any time denounce this Convention by means of a notification addressed to the Secretary General of the Council of Europe.

2  Such denunciation shall become effective on the first day of the month following the expiration of a period of three months after the date of receipt of the notification by the Secretary General; denunciation shall not prejudice requests already in progress at the time of denunciation.

**Article 21**

The Secretary General of the Council of Europe shall notify the member States of the Council of Europe and any Party to this Convention of:

a  any signature;

b  the deposit of any instrument of ratification, acceptance, approval or accession;

c  any date of entry into force of this Convention in accordance with Articles 14, 15 and 16;

d  any other act, notification or communication relating to this Convention.


In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at Strasbourg, the 20th April 1989 in English and French, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Council of Europe. The Secretary General of the Council of Europe shall transmit certified copies to each member State of the Council of Europe and to any State and any international intergovernmental organisation invited to accede to this Convention.