UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
In the Matter of the Arbitration Between    )
    )
FORESIGHT LUXEMBOURG SOLAR 1    )
   S.À.R.L., et al.,    )
    )
               Petitioners,    )
    )    Civil Action No. 19-cv-3171-ER
   v.    )
    )
KINGDOM OF SPAIN,    )
    )
               Respondent.    )
    )
_____)

**RESPONDENT THE KINGDOM OF SPAIN'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**

**Table of Contents**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

    I.      These Proceedings .................................................................................................1

    II.     Other Confirmation and Enforcement Actions Against Spain in the United
             States .....................................................................................................................1

ARGUMENT ................................................................................................................................ 3

    I.      The District Court for the District of Columbia is the Only Federal Court
             Where this Action Could Have Originally Been Brought .....................................4

    II.     The Goals of Convenience and the Interests of Justice Favor Transfer .................5

CONCLUSION ............................................................................................................................. 7

# Table of Authorities

**Cases**

*Bettis v. Islamic Republic of Iran*,
  315 F.3d 325 (D.C. Cir. 2003) .................................................................................................. 4

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000) .................................................................................... 4, 6

*Cont'l Grain Co. v. Barge FBL-585*,
  364 U.S. 19 (1960) ................................................................................................................... 6

*Gokhberg v. PNC Fin. Servs. Grp., Inc.*,
  No. 15-cv-6001-LTS, 2015 U.S. Dist. LEXIS 170075 (S.D.N.Y. Dec. 21, 2015) ................ 6, 7

*In re Collins & Aikman Corp. Sec. Litig.*,
  438 F. Supp. 2d 392 (S.D.N.Y. 2006) ............................................................................. 3, 4, 6

*Young v. Starbucks Coffee Co.*,
  No. 01-cv-4566-GEL, 2002 U.S. Dist. LEXIS 2189 (S.D.N.Y. Feb. 8, 2002) ..................... 6, 7

**Statutes**

22 U.S.C. § 1650a ........................................................................................................................ 2

28 U.S.C. § 1391(f) ...................................................................................................................... 5

28 U.S.C. § 1404 ................................................................................................................. 1, 3, 5

28 U.S.C. § 1441(d) ..................................................................................................................... 1

28 U.S.C. § 1603(a) ..................................................................................................................... 5

28 U.S.C. § 1605(a)(6) ................................................................................................................ 3

28 U.S.C. § 1605(b) ..................................................................................................................... 5

9 U.S.C. §§ 201 *et seq.*............................................................................................................ 1, 2

**Rules**

D.D.C. L. Civ. R. 40.5 ................................................................................................................. 6

**Treaties**

Convention on Settlement of Investment Disputes between States and Nationals of Other States,
  Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 .................................................................. 2

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21
  U.S.T. 2517, 330 U.N.T.S. 38 ................................................................................................. 2

Energy Charter Treaty, Dec. 17, 1994,
  2080 U.N.T.S. 95 .................................................................................................................. 1, 3

**European Union Authorities**

C.J.E.U. Case C-284/16, *Slovak Republic v. Achmea*,
  2018, ECLI:EU:C:2018:158 (ECF No. 13-42)........................................................................ 3

## INTRODUCTION

The Kingdom of Spain ("Spain") submits this memorandum in support of its motion to transfer this action to the District Court for the District of Columbia.  The Court should transfer this action under 28 U.S.C. § 1404 to promote the interest of justice.  There are four other similar actions against Spain pending in the District Court for the District of Columbia and this action – if originally filed in federal court – could only have been filed in that District Court.

## BACKGROUND

### I.  These Proceedings

On December 14, 2018, Petitioners filed a Petition to Confirm Foreign Arbitral Award ("Petition") in the Supreme Court of New York for New York County, Commercial Division.  ECF No. 5-1 Ex. A.  Petitioners – all nationals of EU member States – seek to confirm an arbitral award rendered in Sweden against Spain by an international arbitration tribunal purportedly acting pursuant to the dispute resolution provisions of the Energy Charter Treaty ("ECT"), Dec. 17, 1994, 2080 U.N.T.S. 95.  Spain removed the New York state court action to this Court on April 10, 2019 pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(d).  ECF No. 5 ¶¶ 3-5.

