**EXHIBIT 74**

[European Commission Logo]

**EUROPEAN COMMISSION**

LEGAL SERVICE
Director-General

Brussels, 26 October 2018
sj.c(2018)6177842

Mrs. Consuela Castro Rey
State Attorney General
Ministry of Justice
C/ Ayala, 5
ES-28001 Madrid

Email: aearbitraje@mjusticia.es
Phone: 9139047361  Fax: 913904740

**Subject:** Your request concerning the position of the European Commission regarding the EISER arbitral award rendered under the Energy Charter Treaty

Dear Mrs. Attorney General,

In your letter of October 10, 2018, the State Attorney General of the Kingdom of Spain requested the opinion of the services of the European Commission on the legal consequences of an alleged enforcement of the arbitral award of May 4, 2017, rendered within the framework of the International Centre for Settlement of Investment Disputes (ICSID). This award orders the Kingdom of Spain to pay 128 million euros in compensation for damages, plus interests, to Eiser Infrastructure Limited (EISER award). This award is currently subject to an ICSID annulment proceeding. In addition, on October 3, 2018, the Spanish authorities have notified to the European Commission the payment of the compensation provided for in the EISER award as State aid.

In your letter you raise three questions, to which we shall now reply:

1) Is it necessary, in view of the notification of compensation as State aid, to wait for the Commission's compatibility analysis? If so, would the Commission's decision suffice to pay the compensation or would it be necessary to wait for the remedy period to expire or, even to wait for the possible finality of an ECJ judgement in this respect in the face of a challenge to the Commission's Decision?
2) If the claimant decides to enforce the award in a Member State, would the recognition and enforcement of the award be contrary to Union Law?
3) What would be the consequences for Spain if the award were to be enforced without the Commission having ruled on the compatibility of the aid?

Commission européenne/Europese Commissie, 1049 Bruxelles/Brussel, BELGIQUE/BELGIË- Tel. +32 22991111
Office: BERL 1/80- Tel. direct line +32 229-02/2995150
E-mail : Luis.Romero-Requena@ec.europa.eu

33612626v1

The answer to the first part of the first question must be yes. Indeed, under Article 108(3) of the Treaty on the Functioning of the European Union (TFEU), Member States cannot put the State aid measures into effect without prior approval by the Commission of the State aid in question as aid compatible with the internal market.

In reply to the second part of the first question, the services of the Commission state that the Commission decisions benefit from a presumption of legality[1] and, despite the existence of an annulment remedy based on Article 263 TFEU, they have legal effects for their recipients. Furthermore, under article 278 TFEU, actions brought before the Court of Justice of the European Union shall not have suspensory effect.

In view of the foregoing, and in answer to your second and third questions, the payment of compensation before the Commission rules on its compatibility would be contrary to Union Law, in particular to Article 108(3) TFEU. It should also be recalled that the standstill obligation laid down in Article 108(3) TFEU gives interested parties (e.g. the competitors of the beneficiary)[2] individual rights that have direct effect. In this respect, these interested parties, in particular competitors and other third parties affected by the unlawful State aid, can enforce their rights by bringing an action before the competent national courts against the Member State granting the aid. As a result, national courts have various measures to protect these interested parties: they can prevent the payment of unlawful aid, recover unlawful aid (irrespective of compatibility); recover interests for the period of illegality; recover damages from competitors and other third parties; and order injunctive relief against unlawful aid.[3]

Furthermore, apart from the legal consequences of the standstill obligation related to the execution of State aid under Article 108(3) TFEU, it should be recalled that the EISER award, and hence its recognition and enforcement, would be contrary to Union Law in light of the *Achmea* judgement.[4] The Commission set out its position on the consequences of the *Achmea* judgment in its Communication to the European Parliament and the Council "Protection of intra-EU investment" of July 19, 2018,[5] in the following paragraphs:

> "In the Achmea judgment the Court of Justice ruled that the investor-to-State arbitration clauses laid down in intra-EU BITs undermine the system of legal remedies provided for in the EU Treaties and thus jeopardise the autonomy, effectiveness, primacy and direct effect of Union law and the principle of mutual trust between the Member States. Recourse to such clauses undermines the preliminary ruling procedure provided for in Article 267 TFEU, and is not compatible with the principle of sincere cooperation. This implies that all investor-State arbitration clauses in intra-EU BITS are inapplicable and that any arbitration tribunal established on the basis of such clauses lacks jurisdiction due to the absence of a valid arbitration agreement. As a consequence, national courts are under the obligation to annul any arbitral award rendered on that basis and to refuse to enforce it. Member States that are parties to pending cases, in whatever

---

[1] *See* judgment of July 9, 2015, Commission/France, C-63/14, EU:C:2015:458, paragraph 44.

[2] Interested parties are any Member State and any person, undertaking or association of undertakings whose interests might be affected by the granting of aid, in particular the beneficiary of the aid, competing undertakings and trade associations (Article 1(h) of Council Regulation (EU) 2015/1589 of 13 July 2015 laying down detailed rules for the application of Article 108 of the Treaty on the Functioning of the European Union (codified version), OJ L 248, 24.9.2015, p. 9-29).

[3] *See* Commission notice on the enforcement of State aid law by national courts, OJ C 85, 9.4.2009, p. 1–22.

[4] Judgment of March 6, 2018, Achmea, C-284/16, ECLI:EU:C:2018:158, paragraphs 56 and 58.

[5] COM(2018) 547 final.

Commission européenne/Europese Commissie, 1049 Bruxelles/Brussel, BELGIQUE/BELGIË- Tel. +32 22991111

Office: BERL 1/80- Tel. direct line +32 229-02/2995150

E-mail : Luis.Romero-Requena@ec.europa.eu

33612626v1

capacity, must also draw all necessary consequences from the Achmea judgment. Moreover, pursuant to the principle of legal certainty, they are bound to formally terminate their intra-EU BITs.

The Achmea judgment is also relevant for the investor-State arbitration mechanism established in Article 26 of the Energy Charter Treaty as regards intra-EU relations. This provision, if interpreted correctly, does not provide for an investor-State arbitration clause applicable between investors from a Member States of the EU and another Member States of the EU. Given the primacy of Union law, that clause, if interpreted as applying intra-EU, is incompatible with EU primary law and thus inapplicable. Indeed, the reasoning of the Court in Achmea applies equally to the intra-EU application of such a clause which, just like the clauses of intra-EU BITs, opens the possibility of submitting those disputes to a body which is not part of the judicial system of the EU. The fact that the EU is also a party to the Energy Charter Treaty does not affect this conclusion: the participation of the EU in that Treaty has only created rights and obligations between the EU and third countries and has not affected the relations between the EU Member States."

The Legal Service of the Commission is at your disposal for any other assistance you may require, for the sake of the principle of sincere cooperation provided for in Article 4(3) TEU.

Sincerely yours,

[Illegible signature]

Luis Romero Requena

Commission européenne/Europese Commissie, 1049 Bruxelles/Brussel, BELGIQUE/BELGIË- Tel. +32 22991111
Office: BERL 1/80- Tel. direct line +32 229-02/2995150
E-mail : Luis.Romero-Requena@ec.europa.eu

33612626v1