UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
NEXTERA ENERGY GLOBAL HOLDINGS  :
B.V. and NEXTERA ENERGY SPAIN
HOLDINGS B.V.,  :
:
:
Petitioners,  :   Civil Action No. 19-cv-01618-TSC
:
v.  :
:
KINGDOM OF SPAIN  :
:
Respondent  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF
PETITION TO CONFIRM AN INTERNATIONAL ARBITRATION
AWARD AND IN OPPOSITION TO SPAIN'S MOTION TO DISMISS OR STAY**

Petitioners, which seek enforcement of a final arbitration award rendered under the ICSID Convention, respectfully draw the Court's attention to three new authorities pertaining to this case.

**1.    Order in *Tethyan* on the Proper Length of a Judicial Stay in an ICSID Enforcement Case**

First, the Court should consider the February 13, 2020 Minute Order in *Tethyan Copper Company Pty Ltd. v. Islamic Republic of Pakistan*, No. 1:19-cv-02424-TNM (D.D.C.) (Ex. 1 hereto). In that action, which is pending before Judge McFadden of this District, petitioner Tethyan Copper Company Pty Ltd. ("Tethyan") seeks enforcement of a $4.1 billion ICSID arbitration award rendered against Pakistan in July of 2019. (Ex. 1, D.E. No. 1, Petition to Enforce Arbitration Award.)

On November 8, 2019, Pakistan filed an application under Article 52 of the ICSID Convention to annul the award. (*See* Ex. 1, D.E. No. 23, Respondent's Motion to Stay or Dismiss

at 5.) This generated an automatic provisional stay of enforcement of the Award under Article 52(5) of the ICSID Convention. (*Id.* at 6.) Under Article 52(5) of the Convention, the provisional stay will remain in place until the *ad hoc* committee in that case issues a decision on whether a further stay is warranted in the circumstances. On January 3, 2020, Pakistan requested that this Court stay enforcement of the Award until its ICSID annulment application had been "fully and finally resolved." (*Id.* at 2.)

On January 15, 2020, Tethyan filed a brief emphasizing the provisional nature of the ICSID annulment stay and noting that, under the ICSID Convention, "[t]he provisional stay thus exists to provide ICSID with time to constitute an *ad hoc* Annulment Committee. It is the Annulment Committee that ultimately determines whether a continuing stay of enforcement is warranted, and if so, on what terms." (Ex. 1, D.E. No. 24, Petitioner's Jan. 15, 2020 Emergency Motion for Extension of Time to File Response/Reply at 3 ¶ 4.)

On January 31, 2020, Judge McFadden directed that further briefing be "limited to the length of the stay of th[e] [enforcement] proceedings." (Ex. 1, Minute Order of January 31, 2020.) In further briefing and argument on this issue, Petitioner noted that: (i) under Article 54 of the ICSID Arbitration Rules, the provisional stay shall be "automatically terminated" unless the *ad hoc* annulment committee "decides to continue the stay" (Ex. 1, D.E. No. 28, Petitioner's Jan. 31, 2020 Opposition in Part to Respondent's Motion to Stay at 8); and (ii) in the event the stay is lifted, the award will again become fully binding on the parties under Article 53(1) of the ICSID Convention, and, under article 54(1) of the ICSID Convention, the "Contracting States to the ICSID Convention (including the United States)" must "enforce the pecuniary obligations imposed by that award." (*Id.* at 4.)

On February 13, 2020, Judge McFadden issued a Minute Order directing that the case be stayed "pending the decision of the committee. The parties are directed to file a Joint Status Report 10 days after the committee's *initial* decision." (Ex. 1, February 13, 2020 Minute Entry) (emphasis added).

Petitioners here submit that a stay of similar duration to *Tethyan*'s (i.e. pending the initial decision of the Committee) would appropriately take into account the provisional nature of an ICSID automatic stay and the fact that, under the ICSID Convention, it is the *ad hoc* annulment committee that is ultimately responsible for deciding whether to impose a continued stay for the duration of the annulment application. Doing so also would take appropriate account of the fact that, if the *ad hoc* committee lifts the stay, the courts of the United States will be required (per Article 54(1) of the Convention) to "enforce the pecuniary obligations" the award contains.

The posture of the present case is materially identical to that in *Tethyan*: (i) a final ICSID Convention monetary award was rendered last year, leading to an enforcement petition in this District; (ii) the respondent state (here, Spain) has since applied for annulment of the award, thus triggering a provisional stay of enforcement of the award pursuant to Article 52(5) of the ICSID Convention; and (iii) under Article 52(5), the ICSID *ad hoc* committee is now responsible for deciding whether to impose a continued stay of enforcement for the duration of the annulment application (and, if so, on what terms), or whether instead to allow the provisional stay to terminate – in which case the pecuniary obligations in the award will again be fully enforceable in every ICSID Contracting State, per Articles 53 and 54 of the ICSID Convention.

Accordingly, as in *Tethyan*, the appropriate disposition of Spain's present stay application is to stay enforcement *only* until the "initial decision" by the ICSID *ad hoc* committee concerning whether to continue the provisional stay pending the disposition of the annulment application.

Equally, as in *Tethyan*, the Court should decline to grant Spain's request for a lengthier stay of this enforcement proceeding; instead, the issue of whether to grant a further stay of these proceedings (if at all) should itself be deferred until after the ICSID *ad hoc* committee's initial decision is issued.

In that last respect, the ICSID *ad hoc* committee in the present action has now received all briefing on Spain's application to continue the ICSID provisional stay of enforcement. It heard oral argument on that application on February 11, 2020. The ICSID *ad hoc* committee is thus expected to issue its initial decision in the near future.

**2. Recent Authorities on the Interpretation and Application of the ICSID Convention in an Enforcement Context – and the Inappropriateness of Spain's "Intra-EU" Argument**

Petitioners respectfully bring to the Court's attention two recent decisions that are pertinent both to Respondent's stay application and to the substantial points raised in its opposition to the Petition: (i) the Supreme Court of the United Kingdom's decision in *Micula v. Romania* [2020] UKSC 5 (Ex. 2 hereto); and (2) the Federal Court of Australia's decision in *Eiser Infrastructure Ltd. v Kingdom of Spain* [2020] FCA 157 (Ex. 3 hereto).

These cases also were submitted to this Court last week as supplemental authorities by the petitioner in the case of *9REN Holdings S.À.R.L. v. Kingdom of Spain*, No. 1:19-cv-01871-TSC. Petitioners adopt and incorporate the description of those cases as set forth in *9Ren* (a copy of the March 27, 2020 Notice of Supplemental Authority in that case is attached as Exhibit 4 hereto).

Dated: March 31, 2020  
Washington, D.C.

Respectfully submitted,

/s/ Jennifer L. Spaziano
Jennifer L. Spaziano
D.C. Bar Number 462787
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
jen.spaziano@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Aaron Murphy (appearing *pro hac vice*)
New York Bar Number 5604459
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London E14 5DS
ENGLAND

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*