# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| 9REN HOLDING S.À.R.L.<br><br>        Plaintiff,<br><br>   v.<br><br>THE KINGDOM OF SPAIN<br><br>        Defendant. | Civil Action No. 1:19-cv-01871-TSC |

**NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO SPAIN'S MOTION TO DISMISS**

Plaintiff 9REN Holdings S.À.R.L. ("9REN") respectfully writes to update the Court with respect to two recent foreign court decisions, each issued after Plaintiff submitted its opposition to Spain's Motion to Dismiss, which it respectfully submits are relevant to the issues raised in that motion: (1) the Supreme Court of the United Kingdom's (the "UK Supreme Court's") decision in *Micula and others v. Romania*, [2020] UKSC 5, attached hereto as **Exhibit A**; and (2) the Federal Court of Australia's (the "Australian Court's") decision in *Eiser Infrastructure Ltd. v Kingdom of Spain* [2020] FCA 157 attached hereto as **Exhibit B**.

### *Micula and others v. Romania*, [2020] UKSC 5

On February 19, 2020, the UK Supreme Court issued its unanimous decision in *Micula and others v. Romania*, [2020] UKSC 5 denying Romania's request for a stay on enforcement of the ICSID Award rendered in *Ioan Micula, Viorel Micula, S.C. European Food S.A, S.C. Starmill S.R.L. and S.C. Multipack S.R.L. v. Romania,* ICSID Case No. ARB/05/20 (the "Micula ICSID Award").

In *Micula*, the court was asked by the judgment creditor to lift a stay of enforcement of an ICSID award. The first instance and appellate courts had stayed enforcement based on Romania's argument that enforcing the Award would violate EU law related to state aid, and that the UK should stay enforcement pending the Court of Justice of the European Union's (the "CJEU's") decision on whether payment of the award would violate EU law.

The UK Supreme Court reversed the lower courts' ruling and lifted the stay. It held that "the United Kingdom's obligations arising from the ICSID Convention are '**not . . . affected by the provisions of the [EU] Treaties**.'" Ex. A ¶ 85 (emphasis supplied). The UK Supreme Court then went on to conclude that "the proper interpretation of the [ICSID] Convention is given by principles of international law applicable to all Contracting States and it **cannot be affected by EU law.**" *Id.* ¶ 87 (emphasis supplied).[1]

### *Eiser Infrastructure Ltd. v Kingdom of Spain* [2020] FCA 157

On February 24, 2020, the Australian Court issued a decision in *Eiser Infrastructure Ltd. v Kingdom of Spain* [2020] FCA 157, which concerned recognition of the ICSID Awards issued in *Eiser Infrastructure Ltd. and Energia Solar Luxembourg S.A.R.L. v Kingdom of Spain,* ICSID Case No. ARB/13/36 and *Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. v Spain*, ICSID Case No. ARB/13/31, respectively.

As in the case before this Court, the cases before the Australian Court concerned the interaction between the Australian Foreign States Immunities Act — the Australian counterpart to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et. seq*. — and the ICSID Convention. Specifically, the Australian Court sought to address whether "a foreign state [is] immune from the

---

[1] Nothing in the UK Supreme Court's ruling indicates that the UK's departure from the European Union impacted its decision.

recognition and enforcement of an arbitral award made under the [ICSID Convention] notwithstanding that the [ICSID Convention] inherently envisages arbitration awards being made against foreign states and it provides that such awards 'shall' be recognized and enforced by [Member State] courts[.]" *Eiser Infrastructure Ltd. v Kingdom of Spain* [2020] FCA 157, ¶ 2. The Australian Court held that Spain could not invoke sovereign immunity, finding that "by being a Contracting Party to the ECT and a Contracting State to the [ICSID] Convention, Spain submitted to the arbitrations under the [ICSID] Convention which produced the awards[.]" *Id.* ¶ 179. Furthermore, the Australian Court confirmed that in agreeing, by ratifying the ECT, to arbitrate disputes under that treaty, Spain also submitted to the jurisdiction of "designated courts" (*i.e.,* the courts of ICSID Contracting States) "for the purposes of enforcement (as opposed to execution) of those awards." *Id.* ¶ 180.

        Respectfully submitted,

        */s/ James E. Berger*
        James E. Berger (D.C. Bar 481408)
        Charlene C. Sun (D.C. Bar 1027854)

        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, NY 10036-4003
        Tel: (212) 556-2200
        Fax: (212) 556-2222
        jberger@kslaw.com
        csun@kslaw.com

        *Attorneys for Plaintiff 9REN Holding S.À.R.L.*