## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
NEXTERA ENERGY GLOBAL HOLDINGS                :
B.V. and NEXTERA ENERGY SPAIN                 :
HOLDINGS B.V.,                                :
:
                             Petitioners,  :   Civil Action No. 19-cv-01618-TSC
:
                  v.                           :
:
KINGDOM OF SPAIN                              :
:
                          Respondent  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
### PETITION TO CONFIRM AN INTERNATIONAL ARBITRATION
### AWARD AND IN OPPOSITION TO SPAIN'S MOTION TO DISMISS OR STAY

Petitioners, which seek enforcement of a final arbitration award of over EUR 290 million rendered against Respondent the Kingdom of Spain ("Spain") on May 31, 2019 (the "ICSID Award") in ICSID Arbitration No. ARB/14/11, captioned *NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain*, respectfully submit for the Court's consideration the April 6, 2020 decision of the ICSID *ad hoc* committee ("ICSID 4/6/20 Decision"), which was notified to the parties yesterday, April 7, 2020. This decision, attached as Exhibit 1, indicates the *ad hoc* committee's position on whether the provisional stay of enforcement of the ICSID Award should continue, and further holds that the current stay shall be terminated forthwith if Spain fails to take certain prescribed steps by April 27, 2020.

As noted in the ICSID 4/6/20 Decision, the ICSID Award is governed by the 1965 Convention on Settlement Of Investment Disputes Between States And Nationals Of Other States ("ICSID Convention"). *See* ICSID 4/6/20 Decision ¶ 69. Under Article 53 of the Convention, the

ICSID Award is binding upon the parties and must be complied with immediately, unless stayed in accordance with the "relevant provisions of [the] Convention." *Id.* ¶ 70.

On September 26, 2019, Spain filed an application for annulment of the ICSID Award pursuant to Article 52 of the ICSID Convention, thereby obtaining a provisional stay of enforcement of the award pursuant to Article 52(5) thereof. ICSID 4/6/20 Decision ¶ 72. From that point onwards, the decision as to whether to continue the stay of enforcement lies within the exclusive power of the *ad hoc* committee formed in December 2019 to determine Spain's annulment application. *See id.* ¶¶ 72-74 (citing ICSID Convention, art. 52(5); ICSID Arbitration Rules, art. 54). Under the ICSID Convention, the *ad hoc* committee may order that a stay of enforcement remain in place for the duration of the annulment proceeding, and/or may make such a stay conditional upon the fulfilment of certain terms; alternatively, it may terminate the stay.

On January 16, 2020, Spain made an application to the ICSID *ad hoc* committee, requesting that it continue the stay of enforcement of the ICSID Award for the entire duration of the annulment proceeding. *Id.* ¶¶ 4, 15. Spain further argued that any stay should be unconditional. *Id.* ¶ 60. Petitioners opposed Spain's application, *see id.* ¶¶ 17-18, and the *ad hoc* committee received briefing and heard argument from the parties on all relevant points – including whether a stay, if granted, should be subject to any undertaking by Spain concerning eventual payment (and if so, the manner and form of any such undertaking). *Id.* ¶¶ 5-12, 60-64.

By the 4/6/20 ICSID Decision, the *ad hoc* committee decided that it would continue the stay of enforcement "on a provisional basis," and only "upon the condition that Spain provides an undertaking that, should the [ICSID] Award not be annulled, it will unconditionally and promptly pay the amount owed under the [ICSID] Award." *Id.* ¶¶ 95, 102. It held that such an approach "appropriately balances the interests and any hardship asserted by or upon the Parties," including

the factors that had led Spain to urge "postponing any enforcement actions during the pendency of these proceedings," as well as the genuine prejudice that Petitioners will suffer from any continuation of a stay. *Id.* ¶¶ 91, 96.

In reaching this conclusion, the *ad hoc* committee rejected Spain's assertion that the *ad hoc* committee should consider the merits of Spain's annulment petition in deciding whether to continue the stay. *Id.* ¶ 82. It also considered Spain's assertion that, if it paid the ICSID award, this might expose Spain to "penalties" imposed by the EU. *Id.* ¶¶ 89-90. It held in this regard:

> While the Committee recognizes the conflicting predicament Spain faces, the Committee is equally conscious that the award creditor's right to be paid are final and binding under the ICSID Convention. In the Committee's view, while it is true that ending the stay could possibly expose Spain to the EU sanction, it does not remove the potential exposure or resolve the conflict between Spain's obligations under the ICSID Convention and its obligations to the EU. This possible exposure to penalty is at best a neutral factor and could not itself support Spain's case for a continuation of the stay of enforcement.

*Id.* ¶ 90.

The *ad hoc* committee thus ordered that any stay of enforcement of the ICSID Award would be made conditional upon Spain furnishing an "undertaking," issued by "a duly-authorised signatory with the full power to bind [Spain], such as the Minister of Finance, and counter-signed by the Attorney General," stating:

> "In the event, or to the extent, that annulment is not granted, the Kingdom of Spain agrees and undertakes that (1) it will in accordance with its obligations under the ICSID Convention recognize the Award rendered by the Tribunal as final and binding and will abide by and comply with the terms of the award; and (2) it will unconditionally and irrevocably pay the pecuniary obligations imposed by the Award to the NextEra Entities within ninety (90) days following the notification by the ICSID Secretariat of the Committee's Decision on annulment such that the NextEra Entities would be fully compensated, including interest, and would not need to engage in any action to recognize, enforce, or execute the Award under Article 54 of the ICSID Convention in any ICSID Contracting State."

*Id.* ¶¶ 98, 102(a).

The *ad hoc* committee ordered that Spain must provide the undertaking quoted above within twenty days following notification of the ICSID 4/6/20 Decision (i.e. within twenty days of Tuesday, April 7, 2020). *Id.* ¶ 102(b). Thus, it ordered that, in the event Spain does not furnish the above undertaking within the twenty-day period ordered by the committee, the current stay of enforcement **"*will forthwith be terminated and [Petitioners] shall thereafter be at liberty to take such action to enforce the [ICSID] Award as they deem fit.*"** *Id.* ¶ 102(d) (emphasis added).

Accordingly, the *ad hoc* committee's decision means that, if Spain fails to provide an undertaking by April 27, 2020 in the form and manner prescribed by the 4/6/20 ICSID Decision, the ICSID Award shall no longer be subject to any stay of enforcement. Under Article 53 of the Convention, therefore, the ICSID Award will thereupon become immediately and definitively binding upon Spain, and under Article 54 of the ICSID Convention (as enshrined in federal law by the Convention on Settlement of Investment Disputes Act, 22 U.S.C. § 1650a), the pecuniary obligations imposed by the ICSID Award shall be enforceable as a final judgment in the courts of each ICSID member state, including the courts of the United States.

Dated: April 8, 2020
Washington, D.C.                          Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

/s/ Jennifer L. Spaziano
Jennifer L. Spaziano
D.C. Bar # 462787
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 661-8327
Email: jen.spaziano@skadden.com

4

Timothy G. Nelson (admitted *pro hac vice*)
Amanda Raymond Kalantirsky (admitted *pro hac vice*)
Aaron Murphy (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York NY 10001
Tel: (212) 735-3000
Fax: (212) 735-2000
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London ENGLAND E14 5DS
Tel: +44.20.7519.7121
Fax: +44.20.7072.7121
david.herlihy@skadden.com

*Attorneys for NextEra Energy Global Holdings
B.V. & NextEra Energy Spain Holdings B.V.*