UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
NEXTERA ENERGY GLOBAL HOLDINGS                                 :
B.V. and NEXTERA ENERGY SPAIN                                  :
HOLDINGS B.V.,                                                 :
                                                               :
                                   Petitioners,  :  Civil Action No. 19-cv-01618-TSC
                                                               :
              v.                                               :
                                                               :
KINGDOM OF SPAIN                                               :
                                                               :
                                   Respondent    :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**NOTICE OF TWO SUPPLEMENTAL AUTHORITIES IN SUPPORT OF
PETITION TO CONFIRM AN INTERNATIONAL ARBITRATION
AWARD AND IN OPPOSITION TO SPAIN'S MOTION TO DISMISS OR STAY**

Petitioners, which seek confirmation and enforcement of a final arbitration award of over EUR 290 million rendered against Respondent the Kingdom of Spain ("Spain") on May 31, 2019 (the "ICSID Award") in ICSID Arbitration No. ARB/14/11, captioned *NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain* rendered under the ICSID Convention,[1] respectfully draw the Court's attention to two new authorities pertaining to this case.

---

[1] Defined terms used herein are as per NextEra's December 19, 2019 Reply in Support of its Petition and Opposition to Motion to Dismiss ("NextEra 12/19/19 Reply").

### 1. May 28, 2020 Decision of the *NextEra* ICSID *Ad Hoc* Committee Holding that the Award is Now Enforceable and Lifting the Prior Stay

Petitioners first submit a Decision dated May 28, 2020 lifting the current stay of enforcement ("ICSID 5/28/20 Decision Lifting Stay"), issued by the *ad hoc* committee hearing Spain's application to annul the ICSID Award.  A copy of this decision appears as Exhibit 1 hereto.

The ICSID Award, which was immediately binding and payable upon its issuance in May 2019, obligates Spain to pay over EUR 290 million plus interest.  On September 26, 2019, Spain made an application for annulment of the ICSID Award pursuant to Article 52 of the ICSID Convention, thereby triggering an automatic provisional stay of enforcement of the ICSID Award, pending formation of the ICSID *ad hoc* annulment committee (the three-member panel tasked with hearing the annulment application)[2] and its decision on whether to continue the stay.

As reported previously to this Court, on April 6, 2020, the ICSID *ad hoc* committee issued a Decision on Stay of Enforcement (the "ICSID 4/6/20 Decision")[3] holding that any continued stay of enforcement would be made conditional upon Spain furnishing a written "undertaking," issued by "a duly-authorised signatory with the full power to bind [Spain], such as the Minister of Finance, and counter-signed by the Attorney General," containing an "unconditional[] and irrevocabl[e]" commitment to "pay the pecuniary obligations imposed by the [ICSID] Award" in the event Spain's annulment application is "not granted", "such that the NextEra Entities … would not need to engage in any action to recognize, enforce, or execute the Award under Article 54 of

---

[2] The three members of the *ad hoc* annulment committee are Professor Joongi Kim of the Republic of Korea, Professor Lawrence Boo of Singapore and Mr. Humberto Sáenz Marinero of El Salvador.

[3] A full copy of the 4/6/20 Decision was attached as Exhibit 1 to Petitioner's April 8, 2020 Notice of Supplemental Authority.  *See* Petitioner's Notice of Supplemental Authority at 4, Apr. 8, 2020, ECF No. 28.

*(cont'd)*

the ICSID Convention in any ICSID Contracting State." ICSID 4/6/20 Decision ¶¶ 98, 102(a); *see also* ICSID 5/28/20 Decision Lifting Stay ¶ 1.

As further reported previously to this Court, on April 30, 2020, the ICSID *ad hoc* committee issued a further decision (the "ICSID 4/30/20 Decision")[4] "reaffirm[ing]" its 4/6/20 Decision while granting Spain until May 18, 2020 to issue the prescribed form of undertaking. The *ad hoc* committee further stated that "[p]ursuant to the [ICSID 4/6/20 Decision] a failure to furnish the Undertaking by the new deadline (i.e. 18 May 2020) will lead to a termination of the stay of enforcement of the [ICSID] Award." ICSID 4/30/20 Decision at 2; ICSID 5/28/20 Decision Lifting Stay ¶ 6. At the request of Spain, and with the consent of NextEra, this deadline was further extended until May 25, 2020. ICSID 5/28/2020 Decision Lifting Stay ¶¶ 7-8.

On May 21, 2020, Spain submitted a letter to the *ad hoc* annulment committee in which it declined to furnish the required undertaking, stating instead:

> "In view of the ICSID Annulment Committee Decision in Case No. ARB/14/11, the tenor of the agreement that the Committee proposes is not acceptable, in any way, for any sovereign nation such as the Kingdom of Spain. Nevertheless, it is manifest that the Kingdom of Spain has complied and will comply with its international obligations, as it has been doing habitually, as much of those derive from the ICSID Convention as from norms of the European Union or the rest of the applicable international norms."

