# EXHIBIT 1

INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES

**N**EXT**E**RA **E**NERGY **G**LOBAL **H**OLDINGS **B.V.** AND
**N**EXT**E**RA **E**NERGY **S**PAIN **H**OLDINGS **B.V.**

Claimants

and

**K**INGDOM OF **S**PAIN

Applicant

**(ICSID Case No. ARB/14/11)**
**Annulment Proceeding**

**DECISION TERMINATING THE STAY OF ENFORCEMENT OF THE AWARD**

*Members of the ad hoc Committee*
Prof. Joongi Kim, President of the *ad hoc* Committee
Prof. Lawrence Boo, Member of the *ad hoc* Committee
Mr. Humberto Sáenz-Marinero, Member of the *ad hoc* Committee

*Secretary of the ad hoc Committee*
Ms. Natalí Sequeira

28 May 2020

## I. PROCEDURAL BACKGROUND

1. The Committee issued a Decision on the Stay of Enforcement of the Award on 6 April 2020 in English (the "**Decision**") in which it decided and directed in paragraph 102 *inter alia* that:

   "*102. …*
   a. *DECIDES that stay of enforcement of the Award continues on a provisional basis under the condition that Applicant provides the following undertaking:*

   "*In the event, or to the extent, that annulment is not granted, the Kingdom of Spain agrees and undertakes that (1) it will in accordance with its obligations under the ICSID Convention recognize the Award rendered by the Tribunal as final and binding and will abide by and comply with the terms of the award; and (2) it will unconditionally and irrevocably pay the pecuniary obligations imposed by the Award to the NextEra Entities within ninety (90) days following the notification by the ICSID Secretariat of the Committee's Decision on annulment such that the NextEra Entities would be fully compensated, including interest, and would not need to engage in any action to recognize, enforce, or execute the Award under Article 54 of the ICSID Convention in any ICSID Contracting State.*"

   b. *ORDERS that Applicant will within twenty (20) days following the notification by the ICSID Secretariat of this Decision provide the Committee and Claimants Case the undertaking in Paragraph 102.a. above, executed by a duly-authorised signatory with the full power to bind Applicant, such as the Minister of Finance, and counter-signed by the Attorney General;*

   c. *RESERVES its right to revisit at any time its decision and order, at the request of either party or by own its motion, to modify or terminate the stay, or vary or amend its decision regarding the undertaking;*

   d. *ORDERS that should Applicant not furnish the Undertaking in the terms as set out above in Paragraphs 102.a. and 102.b. above within the time so stipulated (or such mutually agreed upon time or time extended by the Committee), the stay so ordered will forthwith be terminated and Claimants shall thereafter be at liberty to take such action to enforce the Award as they deem fit;…*"

2. On 22 April 2020, the Kingdom of Spain (the "**Applicant**" or "**Spain**") requested the Committee to provide a Spanish translation of the Decision "*before any other steps in this matter*". Spain further stated that the Committee's Decision had "*no effect until the Spanish version has been properly dispatched*".

2

3. On 24 April 2020, NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively the "**Claimants**" or the "**NextEra Entities**") submitted observations stating that Spain "*is seeking to take the benefits of the Decision while simultaneously avoiding the burdens that the same Decision imposes. In particular, Spain seeks to contend that enforcement has been stayed provisionally from the date the Decision was rendered in English (on 6 April 2020), but Spain's obligation to provide the undertaking should effectively run from a different date (when the Decision is translated into Spanish).*"

4. On 30 April 2020, the Committee circulated a Spanish translation of its Decision.

5. By letter of 30 April 2020, the Committee reaffirmed that its Decision was valid from the date it was issued, i.e. 6 April 2020. The Committee also reminded the Parties that pursuant to Section 11.12 of Procedural Order No. 1 "*[t]the Committee may initially make any order or decision in English and subsequently issue that order or decision in Spanish, if either Party requests. Both language versions shall be equally authentic*". Thus, the Committee noted that the Decision was valid from the date it was issued and was not subject to a subsequent translation. The Committee also noted that Spain waited more than two weeks after the receipt of the English version of the Decision to request a Spanish translation.

6. Nevertheless, pursuant to paragraph 102.c. of the Decision, the Committee decided to grant an extension until 18 May 2020 for Spain to provide the Undertaking referred to in paragraph 102.a. of the Decision. The Committee reiterated that a failure to furnish the Undertaking by the new, extended deadline would lead to a termination of the stay of enforcement of the Award.

