# EXHIBIT 2

2020 WL 2610916
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. D.C.Cir. Rule 32.1 and Rule 36.
United States Court of Appeals,
District of Columbia Circuit.

Ioan MICULA, et al., Appellees
v.
GOVERNMENT OF ROMANIA, Appellant

No. 19-7127
|
September Term, 2019
|
Filed on: MAY 19, 2020

Appeal from the United States District Court for the District of Columbia (No. 1:17-cv-02332)

**Attorneys and Law Firms**

Jacqueline L. Chung, Laura Grai, Hansel Tuan Pham, Esquire, White & Case LLP, Washington, DC, Francis A. Vasquez, Jr., Attorney, F.A. Vasquez Consulting, Vienna, VA, for Petitioners-Appellees Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., S.C. Multipack S.R.L.

Anthony Ullman, Catharine Luo, Drew William Marrocco, Attorney, Dentons US LLP, Washington, DC, for Petitioner-Appellee Viorel Micula

Richard K. Hellerman, Attorney, The Law Office of Richard K. Hellerman, Chicago, IL, Ioana Salajanu, Attorney, Law Offices of Ioana Salajanu, Skokie, IL, for Respondent-Appellant

Stephen P. Anway, Squire Patton Boggs (US) LLP, Cleveland, OH, Benjamin J. Beaton, Squire Patton Boggs (US) LLP, Cincinnati, OH, for Amicus Curiae for Appellant The European Commission

Before: Rogers, Garland and Wilkins, Circuit Judges

**JUDGMENT**

Per Curiam

*1 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

The Micula brothers, Viorel and Ioan, and three affiliated corporations petitioned the district court to confirm an arbitration award against the Government of Romania. The district court granted judgment on the pleadings to the Miculas. Romania raised many defenses below, but its appeal boils down to two procedural points. Separately, the European Commission as amicus contends that the district court lacked jurisdiction. We affirm.

A U.S. court lacks jurisdiction over a foreign sovereign unless an exception to sovereign immunity applies. 28 U.S.C. §§ 1330(a); 1604. As Romania now agrees, the district court properly invoked the exception for actions to enforce arbitration awards. Id. § 1605(a)(6). The European Commission questions whether Romania's agreement to arbitrate was nullified by its ascension to the European Union. But as the district court carefully explained, Romania did not join the EU until after the underlying events here, so the arbitration agreement applied. See Micula v. Gov't of Rom., 404 F. Supp. 3d 265, 276-80 (D.D.C. 2019).[1]

---

[1] We do not consider the Commission's other, non-jurisdictional arguments. See Narragansett Indian Tribe v. Nat'l Indian Gaming Comm'n, 158 F.3d 1335, 1338 (D.C. Cir. 1998) ("[W]e ordinarily do not entertain arguments not raised by parties.").

The only arguments that Romania raises on appeal are unavailing. First, it contends that the district court improperly resolved disputes of material fact. See Dist. No. 1 v. Liberty Mar. Corp., 933 F.3d 751, 760 (D.C. Cir. 2019). But Romania fails to identify a single question of fact resolved by the district court, pointing only to its determination of foreign law and its conclusion that Romania forfeited an argument, both

of which are questions of law. *See, e.g.*, FED. R. CIV. P. 44.1 (determination of foreign law is a question of law).

Second, Romania argues that the district court "refused" to allow it to respond to the motion for judgment on the pleadings. But the district court did not do that. Rather than respond to the motion, Romania moved for an extension of time on the day its response was due. The district court did not abuse its discretion by refusing to grant Romania's eleventh-hour extension request, especially in light of the "confusion and unnecessary delay" that the court found Romania's previous, myriad filings had caused. *Micula*, 404 F. Supp. 3d at 273; *see Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016) (reviewing the refusal to grant an extension for abuse of discretion). Even if the district court had converted the Miculas' motion into one for summary judgment, as Romania contends it should have, Romania was not entitled to a second chance to respond. The Miculas had moved in the alternative for summary judgment; if Romania had an objection to summary judgment, it could and should have made it then. *See Colbert v. Potter*, 471 F.3d 158, 168 (D.C. Cir. 2006).

**\*2** Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**All Citations**

--- Fed.Appx. ----, 2020 WL 2610916 (Mem)

---

**End of Document**      © 2020 Thomson Reuters. No claim to original U.S. Government Works.