UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------- x
:
NEXTERA ENERGY GLOBAL HOLDINGS :
B.V. and NEXTERA ENERGY SPAIN :
HOLDINGS B.V., :
:
                        Petitioners, :   Civil Action No. 19-cv-01618-TSC
:
            v. :
:
KINGDOM OF SPAIN :
:
                        Respondent :
:
------------------------------- x

**PETITIONERS' RESPONSE TO NEW AUTHORITY SUBMITTED BY
RESPONDENT THE KINGDOM OF SPAIN**

On June 19, 2020, under the heading of a "Response to Petitioners' Four Notices of Supplemental Authority," D.E. No. 33, Spain submitted a new authority – the ICSID Annulment Committee's June 11, 2020 decision in *Eiser Infrastructure Ltd. v. Spain* – in purported support of its motion to dismiss and/or stay the current enforcement proceedings.

Spain asserts that the *Eiser* decision is evidence of the "inefficiency and prejudice that inevitably result if a court affirms an ICSID award that may ultimately be annulled through annulment proceedings." *See* Spain June 19, 2020 Notice at 2. In reality, in a case governed by the Convention on Settlement of Investment Disputes Act of 1966, 22 U.S.C. § 1650a, a respondent state is not permitted to simply disregard the final status of an ICSID Award based on the hypothetical possibility of a later annulment.

The Act, in effectuating Article 54 of the ICSID Convention – a treaty to which Spain is party – states that "[t]he pecuniary obligations imposed by [an ICSID Convention award] shall be

enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).  The ICSID Award in this case thus must be accorded the same status that a sister state domestic judgment would receive under the Full Faith and Credit Clause.

The fact that an ICSID award was annulled in a wholly different case (*Eiser*) – on a ground that does not arise in the annulment proceedings concerning Petitioners' Award – plainly has no bearing on the validity or enforceability of the award made in favor of Petitioners.[1]  And the fact that annulment of an ICSID award is hypothetically possible has no bearing on the statutory mandate, under the Convention on Settlement of Investment Disputes Act of 1966, that full faith and credit now be given to the award in the present case.  After all, a sister state judgment will generally be treated as final when rendered and will be recognized as such, regardless of whether that judgment is subject to an appeal in the appellate courts of that sister state.[2]

Accordingly, and in light of the fact that the responsible authority (the ICSID Annulment Committee) has lifted the prior stay of the ICSID Award,[3] Spain's suggestion that this Court disregard the final status of the ICSID Award in this case is flatly inconsistent with both 22 U.S.C. § 1650a and the principle of full faith and credit.

---

[1] The *Eiser* Annulment Committee found that the award should be annulled because of one arbitrator's failure to disclose past and present links to a testifying quantum expert.  *See* Ex. 1 to Spain's Response, D.E. No. 33-1, at ¶¶ 217-219, 225.  The quantum expert in *Eiser* was not involved in the present case, nor was the arbitrator in *Eiser*.  The result in *Eiser* thus has no relevance to the present case.

[2] The same, of course, is true of any final money judgment of a United States District Court – it is immediately enforceable even if an appeal is pending, unless either a bond has been posted, or it has been stayed in accordance with the applicable rules of civil procedure.

[3] In this regard, Spain's remarkable criticisms of the ICSID Annulment Committee (and its attempts to justify its refusal to meet the conditions for a stay of enforcement) have no bearing on the validity of the decision to lift the stay, which in any event is not subject to merits review in this proceeding.

Dated: June 26, 2020  
Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein
Bradley A. Klein
D.C. Bar Number 973778
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Aaron Murphy (appearing *pro hac vice*)
New York Bar Number 5604459
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London E14 5DS
ENGLAND

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*