**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEXTERA ENERGY GLOBAL HOLDINGS B.V. *and* NEXTERA ENERGY SPAIN HOLDINGS B.V., <br><br> Petitioners, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> Respondent. | No. 19-cv-01618-TSC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Spain respectfully hereby directs the Court's attention to the June 19, 2020 ruling from the D.C. Circuit in *Process and Industrial Developments, Ltd. v. Federal Republic of Nigeria*, 2020 WL 3393452 (D.C. Cir. June 19, 2020), annexed hereto as **Exhibit A**. That opinion provides guidance on three issues directly relevant to this dispute: 1) the waiver exception to the Foreign Sovereign Immunities Act ("FSIA"); 2) Spain's request for a stay pending completion of the annulment proceeding; and 3) Spain's *forum non conveniens* argument.

**I.     Brief Summary of *P & ID v. Nigeria***

In 2018, Process and Industrial Developments, Ltd. ("P & ID") filed a petition to confirm an arbitration award against Nigeria and asserted that the FSIA's arbitration exception and its waiver exception both applied. Nigeria filed a motion to dismiss asserting that neither exception applied. Rather than responding to that motion, P & ID requested, and received, an order requiring Nigeria to present all defenses—both jurisdictional and merits defenses—into a single filing. Nigeria appealed that order.

On appeal, P & ID argued, among other things, that the appellate court lacked jurisdiction because Nigeria's underlying assertion of immunity was not colorable because both the FSIA's arbitration exception and waiver exception applied. As to the arbitration exception, Nigeria argued that "a confirmable 'award' under the arbitration exception cannot include an award set aside by a court with supervisory jurisdiction over the arbitration." *P & ID v. Nigeria*, at *4. The D.C. Circuit found both of Nigeria's arguments colorable, and further rejected P & ID's argument that because the litigation burden in enforcement actions is minimal, Nigeria should be forced to litigate the merits before a ruling on immunity. While the D.C. Circuit evaluated a different posture than that currently before this Court, the case provides helpful guidance on the three key issues discussed below.

## II.     The Waiver Exception

In asserting that this Court has jurisdiction pursuant to the FSIA's waiver exception, NextEra argues: "Under *Creighton*, Spain's submission to the ICSID Convention thus effectuates a full waiver of immunity from the enforcement jurisdiction of the United States." NextEra's MOL in Opp. (DE 21), pp. 16-17. NextEra also cites to *Tatneft* for the proposition that, regardless of whether a valid arbitration agreement exists, "Spain's membership in the ICSID Convention suffices to create a waiver and establishes subject matter jurisdiction." *Id.*, p. 17. NextEra also stated that *Tatneft* "draws its essence from the prior opinion in *Creighton*," and cited the following language from *Tatneft*: "In *Creighton*, we concluded that a sovereign, by signing the New York Convention, waives its immunity from arbitration-enforcement actions in other signatory states." *Id.* n. 10.

As NextEra would have it, D.C. Circuit law is settled, and Spain's signing the ICSID Convention ends the jurisdictional inquiry. P & ID advanced a virtually identical argument. As

summarized by the D.C. Circuit, "P & ID contends that Nigeria, by signing the New York Convention, and agreeing to arbitrate this dispute in another signatory country, waived its immunity by implication." *P & ID v. Nigeria*, at *4. In support of that contention, P & ID, like NextEra, cited to *Creighton* and *Tatneft* as **establishing** that signing the ICSID Convention constitutes a *de facto* waiver. *Id*. The Court rejected that sweeping overstatement:

> *Creighton* contains language supporting that position, but **our holding was that the arbitration exception did not apply because the defendant there had not signed the Convention.** Another of our decisions holds that the waiver exception does apply if the foreign sovereign has signed the convention. *Tatneft v. Ukraine*, 771 F. App'x 9 (D.C. Cir. 2019) (per curiam). But *Tatneft* was an unpublished decision, so it does not bind future panels.

*Id.* (emphasis added).

In other words, the D.C. Circuit expressly disclaimed the holding that NextEra attempts to ascribe to *Creighton* and unequivocally declined the opportunity to codify the *Tatneft* language as precedent. Crucially, the *P & ID v. Nigeria* panel evaluated the waiver exception arguments where the sovereign conceded that a valid agreement to arbitrate existed. Under the clear *P & ID v. Nigeria* guidance, neither *Creighton*, *Tatneft*, nor any other D.C. Circuit precedent supports NextEra's position that Spain's accession to the ICSID Convention establishes an implied waiver of immunity in an enforcement action where no valid agreement to arbitrate exists. Indeed, *P & ID v. Nigeria* establishes that there is an open question under applicable D.C. Circuit law as to whether there is an implied waiver even where the sovereign concedes a valid arbitration agreement exists.[1]

---

[1] In further support of finding that ratification of the ICSID Convention is not an implied waiver of sovereign immunity in itself, "mere ratification of the ICSID Convention is not an agreement to arbitrate a dispute in accordance with the ICSID Convention," as set out in Spain's MOL in Support (DE 15), p 34, and therefore the ratification of the ICSID Convention does not in itself confer arbitral jurisdiction either.

### III.     Spain's Stay Request

In addition to its invocation of the waiver exception, NextEra invoked the FSIA's arbitration exception to argue that it lifts "immunity from suit in actions brought to confirm an award made pursuant to an agreement to arbitrate." NextEra's MOL in Opp. (DE 21), p. 17. As set forth in Spain's papers, this exception does not apply because there was never a valid agreement to arbitrate here. Spain also requested that this Court exercise its inherent authority and stay this proceeding for the duration of the annulment proceeding, which Spain believes will result in the award being set aside entirely, and during the pendency of which the CJEU or the EU Member States may issue further clarification that the parties did not agree to arbitrate in the ECT under the EU Treaties.

