**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                               :
NEXTERA ENERGY GLOBAL HOLDINGS                                  :
B.V. and NEXTERA ENERGY SPAIN                                   :
HOLDINGS B.V.,                                                  :
                                                               :
                              Petitioners,  :   Civil Action No. 19-cv-01618-TSC
                                                               :
              v.                                               :
                                                               :
KINGDOM OF SPAIN                                                :
                                                               :
                              Respondent   :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**PETITIONERS' REQUEST FOR LEAVE TO SUBMIT SUPPLEMENTAL**
**AUTHORITIES**

Pursuant to the Court's direction of September 8, 2020, Petitioners hereby seek leave to

introduce and address two new authorities which are pertinent to Spain's defences in this action.

1.  *LLC SPC Stileks v. Republic of Moldova*, 19-7106, 2021 WL 137251 (D.C. Cir. Jan. 15,
    2021)

Last week's decision by the United States Court of Appeals for the District of Columbia

Circuit in *LLC SPC Stileks v. Republic of Moldova* arose from a petition to recognize and confirm

an arbitration award against a foreign state rendered under the Energy Charter Treaty ("ECT").[1]

The D.C. Circuit addressed and rejected a series of objections and defenses to the

enforcement petition presented by the respondent state/award debtor (Moldova) that were similar

to Spain's objections in this case, namely:

---

[1]    The present case also arises under the ECT.  *See* this Court's September 30, 2020 Memorandum Opinion at 1-2
       (Dkt. 38).

(i)     ***Forum non conveniens.***  The D.C. Circuit reaffirmed prior authority holding that *forum non conveniens* does not apply in a case in which an award holder is seeking recognition and enforcement of an international arbitration award.

(ii)    ***The FSIA and subject matter jurisdiction.***  The D.C. Circuit rejected Moldova's contention that the court lacked subject matter jurisdiction under the "arbitration" exception in the Foreign Sovereign Immunities Act because Moldova's argument was not a challenge to the existence of an arbitration agreement, but instead was a claim that the arbitrators had exceeded their powers.

(iii)   ***Delegation of power to determine arbitrability.***  The D.C. Circuit held that the ECT delegated to the arbitrators the task of determining whether a dispute was arbitrable.

Respondent Kingdom of Spain has made arguments similar (and in many respects identical) to those rejected by the D.C. Circuit.  Thus, the *LLC SPC Stileks v. Republic of Moldova* opinion is germane to—and arguably dispositive of—several issues in the present case, and Petitioners respectfully request an opportunity to submit the D.C. Circuit's decision as a supplemental authority and brief this Court on the holdings contained therein.

2.      *Process & Industrial Dev., Ltd. v. Republic of Nigeria* 1:18-cv-00594-CRC (D.D.C. Dec. 4. 2020)

The above case concerning enforcement of an arbitration award against a foreign state [2] addresses the applicability of the "waiver" exception of the FSIA.  Judge Cooper holds that the waiver exception applies in situations where the respondent state has signed a multilateral treaty contemplating recognition and enforcement of arbitration awards.  If followed in this case, this holding is dispositive of Spain's subject matter objections.

Petitioners therefore respectfully request an opportunity to submit the above decision as a supplemental authority and brief this Court on the holdings contained therein.

---

[2]   On June 30, 2020, Spain submitted a prior decision in the same case as a supplementary authority (Dkt.  36).  NextEra responded to that submission on July 6, 2020 (Dkt. 37).

Should the Court permit introduction of these cases (whether now or at the conclusion of the present stay), Petitioners suggest that each party may adequately address them in briefs of no longer than five (5) pages.

Dated: January 22, 2021

Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein
Bradley A. Klein
D.C. Bar Number 973778
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com
jen.spaziano@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Aaron Murphy (appearing *pro hac vice*)
New York Bar Number 5604459
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
aaron.murphy@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM UK LLP
40 Bank Street
Canary Wharf
London E14 5DS
ENGLAND

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*