**EXHIBIT 70**

**Appeal brought on 27 August 2019 by European Commission against the judgment of the General Court (Second Chamber, Extended Composition) delivered on 18 June 2019 in Case T-624/15: European Food e.a. v Commission**

**(Case C-638/19 P)**

*Language of the case: English*

**Parties**

*Appellant:* European Commission (represented by: T. Maxian Rusche, Agent, P.-J. Loewenthal, Agent)

*Other parties to the proceedings:* European Food SA, Starmill SRL, Multipack SRL, Scandic Distilleries SA, Ioan Micula, Viorel Micula, European Drinks SA, Rieni Drinks SA, Transilvania General Import-Export SRL, West Leasing International SRL, Kingdom of Spain and Hungary

**Form of order sought**

The appellant claim that the Court should:

set aside the judgment of the General Court (Second Chamber, Extended Composition) of 18 June 2019 in joined cases T-624/15, T-694/15 and T-704/15, European Food and Others v. Commission[1];

reject the first part of the first plea and the first part of the second plea put forward in case T-704/15;

reject the first and second part of the second plea put forward in cases T-624/15 and T-694/15;

refer joined cases T-624/15, T-694/15 and T-704/15 back to the General Court for reconsideration of the pleas not already assessed; and

reserve the costs of the proceedings at first instance and on appeal.

**Pleas in law and main arguments**

By a first ground of appeal, the Commission submits that the General Court committed an error in law consisting of the misinterpretation and misapplication of Article 108 TFEU and/or Annex V, chapter 2, of Romania's Act of Accession[2], and an erroneous legal qualification of the facts, by concluding that the Commission was not competent to adopt the contested decision[3].

By a primary argument, the Commission submits that the General Court was wrong to conclude that the measure through which Romania granted aid to Ion and Viorel Micula, investors with Swedish nationality, and three Romanian companies they control (hereinafter collectively referred to as "The Miculas") is the repeal of the incentive scheme on 22 February 2005. Rather, it is through the payment by Romania of the compensation awarded for the repeal of that scheme, which occurs after its accession to the Union that aid is granted to the Miculas.

By a subsidiary argument, the Commission submits that, even if the General Court was right to conclude that the aid granting measure was the repeal of the incentive scheme by Romania (*quod non*), the Commission was still competent to adopt the contested decision by virtue of Annex V, chapter 2, of Romania's Act of Accession.

By a second ground of appeal, the Commission submits that the General Court committed an error in law consisting of the misinterpretation and misapplication of Article 2 of Romania's Act of Accession and of the rules on the application of EU law *ratione temporis*, and/or a misinterpretation and misapplication of the 1995

Europe Agreement[4] , and an erroneous legal qualification of the facts, by concluding that EU law did not apply to the compensation awarded.

By a primary argument, the Commission submits that the General Court was wrong to conclude that EU law was not applicable to the compensation awarded on the basis that all the events giving rise to that compensation occurred prior to accession. Rather, the award of compensation constitutes the future effects of a situation arising prior to accession within the meaning of the rules on the application of EU law *ratione temporis*.

By a subsidiary argument, the Commission submits that even if the General Court was right to conclude that the award of compensation did not constitute the future effects of a situation arising prior to accession (*quod non*), EU law still applied to the compensation awarded because the 1995 Europe Agreement, which forms part of EU law, was applicable to all the events giving rise to that compensation that occurred pre-accession.

By a third ground of appeal, the Commission submits that the General Court committed an error in law consisting of the misinterpretation of Article 107(1) TFEU and a failure to apply Article 64(1)(iii) of the 1995 Europe Agreement, by concluding that the contested decision erroneously classified the award of compensation by the arbitral tribunal as an advantage.

First, the General Court was wrong to conclude that the Commission lacked the competence to adopt the contested decision and that EU law was inapplicable to the compensation awarded.

Second, the General Court failed to address all arguments presented in the contested decision establishing that Romania conferred an advantage on the Miculas. The arguments not addressed suffice on their own to justify the presence of an advantage.

_____

[1] EU:T:2019:423

[2] Act concerning the conditions of accession of the Republic of Bulgaria and Romania and the adjustments to the Treaties on which the European Union is founded (OJ 2005, L 157, p. 203).

[3] Commission Decision (EU) 2015/1470 of 30 March 2015 on State aid SA.38517 (2014/C) (ex 2014/NN) implemented by Romania — Arbitral award Micula v Romania of 11 December 2013 (OJ 2015, L 232, p. 43).

[4] Europe Agreement establishing an association between the European Economic Communities and their Member States, of the one part, and Romania, of the other part (OJ 1994, L 357, p. 2).