# EXHIBIT 71

**European Commission - Press release**

 

## Sincere cooperation and primacy of EU law: Commission refers UK to EU Court of Justice over a UK Judgment allowing enforcement of an arbitral award granting illegal State aid

Brussels, 9 February 2022

The Commission has decided to refer the **United Kingdom** to the Court of Justice of the European Union in relation to a judgment of its Supreme Court of 19 February 2020 allowing enforcement of an arbitral award ordering Romania to pay compensation to investors, despite a Commission decision having found that the compensation infringed EU State aid rules.

**The UK judgment**

In December 2013, an arbitration tribunal, constituted under the auspices of the International Convention for the Settlement of Investment Disputes (ICSID), rendered an award finding that Romania had infringed a bilateral investment treaty it concluded in 2003 with Sweden. As part of the process of accession to the EU, Romania had revoked an investment incentive scheme in 2005, four years prior to its scheduled expiry, in order to align its national legislation with EU State aid rules. The arbitral tribunal ordered Romania to compensate the claimants, Ioan and Viorel Micula, two investors with Swedish citizenship, and their Romanian companies, for not having benefitted in full from the scheme.

However, following an in-depth investigation, on 30 March 2015 the Commission adopted a decision concluding that any compensation paid by Romania under the award was in breach of EU State aid rules and ordering Romania to recover any compensation paid to the beneficiaries of the award.

In 2014, the beneficiaries of the arbitral award sought recognition of that award in the UK. According to the UK Supreme Court, the UK's EU law obligations at the time did not stand in the way of its alleged international obligation to recognise and enforce the arbitral award under the ICSID Convention. In reaching that finding, the UK Supreme Court relied upon Article 351 of the Treaty on the Functioning of the European Union (TFEU), which preserves Member States' pre-accession international obligations owed to third countries in the event those obligations conflict with their EU law obligations.

When the UK Supreme Court delivered its judgment, proceedings concerning the validity of the Commission's 2015 decision were pending before the Union Courts. On 25 January 2022, the Court of Justice set aside a General Court judgment annulling the Commission's decision and concluded that EU State aid rules were fully applicable to the measure in question, as well as that the Commission was competent to assess that measure.

**The Commission's decision**

The Commission considers that the UK:

- Breached the principle of sincere cooperation, by adjudicating a legal question that was already put before the Union courts, namely the interpretation and application of Article 351 TFEU and the validity of the Commission's 2015 decision in this respect.
- Infringed Article 351 TFEU, by misinterpreting and misapplying that provision in the aforementioned circumstances. This has undermined the Commission's decision in its effects, which found that that provision did not apply to the arbitral award.
- Infringed Article 267 TFEU, by failing to make a preliminary reference to the European Court of Justice on the application of Article 351 TFEU in relation to the recognition and implementation of an ICSID award in the EU and the validity of the Commission's decision in this respect.
- Infringed Article 108(3) TFEU, by failing to respect, regarding the implementation of the arbitral award, the suspensive effect of the Commission's 2014 decision to open a formal State aid investigation procedure.

The Commission considers that the UK Supreme Court judgment has significant implications for the application of EU law to investment disputes, in particular for (i) arbitral awards rendered on the

basis on an intra-EU bilateral investment treaty or (ii) the intra-EU application of the Energy Charter Treaty. The Commission considers that UK courts' recognition and enforcement of such awards is incompatible with EU law and would circumvent and undermine the Commission's efforts to ensure the effective implementation of judgments reiterating the primacy of EU law over arbitral awards in the context of intra-EU investment disputes, which are incompatible with EU law and thus unenforceable. In this context, the Commission has recently [launched infringement proceedings](#) against those Member States that have failed to terminate their intra-EU bilateral investment treaties.

The Commission has therefore decided to refer the UK to the Court of Justice.

Under Article 87 of the Withdrawal Agreement, the Commission may, within four years after the end of the transition period, initiate proceedings before the Court of Justice, if it considers that the UK has failed to fulfil an obligation under the Treaties before the end of that period. In accordance with Article 89 of the Withdrawal Agreement, judgments of the Court of Justice in such proceedings have binding force in their entirety on and in the UK.

**Background**

In 2005, Romania repealed an illegal State aid scheme as a precondition for its accession to the European Union. In response, Swedish-Romanian investors Ioan and Viorel Micula, as well as the Romanian companies controlled by them, instituted arbitral proceedings under a 2003 bilateral investment treaty concluded between Romania and Sweden.

In 2013, an arbitral tribunal (constituted under the auspices of the ICSID Convention) awarded those investors damages for the State aid they would have received, plus loss of profits, had the scheme not been repealed in 2005 and continued, as initially scheduled, until 2009.

In 2015, the Commission adopted a decision finding that Romania's implementation of the arbitral award constituted unlawful and incompatible State aid, since it entailed the payment of compensation for forgone State aid. In particular, the Commission found that by paying the compensation awarded to the claimants, Romania would grant them advantages equivalent to those provided for by the incompatible repealed aid scheme. That Commission decision prohibited Romania from paying out any compensation under the arbitral award and it obliged Romania to recover any amount already paid. The beneficiaries of the arbitral award challenged the decision before the General Court of the European Union.

In 2014, the beneficiaries of the arbitral award sought recognition of that award in the UK. In 2017, the High Court of England and Wales rejected Romania's challenge to recognition of the award, but stayed its enforcement pending resolution of the proceedings before the Union Courts. In 2018, the * Court of Appeal rejected an appeal against the stay of enforcement brought by the beneficiaries of the award. The Commission intervened in those proceedings.

In 2019, the General Court of the European Union annulled the Commission's 2015 decision.

In 2020, the UK Supreme Court upheld a cross-appeal brought by the beneficiaries of the arbitral award against the judgment of the Court of Appeal and lifted the stay of enforcement on that award. The Commission intervened in those proceedings.

In 2020, the Commission sent the UK a letter of formal notice and, in 2021, it sent a reasoned opinion setting out the infringements of EU law it considered to result from the UK Supreme Court's judgment.

In 2022, the Court of Justice of the European Union upheld an appeal brought by the Commission against the 2019 judgment of the General Court, concluding that EU State aid rules were fully applicable to the measure in question and the Commission was competent to assess that measure. The Court has thus reinstated the Commission's 2015 decision, and has referred the case back to the General Court to examine the remaining pleas.

**For more information**

On the key decisions in the February 2022 infringements package, see full [MEMO/22/601](#)

On the general infringements procedure, see [MEMO/12/12](#)

On the [EU infringements procedure](#)

*Updated on 10th Feb., at 12:50

Press contacts:

> Arianna PODESTA (+32 2 298 70 24)
> Maria TSONI (+32 2 299 05 26)

General public inquiries: Europe Direct by phone 00 800 67 89 10 11 or by email