# EXHIBIT 18

ASTERIS v GREECE

# JUDGMENT OF THE COURT (Fifth Chamber)
## 27 September 1988 *

In Joined Cases 106 to 120/87

REFERENCES to the Court under Article 177 of the EEC Treaty by the Polymeles Protodikeio Athinon (Court of First Instance, Athens) for a preliminary ruling in the proceedings pending before that court between

(1) **Asteris AE,** a limited liability company incorporated under Greek law, whose registered office is in Athens (Case 106/87),

(2) **Eteria Emboriou kai Antiprossopion Issagogiki-Exagogiki Darva EPE,** a limited liability company incorporated under Greek law, whose registered office is in Eghio (Case 107/87),

(3) **Zanae-Zymai Artopiias Nikoglou AE,** a limited liability company incorporated under Greek law, whose registered office is in Thessaloniki (Case 108/87),

(4) **Amvrossia Konservopiia Verias AEBE,** a limited liability company incorporated under Greek law, whose registered office is in Véria (Case 109/87),

(5) **Viomichania Trofimon AE,** a limited liability company incorporated under Greek law, whose registered office is in Kalamata (Case 110/87),

(6) **Adelfi Chatziathanassiadi ABE,** a limited liability company, incorporated under Greek law, whose registered office is in Serrés (Case 111/87),

(7) **Strymon Ellas-Afi Bitzidi AE,** a limited liability company incorporated under Greek law, whose registered office is in Serrés (Case 112/87),

---
* Language of the Case: Greek.

(8) **Elliniki Viomichania Idon Diatrofis AE,** a limited liability company incorporated under Greek law, whose registered office is in Larissa (Case 113/87),

(9) **Intra Anonymos Viomichaniki kai Emboriki Eteria,** a limited liability company incorporated under Greek law, whose registered office is in Athens (Case 114/87),

(10) **Afi Kanakari AE kai Exagogiki Eteria Georgikon Proïodon,** a limited liability company incorporated under Greek law, whose registered office is in Athens (Case 115/87),

(11) **Anonymos Viomichaniki Eteria Konservon D. Nomikos,** a limited liability company incorporated under Greek law, whose head office is in Athens (Case 116/87),

(12) **Omospondia Georgikon Synetairismon Thessalonikis,** a cooperative society incorporated under Greek law, whose registered office is in Thessaloniki (Case 117/87),

(13) **Synetairistika Ergostassia Konservopiias Voriou Ellados (Sekove) AE,** a limited liability company incorporated under Greek law, whose head office is in Thessaloniki (Case 118/87),

(14) **Kyknos AEBE,** a limited liability company incorporated under Greek law, whose registered office is in Nafplion (Case 119/87),

and

(15) **Synetairistiki Eteria Viomichanikis Anaptixeos Thrakis Sevath ABE,** alimited liability company incorporated under Greek law, whose registered office is in Xanthi (Case 120/87)

v

(1) **Hellenic Republic,** in the person of the Minister for Finance,

and

(2) **European Economic Community,** in the person of the President of the Commission of the European Communities, not present or represented (party given notice of the proceedings),

on the jurisdiction of the courts of a Member State to hear proceedings brought by individuals against the national authorities claiming compensation for damage suffered owing to the fact that Community aid was not paid, on the admissibility of those proceedings in the light of a judgment of the Court dismissing an action for damages against the Community and on the interpretation of 'aid' within the meaning of Article 92 of the EEC Treaty,

THE COURT (Fifth Chamber)

composed of: G. Bosco, President of Chamber, U. Everling, Y. Galmot, R. Joliet and F. A. Schockweiler, Judges,

