UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NEXTERA ENERGY GLOBAL HOLDINGS B.V. and NEXTERA ENERGY SPAIN HOLDINGS B.V.,

    Petitioners,

v.

KINGDOM OF SPAIN

    Respondent

Civil Action No. 19-cv-01618-TSC

---

## DECLARATION OF CESAR RIVIERE

Pursuant to 28 U.S.C. § 1746, I, CESAR RIVIERE, declare as follows:

1. I am an attorney admitted to practice law in New York, and admitted *pro hac vice* in this Court. I am an associate at Skadden, Arps, Slate, Meagher & Flom, LLP, and I represent Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively "NextEra") in this action.

2. I respectfully submit this Declaration in support of Petitioners' Memorandum in Opposition to Respondent's Motion to Dismiss and in Support of Petitioners' Cross-Motion for Summary Judgment, and to place before the Court the following Exhibits attached hereto.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the certified copy of the Decision on Annulment rendered on March 18, 2022 in ICSID Case No. ARB/14/11, entitled

*NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain.*

4. Attached hereto as **Exhibit 2** is a true and correct copy of "Introducing ICSID," a publication of the International Center for Settlement of Investment Dispute, dated September 2021.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the Kingdom of Spain's Submission in Support of the Continuation of the Stay of Enforcement of the Award, dated January 16, 2020 and submitted in the annulment proceedings in ICSID Case No. ARB/14/11, entitled *NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain.*

6. Attached hereto as **Exhibit 4** is a true and correct copy of "Chapter 6: Nonarbitrability and International Arbitration Agreement" in Gary Born, International Commercial Arbitration (3rd ed. 2021) (Kluwer).

7. Attached hereto as **Exhibit 5** is a true and correct copy of the Optional Protocol concerning the Compulsory Settlement of Disputes Done at Vienna on 24 April 1963, entered into force on 19 March 1967, 596 U.N. Treaty Series 487.

8. Attached hereto as **Exhibit 6** is a true and correct copy of Frédéric Simon, *EU asserts 'right to regulate' as part of energy charter treaty reform,* EURACTIV, July 19, 2019.

9. Attached hereto as **Exhibit 7** is a true and correct copy of Ana Mercedes López-Rodríguez, *The Sun Behind the Clouds? Enforcement of Renewable Energy Awards in the EU*, 8 TRANSNATIONAL ENV. L. 2 (2019).

10. Attached hereto as **Exhibit 8** is a true and correct copy of the International Court of Justice's Summary of Judgement, Advisory Opinions and Order regarding Case Concerning the

Vienna Convention on Consular Relations (*Paraguay v. United States*), Provisional Measures, Order (ICJ April 9, 1998).

11.     Attached hereto as **Exhibit 9** is a true and correct copy of Procedural Order No. 1 issued by the arbitral tribunal on May 21, 2015 in ICSID Case No. ARB/14/11, entitled *NextEra Energy Global Holdings B.V. & NextEra Energy Spain Holdings B.V. v. Kingdom of Spain*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of June 2022,
in New York, New York.

_____
Cesar Riviere