# EXHIBIT 17

The American Law Institute

Restatement of the Law Fourth

The
Foreign Relations Law
of the
United States

Selected Topics in Treaties, Jurisdiction, and Sovereign Immunity

*As Adopted and Promulgated*
BY
THE AMERICAN LAW INSTITUTE
May 22, 2017

§§ 301-313; 401-464; 481-490

Tables and Index



St. Paul, MN
American Law Institute Publishers
2018

COPYRIGHT ©2018 By THE AMERICAN LAW INSTITUTE
All rights reserved
Printed in the United States of America

American Law Institute Publishers has no responsibility for the persistence or accuracy of URLs for external or third-party internet websites referred to in this publication, and does not guarantee that any content on such websites is, or will remain, accurate or appropriate.

# The American Law Institute

OFFICERS

DAVID F. LEVI, *President*
ROBERTA COOPER RAMO, *Chair of the Council*
DOUGLAS LAYCOCK, *1st Vice President*
LEE H. ROSENTHAL, *2nd Vice President*
WALLACE B. JEFFERSON, *Treasurer*
PAUL L. FRIEDMAN, *Secretary*
RICHARD L. REVESZ, *Director*
STEPHANIE A. MIDDLETON, *Deputy Director*

COUNCIL

KIM J. ASKEW, K&L Gates, Dallas, TX
JOSÉ I. ASTIGARRAGA, Reed Smith, Miami, FL
DONALD B. AYER, Jones Day, Washington, DC
SCOTT BALES, Arizona Supreme Court, Phoenix, AZ
JOHN H. BEISNER, Skadden, Arps, Slate, Meagher & Flom, Washington, DC
JOHN B. BELLINGER III, Arnold & Porter Kaye Scholer LLP, Washington, DC
AMELIA H. BOSS, Drexel University Thomas R. Kline School of Law, Philadelphia, PA
ELIZABETH J. CABRASER, Lieff Cabraser Heimann & Bernstein, San Francisco, CA
EVAN R. CHESLER, Cravath, Swaine & Moore, New York, NY
MARIANO-FLORENTINO CUÉLLAR, California Supreme Court, San Francisco, CA
IVAN K. FONG, 3M Company, St. Paul, MN
KENNETH C. FRAZIER, Merck & Co., Inc., Kenilworth, NJ
PAUL L. FRIEDMAN, U.S. District Court, District of Columbia, Washington, DC
STEVEN S. GENSLER, University of Oklahoma College of Law, Norman, OK
ABBE R. GLUCK, Yale Law School, New Haven, CT
YVONNE GONZALEZ ROGERS, U.S. District Court, Northern District of California, Oakland, CA
ANTON G. HAJJAR, Chevy Chase, MD
TERESA WILTON HARMON, Sidley Austin, Chicago, IL
NATHAN L. HECHT, Texas Supreme Court, Austin, TX
WILLIAM C. HUBBARD, Nelson Mullins Riley & Scarborough, Columbia, SC
SAMUEL ISSACHAROFF, New York University School of Law, New York, NY

COUNCIL

KETANJI BROWN JACKSON, U.S. District Court for the District of Columbia, Washington, DC
WALLACE B. JEFFERSON, Alexander Dubose Jefferson & Townsend, Austin, TX
GREGORY P. JOSEPH, Joseph Hage Aaronson LLC, New York, NY
MICHELE C. KANE, The Walt Disney Company, Burbank, CA,
HAROLD HONGJU KOH, Yale Law School, New Haven, CT
CAROLYN B. KUHL, Superior Court of California, County of Los Angeles, Los Angeles, CA
CAROLYN B. LAMM, White & Case, Washington, DC
DEREK P. LANGHAUSER, Maine Community College System, South Portland, ME
DOUGLAS LAYCOCK, University of Virginia School of Law, Charlottesville, VA
CAROL F. LEE, Taconic Capital Advisors, New York, NY
DAVID F. LEVI, Duke University School of Law, Durham, NC
LANCE LIEBMAN*, Columbia Law School, New York, NY
GOODWIN LIU, California Supreme Court, San Francisco, CA
RAYMOND J. LOHIER, JR., U.S. Court of Appeals, Second Circuit, New York, NY
GERARD E. LYNCH, U.S. Court of Appeals, Second Circuit, New York, NY
MARGARET H. MARSHALL, Choate Hall & Stewart, Boston, MA
LORI A. MARTIN, WilmerHale, New York, NY
TROY A. MCKENZIE, New York University School of Law, New York, NY
M. MARGARET MCKEOWN, U.S. Court of Appeals, Ninth Circuit, San Diego, CA
JUDITH A. MILLER, Chevy Chase, MD
PATRICIA ANN MILLETT, U.S. Court of Appeals, District of Columbia Circuit, Washington, DC
JANET NAPOLITANO, University of California, Oakland, CA
KATHRYN A. OBERLY, District of Columbia Court of Appeals (retired), Washington, DC
KATHLEEN M. O'SULLIVAN, Perkins Coie, Seattle, WA
STEPHANIE E. PARKER, Jones Day, Atlanta, GA
STUART RABNER, New Jersey Supreme Court, Trenton, NJ
ROBERTA COOPER RAMO**, Modrall Sperling, Albuquerque, NM
DAVID W. RIVKIN, Debevoise & Plimpton, New York, NY
DANIEL B. RODRIGUEZ, Northwestern University Pritzker School of Law, Chicago, IL
LEE H. ROSENTHAL, U.S. District Court, Southern District of Texas, Houston, TX
GARY L. SASSO, Carlton Fields, Tampa, FL
ANTHONY J. SCIRICA, U.S. Court of Appeals, Third Circuit, Philadelphia, PA

