# EXHIBIT 9

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.**
**v.**
**Kingdom of Spain**

**(ICSID Case No. ARB/14/11)**

**PROCEDURAL ORDER No. 1**

Professor Donald M. McRae, C.C., President of the Tribunal
Mr. L. Yves Fortier, P.C., C.C., O.Q., Q.C., Arbitrator
Professor Laurence Boisson de Chazournes, Arbitrator

*Secretary of the Tribunal*
Ms. Luisa Fernanda Torres

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

## Contents

1.   Applicable Arbitration Rules ................................................................................ 3
2.   Constitution of the Tribunal and Tribunal Members' Declarations .............................. 3
3.   Fees and Expenses of Members of the Tribunal ................................................... 4
4.   Presence and Quorum ..................................................................................... 4
5.   Decisions and Procedural Rulings of the Tribunal ............................................... 4
6.   Power to Fix Time Limits .................................................................................. 5
7.   Secretary of the Tribunal ................................................................................. 5
8.   Representation of the Parties ........................................................................... 6
9.   Apportionment of Costs and Advance Payments to ICSID .................................... 6
10.   Place of Proceeding ....................................................................................... 7
11.   Procedural Language(s), Translation and Interpretation ...................................... 7
12.   Routing of Communications ............................................................................ 8
13.   Number of Copies and Method of Filing of Parties' Pleadings ............................. 9
14.   Number and Sequence of Pleadings ................................................................ 11
15.   Production of Documents ................................................................................ 11
16.   Submission of Documents ............................................................................... 12
17.   Witness Statements and Expert Reports ........................................................... 13
18.   Examination of Witnesses and Experts ............................................................. 14
19.   Pre-Hearing Organizational Meetings ............................................................... 15
20.   Hearings ...................................................................................................... 16
21.   Records of Hearings and Sessions ................................................................... 16
22.   Post-Hearing Memorials and Statements of Costs .............................................. 17
23.   Publication ................................................................................................... 17
24.   Other Matters ................................................................................................ 17

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)

**Procedural Order No. 1**

## Introduction

The first session of the Arbitral Tribunal was held on May 15, 2015, at 8:30 a.m. at the seat of the Centre in Washington D.C.

Participating in the conference were:

Members of the Tribunal:
Professor Donald M. McRae, C.C., President of the Tribunal
Mr. L. Yves Fortier, P.C., C.C., O.Q., Q.C., Arbitrator
Professor Laurence Boisson de Chazournes, Arbitrator

ICSID Secretariat:
Ms. Luisa Fernanda Torres, Secretary of the Tribunal

Attending on behalf of the Claimants:
Ms. Karyl Nairn QC            Skadden, Arps, Slate, Meagher & Flom (UK) LLP
Mr. David Herlihy             Skadden, Arps, Slate, Meagher & Flom (UK) LLP
Ms. Sara Nadeau Séguin        Skadden, Arps, Slate, Meagher & Flom (UK) LLP
Mr. Charles Sieving           Claimants' party representative
Mr. Mitchell S. Ross          Claimants' party representative
Mr. Robert B. Sendler         Claimants' party representative

Attending on behalf of the Respondent:
Mr. Diego Santacruz           Abogacía General del Estado
Mr. Javier Torres             Abogacía General del Estado
Mr. Antolín Fernández         Abogacía General del Estado

The Tribunal and the parties considered the following:

- The Draft Agenda circulated by the Secretary of the Tribunal on February 11, 2015 as amended by the parties on April 24, 2015.

- The Draft Procedural Order circulated by the Secretary of the Tribunal on February 11, 2015; and

- The parties' comments on the Draft Agenda and the Draft Procedural Order received on April 24, 2015, indicating the items on which they agreed and their respective positions regarding the items on which they did not agree.

The session was adjourned at 11:00 a.m.

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)

**Procedural Order No. 1**

An audio recording of the session was made and deposited in the archives of ICSID.  The recording was subsequently distributed to the Members of the Tribunal and the parties.

Following the session, the Tribunal now issues the present order:

**<u>Order</u>**

Pursuant to ICSID Arbitration Rules 19 and 20, this first Procedural Order sets out the Procedural Rules that govern this arbitration.  The timetable is attached as **Annex A**.

