UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTERA ENERGY GLOBAL HOLDINGS B.V.; *and* NEXTERA ENERGY SPAIN HOLDINGS B.V., <br><br> Petitioners, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> Respondent. | No.: 1:19-cv-01618-TSC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION TO STRIKE PETITIONERS' CROSS-MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO STAY BRIEFING SCHEDULE ON PETITIONERS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Respondent the Kingdom of Spain ("Spain") submits this memorandum of law in support of its Motion to Strike Petitioners' Cross-Motion for Summary Judgment, or, in the alternative, to stay the Briefing Schedule on Petitioners' Cross-Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") initiated this action to enforce an arbitral award (the "Petition'). After this Court lifted its stay that had been in place pending a proceeding to annul the arbitral award, Spain promptly renewed it motion to dismiss the petition, presenting several jurisdictional defenses, including that it was completely immune from suit under the doctrine of sovereign immunity. As laid out in Spain's memorandum of law in support of its motion to dismiss, Spain is immune from suit because of its sovereign immunity (the "Motion to Dismiss") (*see* ECF No. 62-78). Furthermore, Spain has a right to have its sovereign immunity defense conclusively

1

determined as a threshold matter before it is forced to defend this suit on the merits.

In spite of Spain's Motion to Dismiss on this important threshold issue, NextEra filed a purported "Cross-Motion for Summary Judgment" (the "Cross-Motion") on June 9, 2022. NextEra's Cross-Motion seeks summary judgment on the underlying merits of the Petition. As the Supreme Court and D.C. Circuit Court precedent makes clear, Spain is entitled to have its sovereign immunity defense decided before it is forced to litigate and defend against the merits of NextEra's suit. To force Spain to fully brief and address the points in the Cross-Motion would deprive Spain of the comity that foreign sovereigns are afforded in U.S. courts, and would potentially subject Spain to the burden of having to defend NextEra's case when the Court does not actually have jurisdiction over Spain. An orderly procedure to resolve the litigation by addressing the Court's jurisdiction first is particularly warranted where opposing NextEra's Cross-Motion will require further extensive briefing on other non-jurisdictional issues.

For those reasons, NextEra's Cross-Motion should either be stricken, or briefing should be stayed until after this Court rules on Spain's sovereign immunity defense.

## RELEVANT FACTS

On June 3, 2019, NextEra filed its petition seeking to confirm an arbitration award. *See* Dkt. #1. The case was stayed on September 30, 2020, while a proceeding took place in Spain to annul the award. *See* ECF No. 38. The parties submitted a Joint Status Report on March 25, 2022 (the "Joint Status Report"), informing the Court that the proceeding in Spain had concluded, and which included a "final supplemental briefing timetable related to the substantive portions of Respondent's Motion to Dismiss." ECF No. 59. On April 28, 2022, Spain filed a Consent Motion for an Order which included a briefing schedule for Respondent's Motion to Dismiss. ECF No. 61. Neither the Consent Motion nor the Joint Status Report made a request for a briefing schedule

on any cross-motion for summary judgment.

On April 29, 2022, the Court lifted the stay that had been in place. *See* Case No.: 1:19-cv-01618-TSC, Minute Order on April 29, 2022 (the "April 29, 2022 Minute Order"). The April 29, 2022 Minute Order stated "Defendant may file a renewed motion to dismiss by 5/2/22. Opposition brief due 6/1/22. Reply Brief due 6/22/22." The April 29, 2022 Minute Order did not include any briefing schedule for a cross-motion for summary judgment.

On May 2, 2022, Spain filed the renewed Motion to Dismiss, asserting sovereign immunity as a defense and challenging the Court's jurisdiction. ECF No. 62.

On June 9, 2022, Next Era filed an opposition to Spain's Motion to Dismiss, along with a purported "Cross-Motion for Summary Judgment." ECF No. 68. The Cross-Motion seeks a resolution of the Petition on its merits, and asks that NextEra's arbitral award "be summarily confirmed." Cross-Motion at 8.

## LEGAL STANDARD

The Court has inherent power to control its own docket, including the ability to set or stay a briefing schedule. *Cf. Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also* Local Rule 7(b) ("Within 14 days of date of service *or at such other time as the Court may direct*, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.") (emphasis added).

## ARGUMENT

NextEra's cross-motion for summary judgment should be denied, or in the alternative, the

3

briefing schedule should be stayed, because it violates Spain's right to receive a determination on its sovereign immunity defense under the Foreign Sovereign Immunities Act ("FSIA") before it can be forced to defend against the merits of the Petition.

Under the FSIA, a foreign state such as Spain is presumptively immune from jurisdiction in United States courts, and no subject matter jurisdiction exists over a foreign state unless a specified exception in the FSIA applies. *Bae Ge v. Li Peng*, 201 F.Supp.2d 14, 23 (D.D.C. 2000); *see also Phoenix Consulting Inc v. Republic of Angola*, 216 F.3d 36, 39 (D.C.C. 2000). If no exception to Spain's sovereign immunity applies, Spain has "an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *Phoenix Consulting*, 216 F.3d at 39.

As the United States Supreme Court has stated, "a court should decide the foreign sovereign's immunity defense '[a]t the threshold' of the action." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1324 (2017) (citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493-94 (1983). Because the doctrine of sovereign immunity is a complete immunity from litigation, and not a mere defense to liability, the "district court must make the critical preliminary determination of its own jurisdiction as early in the litigation as possible; to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit." *Phoenix Consulting,* 326 F.3d at 39; *see also Process and Industrial Developments Limited v. Federal Republic of Nigeria*, 962 F.3d 576, 586 (D.C. Cir. 2020) ("the district court impermissibly ordered Nigeria to brief the merits while its colorable immunity assertions remains pending…").

