## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                   :
NEXTERA ENERGY GLOBAL HOLDINGS                     :
B.V. and NEXTERA ENERGY SPAIN                      :
HOLDINGS B.V.,                                     :
                                                   :
                              Petitioners,         :
                                                   :    Civil Action No. 19-cv-01618-TSC
                         v.                        :
                                                   :
KINGDOM OF SPAIN                                   :
                                                   :
                              Respondent.          :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

## PETITIONERS' MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO STRIKE PETITIONERS' CROSS-MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO STAY BRIEFING SCHEDULE

Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") submit this memorandum in opposition to Respondent the Kingdom of Spain's ("Spain") Motion to Strike Petitioners' Cross-Motion for Summary Judgment, or, in the alternative, to Stay Briefing Schedule on Petitioners' Cross-Motion for Summary Judgment.

## PRELIMINARY STATEMENT

This is an action to confirm a large damages award rendered against Spain in 2019 under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Nov. 18, 1965, 575 U.N.T.S. 159 ("ICSID Convention") (ECF No. 1-5), which Spain continues to refuse to pay (the "Award"). The case was stayed until earlier this year while the

"annulment" process (the internal review process within the ICSID system) was exhausted.  That process has now concluded: Spain lost its challenge to the Award.

Spain first moved to dismiss this case in 2019.  It renewed the same motion, on the same grounds, in May 2022.  In each motion, Spain not only claimed it was entitled to dismissal on "sovereign immunity" grounds (under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602-11 ("FSIA")), but threw in a variety of further additional grounds for dismissal, including: (i) the Act of State Doctrine; (ii) comity; (iii) the foreign sovereign compulsion doctrine; and (iv) the claim that the award should not be entitled to "full faith and credit," supposedly on the grounds that a judgment against Spain would violate "state aid" provisions of European law.

NextEra responded to, and refuted, all of these points in its June 9, 2022 opposition.  In the same submission, NextEra also cross-moved for summary judgment – a step that ICSID award holders often take in such circumstances, and have taken in past cases involving Spain.

Spain, however, is now claiming that to adjudicate the cross-motion would improperly "force" it to adjudicate "merits" issues ahead of its sovereign immunity defenses.  This is misconceived on two levels.  First, there is no separate "merits" phase in an ICSID-governed case. Instead, "an enforcing court must generally 'do no more than examine the judgment's authenticity and enforce the obligations imposed by the award.'"  *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019) (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 102 (2d Cir. 2017)).

Second, even in award enforcement situations where a "merits" phase exists (e.g., a petition to confirm a foreign award under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38 (the "New York Convention")), the case that Spain cites, *Process & Industrial Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576

(D.C. Cir. 2020) ("*P&ID I*"),[1] plainly holds that "[a] foreign sovereign remains free to oppose a confirmation petition" by presenting ***"immunity and merits issues in a single motion,"*** in which case such issues will be decided together.  *Id.* at 585 (emphasis added).  In such settings, ***the rule in P&ID I against "order[ing] the sovereign to brief the merits before resolving a colorable assertion of immunity" does not apply because no "order" has been issued.*** *Hulley Enters. Ltd. v. Russian Fed'n*, No. 14-1996 (BAH), 2022 WL 1102200, at *1 n.1 (D.D.C. Apr. 13, 2022) ("*Hulley II*") (emphasis added) (quoting *P&ID I*, 962 F.3d at 579).  Here, Spain's motion papers – which include Act of State defenses and challenges to the "full faith and credit" treatment of the ICSID Award in addition to its sovereign immunity claims – already blend "immunity and merits issues in a single motion," thus taking this case well outside the purview of *P&ID I*.

Spain was free to respond (or not respond) to the cross-motion on the dates prescribed by the Court's rules (Spain ignored NextEra's offer to negotiate an extension of that date).  But there should be no "stay" of the cross-motion because Spain has offered no proper grounds for such relief.

Spain's agenda here is transparent.  Having lost on the merits in the underlying ICSID arbitration following a five-year proceeding, having failed to obtain an annulment of the ICSID arbitration award, and having freely chosen to bring an omnibus single motion that includes *both* merits and sovereign immunity issues, it is now desperately trying to reverse course, all admittedly in the hope of getting an interim order that leads to a lengthy interlocutory appeal to the D.C.