### II.  Other Confirmation and Enforcement Actions Against Spain in the United States

Spain is currently defending five petitions brought by nationals of other EU Member States in the United States seeking confirmation and/or enforcement of arbitral awards ostensibly rendered pursuant to the ECT.  With the exception of this action, each petition was filed in the District Court for the District of Columbia ("D.C. federal court").

On May 16, 2018, Novenergia II – Energy & Environment (SCA) ("Novenergia"), a Luxembourg investment fund, filed a petition in the D.C. federal court to confirm an arbitral award rendered against Spain.  It invoked the Convention on the Recognition and Enforcement

- 1 -

of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention"), as incorporated in the United States by the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq Novenergia II – Energy & Environment (SCA) v. Kingdom of Spain* (hereinafter "*Novenergia v. Spain*"), No. 18-cv-1148-TSC, ECF No. 1 (D.D.C., filed May 16, 2018). Spain's motion to dismiss that Petition has been fully briefed since December 21, 2018. *Novenergia v. Spain*, ECF No. 25 (Dec. 21, 2018).

Thereafter, three similar cases were filed in D.C. federal court to enforce purported ECT awards against Spain pursuant to the Convention on Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ("ICSID Convention"), 22 U.S.C. § 1650a. Those cases are:

(1) *Eiser Infrastructure Ltd. v. Kingdom of Spain* ("*Eiser*"), No. 1:18-cv-1686-CKK (D.D.C., filed July 19, 2018);

(2) *Infrastructure Services Luxembourg S.A.R.L. & Energia Termosolar B.V. v. Kingdom of Spain* ("*Antin*"), No. 1:18-cv-1753-EGS (D.D.C., filed July 27, 2018); and

(3) *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain* ("*Masdar*"), No. 1:18-cv-2254-JEB (D.D.C., filed September 28, 2018).

Spain's motion to dismiss in *Eiser* has been fully briefed since January 28, 2019, *Eiser*, ECF No. 27 (Jan. 28, 2019), and in *Antin* it has been fully briefed since February 19, 2019, *Antin*, ECF No. 25 (Feb. 19, 2019). Briefing on Spain's motion to dismiss in *Masdar* will be complete on July 12, 2019. *Masdar*, ECF No. 10 ¶ 4 (Mar. 12, 2019). As it did in this case, *see* ECF No. 27, the European Commission filed an *amicus* brief in *Eiser*, ECF No. 33 (Mar. 18, 2019), and in *Masdar*, ECF No. 20 (May 13, 2019). The European Commission's two remaining

motions for leave to file *amicus* briefs, one opposed and the other unopposed, remain pending. *See Novenergia*, ECF No. 30 (Feb. 28, 2019) (opposed, *see id.* ¶ 10); *Antin*, ECF No. 31 (Mar. 22, 2019) (unopposed, *see Antin*, ECF No. 32 at 1 (Mar. 27, 2019)).

This case and the four prior pending cases in the D.C. federal court present common dispositive issues. In all five actions, Spain contests the applicability of the arbitration exception to sovereign immunity, 28 U.S.C. § 1605(a)(6). In all five actions, Spain argues that confirmation and/or enforcement would be improper because Spain never entered into an arbitration agreement, as a matter of law under the Court of Justice of the European Union's Judgment in *Slovak Republic v. Achmea*, C.J.E.U. Case C-284/16 (ECF No. 13-42).