*Id.* ¶ 9 (quoting Spain's letter to the ICSID *ad hoc* annulment committee of May 21, 2020; translation by *ad hoc* committee).

In its 5/28/20 decision, the *ad hoc* annulment committee held that, "[r]egrettably," the terms of Spain's letter had failed to conform with the requirements specified in its 4/6/20 decision, in two material respects, namely:

---

[4] A full copy of the 4/30/20 Decision was attached as Exhibit 1 to Petitioner's May 4, 2020 Notice of Supplemental Authority. *See* Petitioner's Notice of Supplemental Authority at 5, May 4, 2020, ECF No. 30.

- "Nothing is mentioned" in Spain's letter "about the recognition of the Award, its final and binding nature, and a commitment to comply with its terms." *Id.* ¶ 12.

- The letter "did not confirm that Spain 'will unconditionally and irrevocably pay the pecuniary obligations imposed by the Award to the NextEra Entities within ninety (90) days'" of issuance of any decision on annulment, "such that the NextEra Entities would be fully compensated, including interest, and would not need to engage in any action to recognize, enforce, or execute the Award under Article 54 of the ICSID Convention in any ICSID Contracting State." *Id.* (quoting ICSID 4/6/20 Decision ¶ 102(a)).

The *ad hoc* committee also found that the form of Spain's letter was deficient, in that it was not signed by a senior official. As such, the letter:

> was not provided by a "duly-authorised signatory with the full power to bind Applicant, such as the Minister of Finance, and was not counter-signed by the Attorney General" as directed in Paragraph 102.b. of the [ICSID 4/6/20] Decision. Instead it was provided by the Mr. González Suela, Undersecretary at the Ministry for the Ecological Transition and the Demographic Challenge. There is no evidence or assertion made that Mr. Suela was delegated with "full power to bind Applicant", and that the Letter was "counter-signed by the Attorney General", both factors that the Committee had specifically required in its Decision.

ICSID 5/28/20 Decision Lifting Stay ¶ 13.

The *ad hoc* committee thus concluded that Spain's letter "does not meet the terms and conditions of the Undertaking both in substance and form as stipulated under Paragraphs 102.a. and 102.b. of the Decision" and that, in accordance with Paragraph 102(d) of the Committee, the stay was therefore terminated. *Id.* ¶¶ 14-15.

Accordingly, it ordered "that the stay of enforcement of the Award will be terminated as of the date of notification of this Decision" (i.e. May 29, 2020). *Id.* ¶ 16(a).

As a result of the *ad hoc* committee's decisions, the pecunary obligations in the ICSID Award are immediately enforceable against Spain and "shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." *See* Petitioner's Notice of Supplemental Authority at 4, Apr. 8, 2020, ECF No. 28 (citing 22 U.S.C. § 1650a and the ICSID Convention, arts. 53, 54); *see also* ICSID 4/6/20 Decision ¶ 102(d) (upon

4

termination of stay, Petitioners will be "at liberty to take such action to enforce the Award as they deem fit.").

Accordingly, the 5/28/20 Decision Lifting Stay is further (indeed conclusive) support for NextEra's position that the Petition should not be stayed.

### 2.  D.C. Circuit Affirmance of *Micula v. Romania*

Both parties have cited Judge Mehta's September 11, 2019 opinion in *Micula v. Government of Romania*, 404 F. Supp. 3d 265 (D.D.C. 2019). As demonstrated already, that opinion: (i) held, consistent with a long line of authority, that the Foreign Sovereign Immunity Act's arbitration exception confers subject matter jurisdiction over petitions to enforce ICSID awards, *id.* at 280; (ii) rejected Romania's attempts to use European law as a basis for declaring the arbitration agreement to be "invalid," *id.* at 280-283; and (iii) rejected Romania's other objections to enforcement of the ICSID award in that case, *id.* at 283-285, *see also* NextEra 12/19/19 Reply at 18, 20 n.13, 30, 38.

On May 19, 2020, the United States Court of Appeals for the District of Columbia Circuit issued an unpublished *per curiam* opinion, *Micula v. Government of Romania*, 19-7127, 2020 WL 2610916 (D.C. Cir. May 19, 2020), affirming the district court's decision in that case. A copy of the D.C. Circuit's opinion is attached hereto as Exhibit 2.

5

Dated: May 29, 2020  
Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein
Bradley A. Klein
D.C. Bar Number 973778
Jennifer L. Spaziano
D.C. Bar Number 462787
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com
jen.spaziano@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Aaron Murphy (appearing *pro hac vice*)
New York Bar Number 5604459
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London E14 5DS
ENGLAND

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*