7. On 15 May 2020, the Parties agreed to a one-week extension for the submission of Spain's Undertaking, by 25 May 2020.

8. On 18 May 2020, the Committee confirmed the extension agreed by the Parties. The Committee noted that Spain ""*committed to not ask for any other extension and do its best efforts to have its final decision before the ne (sic) May 25, deadline"* and that Respondents wished to record *"their concern at Spain's delay"* and *"their expectation*

3

*that Spain should not try to obfuscate the text or the legal effect of the undertaking, when it eventually responds to the Committee*".

9. On 21 May 2020, the Applicant submitted a letter that was electronically signed by Mr. González Suela, Undersecretary at the Ministry for Ecological Transition and Demographic Challenge ("**Letter**"), in Spanish, that provided the following:

   "*In view of the ICSID Annulment Committee Decision in Case No. ARB/14/11, the tenor of the agreement that the Committee proposes is not acceptable, in any way, for any sovereign nation such as the Kingdom of Spain. Nevertheless, it is manifest that the Kingdom of Spain has complied and will comply with its international obligations, as it has been doing habitually, as much of those derive from the ICSID Convention as from norms of the European Union or the rest of the applicable international norms.*" [Tribunal's translation]

10. The Claimants wrote on the same day with its observation that Spain had failed to provide the Undertaking in terms set out in Paragraphs 102.a. and 102.b. of the Decision and requested that the Committee terminate provisional stay of enforcement in accordance with Paragraph 102.d. of the Decision.

## II. DECISION OF THE COMMITTEE

11. The Committee ordered a continuation of the stay of enforcement of the Award subject to the conditions established in the Decision. The Committee had sought to "*balance the overall interests and circumstances such as the potential prejudice that each party would suffer if the stay is maintained or terminated*" and believed it could be best achieved by requiring an appropriate undertaking[1] in the terms specified in Paragraphs 102.a. and 102.b. of the Decision. The Committee stipulated these specific terms of the Undertaking, after the parties failed to reach an agreement.

12. Regrettably, the Committee finds that Applicant's Letter did not include the two commitments required in the Undertaking as ordered under Paragraph 102.a. of the Decision. First, it did not stipulate that Spain "*will in accordance with its obligations under the ICSID Convention recognize the Award rendered by the Tribunal as final*

---

[1] Decision, para. 95.

4

*and binding and will abide by and comply with the terms of the award*". Nothing is mentioned about the recognition of the Award, its final and binding nature, and a commitment to comply with its terms. Second, it did not confirm that Spain "*will unconditionally and irrevocably pay the pecuniary obligations imposed by the Award to the NextEra Entities within ninety (90) days following the notification by the ICSID Secretariat of the Committee's Decision on annulment such that the NextEra Entities would be fully compensated, including interest, and would not need to engage in any action to recognize, enforce, or execute the Award under Article 54 of the ICSID Convention in any ICSID Contracting State*". In fact, no mention is made at all in this regard.

13. The Committee also finds the Letter was not provided by a "*duly-authorised signatory with the full power to bind Applicant, such as the Minister of Finance, and was not counter-signed by the Attorney General*" as directed in Paragraph 102.b. of the Decision. Instead it was provided by the Mr. González Suela, Undersecretary at the Ministry for the Ecological Transition and the Demographic Challenge. There is no evidence or assertion made that Mr. Suela was delegated with "*full power to bind Applicant"*, and that the Letter was "*counter-signed by the Attorney General*", both factors that the Committee had specifically required in its Decision.

14. The Committee holds that Applicant's Letter does not meet the terms and conditions of the Undertaking both in substance and form as stipulated under Paragraphs 102.a. and 102.b. of the Decision.

15. Therefore, as provided in Paragraph 102.d. of the Decision, the Committee orders that since Applicant did not furnish the Undertaking as stipulated, the stay of enforcement of the Award must be terminated.

## III. DECISION

16. For the foregoing reasons, according to ICSID Arbitration Rule 54(3), the Committee hereby,

    a. DECIDES that the stay of enforcement of the Award will be terminated as of the date of notification of this Decision;

    b. RESERVES its right to revisit at any time its decision and order, at the request of either party or by own its motion, to vary or amend its decision; and,

    c. RESERVES its decision on costs for a subsequent stage of the proceedings.

*Joongi Kim*

Prof. Joongi Kim
President
On behalf of the Committee

Date: 28 May 2020