The *P & ID v. Nigeria* opinion provides additional support for Spain's stay request in that it establishes that there is a "colorable argument" under D.C. Circuit law that a "confirmable 'award' under the arbitration exception cannot include an award set aside by a court with supervisory jurisdiction over the arbitration." *P & ID v. Nigeria,* at *4. As the D.C. Circuit explained, the New York Convention "makes this point explicit. It provides that confirmation may be refused if an arbitral award 'has been set aside or suspended by a competent authority in the country in which, or under the law of which, that award was made.'" *Id.* The merits-based impact of a set aside or suspension under the New York Convention may not be relevant in this case brought under the ICSID Convention, but the D.C. Circuit explained that it "is at least possible that such a judicial order [setting aside the award] establishes an **immunity defense** as well as a merits one." *Id.* (emphasis added).

As noted in Spain's Motion to Dismiss, and as articulated in *Masdar*, a stay is appropriate because: 1) judicial economy favors a stay to avoid the expensive and complex litigation that

4

would result if this Court confirms an award that is subsequently set aside; 2) the international character of the action and the intricacies of the issues involved, including considerations of comity, also favor a stay; and 3) the balance of the hardships favors Spain.

Each of these factors are significantly enhanced in Spain's favor to the extent that a competent order or authority setting aside an award, or determining that an arbitration agreement does not exist, establishes an immunity defense. Spain's MOL in Support of Motion to Dismiss (DE 15), pp. 16-17. The litigation would be more expensive, and involve more complex issues, if the posture was that a FSIA exception applied at the time of confirmation but no longer applied at the time of appeal. The intricacies of the issues involved, and particularly those related to comity, are amplified by concerns that a confirmation would temporarily (and wrongfully) destroy Spain's sovereign immunity. And, as the *P & ID v. Nigeria* court explicitly held, "[i]t is axiomatic that foreign sovereigns enjoy immunity from litigation burdens as well as from the entry of adverse judgments." *P & ID v. Nigeria*, at *5. It is therefore of no moment that Spain would be able to reverse a confirmation the award if the award is set aside; the litigation burden alone constitutes an affront to its sovereign immunity.

### IV.    Forum Non Conveniens

Finally, the *P & ID v. Nigeria* opinion provides guidance regarding one of the factors in the *forum non conveniens* analysis. In opposing Spain's *forum non conveniens* request, NextEra asserted (among other things) that neither the private and public factors favor dismissal because "there are no witnesses or documents to be considered." NextEra's MOL in Opp. (DE 21), p. 36. *P & ID v. Nigeria* clarifies that this framework misses the mark.

While the private interest factors generally include access to documents and witnesses, the interest to be considered is "the private interest of the litigant." *American Dredging Co. v. Miller*,

5

510 U.S. 443, 448 (1994) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).   As a foreign sovereign, Spain has a strong private interest in not litigating in the United States **at all**, and D.C. Circuit in *P & ID v. Nigeria* unequivocally stated that the burden of litigating a merits defense before this Court is a heavy burden.

> The Supreme Court repeatedly has explained that the "basic objective" of foreign sovereign immunity is to free a foreign sovereign *from suit*. Likewise, we have repeatedly described the immunity as one "from trial and the burdens of litigation." Another circuit has described it as immunity "from the burdens of being involved in any part of the litigation process." [With that in mind, the] district court understated the litigation burden its order imposed on Nigeria.

*P & ID v. Nigeria*, at *6-7.

While the question of *forum non conveniens* was not before the court in *P & ID v. Nigeria*, its language is consistent with the well-established rule in this Circuit that "the ancient doctrine of *forum non conveniens* is not displaced by the FSIA."   *Simon v. Republic of Hungary*, 911 F.3d 1172 (D.C. Cir. 2018); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82 (D.C. Cir. 2002) ("[T]he doctrine of *forum non conveniens* remains fully applicable in FSIA cases.").   It is also consistent with *TMR*, where the D.C. Circuit found *forum non conveniens* unavailable in situations where the court has found that an exception to sovereign immunity exists. *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005).   On the other hand, NextEra's position—that *forum non conveniens* is unavailable to courts that have yet to determine whether an exception to FSIA exists—is entirely inconsistent with D.C. Circuit law establishing that *forum non conveniens* is fully applicable in FSIA cases.   This is especially true given the *P & ID v. Nigeria* panel's explanation that any litigation on the merits is a substantial burden on foreign sovereigns, and the Supreme Court's guidance that courts cannot be required to rule on jurisdiction before ruling on *forum non conveniens*.   *Sinochem Int'l Co. Ltd. v. Malaysian Intern. Shipping Co.*, 549 U.S. 422 (2007).

6

Dated: June 30, 2020

          Respectfully submitted,

          By:    /s/ Matthew J. Weldon

          Matthew J. Weldon (*pro hac vice*)
          New York Bar Number 4832408
          Luke E. Steinberger (*pro hac vice*)
          New York Bar Number 5282181
          599 Lexington Avenue
          New York, New York 10022
          (212) 536-4042
          Matthew.Weldon@klgates.com

          Brian D. Koosed
          D.C. Bar Number 1034733
          K&L GATES LLP
          1601 K Street, N.W.
          Washington, D.C. 20006
          (202) 778-9204
          Brian.Koosed@klgates.com

          Michael DeMarco (*pro hac vice*)
          New York Bar Number 4142477
          1 Lincoln St.
          Boston, MA 02111
          (617) 951-9111
          Michael.DeMarco@klgates.com

          *Counsel for Respondent Kingdom of Spain*

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2020, I caused a true and correct copy of the foregoing Response to be filed using the Court's Electronic Case Filing System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

                                                 /s/ Matthew. J. Weldon
                                                 Matthew J. Weldon