Advocate General: Sir Gordon Slynn
Registrar: B. Pastor, Administrator

after considering the observations submitted on behalf of

the plaintiffs in the main proceedings, Asteris and Others, by C. Arvanitis, Nikolaos Tsiokas and Giannis Stamoulis in the written procedure, and by Giannis Stamoulis at the hearing,

the Commission of the European Communities, by Dimitrios Gouloussis,

having regard to the Report for the Hearing and further to the hearing on 31 May 1988,

after hearing the Opinion of the Advocate General delivered at the sitting on 5 July 1988,

gives the following

## Judgment

1   By decisions of 30 October 1986, which were received at the Court on 7 April 1987, the Polymeles Protodikeio Athinon referred to the Court for a preliminary ruling under Article 177 of the EEC Treaty three questions on the jurisdiction of the courts of a Member State to entertain claims for damages brought by individuals against national authorities in respect of non-payment of aid under the common agricultural policy, the admissibility of those claims in the light of a judgment of the Court of Justice dismissing a claim against the Commission, and the interpretation of the term 'aid' within the meaning of Article 92 of the EEC Treaty.

2   Those questions arose in proceedings between the companies listed under 1 to 15 and the Hellenic Republic concerning the payment of compensation for aid which was not paid to Greek tomato concentrate producers as a result of a technical error, which was held to exist by the Court of Justice, contained in Community legislation.

### Background to the case

3   By its judgment of 19 September 1985 in Case 192/83 (*Hellenic Republic* v *Commission* [1985] ECR 2791, at p. 2802), in an action brought by the Hellenic Republic, the Court annulled Commission Regulation No 1615/83 of 15 June 1983 fixing the coefficients to be applied to production aid for tomato concentrates for the 1983/84 marketing year (Official Journal 1983, L 159, p. 48).

4   The regulation was annulled in so far as the coefficients fixed by theregulation gave rise to unequal treatment as between the Hellenic Republic and the other Member States as regards compensation for the extra costs incurred as a result of the use of packaging smaller than the standard packaging adopted by Commission Regulation No 1618/83 of 15 June 1983 fixing for the 1983/84 marketing year the minimum price to be paid to producers and the amount of production aid for certain products processed from fruit and vegetables (Official Journal 1983, L 159, p. 52).

5   In that judgment the Court also stated that it was the Commission's duty, under Article 176 of the EEC Treaty, to fix new coefficients for Greece or to devise some other system of compensation, taking account of the fact that the aid scheme differentiated between Greece and the other Member States.

6   In a judgment of the same date (Joined Cases 194 to 206/83 *Asteris and Others* v *Commission* [1985] ECR 2815), the Court dismissed an action for damages under Article 178 and the second paragraph of Article 215 of the EEC Treaty brought by Greek tomato concentrate producers, on the ground that the unlawfulness of the coefficient system — acknowledged in the judgment of the Court of 19 September 1985 in Case 192/83, cited above — could not be regarded as constituting a serious breach of a superior rule of law or as manifest and grave disregard by the Commission of the limits on its powers so as to give rise to liability on the part of the Community.

7   In compliance with the judgment of 19 September 1985 in Case 192/83 the Commission adopted Regulation No 381/86 of 20 February 1986 on additional payment of production aid for certain sizes of packings with tomato concentrates obtained from Greek tomatoes during the 1983/84 marketing year (Official Journal 1986, L 44, p. 10).

8   In a judgment of 26 April 1988 in Joined Cases 97, 193, 99 and 215/86 (*Asteris and Others and the Hellenic Republic* v *Commission* [1988] ECR 2181), in proceedings brought by the Hellenic Republic and the producers, the Court annulled the Commission's refusal, upon being called upon to do so by the Hellenic Republic under Article 175, to comply in full with the judgment in Case 192/83, cited above, by providing additional payment of production aid for certain sizes of packings with tomato concentrates obtained from Greek tomatoes during the 1984/85, 1985/86 and 1986/87 marketing years.

9   At the same time as Joined Cases 97, 193, 99 and 215/86 were brought before the Court of Justice, the undertakings listed under 1 to 15 brought an action before the Polymeles Protodikeio Athinon for a declaration that the Hellenic Republic was liable to them for certain sums corresponding, for the 1981/82, 1982/83 and 1983/84 marketing years, to the difference between the aid actually received under

JUDGMENT OF 27. 9. 1988 — JOINED CASES 106 TO 120/87

the applicable coefficients as fixed in the Community regulations and the aid to which they would have been entitled but for the unlawfulness established by the Court's judgment of 19 September 1985 (Case 192/83, cited above).