———————
 * *Director Emeritus*
 ** *President Emeritus*

## COUNCIL

Marsha E. Simms, Weil, Gotshal & Manges (retired), New York, NY
Robert H. Sitkoff, Harvard Law School, Cambridge, MA
Jane Stapleton, Christ's College, University of Cambridge, Cambridge, England
Laura Stein, The Clorox Company, Oakland, CA
Larry S. Stewart, Stewart Tilghman Fox Bianchi & Cain, Miami, FL
Elizabeth S. Stong, U.S. Bankruptcy Court, Eastern District of New York, Brooklyn, NY
Catherine T. Struve, University of Pennsylvania Law School, Philadelphia, PA
Jeffrey S. Sutton, U.S. Court of Appeals, Sixth Circuit, Columbus, Ohio
Sarah S. Vance, U.S. District Court, Eastern District of Louisiana, New Orleans, LA
Seth P. Waxman, WilmerHale, Washington, DC
Steven O. Weise, Proskauer Rose, Los Angeles, CA
Diane P. Wood, U.S. Court of Appeals, Seventh Circuit, Chicago, IL

## COUNCIL EMERITI

Kenneth S. Abraham, University of Virginia School of Law, Charlottesville, VA
Shirley S. Abrahamson, Wisconsin Supreme Court, Madison, WI
Philip S. Anderson, Williams & Anderson, Little Rock, AR
Susan Frelich Appleton, Washington University School of Law, St. Louis, MO
Sheila L. Birnbaum, Dechert, New York, NY
Allen D. Black, Fine, Kaplan and Black, Philadelphia, PA
Michael Boudin, U.S. Court of Appeals, First Circuit, Boston, MA
William M. Burke, Shearman & Sterling (retired), Costa Mesa, CA
Gerhard Casper, Stanford University, Stanford, CA
Edward H. Cooper, University of Michigan Law School, Ann Arbor, MI
N. Lee Cooper, Maynard, Cooper & Gale, Birmingham, AL
George H. T. Dudley, Dudley, Topper and Feuerzeig, St. Thomas, U.S. VI
Christine M. Durham, Utah Supreme Court (retired), Salt Lake City, UT
Conrad K. Harper, Simpson Thacher & Bartlett (retired), New York, NY
D. Brock Hornby, U.S. District Court, District of Maine, Portland, ME
Mary Kay Kane, University of California, Hastings College of the Law, San Francisco, CA
Carolyn Dineen King, U.S. Court of Appeals, Fifth Circuit, Houston, TX
Pierre N. Leval, U.S. Court of Appeals, Second Circuit, New York, NY
Betsy Levin, Washington, DC
Hans A. Linde, Portland, OR
Martin Lipton, Wachtell, Lipton, Rosen & Katz, New York, NY
Myles V. Lynk, Arizona State University, Sandra Day O'Connor College of Law, Phoenix, AZ

COUNCIL

JOHN J. MCKETTA III, Graves, Dougherty, Hearon & Moody, Austin, TX
ROBERT H. MUNDHEIM, Shearman & Sterling, New York, NY
ROSWELL B. PERKINS***, Debevoise & Plimpton, New York, NY
HARVEY S. PERLMAN, University of Nebraska College of Law, Lincoln, NE
ELLEN ASH PETERS, Connecticut Supreme Court (retired), Hartford, CT
MARY M. SCHROEDER, U.S. Court of Appeals, Ninth Circuit, Phoenix, AZ
ROBERT A. STEIN, University of Minnesota Law School, Minneapolis, MN
MICHAEL TRAYNOR***, Cobalt LLP, Berkeley, CA
BILL WAGNER, Wagner McLaughlin, Tampa, FL
PATRICIA M. WALD, Washington, DC
WILLIAM H. WEBSTER, Milbank, Tweed, Hadley & McCloy, Washington, DC
HERBERT P. WILKINS, Concord, MA

───────────
*** *President Emeritus and Chair of the Council Emeritus*

**RESTATEMENT OF THE LAW FOURTH**
**THE FOREIGN RELATIONS LAW OF THE UNITED STATES**

**COORDINATING REPORTERS**
SARAH H. CLEVELAND, Columbia Law School, New York, NY
PAUL B. STEPHAN, University of Virginia School of Law, Charlottesville, VA

**REPORTERS** – TREATIES
CURTIS A. BRADLEY, Duke University School of Law, Durham, NC
SARAH H. CLEVELAND, Columbia Law School, New York, NY
EDWARD T. SWAINE, George Washington University Law School, Washington, DC

**REPORTERS** – JURISDICTION
WILLIAM S. DODGE, University of California, Davis School of Law, Davis, CA
ANTHEA ROBERTS, Australian National University, Canberra, Australia
PAUL B. STEPHAN, University of Virginia School of Law, Charlottesville, VA

**REPORTERS** – SOVEREIGN IMMUNITY
DAVID P. STEWART, Georgetown University Law Center, Washington, DC
INGRID WUERTH, Vanderbilt University Law School, Nashville, TN