1.     <u>Applicable Arbitration Rules</u>
       *Convention Article 44*

       1.1.    These proceedings are conducted in accordance with the ICSID Arbitration Rules in force as of April 10, 2006.

2.     <u>Constitution of the Tribunal and Tribunal Members' Declarations</u>
       *Arbitration Rule 6*

       2.1.    The Tribunal was constituted on January 23, 2015 in accordance with the ICSID Convention and the ICSID Arbitration Rules.  The parties confirmed that the Tribunal was properly constituted and that no party has any objection to the appointment of any Member of the Tribunal.

       2.2.    The Members of the Tribunal timely submitted their signed declarations in accordance with ICSID Arbitration Rule 6(2).  Copies of these declarations were distributed to the parties by the ICSID Secretariat on January 23, 2015.

       2.3.    The contact details for the Members of the Tribunal are:

| | | |
|---|---|---|
| **Prof. Donald M. McRae, C.C.** | **The Honourable** | **Prof. Laurence Boisson de** |
| University of Ottawa | **L. Yves Fortier, PC, CC, OQ, QC** | **Chazournes** |
| Law School | Cabinet Yves Fortier | University of Geneva |
| 57 Louis Pasteur St., Room 340 | 1 Place Ville Marie, Suite 2822 | Faculty of Law |
| Ottawa, Ontario K1N 6N5 | Montréal, Québec H3B 4R4 | 40, boulevard du Pont-d'Arve |
| Canada | Canada | 1211 Geneva 4 |
| dmcrae@uottawa.ca | yves.fortier@yfortier.ca | Switzerland |
| Donald.Mcrae@uottawa.ca | | laurence.boissondechazournes |
| | | @unige.ch |

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

3.      Fees and Expenses of Members of the Tribunal
*Convention Article 60; Administrative and Financial Regulation 14; ICSID Schedule of Fees*

   3.1.   The fees and expenses of each Member of the Tribunal shall be determined and paid in accordance with the ICSID Schedule of Fees and the Memorandum on Fees and Expenses of ICSID Arbitrators in force at the time the fees and expenses are incurred.

   3.2.   Under the current Schedule of Fees, each Member of the Tribunal receives:

      3.2.1.  US$3,000 for each day of meetings or each eight hours of other work performed in connection with the proceedings or *pro rata*; and

      3.2.2.  subsistence allowances, reimbursement of travel, and other expenses pursuant to ICSID Administrative and Financial Regulation 14.

   3.3.   Each Member of the Tribunal shall submit his claims for fees and expenses to the ICSID Secretariat on a quarterly basis.

   3.4.   Non-refundable expenses incurred in connection with a hearing as a result of a postponement or cancellation of the hearing shall be reimbursed.[1]

4.      Presence and Quorum
*Arbitration Rules 14(2) and 20(1)(a)*

   4.1.   The presence of all Members of the Tribunal constitutes a quorum for its sittings, including by any appropriate means of communication.

5.      Decisions and Procedural Rulings of the Tribunal
*Convention Article 48(1); Arbitration Rules 16, 19 and 20*

   5.1.   Decisions of the Tribunal shall be taken by a majority of the Members of the Tribunal.

   5.2.   ICSID Arbitration Rule 16(2) applies to decisions taken by correspondence except that where the matter is urgent, the President may issue procedural decisions without consulting the other Members, subject to possible reconsideration of such decision by the full Tribunal.

---

[1] During the First Session, the Tribunal invited the parties to consider adding provisions for cancellation fees to be paid to the Members of the Tribunal in the event of cancellation of a hearing. The parties agreed to confer and revert to the Tribunal on this issue.

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

    5.3.    The President is authorized to issue Procedural Orders and Procedural Decisions on behalf of the Tribunal.

    5.4.    The Tribunal's rulings on procedural matters may be communicated to the parties by the Secretary of the Tribunal in the form of a letter or email.

6.    Power to Fix Time Limits
*Arbitration Rule 26(1)*

    6.1.    The President may fix and extend time limits for the completion of the various steps in the proceeding.

    6.2.    In exercising this power, the President shall consult with the other Members of the Tribunal.  If the matter is urgent, the President may fix or extend time limits without consulting the other Members, subject to possible reconsideration of such decision by the full Tribunal.

7.    Secretary of the Tribunal
*Administrative and Financial Regulation 25*

    7.1.    The Secretary of the Tribunal is Ms. Luisa Fernanda Torres, Legal Counsel, ICSID, or such other person as ICSID may notify the Tribunal and the parties from time to time.