If foreign sovereign's sovereign immunity defense is not therefore addressed before the merits of the case, "the purpose to be served by sovereign immunity [would] be unduly

compromised." *Price v. Socialist People's Libyan Jamahiriya*, 389 F.3d 192, 197 (D.C. Cir. 2004); *see also Phoenix Consulting*, 216 F.3d at 39 ("to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit.") (quotations omitted); *Segni v. Com. Off. of Spain*, 816 F.2d 344, 347 (7th Cir. 1987) ("A foreign government should not be put to the expense of defending what may be a protracted lawsuit without an opportunity to obtain an authoritative determination of its amenability to suit at the earliest possible opportunity."). NextEra even concedes that the sovereign immunity question must be addressed first by this Court, noting in the Cross-Motion that "once the Court concludes it has subject matter jurisdiction under the FSIA to confirm the [a]ward," then the award should be enforced. Cross-Motion at 52.

The case of *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020) is instructive. In *P&ID*, the D.C. Circuit Court of Appeals overturned a district court decision which had forced Nigeria to brief its sovereign immunity defense as well as the merits of the underlying litigation. The D.C. Circuit ruled that a district court "must resolve colorable assertions of immunity before the foreign sovereign may be required to address the merits at all." *Id.* at 586. The Court of Appeals noted that Nigeria was permitted to file its own motion under Federal Rule of Civil Procedure 7(b) in response to plaintiff's petition to confirm the arbitral award, and stated nothing prevented Nigeria "from seeking what the FSIA guarantees—resolution of an immunity assertion before the sovereign can be compelled to defend the merits." *Id*. at 585.

In addition, a ruling to strike NextEra's Cross-Motion, or to stay briefing on it, is in the interests of judicial economy. If the Motion to Dismiss on the grounds of sovereign immunity is granted, the entire case will be dismissed; even if the motion is denied, it will be immediately appealable to the D.C. Circuit Court of Appeals for a prompt resolution. *See, e.g., Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020); *Phoenix Consulting,* 216

F.3d 36 (D.C. Cir. 2000).

Finally, a resolution on Spain's sovereign immunity defense is particularly warranted here, given the extensive briefing that would be required to oppose NextEra's Cross-Motion. As stated in the Motion to Dismiss, Spain has reserved its right to present its defenses on the merits to the petition. *See* Motion to Dismiss at 48, n.12. Contrary to NextEra's assertion that it has "presented an undisputedly authentic arbitration award" (Cross-Motion at 52), Spain plans to assert (and has a good basis to assert) that the arbitral award was procured by fraud, which will obviously require further additional filings. Relatedly, Spain also intends to challenge the underlying documentation submitted by NextEra, which have been improperly translated. NextEra's arguments in its Cross-Motion that Spain has asserted defenses that go to the merits of this litigation are not persuasive, given that Spain's grounds for dismissal in the Motion to Dismiss **are all jurisdictional**.

As detailed further in its Motion to Dismiss, Spain has presented two other grounds for dismissal besides its sovereign immunity defense. The first is that the Court does not have jurisdiction under the FSIA because there is no jurisdiction unless an agreement to arbitrate exists. However, whether an arbitration agreement exists goes to the Court's jurisdiction. *See, e.g., LLC SPC Stileks v. Rep. of Moldova*, 2021 WL 137251, at *3 (D.C. Cir. Jan. 15, 2021) ("In *Chevron Corp. v. Republic of Ecuador*, we clarified that jurisdiction under the arbitration exception requires more than a claim invoking an arbitration award. Rather, the existence of an arbitration agreement, an arbitration award and a treaty governing the award are all jurisdictional facts that must be established.") (citations omitted) (emphasis added) (*aff'd by* 985 F.3d 871 (D.C. Cir. 2021)). Second, Spain sought dismissal under the doctrine of *forum non conveniens*, which is an isolated basis for dismissal that can be made prior to a court's ruling on its own jurisdiction. *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Co.*, 549 U.S. 422 (2007) (holding that a district court has

discretion to respond to a *forum non conveniens* argument prior to taking up threshold jurisdictional questions). Raising these jurisdictional defenses, which typically must be asserted in the respondent's first responsive pleading or they will be deemed waived, cannot rob Spain of its right to receive a ruling on its sovereign immunity defense first.

## CONCLUSION

For all of the above reasons, Spain's Motion to Strike Petitioners' Cross-Motion for Summary Judgment, or, in the alternative, to stay the Briefing Schedule on Petitioners' Cross-Motion for Summary Judgment should be granted.

Dated: June 17, 2022

                Respectfully submitted,

                By:   /s/ Matthew J. Weldon

                Matthew J. Weldon
                New York Bar Number 4832408
                599 Lexington Avenue
                New York, New York 10022
                (212) 536-4042
                Matthew.Weldon@klgates.com

                Brian D. Koosed
                D.C. Bar Number 1034733
                K&L GATES LLP
                1601 K Street, N.W.
                Washington, D.C. 20006
                (202) 778-9204
                Brian.Koosed@klgates.com

                Michael DeMarco (*pro hac vice*)
                New York Bar Number 4142477
                1 Lincoln St.
                Boston, MA 02111
                (617) 951-9111
                Michael.DeMarco@klgates.com

*Counsel for Respondent Kingdom of Spain*

## CERTIFICATE OF SERVICE

I certify that on June 17, 2022, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Matthew J. Weldon
Matthew J. Weldon