---

[1] The present case is governed by the ICSID Convention, whose enabling legislation mandates that an award "shall be enforced" and does not allow review of any substantive issue.  *See* Settlement of Investment Disputes Act of 1966, 22 U.S.C. § 1650a(a); ICSID Convention art. 54(1).  This is in sharp contrast with cases governed by the New York Convention, such as *P&ID I*.  *See also infra* at 7-8.

Circuit and further delays in resolving this dispute. The Court should not countenance such tactics and therefore should not grant the relief that Spain now seeks.

## PERTINENT PROCEDURAL HISTORY

A detailed summary of the factual background to this case, and the underlying €290 million arbitration award rendered in NextEra's favor by an ICSID Convention tribunal, can be found in both the originating Petition (ECF No. 1), and NextEra's June 9, 2022 Memorandum (ECF No. 68, pages 9 to 16).

As this is a procedural motion, it suffices to note that:

- NextEra brought a Petition to Confirm the ICSID award, along with a supporting affidavit and a Memorandum of Law, on June 3, 2019. ECF No. 1. Later in 2019, Spain acknowledged service and agreed to a date for service of opposition papers. ECF No. 12.

- On October 11, 2019, Spain filed a motion to dismiss or stay the present action. ECF No. 15. In the "motion to dismiss" portions of its brief, Spain contested subject matter jurisdiction under the FSIA, but it did not confine itself to that issue arguing, in addition, that – even assuming subject matter jurisdiction existed – confirmation of the Award would violate the Act of State doctrine and principle of comity, and that the Award should be denied "full faith and credit." *Id.* at 23-24, 36-44.

- Spain repeated these arguments in a reply brief filed on February 7, 2020. ECF No. 26.

- On September 30, 2020, the Court stayed the present action pending resolution of Spain's application to annul the award (which was being heard by an ICSID Convention annulment committee) and denied, without prejudice, Spain's motion to dismiss. *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 19-cv-01618 (TSC), 2020 WL 5816238, at *3 (D.D.C. Sept. 30, 2020) (ECF No. 38); *see also* ECF No. 39 (Order).

- On March 25, 2022, the parties notified the Court that Spain's annulment application had been dismissed in its entirety, and that they had agreed a timetable by which Spain would submit a new motion to dismiss that would re-submit the arguments previously made in 2019. ECF No. 59.

- On April 29, 2022, the Court issued a Minute Order lifting the stay and adopting the agreed timetable.

- On May 2, 2022, Spain filed its present motion to dismiss. ECF No. 62.

- On May 31, 2022, on the joint consent motion of both parties, the Court issued a Minute Order making certain amendments to the agreed timetable.

- On June 9, 2022, NextEra filed its opposition to Spain's renewed motion to dismiss. ECF No. 68. NextEra simultaneously filed a cross-motion for summary judgment. ECF No. 70; *see also* ECF Nos. 68-69, 68-70.

Under the agreed timetable, the date for Spain to file a reply on the motion to dismiss is presently June 29, 2022. Min. Order, *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 19-cv-01618 (TSC) (D.D.C. May 31, 2022). The agreed timetable, however, does not include an agreed date for Spain to respond to the cross-motion for summary judgment. On June 10, 2022, therefore, NextEra's counsel wrote to Spain's counsel, indicating that it (NextEra) was willing to agree reasonable adjustments to the timetable to give Spain more time to respond to NextEra's submission. June 24, 2022 Declaration of Cesar Riviere ("Riviere II Decl.") Ex. 1. Spain did not respond, however.

Instead, on June 17, 2022, Spain filed the present motion, seeking to "strike" NextEra's cross-motion for summary judgment or, in the alternative, to stay briefing on the motion. ECF No. 71. Spain did not file a response to the cross-motion itself.

## I.
## SPAIN'S MOTION TO STRIKE IS IMPROPER

### A.    Under Prevailing Legal Standards, a Summary Judgment Motion Cannot be the Subject of a "Motion to Strike"

Although seeking to "strike" NextEra's cross-motion for summary judgment, Spain does not discuss – *at all* – the relevant legal standards applicable to such an application. Courts in this District have universally held, and the plain text of the Federal Rules of Civil Procedure clearly describes, that motions to strike can only strike pleadings and *cannot* be used for other filings, such as motions. *See* Fed. R. Civ. P. 12(f).