While all five actions bear strong resemblances, this action is especially similar to *Novenergia*, which involves another New York Convention petition seeking confirmation of a Swedish arbitral award. Like Petitioners, Novenergia obtained an award against Spain from an arbitral tribunal seated in Stockholm, Sweden purporting to apply the ECT. *Novenergia*, ECF No. 18-1 at 17. As with the award Petitioners seek to enforce, Spain is seeking to set aside the *Novenergia* award in the competent court in the arbitration's primary jurisdiction, the Svea Court of Appeal in Sweden. *Id*. at 23-24. And, like the award to Petitioners in this case, the Svea Court has suspended the *Novenergia* award. *Id*. at 24-25.

**ARGUMENT**

This Court is authorized to transfer this action "to any other district … where it might have been brought." 28 U.S.C. § 1404(a). It may do so "[f]or the convenience of parties and witnesses, in the interest of justice." *Id*. The Court "performs a two-part inquiry to determine whether transfer is warranted." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006):

- 3 -

> First, the court must determine whether the action sought to be transferred is one that "might have been brought" in the transferee court. Second, the court must evaluate whether transfer is warranted using several factors relating to the convenience of transfer and the interests of justice.

*Id*. (internal citations and quotations omitted). At the second step, the factors courts consider include:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Id.* "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal citations and quotations omitted).

Applying this two-step process demonstrates that transfer to the D.C. federal court is both permissible and warranted for convenience and in the interest of justice.

## I. The District Court for the District of Columbia is the Only Federal Court Where this Action Could Have Originally Been Brought

Petitioners originally filed this action on December 14, 2018 in the Supreme Court of New York for New York County, Commercial Division. ECF No. 5-1 Ex. A. However, had this case originally been filed in federal court, the only court where venue would have been proper is the D.C. federal court, "the dedicated venue for actions against foreign states," *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 332 (D.C. Cir. 2003).

Under the Foreign Sovereign Immunities Act's venue provision, a "civil action against a foreign state … may be brought":

- 4 -

>   (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
>   (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
>   (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
>   (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f).  The first subsection is inapplicable because no "events or omissions giving rise to the claim occurred" in New York – indeed the United States – nor is there any "property that is the subject of the action" in New York.  The second subsection is inapplicable because this is not an admiralty case asserting a maritime lien under 28 U.S.C. § 1605(b).  The third subsection is inapplicable because Spain is not an "agency or instrumentality of a foreign state as defined in section 1603(b);" it is instead a foreign state proper under 28 U.S.C. § 1603(a).  The only remaining subsection is the fourth, which makes venues proper "in the United States District Court for the District of Columbia."

Thus, because the District of Columbia is not only a "district … where [this action] might have been brought," 28 U.S.C. § 1404(a) – but also the *only* district where it could have been brought if originally filed in federal court – the Court may transfer this action to the D.C. federal court.

## II.     The Goals of Convenience and the Interests of Justice Favor Transfer

Taking into account that this action could only have been brought in the D.C. federal court if it had originally been filed in federal court, it should be transferred there because transfer

- 5 -

would be convenient and promote "the interests of justice." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 394.

Most of the factors identified above have no bearing on the Court's transfer decision in this particular action. Because "no single [factor] is determinative," *Citigroup Inc.*, 97 F. Supp. 2d at 561, Spain will address only those factors relevant to transferring this case.

Promoting trial efficiency and the interests of justice merits transfer to the D.C. federal court. Where there is a "parallel matter already underway" in another district, the "interests of judicial economy favor consolidation of those cases." *Gokhberg v. PNC Fin. Servs. Grp., Inc.*, No. 15-cv-6001-LTS, 2015 U.S. Dist. LEXIS 170075, at *6 (S.D.N.Y. Dec. 21, 2015). If this action is transferred to the D.C. federal court, Spain will seek to consolidate it with *Novenergia v. Spain*. *See* D.D.C. L. Civ. R. 40.5.[1] Consolidated treatment of the virtually identical *Novenergia* case with this action will avoid "the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). Additionally, the D.C. federal court is more familiar with the governing law on the common dispositive issue – whether Spain entered into an arbitration agreement with the EU nationals that procured the awards – because there are four prior pending actions against Spain in that court that implicate this issue.