10  In those circumstances the Polymeles Protodikeio Athinon decided, in judgments of 31 October 1986, to stay the proceedings until the Court of Justice should have given a preliminary ruling on the following questions:

'(1) Do the national courts of a Member State of the European Communities have jurisdiction to hear proceedings concerning claims by individuals against the competent national authorities for the payment of differences of aid due to them by the latter resulting from the incorrect application of Community law and capable of being claimed back by the national authorities from the competent Community organs pursuant, in particular, to Regulation No 729/70 of the Council on the financing of the common agricultural policy?

If so:

(2) Does the dismissal by the Court of Justice of the European Communities of an action brought *inter alia* by the plaintiff in these proceedings against the Commission on the grounds set out in the judgment of the Court of Justice of 19 September 1985 in Joined Cases 194 to 206/83 prevent the same plaintiff from bringing an action against the Greek State for compensation in respect of the loss of benefits which it would have received from the competent Greek authorities had the latter claimed from the EAGGF pursuant to Regulation (EEC) No 729/70 of the Council?

If not:

(3) In respect of the payment by national authorities of compensation to individual owners of processing undertakings in receipt of aid pursuant to Council Regulations Nos 729/70 and 516/77, inasmuch as it is intended to compensate for or redress a technical error of the competent Community organs,

(a) is it sufficient for the national authorities simply to inform the competent Community organs in order for the operation to be valid from the point of view of Community law (Article 92 of the EEC Treaty) or

(b) must the prior approval of the Community organs be obtained in accordance with the requirements of Article 93 of the EEC Treaty as given detailed effect by Council Regulation Nos 729/70 and 516/77?

(c) Is the plaintiffs' claim for compensation, in so far as it relates to the 1983/84 marketing year, contrary to Commission Regulation No 381/86?'

11  Reference is made to the Report for the Hearing for a fuller account of the facts of the case, the course of the proceedings and the observations submitted pursuant to Article 20 of the Protocol on the Statute of the Court of Justice of the EEC, which are mentioned or discussed hereinafter only in so far as it is necessary for the reasoning of the Court.

### The first question

12  Read in the context of the second and third questions, and in the light of the circumstances of the present case and the reasons for judgment of the national court, the first question must be understood as seeking to determine whether Community law prevents national courts from entertaining an action brought by individuals against the competent national authorities claiming compensation in respect of loss incurred as a result of non-payment of Community aid owing to an error in Community legislation.

13  With regard to actions for damages, Community law does not affect the national rules of jurisdiction relating to proceedings concerning nationals of the State in question.

14    The Court of Justice has exclusive jurisdiction only where the action seeks compensation for alleged damage attributable to the Community, which is bound, under the second paragraph of Article 215 of the EEC Treaty, to make good, in accordance with the general principles common to the laws of the Member States, any damage caused by its institutions or by its servants in the performance of their duties. Pursuant to Article 178, it is the Court of Justice, to the exclusion of any national court, which has jurisdiction to determine such liability (judgment of 14 January 1987 in Case 281/84 *Zuckerfabrik Bedburg* v *Commission and Council* [1987] ECR 49, at p. 84).

15    It must therefore be stated in reply to the first question that the Court has exclusive jurisdiction pursuant to Article 178 of the EEC Treaty to hear actions for compensation brought against the Community under the second paragraph of Article 215 of the EEC Treaty. However, national courts retain jurisdiction to hear claims for compensation for damage caused to individuals by national authorities in implementing Community law.

### The second question

16    In its second question the national court asks, in substance, whether the judgment of the Court of 19 September 1985 in Joined Cases 194 to 206/83, cited above, dismissing an action for damages brought by tomato concentrate producers against the Commission, precludes a claim for damages brought by the same producers against the Greek State.