**COUNSELORS**
JOHN B. BELLINGER III, Arnold & Porter Kaye Scholer, Washington, DC
DANIEL BETHLEHEM, London, England
JOAN E. DONOGHUE, International Court of Justice, The Hague, Netherlands
CONRAD K. HARPER, Simpson Thacher & Bartlett (retired), New York, NY
HAROLD HONGJU KOH, Yale Law School, New Haven, CT
CAROLYN B. LAMM, White & Case, Washington, DC
DAVID W. RIVKIN, Debevoise & Plimpton, New York, NY

**ADVISERS** – TREATIES
JOSÉ A. CABRANES, U.S. Court of Appeals, Second Circuit, New Haven, CT
BRADFORD R. CLARK, George Washington University Law School, Washington, DC
BERNICE BOUIE DONALD, U.S. Court of Appeals, Sixth Circuit, Memphis, TN
DONALD F. DONOVAN, Debevoise & Plimpton, New York, NY
OONA A. HATHAWAY, Yale Law School, New Haven, CT
DUNCAN B. HOLLIS, Temple University Beasley School of Law, Philadelphia, PA
O. THOMAS JOHNSON, Iran–United States Claims Tribunal, The Hague, Netherlands
MICHAEL MATTLER, U.S. Department of State, Washington, DC – Liaison
M. MARGARET MCKEOWN, U.S. Court of Appeals, Ninth Circuit, San Diego, CA
GERALD L. NEUMAN, Harvard Law School, Cambridge, MA
MICHAEL D. RAMSEY, University of San Diego School of Law, San Diego, CA
W. MICHAEL REISMAN, Yale Law School, New Haven, CT
CARLOS MANUEL VÁZQUEZ, Georgetown University Law Center, Washington, DC
SAMUEL M. WITTEN, Arnold & Porter Kaye Scholer, Washington, DC

**ADVISERS** – JURISDICTION
GEORGE A. BERMANN, Columbia Law School, New York, NY
GARY BRIAN BORN, WilmerHale, London, England
HANNAH L. BUXBAUM, Indiana University, Maurer School of Law, Bloomington, IN

SUSAN L. CARNEY, U.S. Court of Appeals, Second Circuit, New Haven, CT
JACK LANDMAN GOLDSMITH, Harvard Law School, Cambridge, MA
TIMOTHY B. GOODELL, Hess Corporation, New York, NY
KENT A. JORDAN, U.S. Court of Appeals, Third Circuit, Wilmington, DE
JEFFREY D. KOVAR, U.S. Department of State, Washington, DC – Liaison
RALF C. MICHAELS, Duke University School of Law, Durham, NC
FRED A. ROWLEY, JR., Munger Tolles & Olson, Los Angeles, CA
ANTHONY J. SCIRICA, U.S. Court of Appeals, Third Circuit, Philadelphia, PA
LINDA J. SILBERMAN, New York University School of Law, New York, NY
BETH STEPHENS, Rutgers Law School, Camden, NJ
MICHAEL TRAYNOR, Cobalt LLP, Berkeley, CA
PETER D. TROOBOFF, Covington & Burling, Washington, DC
WALTER H. WHITE, JR., McGuireWoods, London, England
CHRISTOPHER A. WHYTOCK, University of California, Irvine School of Law, Irvine, CA
STEPHEN F. WILLIAMS, U.S. Court of Appeals, District of Columbia Circuit, Washington, DC
DIANE P. WOOD, U.S. Court of Appeals, Seventh Circuit, Chicago, IL

## ADVISERS – SOVEREIGN IMMUNITY

MARK DAVID AGRAST, American Society of International Law, Washington, DC
DAVID BOWKER, WilmerHale, Washington, DC
BARRY E. CARTER, Georgetown University Law Center, Washington, DC [Deceased 2014]
MARK A. CYMROT, BakerHostetler, Washington, DC
LORI DAMROSCH, Columbia Law School, New York, NY
DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray, Washington, DC
LAURENCE R. HELFER, Duke University School of Law, Durham, NC
CHIMÈNE KEITNER, University of California, Hastings College of the Law, San Francisco, CA
ROYCE C. LAMBERTH, U.S. District Court, District of Columbia, Washington, DC
MARY CATHERINE MALIN, U.S. Department of State, Washington, DC – Liaison
D. STEPHEN MATHIAS, United Nations Office of Legal Affairs, New York, NY
JUDITH A. MILLER, Chevy Chase, MD
JEFFREY P. MINEAR, U.S. Supreme Court, Washington, DC
SEAN DAVID MURPHY, George Washington University Law School, Washington, DC
R. HEWITT PATE, Chevron Corporation, San Ramon, CA
STEVEN R. RATNER, University of Michigan Law School, Ann Arbor, MI
JOHN M. ROGERS, U.S. Court of Appeals, Sixth Circuit, Lexington, KY
SIDNEY H. STEIN, U.S. District Court, Southern District of New York, New York, NY
ROBERT N. WEINER, Arnold & Porter Kaye Scholer, Washington, DC

## LIAISONS

*For the American Bar Association Section of International Law*
   HOUSTON PUTNAM LOWRY, Hartford, CT
   ROBERT E. LUTZ, Southwestern Law School, Los Angeles, CA