    7.2.    To send copies of communications by email, mail, and courier/parcel deliveries to the ICSID Secretariat, the contact details are:

        Luisa Fernanda Torres
        ICSID
        MSN J2-200
        1818 H Street, N.W.
        Washington, D.C. 20433
        USA
        Tel.: + 1 (202) 473-5018
        Fax: + 1 (202) 522-2615
        Email: ltorresarias@worldbank.org

    7.3.    For local messenger deliveries, the contact details are:

        Luisa Fernanda Torres
        701 18th Street, N.W. ("J Building")
        2nd Floor
        Washington, D.C. 20006

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

Tel.: + 1 (202) 473-5018

8.    Representation of the Parties
      *Arbitration Rule 18*

      8.1.    Each party shall be represented by its counsel (below) and may designate additional
              agents, counsel, or advocates by notifying the Tribunal and the Secretary of the
              Tribunal promptly of such designation.

| For Claimants | For Respondent |
|---|---|
| Ms. Karyl Nairn QC | Mr. Fernando Irurzun |
| Mr. David Kavanagh | Mr. José Luis Gómara |
| Mr. David Herlihy | Mr. Diego Santacruz |
| Ms. Sara Nadeau-Séguin | Ms. Mónica Moraleda |
| Skadden, Arps, Slate, Meagher & Flom | Mr. Javier Torres |
| (UK) LLP | Ms. Ana Rodríguez |
| 40 Bank Street | Abogacía General del Estado |
| London E14 5DS | Ministry of Justice of the Government of Spain |
| United Kingdom | Calle Ayala 5 |
| | 28001, Madrid |
| Emails: | Spain |
| karyl.nairn@skadden.com | Tel. + 00 34 91 390 4689 |
| david.kavanagh@skadden.com | Fax. + 00 34 91 390 4750 |
| david.herlihy@skadden.com | |
| sara.nadeau-seguin@skadden.com | Emails: |
| | aearbitraje@mjusticia.es |
| | FERNANDO.IRURZUN@mjusticia.es |
| | JOSE.GOMARA@mjusticia.es |
| | DIEGO.SANTACRUZ@mjusticia.es |
| | MONICA.MORALEDA@mjusticia.es |
| | JAVIER.TORRES@mjusticia.es |
| | ANA.RODRIGUEZE@mjusticia.es |

9.    Apportionment of Costs and Advance Payments to ICSID
      *Convention Article 61(2); Administrative and Financial Regulation 14; Arbitration*
      *Rule 28*

      9.1.    The parties shall defray the direct costs of the proceeding in equal parts, without
              prejudice to the final decision of the Tribunal as to the allocation of costs.

      9.2.    By letter of January 27, 2015 ICSID requested that each party pay US$ 100,000.00
              to defray the initial costs of the proceeding.  ICSID received Claimants' payment

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

of US$ 99,970 on February 26, 2015 and the Respondent's payment of US$ 99,935 on February 24, 2015.

9.3.    ICSID shall request further advances as needed.    Such requests shall be accompanied by a detailed interim statement of account.

10.    Place of Proceeding
*Convention Articles 62 and 63; Administrative and Financial Regulation 26; Arbitration Rule 13(3)*

10.1.    Washington, D.C. shall be the place of the proceeding.

10.2.    The Tribunal may hold hearings at any other place that it considers appropriate if the parties so agree.

10.3.    The Tribunal may deliberate at any place it considers convenient.

11.    Procedural Language(s), Translation and Interpretation
*Administrative and Financial Regulation 30(3) and (4); Arbitration Rules 20(1)(b) and 22*

11.1.    English and Spanish are the procedural languages of the arbitration.

*For ICSID Secretariat*

11.2.    Routine, administrative, or procedural correspondence addressed to or sent by the ICSID Secretariat may be in either procedural language.

*For Parties' Pleadings*

11.3.    Any written requests and applications shall be submitted in one procedural language, provided that a translation of such document to the other procedural language is filed within five (5) business days thereafter.[2]

11.4.    Pleadings, expert opinions, witness statements, and any other accompanying documentation (excluding legal authorities) shall be submitted in one procedural language, provided that a translation of such document to the other procedural language is filed within fifteen (15) business days thereafter.

---

[2] The Tribunal takes note of the parties' common understanding expressed during the First Session that, in the event of urgent requests or applications, the translations into the other procedural language shall be provided in a shorter time frame to allow prompt resolution of the matter.