"[A] motion to strike is a drastic remedy that courts disfavor." *Gates v. District of Columbia*, 825 F. Supp. 2d 168, 169 (D.D.C. 2011). A motion to strike can only be brought in limited circumstances pursuant to Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, "motions to strike can be directed only at pleadings"; they cannot be directed at a motion or a "memorandum in support of [a] motion for summary judgment, which is not a pleading." *McFadden v. Wash. Metro. Area Transit Auth.*, 204 F. Supp. 3d 134, 140 (D.D.C. 2016); *see also Powell v. Davis*, No. 18-cv-0297 (CRC), 2018 WL 5621491, at *2 n.3 (D.D.C. Oct. 30, 2018) ("A motion . . . is not a 'pleading' within the meaning of Federal Rule of Civil Procedure 7(a), and is thus not subject to a motion to strike a pleading under Rule 12(f).").

In neither its motion nor its accompanying memorandum does Spain even mention these standards (or Rule 12(f)), let alone cite to any precedent supporting its contention that NextEra's motion for summary judgment can be struck from the record pursuant to a motion to strike.[2] Standing alone, this warrants denial of Spain's application.

### B. Even if the Motion Could be Entertained, Spain Fails to Identify Any Material that Supports "Striking"

Even if Rule 12(f) were capable of being applied to NextEra's motion, Spain fails to show that any material filed by NextEra warrants striking. Under Rule 12(f), only "redundant, immaterial, impertinent, or scandalous matter" can be stricken. Fed. R. Civ. P. 12(f). No such material has been identified.

---

[2]  Spain's lack of any description of the legal basis for its motion to strike is itself a violation of Federal Rule of Civil Procedure 7(b)(1)(B), which requires a motion to "state with particularity the grounds for seeking the order." *Id.*

Instead, Spain appears simply to be using a "motion to strike" to deter the Court from considering the cross-motion. This, however, squarely violates the principle that a motion to strike "is not a vehicle to penalize parties and prevent the court from considering a party's motion." *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005).

Here, there is nothing unusual at all about NextEra's cross-motion. Summary judgment is the proper course in a case such as this. *See, e.g.*, *Mobil Cerro Negro*, 863 F.3d at 118 ("After the complaint is filed and service effected, the award-creditor may file a motion for judgment on the pleadings . . . or a motion for summary judgment."); *TECO*, 414 F. Supp. 3d at 101 (To enforce an ICSID award after finding jurisdiction, the Court need only "ensure that the award is authentic" and "that its enforcement order is consistent with the award.").[3]

NextEra's cross-motion for summary judgment is thus a proper motion brought with a substantiated legal basis at an appropriate juncture in the current proceeding. Accordingly, Spain's motion to strike fails to comply with the rules of the Court and should be denied.

## II.
## SPAIN'S MOTION TO STAY IS WITHOUT MERIT

### A.    Spain, Having Chosen to Argue Merits and Jurisdictional Issues Simultaneously, Cannot Complain that NextEra is Seeking Summary Judgment

Spain's request for a stay is premised on the idea that it has the "right" to have its sovereign immunity defenses "determined as a threshold matter before it is forced to defend this suit on the merits." ECF No. 71 at 1-2. In this regard, it relies on *P&ID I*, a case holding that, in an award

---

[3]    The formality of filing a dispositive motion to enforce an ICSID award may not even be necessary. *See* Min. Order, *Tethyan Copper Co. v. Islamic Republic of Pak.*, No. 1:19-cv-02424 (TNM) (D.D.C. Mar. 31, 2022) (directing the parties to submit a "joint proposed final judgment" enforcing an ICSID award after the rejection of the respondent state's motion to dismiss even absent a dispositive cross-motion).

enforcement action governed by the New York Convention, a district court should not have issued a case management order compelling briefing on the "merits," and should have acceded to Nigeria's request to present objections to subject-matter jurisdiction as a threshold matter.[4] *P&ID I*, 962 F.3d at 580, 584-86.