The Court need not defer to Petitioners' choice of forum, *see Citigroup Inc.*, 97 F. Supp. 2d at 561, and reward their state court forum-shopping maneuver here. First, because Petitioners have not chosen this particular forum (the S.D.N.Y.), transfer would not defeat the plaintiff's choice of forum. This Court should follow the example of *Young v. Starbucks Coffee Co.*, where

---

[1] Spain also reserves its rights to seek the consolidation of the three other existing cases brought in the D.C. federal court and any future cases seeking the confirmation and/or enforcement of intra-EU awards against it.

- 6 -

the court refused to give "controlling weight" to the plaintiff's choice of forum because she "chose a relatively inconvenient forum for tactical reasons, then had the case removed from the chosen court against her will, into a federal court with no connection whatsoever to the dispute." No. 01-cv-4566-GEL, 2002 U.S. Dist. LEXIS 2189, at *5 (S.D.N.Y. Feb. 8, 2002).

Second, Petitioners' selection of the geographic venue of New York should not be accorded any weight. The deference traditionally afforded to the "plaintiff's choice of forum is … diminished where, as here, the operative facts are not connected to the plaintiff's forum and where the plaintiff chooses a forum other than his residence." *Gokhberg*, 2015 U.S. Dist. LEXIS 170075, at *5. The operative facts and circumstances here have nothing to do with New York. Petitioners are from Luxembourg, Denmark and Italy, three EU Member States. ECF No. 5-1, Ex. A ¶¶ 2-5. They are suing Spain, another EU Member State, seeking to enforce an arbitral award rendered in Sweden under Swedish law. The underlying dispute involves alternative energy regulation in Spain. Petitioners themselves are at a loss to explain the relevance of New York to this dispute; at the May 8, 2019 pre-motion conference regarding this motion, Petitioners declined to answer on the record why they brought the case in New York. *See* ECF No. 32-1 at 13-14 (Transcript of May 8, 2019 Pre-Motion Conference at 12:17-13:14). Whatever their litigation strategy may be, it cannot override the evident interests of convenience and justice that support transferring this action to the District of Columbia.

## CONCLUSION

WHEREFORE, Spain requests that the Court transfer this action to the District Court for the District of Columbia.

| | |
|---|---|
| Dated:  May 22, 2019 | Respectfully submitted, |
| | KINGDOM OF SPAIN |
| | By its attorneys, |
| | /s/ Andrew Z. Schwartz |
| | Andrew Z. Schwartz (AS2166) |
| | aschwartz@foleyhoag.com |
| | Andrew B. Loewenstein (*pro hac vice*) |
| | aloewenstein@foleyhoag.com |
| | FOLEY HOAG LLP |
| | Seaport West |
| | 155 Seaport Boulevard |
| | Boston, MA 02210-2600 |
| | Tel:  617-832-1000 |
| | Fax: 617-832-7000 |
| | |
| | Derek C. Smith (*pro hac vice*) |
| | dcsmith@foleyhoag.com |
| | Nicholas M. Renzler (NR1608) |
| | nrenzler@foleyhoag.com |
| | FOLEY HOAG LLP |
| | 1717 K Street, NW |
| | Washington, DC 20006-5350 |
| | Tel:  202-223-1200 |
| | Fax: 202-785-6687 |
| | |
| | Peter A. Sullivan (PS4704) |
| | psullivan@foleyhoag.com |
| | FOLEY HOAG LLP |
| | 1301 Avenue of the Americas |
| | New York, NY 10019 |
| | Tel: 646-927-5500 |
| | Fax: 646-927-5599 |
| | |
| | *Attorneys for Respondent* |

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 22, 2019.

/s/ Andrew Z. Schwartz
Andrew Z. Schwartz (AS2166)