17    In its judgment of 19 September 1985 in Joined Cases 194 to 206/83 the Court recognized that the Community bore responsibility for the unlawfulness of the system of coefficients, confirmed in the judgment of the same date in Case 192/83, and that the Court therefore had jurisdiction to hear the claim for damages pursuant to Article 178 and the second paragraph of Article 215 of the Treaty. However, in the same judgment the Court dismissed the claim for damages on the ground that the technical error contained in the Community legislation, although leading in objective terms to unfair treatment for Greek producers, could not be regarded as constituting a serious breach of a superior rule of law or as manifest and grave disregard by the Commission of the limit on its powers so as to give rise to liability on the part of the Community.

18   That judgment of the Court precludes a national authority which merely implemented the Community legislative measure and was not responsible for its unlawfulness from being held liable on the same grounds.

19   However, the judgment does not preclude an action on grounds other than the unlawfulness of the Community legislative measure in issue in that judgment, brought against the competent national authorities for damage caused to individuals by the national authorities, even where they were acting within the framework of Community law.

20   Consequently it must be stated in reply to the second question that the judgment of the Court of 19 September 1985 in Joined Cases 194 to 206/83, cited above, dismissing an action for damages brought by tomato concentrate producers against the Community under Article 178 and the second paragraph of Article 215 of the EEC Treaty, does not preclude the same undertakings from bringing against the Greek State on other grounds, that is to say a wrongful act or conduct of the Greek authorities themselves, even where they were acting within the framework of Community law.

### The third question

21   In its third question the national court asks in substance whether any damages which the Greek State might be ordered to pay to the undertakings concerned in compensation for damage resulting from the technical error in the Community legislation should be regarded as aid within the meaning of Articles 92 and 93 of the EEC Treaty, and whether Regulation No 381/86 precludes an action for damages by the undertakings concerned against the Hellenic State.

22   With regard to the first part of the third question, it should be noted that the prohibition of State aid laid down in the first paragraph of Article 92 of the EEC Treaty covers all aid granted by a Member State or through State resources to undertakings (judgment of 22 March 1977 in Case 78/76 *Steinike und Weinlig* v *Federal Republic of Germany* [1977] ECR 595) and therefore concerns State interventions which might have the effect of distorting the normal conditions of trade between Member States (judgment of 10 October 1978 in Case 148/77 *Hansen* v *Hauptzollamt Flensburg* [1978] ECR 1787).

23  It follows that State aid, that is to say measures of the public authorities favouring certain undertakings or certain products, is fundamentally different in its legal nature from damages which the competent national authorities may be ordered to pay to individuals in compensation for the damage they have caused to those individuals.

24  It must therefore be stated in reply to the first part of the third question that damages which the national authorities may be ordered to pay to individuals in compensation for damage they have caused to those individuals do not constitute aid within the meaning of Articles 92 and 93 of the EEC Treaty.

25  With regard to the second part of the third question, it is well established that a distinction should be drawn between claims for compensation for damage resulting from unlawfulness, such as that held to exist by the judgment of the Court of 19 September 1985, and an action for the payment of amounts due under the Community legislation, which could not be brought under Article 178 and the second paragraph of Article 215 of the EEC Treaty (see judgments of 4 October 1979 in Case 238/78 *Ireks-Arkady* v *Council and Commission* [1979] ECR 2955; Joined Cases 241, 242 and 245 to 250/78 *DGV* v *Council and Commission* [1979] ECR 3017; Joined Cases 261 and 262/78 *Interquelle* v *Council and Commission* [1979] ECR 3045; Joined Cases 64 and 113/76, 167 and 239/78, 27, 28 and 45/79 *Dumortier Frères* v *Council* [1979] ECR 3091).

26  That distinction between an action for damages and an action for payment also applies when it is the liability of the national authorities responsible for implementing Community law which individuals are seeking to establish before national courts.