## MEMBERS CONSULTATIVE GROUP
## THE FOREIGN RELATIONS LAW OF THE UNITED STATES

(as of April 30, 2017)

WILLIAM J. ACEVES, San Diego, CA
MARK DAVID AGRAST, Washington, DC
KLINT ALEXANDER, Laramie, WY
DIANE MARIE AMANN, Athens, GA
CATHERINE M. AMIRFAR, New York, NY
MARY ARDEN, United Kingdom Court of
    Appeal, London, England
LARRY CATÁ BACKER, University Park, PA
JOSEPH R. BANKOFF, Atlanta, GA
ROBERT S. BARKER, Pittsburgh, PA
ANTHONY J. BELLIA, JR., Notre Dame, IN
RAKESH KUMAR BHALA, Lawrence, KS
RICHARD B. BILDER, Madison, WI
ANDREA K. BJORKLUND,
    Montreal, QC, Canada
AMELIA H. BOSS, Philadelphia, PA
RONALD A. BRAND, Pittsburgh, PA
CHARLES H. BROWER II, Detroit, MI
CHARLES N. BROWER,
    The Hague, Netherlands
SAMUEL L. BUFFORD, University Park, PA
WARREN T. BURNS, Dallas, TX
WILLIAM E. BUTLER, Carlisle, PA
IRENE CALBOLI, Fort Worth, TX
TOM CAMPBELL, Orange, CA
PETER H. CARSON, San Francisco, CA
LINDA E. CARTER, Sacramento, CA
WILLIAM RICHARD CASTO, Lubbock, TX
STEVE CHARNOVITZ, Washington, DC
LUNG-CHU CHEN, New York, NY
TAI-HENG CHENG, New York, NY
SYLVIA FUNG CHIN, New York, NY
STEPHEN YEE CHOW, Boston, MA
DONNA R. CHRISTIE, Tallahassee, FL
ROGER S. CLARK, Camden, NJ
JACOB KATZ COGAN, Cincinnati, OH
DAVID K. COHEN, Chevy Chase, MD
HARLAN G. COHEN, Athens, GA
NEIL B. COHEN, Brooklyn, NY
MICHAEL CROMMELIN, Melbourne, Australia
THOMAS L. CUBBAGE III, Washington, DC
MARIANO-FLORENTINO CUÉLLAR, California
    Supreme Court, San Francisco, CA
VIVIAN GROSSWALD CURRAN,
    Pittsburgh, PA
ROBERT E. DALTON, Washington, DC
BRANNON P. DENNING, Birmingham, AL
THOMAS A. DUBBS, New York, NY

GEORGE E. EDWARDS, Indianapolis, IN
SHELDON H. ELSEN, New York, NY
SAMUEL ESTREICHER, New York, NY
MARY FAN, Seattle, WA
IRA M. FEINBERG, New York, NY
RICHARD L. FIELD, Cliffside Park, NJ
J. CLIFTON FLEMING, JR., Provo, UT
JOSEPH Z. FLEMING, Miami, FL
MATTHEW L.M. FLETCHER,
    East Lansing, MI
DONALD THOMAS FOX, New York, NY
SUSAN D. FRANCK, Washington, DC
ERIC M. FREEDMAN, Hempstead, NY
ROBERT SHENTON FRENCH, High Court of
    Australia, Canberra, Australia
KENNETH S. GALLANT, Little Rock, AR
CURTIS E. GANNON, Washington, DC
STEVEN S. GENSLER, Norman, OK
JAMES PAUL GEORGE, Fort Worth, TX
MARTIN GLENN, U.S. Bankruptcy Court,
    Southern District of New York,
    New York, NY
JEFFREY B. GOLDEN, London, England
MARC J. GOLDSTEIN, New York, NY
NORMAN L. GREENE, New York, NY
MICHAEL GREENWALD, Philadelphia, PA
OREN GROSS, Minneapolis, MN
SIMONA GROSSI, Los Angeles, CA
DAVID GRUNING, New Orleans, LA
CHARLES H. GUSTAFSON, Washington, DC
PATRICIA ISELA HANSEN, Austin, TX
KEITH M. HARPER, Washington, DC
ROBERT A. HELMAN, Chicago, IL
PAUL HERRUP, Harpers Ferry, WV
TRACY D. HESTER, Houston, TX
ERIC L. HIRSCHHORN, Washington, DC
EDWIN E. HUDDLESON, Washington, DC
MARK WESTON JANIS, Hartford, CT
CHRISTOPHER A. JARVINEN, Miami, FL
MARK R. JOELSON, Washington, DC
HERMAN N. JOHNSON, JR.,
    Birmingham, AL
JOHN MARTIN JONES, JR., Towson, MD
CLAIRE R. KELLY, U.S. Court of
    International Trade, New York, NY
LOUIS B. KIMMELMAN, New York, NY
GLENN S. KOPPEL, Irvine, CA
JUDITH L. KREEGER, Eleventh Judicial