11.5.   If the document is lengthy and relevant only in part, it is sufficient to translate only relevant parts, provided that the Tribunal may require a fuller or a complete translation at the request of any party or on its own initiative.

11.6.   Translations need not be certified unless there is a dispute as to the translation provided and the party disputing the translation specifically requests a certified version.

11.7.   Documents exchanged between the parties under §15 below (Production of Documents) need not be translated and will be exchanged between the parties in the language in which they were originally produced.

*For Hearings*

11.8.   Simultaneous interpretation from one procedural language into the other procedural language shall be available during hearings.  The testimony of a witness called for examination during the hearing who prefers to give evidence other than in the English or Spanish languages shall be interpreted simultaneously into both procedural languages.

11.9.   The parties will notify the Tribunal, as soon as possible, and no later than at the pre-hearing organizational meeting (see §19 below), which witnesses or experts require interpretation.

11.10.  The costs of the interpreter(s) will be paid from the advance payments made by the parties, without prejudice to the decision of the Tribunal as to which party shall ultimately bear those costs.

*For Tribunal's Documents Except the Award*

11.11.  The Tribunal may initially make any order or decision in one procedural language, and subsequently issue that order or decision in the other procedural language. Both language versions shall be equally authentic.

*For Tribunal's Award*

11.12.  The Tribunal shall render the Award in English and Spanish simultaneously.  Both language versions shall be equally authentic.

12.   Routing of Communications
      *Administrative and Financial Regulation 24*

12.1.   The ICSID Secretariat shall be the channel of written communications between the

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)

**Procedural Order No. 1**

parties and the Tribunal.

12.2.    Each party's written communications shall be transmitted by email or other electronic means to the opposing party and to the Secretary of the Tribunal, who shall send them to the Tribunal.

12.3.    Electronic versions of communications ordered by the Tribunal to be filed simultaneously shall be transmitted to the Secretary of the Tribunal only, who shall send them to the opposing party and the Tribunal.

12.4.    The Secretary of the Tribunal shall not be copied on direct communications between the parties when such communications are not intended to be transmitted to the Tribunal.

13.    Number of Copies and Method of Filing of Parties' Pleadings
       *Administrative and Financial Regulation 30; Arbitration Rules 20(1)(d) and 23*

13.1.    By the relevant filing date, the parties shall submit by email to the Secretary of the Tribunal and the opposing party an electronic version (without exhibits) of the pleading, witness statements, expert reports and a list of exhibits.[3]  The parties shall upload the pleading with all the supporting documentation to the folder created by ICSID for this case in the World Bank's file sharing system by the following business day.

13.1.1.    The parties shall courier to the <u>Secretary of the Tribunal</u> within the following seven (7) business days:[4]

13.1.1.1.    one <u>unbound</u> hard copy in A4/Letter format[5] of the entire submission, including signed originals of the pleading, witness statements, and expert reports, together with exhibits (but not including legal authorities);

13.1.1.2.    one hard copy in A5 format of the entire submission including the pleading, the witness statements, expert reports, and exhibits (but not including legal authorities); and

13.1.1.3.    two USB drives with full copies of the entire submission, including the pleading, the witness statements, expert reports, exhibits, and legal authorities.

---

[3] Please note that the World Bank server does not accept emails larger than 25 MB.
[4] For the avoidance of doubt, Saturdays and Sundays shall not be considered business days.
[5] The A4/Letter format is required for ICSID's archiving.

Page 9 of 18

13.1.2.  at the same time, courier to the <u>opposing party</u> at the address(es) indicated at §8.1 above

    13.1.2.1.  two hard copies in A4/Letter format of the entire submission including the pleading, the witness statements, expert reports, and exhibits (but not including legal authorities); and

    13.1.2.2.  two USB drives with a full copy of the entire submission, including the pleading, the witness statements, expert reports, exhibits, and legal authorities.

13.1.3.  at the same time, courier to <u>each Member of the Tribunal</u> at the addresses indicated at §2.3 above:

    13.1.3.1.  one hard copy of the entire submission including the pleading, the witness statements, expert reports, and exhibits (but not including legal authorities) in the following formats:  A4/Letter format (Prof. McRae and Prof. Boisson de Chazournes) and A5 format (Mr. Fortier); and

    13.1.3.2.  one USB drive with a full copy of the entire submission, including the pleading, the witness statements, expert reports, exhibits, and legal authorities.