*P&ID I*, however, is distinguishable for two separate and independent reasons. First, *P&ID I* involved a confirmation petition under the New York Convention and Chapter II of the Federal Arbitration Act, 9 U.S.C. §§ 201-08. As such, that case fell into two distinct stages: a jurisdictional stage (where the applicability of the "arbitration exception" and "waiver exception" under the FSIA were at issue), and a "merits" stage, in which the award debtor (Nigeria) would be entitled to argue that the award should be denied recognition under the grounds specified in Article V of the New York Convention. In sharp contrast, the legislation that effectuates the ICSID Convention affords literally *no* opportunity for "merits" review of an ICSID Convention Award. *See* 22 U.S.C. § 1650a(a) (ICSID awards "shall be enforced"); *Tethyan Copper Co. v. Islamic Republic of Pak.*, No. 1:19-cv-02424 (TNM), 2022 WL 715215, at *3 (D.D.C. Mar. 10, 2022) ("Congress also prohibited courts from using the more robust form of judicial review available under the [FAA] to analyze ICSID awards."); *Tidewater Inv. SRL v. Bolivarian Republic of Venez.*, No. 17-1457 (TJK), 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018) (Section 1650a "envision[s] no role for this Court beyond ensuring its own jurisdiction over this action."); *Mobil Cerro Negro*, 863 F.3d at 118 (An "ICSID award-debtor . . . [is not] permitted to make substantive challenges to the award."). The Court's "limited role 'reflects an expectation [under the ICSID Convention] that the

---

[4]    The same argument was presented in a footnote in Spain's May 2, 2022 motion to dismiss (ECF No. 62-78 at 48 n.12) and refuted in NextEra's June 9, 2022 opposition (ECF No. 68 at 52-55). Spain pays no heed to any of the refutation made by NextEra already, and so it is necessary to reiterate these points.

courts of a member nation will treat the award as final." *Micula v. Gov't of Romania*, 404 F. Supp. 3d 265, 275-76 (D.D.C. 2019) (citation omitted), *aff'd*, 805 F. App'x 1 (D.C. Cir. 2020); *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, No. 17-102 (RDM), 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018) ("A member state is 'not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award;' all it may do is 'examine the judgment's authenticity and enforce the obligations imposed by the award.'" (citation omitted)). Thus, the rationale underlying the D.C. Circuit's decision in *P&ID I* (separating the adjudication of jurisdiction and merits stages) simply does not apply here.

Second, *P&ID I* is further distinguishable because, unlike in that case, Spain here has *chosen* to present merits and jurisdiction arguments simultaneously. The D.C. Circuit squarely held in *P&ID I* that "[a] foreign sovereign remains free to oppose a confirmation petition" by presenting ***immunity and merits issues in a single motion,*** 962 F.3d at 585 (emphasis added), in which case there is no basis to demand early adjudication of subject matter jurisdiction. *P&ID I* does not grant a respondent sovereign an unqualified right to prolong an award enforcement proceeding.

This tactic of submitting jurisdictional and merits arguments "in a single motion" is precisely what Spain has done in this proceeding, both in its October 11, 2019 motion to dismiss and again in its current motion to dismiss filed on May 2, 2022. Such arguments include, for example:

- Spain's claims stemming from the supposed illegality under EU law of enforcing the Award (e.g., its foreign sovereign compulsion and state aid claims). *Cf. Micula*, 404 F. Supp. 3d at 285 ("The contention that some portion of the Award violates EU law [on state aid] goes to the merits of the ICSID panel's determination.").

- Spain's attempt to invoke the Act of State doctrine is similarly "a substantive rather than a jurisdictional defense." *See United States v. Sum of $70,990,605*, 4 F. Supp. 3d 189, 204 (D.D.C. 2014) (citation omitted).

- Spain's claim that the Award is not entitled to "full faith and credit" is also a merits point; it assumes that the Court has jurisdiction under the FSIA.  *See generally*, *TECO*, 414 F. Supp. 3d at 102-04 (Rejecting Guatemala's argument that the Full Faith and Credit Clause provides that fraud is a defense to ICSID awards because "a federal court should decline to give full faith and credit to" an ICSID award "only if" ICSID "would *itself* decline to enforce the judgment on grounds of fraud," and ICSID does not recognize any such ground for a court to refuse to enforce an award.  (Emphasis in original)).