27  On this point, it should be noted that Regulation No 381/86, adopted in order to replace Regulation No 1615/83, which was annulled by the judgment of 19 September 1985 in Case 192/83, granted the Greek undertakings the additional aid which had not been paid to them as the result of the technical error in the regulation annulled by the Court.

28   Although the applicants were thus able to obtain payment of the amounts to which they were entitled under the Community legislation, that does not deprive them of the right to bring an action for damages seeking compensation in respect of any damage suffered in excess of those amounts as a result of the fact that they did not receive the amounts in question on the date on which they would normally have been entitled to them.

29   It should, however, be borne in mind that by its judgment of 19 September 1985 in Joined Cases 194 to 206/83, the Court dismissed the action in damages brought by the applicants against the Community on the basis of the unlawfulness of the system of coefficients. Moreover, it follows from the reply to the second question that in those circumstances an action for damages against the Greek State would have to be on different grounds from the actions dismissed by the Court.

30   It must therefore be stated in reply to the second part of the third question that Regulation No 381/86, granting Greek undertakings additional aid which had not been paid to them as the result of a technical error in Regulation No 1615/83, which was annulled by the judgment of the Court of 19 September 1985 in Case 192/83, does not preclude the undertakings concerned from bringing an action against the Greek State for compensation for any damage in excess of the amounts paid retroactively under the regulation. Such an action may not be based on the same grounds as the actions dismissed by the Court in its judgment of 19 September 1985 in Cases 194 to 206/83 (cited above).

Costs

31   The costs incurred by the Commission of the European Communities, which has submitted observations to the Court, are not recoverable. As these proceedings are, in so far as the parties to the main action are concerned, a step in the action pending before the national court, the decision on costs is a matter for that court.

On those grounds

THE COURT (Fifth Chamber),

in answer to the questions referred to it by the Polymeles Protodikeio Athinon, by decisions of 30 October 1986, hereby rules:

(1) The Court has exclusive jurisdiction pursuant to Article 178 of the EEC Treaty to hear actions for compensation brought against the Community under the second paragraph of Article 215 of the EEC Treaty. However, national courts retain jurisdiction to hear claims for compensation for damage caused to individuals by national authorities in implementing Community law.

(2) The judgment of the Court of 19 September 1985 in Joined Cases 194 to 206/83 (*Asteris and Others* v *Commission* [1985] ECR 2815), dismissing an action for damages brought by tomato concentrate producers against the Community under Article 178 and the second paragraph of Article 215 of the EEC Treaty, does not preclude the same undertakings from bringing an action for damages against the Hellenic Republic on other grounds, that is to say a wrongful act or conduct of the Greek authorities themselves, even where they were acting within the framework of Community law.

(3) Damages which the national authorities may be ordered to pay to the individuals in compensation for damage they have caused to those individuals do not constitute aid within the meaning of Articles 92 and 93 of the EEC Treaty.

(4) Commission Regulation No 381/86 of 20 February 1986 on additional payment of production aid for certain sizes of packings with tomato concentrates obtained from Greek tomatoes during the 1983/84 marketing year, granting Greek undertakings additional aid which had not been paid to them as a result of a technical error in Commission Regulation No 1615/83 of 15 June 1983 fixing the coefficients to be applied to production aid for tomato concentrates for the 1983/84 marketing year, annulled by the judgment of the Court of 19

September 1985 in Case 192/83 (*Hellenic Republic* v *Commission* [1985] ECR 2791), does not preclude the undertakings concerned from bringing an action against the Greek State for compensation for any damage in excess of the amounts paid retroactively under the regulation. Such an action may not be based on the same grounds as the actions dismissed by the Court in its judgment of 19 September 1985 in Joined Cases 194 to 206/83 (cited above).

|        |        |              |
|--------|--------|--------------|
|        | Bosco  | Everling     |
| Galmot | Joliet | Schockweiler |

Delivered in open court in Luxembourg on 27 September 1988.

J.-G. Giraud

Registrar

G. Bosco

President of the Fifth Chamber