Circuit of Florida, Miami, FL
JULIAN G. KU, Hempstead, NY
PETER B KUTNER, Norman, OK
HERBERT I. LAZEROW, San Diego, CA
CAROL F. LEE, New York, NY
THOMAS H. LEE, New York, NY
JEREMY I. LEVITT, Orlando, FL
ERIC L. LEWIS, Washington, DC
CYNTHIA CRAWFORD LICHTENSTEIN, Sarasota, FL
LANCE LIEBMAN, New York, NY
HOUSTON PUTNAM LOWRY, Hartford, CT
ROBERT E. LUTZ, Los Angeles, CA
C. SCOTT MARAVILLA, Washington, DC
JEROME M. MARCUS, Spring House, PA
ANDREW J. MARKUS, Miami, FL
JOSEPH MICHAEL MATTHEWS, Coral Gables, FL
JAMES R. MAXEINER, Baltimore, MD
MARY ELIZABETH MCLEOD, Washington, DC
JAMES A. MEDFORD, Greensboro, NC
THOMAS BUTLER MERRITT, Littleton, NH
TIMOTHY MEYER, Nashville, TN
DAVID H. MOORE, Provo, UT
JAMES A. R. NAFZIGER, Salem, OR
VED P. NANDA, Denver, CO
RICHARD L. NEUMEIER, Boston, MA
GEORGE M. NEWCOMBE, Palo Alto, CA
JOHN E. OSBORN, Chadds Ford, PA
CAROLYN S. OSTBY, U.S. District Court, District of Montana, Billings, MT
ERIC J. PAN, Washington, DC
JOHN T. PARRY, Portland, OR
R. ASHBY PATE, Birmingham, AL
KENNETH L. PENEGAR, Nashville, TN
MARY MARGARET PENROSE, Fort Worth, TX
NANCY LEEDS PERKINS, Washington, DC
JAMES E. PFANDER, Chicago, IL
A. ROBERT PIETRZAK, New York, NY
ELLEN S. PODGOR, Gulfport, FL
JEFFREY M. POLLOCK, Princeton, NJ
TERRANCE G. REED, Alexandria, VA
C. RYAN REETZ, Miami, FL
KENNETH F. RIPPLE, U.S. Court of Appeals, Seventh Circuit, South Bend, IN
DAVIS R. ROBINSON, Washington, DC
SANDRA M. ROCKS, New York, NY
FRED A. ROWLEY, JR., Los Angeles, CA
LEILA NADYA SADAT, St. Louis, MO
MICHAEL D. SANDLER, Mercer Island, WA
MARY M. SCHROEDER, U.S. Court of Appeals, Ninth Circuit, Phoenix, AZ
MICHAEL A. SCODRO, Chicago, IL
JOHN A. SEBERT, Wilmette, IL
STEPHEN E. SHAY, Cambridge, MA
MATTHEW D. SLATER, Washington, DC
ROBERT D. SLOANE, Boston, MA
DAVID L. SLOSS, Santa Clara, CA
DAVID H. SMALL, Washington, DC
DOUGLAS G. SMITH, Chicago, IL
MARY L. SMITH, Lansing, IL
ABBY COHEN SMUTNY, Washington, DC
CRAIG SMYSER, Houston, TX
ROBERT G. SPECTOR, Norman, OK
A. BENJAMIN SPENCER, Charlottesville, VA
ADAM N. STEINMAN, Tuscaloosa, AL
JOAN E. STEINMAN, Chicago, IL
BETH STEPHENS, Camden, NJ
DAVID E. STERNBERG, New York, NY
ELIZABETH S. STONG, U.S. Bankruptcy Court, Eastern District of New York, Brooklyn, NY
S. I. STRONG, Columbia, MO
GUY MILLER STRUVE, New York, NY
SYMEON C. SYMEONIDES, Salem, OR
LOUISE ELLEN TEITZ, Bristol, RI
WILLIAM H. THEIS, Winnetka, IL
JOHN M. TOWNSEND, Washington, DC
SJEF VAN ERP, Maastricht, Netherlands
VINCENZO VARANO, Florence, Italy
STEPHEN I. VLADECK, Austin, TX
GEORGE K. WALKER, Winston-Salem, NC
DON WALLACE, Washington, DC
EVAN J. WALLACH, U.S. Court of Appeals, Federal Circuit, Washington, DC
NICHOLAS J. WALLWORK, Southborough, MA
MANNING GILBERT WARREN III, Louisville, KY
RHONDA WASSERMAN, Pittsburgh, PA
STEVEN O. WEISE, Los Angeles, CA
NANCY E. WEISS, Washington, DC
DAVID WEISSBRODT, Minneapolis, MN
RALPH U. WHITTEN, Omaha, NE
EDWIN D. WILLIAMSON, Washington, DC
PETER WINSHIP, Dallas, TX
SAMUEL BROWN WITT III, Richmond, VA
NICHOLAS J. WITTNER, East Lansing, MI
PATRICK WOOLLEY, Austin, TX
ERNEST A. YOUNG, Durham, NC

## INTERNATIONAL ADVISORY PANEL

DAPO AKANDE, St. Peter's College, University of Oxford, Oxford, England
MANUEL J. CEPEDA ESPINOSA, International Legal Counsel to Colombian Government, Bogota, Colombia
JAMES R. CRAWFORD, Jesus College, University of Cambridge, Cambridge, England
OLUFEMI ELIAS, Organization for the Prohibition of Chemical Weapons, The Hague, Netherlands
MATHIAS FORTEAU, University of Paris, Paris, France
JOEL HERNANDEZ GARCIA, Ministry of Foreign Affairs of Mexico, Mexico City, Mexico
MAHMOUD HMOUD, Ambassador, The Permanent Mission of the Hashemite Kingdom of Jordan to the United Nations, New York, NY
HIBA HUSSEINI, Husseini & Husseini, Ramallah, Palestinian Territory
YUJI IWASAWA, University of Tokyo, Faculty of Law, Tokyo, Japan
MARIE JACOBSSON, Swedish Ministry of Foreign Affairs, Stockholm, Sweden