13.2.  Legal authorities shall be submitted in electronic format only, unless a hard copy is specifically requested by the Tribunal.

13.3.  Electronic versions of pleadings, witness statements and expert reports shall be text searchable (i.e., OCR PDF or Word).

13.4.  Pleadings shall be accompanied by an index hyperlinked to the supporting documentation.

13.5.  The official date of receipt of a pleading or communication shall be the day on which the electronic version is sent to the Secretary of the Tribunal.

13.6.  A filing shall be deemed timely if sent by a party by midnight, Washington, D.C. time, on the relevant date.

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

14.    Number and Sequence of Pleadings
       *Arbitration Rules 20(1)(c), 20(1)(e), 29 and 31*

       14.1.    The proceedings shall consist of a written phase followed by an oral phase.

       14.2.    The sequence of pleadings and relevant dates are set out in **Annex A** hereto.

       14.3.    The parties will include with their Reply and Rejoinder only additional written testimony and documents or other evidence as is necessary to respond to or rebut the matters raised in the other party's immediately previous written pleading.

15.    Production of Documents
       *Convention Article 43(a); Arbitration Rules 24 and 33-36*

       15.1.    The Tribunal will consider the IBA Rules on the Taking of Evidence in International Arbitration 2010 ("**IBA Rules**") as guidelines with respect to any requests for document production.

       15.2.    The document production phase shall be managed through the process described below.

                15.2.1.    Each party may submit a Request to Produce Documents along the lines of Article 3 of the IBA Rules.

                15.2.2.    To the extent not objected to by the parties, each party shall produce the documents as requested by the other party.

                15.2.3.    A party may object to one or more requests in the other party's Request to Produce Documents on the basis of the objections set forth in Article 9(2) or a failure to satisfy any of the requirements in Article 3(3) of the IBA Rules.

                15.2.4.    In the event of an objection as mentioned in the preceding sub-section, the other party may reply to the objection.

                15.2.5.    The Tribunal shall decide on the objections.

                15.2.6.    The request, objection, reply, and decision shall be in the form of a so-called "Redfern Schedule" a template of which is provided as **Annex B**.

                15.2.7.    If and to the extent that the Tribunal rejects the objection, each party shall produce the documents to the other party.

15.3.   The documents produced in this phase shall be directly provided to the other party and not to the Members of the Tribunal or the Secretary of the Tribunal.  These documents shall not be considered as part of the record until one of the parties files them as documentary evidence in accordance with §16.

16.   Submission of Documents
*Convention Article 44; Administrative and Financial Regulation 30; Arbitration Rule 24*

16.1.   The Memorial and Counter-Memorial shall be accompanied by the documentary evidence relied upon by the parties, including exhibits and legal authorities.  Further documentary evidence relied upon by the parties may be submitted in rebuttal with the Reply and Rejoinder.

16.2.   The documents shall be submitted in the manner and form set forth in §13 above.

16.3.   Neither party shall be permitted to submit additional or responsive documents after the filing of its respective last written submission, save under exceptional circumstances at the discretion of the Tribunal upon a reasoned written request followed by observations from the other party.

16.3.1.   Should a party request leave to file additional or responsive documents, that party may not annex the documents that it seeks to file to its request.

16.3.2.   If the Tribunal grants such an application for submission of an additional or responsive document, the Tribunal shall ensure that the other party is afforded sufficient opportunity to make its observations concerning such a document.

16.4.   The Tribunal may call upon the parties to produce documents or other evidence in accordance with ICSID Arbitration Rule 34(2).

16.5.   The documents shall be submitted in the following form:

16.5.1.   Exhibits shall be numbered consecutively throughout these proceedings.

16.5.2.   The number of each Exhibit containing a document produced by Claimants shall be preceded by the letter "C-" for factual exhibits and "CL-" for legal exhibits containing authorities etc.  The number for each Exhibit containing a document produced by Respondent shall be preceded by the letter "R-" for factual exhibits and "RL-" for legal exhibits containing authorities etc.

16.5.3. Each Exhibit shall have a divider with the Exhibit identification number on the tab.

16.5.4. A party may produce several documents relating to the same subject matter within one Exhibit, numbering each page of such Exhibit separately and consecutively.