- Even within its FSIA arguments, Spain's arguments based on the Court of Justice of the European Union's decisions in *Slovak Republic v. Achmea B.V.*, No. C-284/16 (2018) (ECF No. 62-47) and *Republic of Moldova v. Komstroy LLC*, No. C-741/19 (2021) (ECF No. 62-66) stray way beyond mere arguments as to "jurisdiction" and invite a full-blown collateral review of the Award's internal findings, which far surpasses the inquiry warranted by the FSIA and thus are a collateral merits attack on the Award.

By asserting these substantive (i.e., "merits") defenses – all of which necessarily assume that the Court will have adjudicated, and rejected, its FSIA defenses – Spain itself has thus exercised its right to brief jurisdiction and merits in a "single motion," exactly as the D.C. Circuit contemplated in *P&ID I*.  It cannot now demand that this Court ignore these choices and bifurcate this case into different stages.

*Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312 (2017), also cited by Spain, does not assist it.  That case holds that "a court should decide the foreign sovereign's immunity defense '[a]t the threshold' of the action," *id.* at 1324 (alteration in original) (citation omitted), but neither side has contested this principle.  What has occurred here, however, is that Spain, in a combined brief, has invited adjudication of sovereign immunity issues *plus other issues.*  There is no rule preventing the Court from adjudicating those defenses in the same decision (along with the cross-motion), provided that the Court's opinion analyzes subject matter jurisdiction as a "threshold issue."[5]

---

[5]    Moreover, the provision of the FSIA being relied upon in *Helmerich* (the expropriation exception, *see Helmerich*, 137 S. Ct. at 1316) was different from the ones at issue here.  The D.C. Circuit in *P&ID III* emphasized this distinction, holding that, unlike the expropriation exception (which requires showing that a taking violated international law), the "arbitration
*(cont'd)*

Guidance in this regard can be had from a recent case, *Hulley II*.  In that case, Russia filed an omnibus opposition to confirmation of a large arbitration award rendered against it in 2014. After an eight-year stay, Chief Judge Howell directed the parties to submit final briefs.  Russia, citing *P&ID I*, claimed that the court should only adjudicate its "sovereign immunity" objections. *See Hulley II*, 2022 WL 1102200, at *1 n.1.  Rejecting this argument, Chief Judge Howell held that, because Russia "already filed both its jurisdictional and non-jurisdictional, merits defense briefs concurrently," ***the restriction against "order[ing] the sovereign to brief the merits before resolving a colorable assertion of immunity" did not apply***.  *Id.* (emphasis added) (citation omitted).

Accordingly, there is zero merit to Spain's claim that it is entitled to early adjudication of subject matter jurisdiction ahead of all issues.  And the notion that it is being "forced" to do so defies reality when the current state of the pleadings is of its own making.

**B.**    **There is No Basis for a Discretionary Stay**

Spain also posits that there is a basis for a discretionary stay, supposedly under the Court's "inherent power to control its own docket, including the ability to set or stay a briefing schedule." *See* ECF No. 71 at 3.  Tellingly, it does not cite to a single case where a stay was granted in analogous circumstances.

Instead, Spain relies upon *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269 (D.D.C. 2016) ("*Hulley I*"), which granted a discretionary stay of award enforcement proceedings pending set aside proceedings in the court of the seat of arbitration, the Netherlands.  *See id.* at

---

exception" requires only the showing of prescribed "jurisdictional facts" (e.g., the existence of an arbitration agreement and award) that are not tied to merits issues.  *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 27 F.4th 771, 776 (D.C. Cir. 2022) ("*P&ID III*").

280-83 (evaluating "the extent to which the proceedings in The Hague will affect the resolution of the instant action" in determining whether a stay is warranted).

Here, however, the Award has survived an annulment challenge. Thus, the comparisons with *Hulley I* are not well taken.

Spain's motivations also should not be overlooked. Spain's evident hope is to "tee up" a decision that purely deals with subject matter jurisdiction, recognizing that any resulting interlocutory appeal could delay a final resolution of this case for many months, if not more than a year. Spain itself emphasizes that the stay would be for an indefinite period, noting that "if the motion [to dismiss] is denied, it will be immediately appealable to the D.C. Circuit Court of Appeals." ECF No. 71 at 5.