CATHERINE KESSEDJIAN, Panthéon-Assas University, Paris, France
CAMPBELL ALAN MCLACHLAN, Victoria University of Wellington, Faculty of Law, Wellington, New Zealand
SUNDARESH MENON, Singapore Supreme Court, Singapore
GEORG NOLTE, Humboldt University of Berlin, Berlin, Germany
KATE O'REGAN, Constitutional Court, Braamfontein, South Africa
MONICA PINTO, University of Buenos Aires Law School, Buenos Aires City, Argentina
WENHUA SHAN, Xi'an Jiaotong University School of Law, Xi'an Shaanxi, China
YUVAL SHANY, The Faculty of Law, The Hebrew University of Jerusalem, Jerusalem, Israel
BAKHTIYAR R. TUZMUKHAMEDOV, ICTR/ICTY Appeals Chamber, The Hague, Netherlands
YOGESH TYAGI, South Asian University, New Delhi, India
PHILIPPA WEBB, The Dickson Poon School of Law, King's College, London, England

Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ." See also 28 U.S.C. § 1257.

13. *Previous Restatement.* This Section updates and elaborates upon the issues addressed in § 325 and parts of § 326 of the Restatement Third, The Foreign Relations Law of the United States (Am. Law Inst. 1987). Like the Restatement Third, this Section refers to the principles of treaty interpretation set forth in the Vienna Convention on the Law of Treaties. The prior Restatement noted that the Vienna Convention interpretation provisions reflected "generally accepted principles," which the United States "has also appeared willing to accept . . . despite differences of nuance and emphasis," but it did not yet acknowledge the Vienna Convention as reflecting customary international law standards for the interpretation of treaties. § 325, Comment *a*. It also identified some potential divergence between the U.S. approach to the interpretation of treaties and the approach set forth in the Vienna Convention, but observed that this divergence "should not be exaggerated." § 325, Reporters' Note 4. Consistent with that observation, this Section describes how, although courts in the United States have not always precisely tracked the principles set forth in the Vienna Convention, their approach to treaty interpretation has generally been consistent with those principles. Subsequent developments in international law and state practice in applying the Vienna Convention criteria, as well as in the U.S. domestic approach to interpretation of treaties, have both solidified international acceptance of the Vienna Convention standard and helped to reduce any perceived divergence in approach.

### § 307. Relationship of Treaties to Individual Constitutional Rights

**A treaty provision will not be given effect as law in the United States to the extent that giving it this effect would violate any individual constitutional rights.**

**Comment:**

*a. Treaties and the Constitution.* Article VI, Clause 2, of the Constitution identifies the following types of law as "the supreme Law of the Land": the Constitution, "Laws of the United States," and treaties. See § 301, Comment *b*. Although the text of the Supremacy Clause does not delineate the relationship among these three types of law, it has long been settled that the Constitution takes precedence over the other types of supreme federal law. As the Supreme Court explained in Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1803), the Constitution is "the fundamental and paramount law of the nation." Although the Supreme Court has never invalidated a treaty on constitutional grounds, it has made clear at various times that treaties cannot be applied as law in the United States if they conflict with constitutional prohibitions. See, e.g., Geofroy v. Riggs, 133 U.S. 258, 267 (1890) ("It would not be contended that [the treaty power] extends so far

as to authorize what the constitution forbids . . . ."); The Cherokee Tobacco, 78 U.S. (1 Wall.) 616, 620 (1871) ("It need hardly be said that a treaty cannot change the Constitution or be held valid if it be in violation of that instrument.").

The Supreme Court has addressed the relationship between treaties and individual constitutional rights somewhat differently from the way it has addressed the relationship between treaties and structural constitutional limitations. This Section addresses only the relationship between treaties and individual constitutional rights.

*b. Individual constitutional rights.* The Constitution protects a number of individual rights. Many of these protections are reflected in the first 10 amendments to the Constitution, known as the Bill of Rights. Others are reflected in subsequent amendments like the Thirteenth, Fourteenth, and Fifteenth Amendments, known as the Reconstruction Amendments. Some individual rights are also set forth in the original Constitution. For example, Article I, Section 9, of the Constitution prohibits the suspension of the privilege of the writ of habeas corpus "unless when in Cases of Rebellion or Invasion the public Safety may require it," and this Clause has been interpreted as confirming an individual right to have an independent determination of the legality of executive-branch detentions. See, e.g., Boumediene v. Bush, 553 U.S. 723, 745 (2008) ("The Clause protects the rights of the detained by affirming the duty and authority of the Judiciary to call the jailer to account."). Some individual rights, such as rights relating to privacy, are not mentioned specifically in the text of the Constitution but have been recognized by the Supreme Court.