16.5.5. Exhibits shall also be submitted in PDF format and start with the number "C-0001" and "R-0001," respectively.

16.5.6. Copies of documentary evidence shall be assumed to be authentic unless specifically objected to by a party, in which case the Tribunal will determine whether authentication is necessary.

16.6. The parties shall file all documents only once by attaching them to their pleadings. Documents so filed need not be resubmitted with witness statements even if referred to in such statements.

16.7. Demonstrative exhibits (such as Power Point slides, charts, tabulations, etc.) may be used at any hearing, provided they contain no new evidence. Each party shall number its demonstrative exhibits consecutively, and indicate on each demonstrative exhibit the exhibit number of the document(s) from which it is derived. The party submitting such exhibits shall provide them in hard copy to the other party, the Members of the Tribunal, the Secretary of the Tribunal, the court reporter(s) and interpreter(s) at the hearing.

17. Witness Statements and Expert Reports
*Convention Article 43(a); Arbitration Rule 24*

17.1. The Tribunal will consider the IBA Rules as guidelines with respect to witnesses of fact and expert witnesses.

17.2. Witness statements and expert reports shall be filed together with the parties' pleadings.

17.3. Documents on which the Party-Appointed Expert relies that have not already been submitted shall be provided with that Expert's report.

17.4. The Tribunal shall not admit any testimony that has not been filed with the written submissions, unless the Tribunal determines that exceptional circumstances exist.

17.5. Each witness statement and expert report shall be signed and dated by the witness or expert.

18.    Examination of Witnesses and Experts
       *Arbitration Rules 35 and 36*

      18.1.    Additionally to Arbitration Rules 35 and 36, the Tribunal will consider the IBA Rules as guidelines with respect to the examination of witnesses and experts.

      18.2.    Each witness whose witness statement has been submitted as aforesaid in §17 shall be available for examination at the Hearing, subject to the provisions of this Procedural Order. Each party is entitled to cross-examine witnesses at the Hearing by notification to the party which has submitted the witness statement and to the Arbitral Tribunal. If the appearance and/or examination of a witness has not been requested, none of the parties shall be deemed to have (i) admitted any facts or opinions stated in the witness statement or (ii) agreed to the correctness of the content of the witness statement. The Tribunal may adopt the conclusions it deems appropriate where no good reason has been given for the failure by a witness to appear or a lack of cooperation by a party to ensure the witness's appearance.

      18.3.    The procedure for examining witnesses at the Hearing shall be the following:

          (a)    Before giving evidence, witnesses shall make the declaration set out in ICSID Arbitration Rule 35(2), and experts shall make the declaration set out in ICSID Arbitration Rule 35(3).

          (b)    The witness statement of each witness shall stand in lieu of the examination by the party producing the witness ("direct examination"), subject to paragraph (d) below.

          (c)    The examination shall be limited to matters that have arisen in the witness statements. If a party wishes that the examination covers other subject matters, that party shall provide an advance notification about the additional subject matter(s), explaining why the witness in question is competent to testify on the additional subject matter(s). Should the other party object, the Arbitral Tribunal shall decide whether an expansion of the scope of examination is permissible.

          (d)    Each witness giving oral evidence may first be briefly examined in direct examination. The maximum length of the direct examination of a fact witness shall be 10 minutes.

          (e)    Expert witnesses may give a summary presentation of the conclusions reached in their reports either by way of direct examination or a presentation. The maximum length of time for such direct examination or presentation shall

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

be agreed between the parties or determined by the Tribunal at its Pre-Hearing Organizational Meeting.

(f)    The direct examination shall be followed by the examination by the other side ("cross-examination"), and subsequently by the party producing the witness ("re-direct examination").

(g)    The re-direct examination shall be limited to matters that have arisen in cross-examination.

(h)    Re-cross examination may be permitted by the Tribunal only upon application of a party.  If the application is granted, the adverse party will be entitled to a re-re-direct examination limited to matters that have arisen in the re-cross examination.

(i)    The Tribunal shall have the right to interject questions during the examination and may ask questions after the re-examination.  Each side shall be afforded the opportunity to ask the witness follow-up questions limited to matters that have arisen during the examination by the Tribunal.

(j)    The Tribunal shall also at all times have complete control over the procedure in relation to a witness giving oral evidence, including the right to limit or deny on its own motion or at the request of a party, the right of a party to examine a witness in direct examination, cross-examination or re-direct if it appears to the Tribunal that such examination or evidence is unlikely to serve any further relevant purpose.