This is the opposite of "judicial economy," indeed it would work undue (and unnecessary) hardship on NextEra. *See Hulley I*, 211 F. Supp. 3d at 276 ("[T]he decision whether to grant a stay calls for the exercise of judgment by the district court, which must weigh competing interests and maintain an even balance between benefit and hardship." (quotation omitted)). And it would improperly reward Spain for what is a transparent switch in strategy.

Spain may regret having briefed jurisdiction and merits together in its motions to dismiss, but it made that choice consciously and it should not be able to change course midstream.

**C.** **Spain's Position is at Odds with its Position in Other Pending Cases**

Spain's motion makes no mention of the fact that, in at least one pending case involving an ICSID Convention award (which also has survived annulment), Spain has consented to a motion timetable that involves a cross-motion for summary judgment. *See* Pl.'s Consent Mot. for Adjournment of Briefing Schedule with Respect to Spain's Mot. to Dismiss, at 1, *Cube Infrastructure Fund SICAV v. Spain*, No. 1:20-cv-01708 (EGS) (D.D.C. June 15, 2022) (ECF No. 47); *accord id.*, Min. Order (June 17, 2022) (providing for Spain to "file its reply on the Motion

to Dismiss and opposition to the Cross-Motion by no later than August 5, 2022").  Thus, Spain is

not in a position to claim that it suffers special prejudice from facing a cross-motion in this case.

The mere fact that the present award involves a larger amount of damages than in the *Cube* case

does not change the equation.

### III.
### THE COURT NEED NOT ISSUE ANY RELIEF
### BECAUSE THE RULES OF COURT ALREADY
### PRESCRIBE THE NEXT STEPS ON THE CROSS-MOTION

Spain may be hoping to use its motion to extract an affirmative case management order

from the Court that can later serve as a pretext for bringing an interlocutory appeal, as in *P&ID*.

However, the Court need not issue any order.  Instead, it should simply deny the motion.

At that point:

- The date for Spain to file a reply on its Motion to Dismiss is June 29, 2022.  This is per an order made upon the Parties' Consent Motion of May 25, 2022 (ECF No. 66).  Spain cannot claim it is being "forced" to reply on a motion it itself brought.

- The date, per Local Civil Rule 7(b), for Spain to reply to the cross-motion was June 23, 2022.  Again, this is not the function of this Court affirmatively "forcing" Spain to do anything, it is what the local rules of court require of any litigant which (like Spain) has been properly served with process.[6]  It simply chose not to respond.

If Spain continues to believe (contrary to settled law) that summary judgment is improper,

it could have made that argument in a response to the cross-motion.  That it failed to respond to

NextEra's motion merely serves as further eloquent proof that there are no material issues of fact

at play in this case.  *See TECO*, 414 F. Supp. 3d at 101 (To enforce an ICSID award after finding

jurisdiction, the Court need only "ensure that the award is authentic" and "that its enforcement

---

[6]   It bears emphasis that Spain did not respond to NextEra's offer to extend this deadline.  *See supra* at 4-5.

order is consistent with the award.").[7]  But what Spain cannot ask this Court to undo is the litigation

choices that Spain itself has made, choices that doom its present motion.

---

[7]    Spain contends that summary judgment is premature because it plans to raise arguments that
would contest the authenticity of the Award.  *See* ECF No. 71 at 6.  However, a dispute is only
genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving
party."  *Koch Mins.  Sarl v. Bolivarian Republic of Venez.*, No. 17-cv-2559 (ZMF), 2021 WL
3662938, at *2 (D.D.C. Aug. 18, 2021) (citation omitted).  Here, there is no basis for denying
that the Award is authentic.  No counsel, cognizant of his or her Rule 11 duties, would contend
otherwise.  *See* Fed. R. Civ. P. 11(b).

Dated: June 24, 2022                Respectfully submitted,

Washington, D.C.

                                     /s/  Bradley A. Klein
                                     Bradley A. Klein
D.C. Bar Number 973778
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Cesar Riviere (appearing *pro hac vice*)
New York Bar Number 5746326
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
cesar.riviere@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
ALLEN & OVERY LLP
One Bishops Square
London
E1 6AD
ENGLAND
+44 20 3088 2837
david.herlihy@allenovery.com

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 24, 2022, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF").  The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/  Bradley A. Klein
Bradley A. Klein