*c. Treaties subject to individual-rights constraints.* Treaties have only rarely presented conflicts with individual constitutional rights, and U.S. treaty negotiators seek to avoid such conflicts. The Supreme Court's most detailed consideration of the relationship between international agreements and individual constitutional rights came in Reid v. Covert, 354 U.S. 1 (1957). In that case, civilian spouses of U.S. military personnel had been tried by military courts-martial for murdering their husbands on overseas bases. Despite the fact that the military was relying on international agreements as support for its exercise of jurisdiction over the crimes, the Court held that the trials were invalid because they did not comply with the grand-jury and jury-trial rights set forth in the Fifth and Sixth Amendments to the Constitution. A plurality of the Court explained that "no agreement with a foreign nation can confer power on the Congress, or on any other branch of Government, which is free from the restraints of the Constitution." Id. at 16.

Since *Reid*, a majority of the Court has described this proposition as "well established." Boos v. Barry, 485 U.S. 312, 324 (1988) (quoting *Reid*). See Reporters' Notes 1 and 2.

    *d. Reservations to treaties.* The Senate has sometimes attached reservations or other qualifications to its advice and consent to treaties in an effort to ensure that the United States does not assume international obligations that would be inconsistent with individual constitutional rights. These reservations have been supported by, and often suggested by, the executive branch. For example, in giving its advice and consent to the International Covenant on Civil and Political Rights, Dec. 16, 1966, S. Treaty Doc. No. 95-20, 999 U.N.T.S. 171, the Senate included a reservation to Article 20 of the Covenant, which requires states parties to prohibit "[a]ny propaganda for war" as well as "[a]ny advocacy of national, racial or religious hatred that constitutes incitement to discrimination, hostility or violence." The Senate's reservation states that Article 20 "does not authorize or require legislation or other action by the United States that would restrict the right of free speech and association protected by the Constitution and laws of the United States." U.S. Senate Resolution of Advice and Consent to Ratification of the International Covenant on Civil and Political Rights, para. I(1), 138 Cong. Rec. 8070 (1992). The executive proposed, and the Senate included, a similar reservation with its advice and consent to the International Convention on the Elimination of All Forms of Racial Discrimination, Mar. 7, 1966, S. Treaty Doc. No. 95-18, 660 U.N.T.S. 195. See U.S. Senate Resolution of Advice and Consent to Ratification of the Convention on the Elimination of All Forms of Racial Discrimination, para. I(1), 140 Cong. Rec. 14,326 (1994). The topic of reservations and other conditions to treaties is addressed in § 305.

### REPORTERS' NOTES

    1. *Language of the Supremacy Clause.* The Supremacy Clause of the Constitution provides that "all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. The Clause does not specifically state that treaties must be consistent with the Constitution. By contrast, when the Supremacy Clause refers to federal statutes, it refers to "the Laws of the United States which shall be made in Pursuance [of the Constitution]." Id. This difference in wording could be read to suggest that, unlike federal statutes, treaties can operate as supreme federal law even if they are inconsistent with constitutional limitations, including limitations designed to protect individual rights. See Missouri v. Holland, 252 U.S. 416, 433 (1920) ("It is open to question whether the authority of the

United States [in the Supremacy Clause] means more than the formal acts prescribed to make the convention.").

In Reid v. Covert, 354 U.S. 1 (1957), however, a plurality of the Supreme Court made clear that the language of the Supremacy Clause should not be construed as exempting treaties from constitutional limitation. "There is nothing in [the language of the Supremacy Clause]," said the plurality, "which intimates that treaties and laws enacted pursuant to them do not have to comply with the provisions of the Constitution." Id. at 16. As for the reference in the Supremacy Clause to treaties made under the authority of the United States rather than in pursuance of the Constitution, the plurality explained that this language was used "so that agreements made by the United States under the Articles of Confederation, including the important peace treaties which concluded the Revolutionary War, would remain in effect." Id. at 16-17. The plurality further reasoned that "[i]t would be manifestly contrary to the objectives of those who created the Constitution, as well as those who were responsible for the Bill of Rights—let alone alien to our entire constitutional history and tradition—to construe [the Supremacy Clause] as permitting the United States to exercise power under an international agreement without observing constitutional prohibitions." Id. at 17.

2. *Applicability to Article II treaties.* The international agreements at issue in *Reid* were executive agreements rather than Article II treaties. In Boos v. Barry, 485 U.S. 312 (1988), a Supreme Court majority confirmed that Article II treaties are also subject to the individual-rights protections of the Constitution. *Boos* concerned the constitutionality of legislation enacted by Congress to govern the District of Columbia that, among other things, prohibited the display of signs within 500 feet of a foreign embassy if the sign tended to bring the foreign government into "public odium" or "public disrepute." Id. at 315. Despite the fact that the legislation was defended as a means of complying with the U.S. obligation under the Vienna Convention on Diplomatic Relations to protect foreign embassies, the Court held that it was invalid because it violated the right of free speech protected by the First Amendment to the Constitution. "It is well established," said the Court, "that 'no agreement with a foreign nation can confer power on the Congress, or on any other branch of Government, which is free from the restraints of the Constitution.'" Id. at 324 (quoting *Reid*, 354 U.S. at 16) (plurality opinion)); see also, e.g., American Ins. Ass'n v. Garamendi, 539 U.S. 396, 416 n.9 (2003) (noting that the ability of treaties and executive agreements to preempt inconsistent State law is "[s]ubject . . . to the Constitution's guarantees of individual rights"); Martin v. Warden, Atlanta Pen, 993 F.2d 824, 829 (11th Cir. 1993) ("The constitutional rights of individuals, including the right to due process, are superior to the government's treaty obligations."); Sahagian v. United States, 864 F.2d 509, 513 (7th Cir. 1988) ("It is well settled that the Bill of Rights limits both the federal government's treaty-making powers as well as actions taken by federal officials pursuant to the federal government's treaties."); Oneida Indian Nation of New York v. New York, 860 F.2d 1145, 1163 (2d Cir. 1988) ("[T]he treaty power cannot override constitutional limitations respecting individual rights.").