18.4.    The provisions of this §18 also apply to expert witnesses, with the addition that any expert witness report shall attach, or make reference to, if previously exhibited, all documents upon which the report relies.

18.5.    The parties will discuss any additional rules on the examination of witnesses and experts prior to the Pre-Hearing Organizational Meeting and will submit to the Tribunal any issue on which they do not reach an agreement by the date fixed by the Tribunal.

19.    Pre-Hearing Organizational Meetings
*Arbitration Rule 13*

19.1.    A pre-hearing organizational meeting shall be held at a date to be determined by the Tribunal after consultation with the parties, by telephone between the Tribunal, or its President, and the parties in order to resolve any outstanding procedural, administrative, and logistical matters in preparation for the hearing.

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

20. <u>Hearings</u>
*Arbitration Rules 20(1)(e) and 32*

   20.1.   The oral procedure shall consist of a hearing for examination of witnesses and experts, if any, and for oral arguments.

   20.2.   The hearing shall be held at a place to be determined.

   20.3.   The hearing shall take place on the dates provided in **Annex A**.

   20.4.   The Members of the Tribunal shall reserve at least one day after the hearing to determine the next steps and to hold deliberations.

   20.5.   The principle of equal time shall be observed at the hearing, subject to any contrary decision by the Tribunal.

   20.6.   Hearings will be closed to the public.  Any petition for the presence of other persons besides the parties, their agents, counsel and advocates, witnesses and experts during their testimony, and officers of the Tribunal shall be decided by the Tribunal in application of Arbitration Rule 32(2).

   20.7.   The hearing shall, as the case may be, proceed as follows:

   (a) Opening Statement by Claimants;
   (b) Opening Statement by Respondent;
   (c) Examination of Claimants' fact witnesses;
   (d) Examination of Respondent's fact witnesses;
   (e) Examination of Claimants' expert witnesses;
   (f) Examination of Respondent's expert witnesses;
   (g) Closing Statement by Claimants;
   (h) Closing Statement by Respondent.

   This matter will be revisited in the event of a bifurcated proceeding.

21. <u>Records of Hearings and Sessions</u>
*Arbitration Rules 13 and 20(1)(g)*

   21.1.   Sound recordings shall be made of all hearings and sessions.  The sound recordings shall be provided to the parties and the Members of the Tribunal.

   21.2.   Verbatim transcripts in the procedural languages shall be made of any hearing and session other than sessions on procedural issues.  Unless otherwise agreed by the parties or ordered by the Tribunal, the verbatim transcripts shall be available in real-

time using LiveNote or similar software and electronic transcripts shall be provided to the parties and the Tribunal on a same-day basis.

21.3.   The parties shall agree on any corrections to the transcripts within 21 days of the later of the dates of the receipt of the sound recordings and transcripts.  The agreed corrections may be entered by the court reporter in the transcripts ("revised transcripts").  The Tribunal shall decide upon any disagreement between the parties and any correction adopted by the Tribunal shall be entered by the court reporter in the revised transcripts.

22.   Post-Hearing Memorials and Statements of Costs
*Convention Article 44; Arbitration Rule 28(2)*

22.1.   The parties will discuss any rules on the post-hearing memorials and statements of costs prior to the Pre-Hearing Organizational Meeting and will submit to the Tribunal any issue on which they do not reach an agreement by the date fixed by the Tribunal.

23.   Publication
*Convention Article 48(5), Administrative and Financial Regulation 22, Arbitration Rule 48(4)*

23.1.   The ICSID Secretariat shall not publish any ruling issued in the present proceeding without the consent of the parties, unless it has been previously published by any other source.

24.   Other Matters

24.1.   European Commission's Application for Leave to Intervene as a Non-Disputing Party (Arbitration Rule 37(2))

24.1.1.   The Parties shall file written observations on this application on the dates established in **Annex A**.

24.2.   Third Party Funding

24.2.1.   The Tribunal takes note that, at Respondent's counsel request, Claimants' counsel confirmed during the First Session that no third party funding arrangement is in place for this arbitration.

*NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*
*v. Kingdom of Spain*
(ICSID Case No. ARB/14/11)
**Procedural Order No. 1**

For and on behalf of the Tribunal,


Donald M. McRae
President of the Tribunal
Date: 21 May 2015

Page 18 of 18