3. *Compelling governmental interest.* Although treaties will not be applied as law in the United States if they violate individual constitutional rights, the existence of the treaty could affect

the evaluation of whether a constitutional right has been violated. For example, in some instances the government may be allowed to take action that would otherwise violate an individual constitutional right if it has a compelling interest, and compliance with a treaty could potentially constitute such an interest. In *Boos*, the Court recognized that "the United States has a vital national interest in complying with international law," and that "protecting foreign emissaries has a long history and noble purpose." 485 U.S. at 323. But the Court said that "the fact that an interest is recognized in international law does not automatically render that interest 'compelling' for purposes of First Amendment analysis." Id. at 324. Ultimately, the Court concluded that it did not need to decide "whether, or to what extent, the dictates of international law could ever require that First Amendment analysis be adjusted to accommodate the interests of foreign officials," because the statute in question was not narrowly tailored to serve that interest. Id.; cf. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 438 (2006) (reasoning, in a case involving a statute that required the government to show a compelling interest in order to limit religious practices, that "[t]he fact that *hoasca* [tea] is covered by the [Convention on Psychotropic Substances] . . . does not automatically mean that the Government has demonstrated a compelling interest in applying the Controlled Substances Act [to religious use of the tea]").

    4. *Validity of treaty.* Under international law, a state cannot invoke a conflict with its domestic law as a basis for invalidating its consent to be bound by a treaty unless the domestic law concerns the "competence to conclude treaties," and the violation of that law was "manifest." See Vienna Convention on the Law of Treaties art. 46, May 23, 1969, 1155 U.N.T.S. 331; see also § 302. Although the individual-rights protections of the Constitution limit the domestic effect that can be given to treaties in the United States, they do not concern the competence of the national government to conclude treaties. As a result, if the United States agrees by treaty to do something that would violate an individual constitutional right, it likely would remain bound by international law to fulfill that obligation, even though courts in the United States and other government actors will lack the authority to enforce such an obligation. See, e.g., Michael Bothe, Art. 46, 1969 Vienna Convention, in 2 The Vienna Convention on the Law of Treaties 1094 (Olivier Corten & Pierre Klein eds., 2011) ("It is not compatible with the clear text of Article 46 [of the Vienna Convention] to apply this provision also to a conflict between a substantive constitutional norm and a treaty . . . .").

    5. *Previous Restatement.* The substance of the present Section is similar to, although more narrowly focused than, Restatement Third, The Foreign Relations Law of the United States § 115(3) (Am. Law Inst. 1987), which provided that "[a] rule of international law or a provision of an international agreement of the United States will not be given effect as law in the United States if it is inconsistent with the United States Constitution," and § 302(2) of the Restatement Third, which provided that "[n]o provision of an agreement may contravene any of the prohibitions or limitations of the Constitution applicable to the exercise of authority by the United States." The substance of the present Section is also similar to Comment *a* of § 111 of the Restatement Third, which stated that, "[i]n their character as law of the United States, rules of international law and provisions of international agreements of the United States are subject to the Bill of Rights and

other prohibitions, restrictions, and requirements of the Constitution, and cannot be given effect in violation of them."

### § 308. Conflicts Between Treaties and State or Local Law

**Treaties are supreme over State and local law, and when there is a conflict between State or local law and a self-executing treaty provision, courts in the United States will apply the treaty provision.**

**Comment:**

*a. Supreme law of the land.* The Supremacy Clause of the Constitution makes clear that treaties are a form of supreme federal law binding on the State courts and that treaties displace contrary State and local law. See U.S. Const. art. VI, cl. 2; see also § 301, Comment *b*. Ensuring the capacity of treaty obligations to supplant inconsistent State laws, particularly in State courts, was a central objective of the Supremacy Clause. As Alexander Hamilton put it in The Federalist No. 22:

> The treaties of the United States, under the present [Articles of Confederation], are liable to the infractions of thirteen different legislatures, and as many different courts of final jurisdiction, acting under the authority of those legislatures. The faith, the reputation, the peace of the whole Union are thus continually at the mercy of the prejudices, the passions, and the interests of every member of which it is composed. Is it possible that foreign nations can either respect or confide in such a government?

See also The Federalist No. 42 (Madison) (noting that under the Articles of Confederation, "treaties might be substantially frustrated by regulations of the States").

As law of the United States, treaties are also the law of every State and, when self-executing, can be directly enforced in State and local courts. The extent to which a court may recognize particular rights or award particular remedies under a treaty will depend on, among other things, whether the treaty confers a private right of action. See § 311. The Supreme Court may review a final judgment or decree "rendered by the highest court of a State in which a decision could be had" when the validity of a State or municipal law is drawn in question for being repugnant to a treaty of the United States. See 28 U.S.C. § 1257(a). Interpretations of treaties by the Supreme Court are binding on the States. Judicial interpretation of treaties is addressed in § 306.