UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NEXTERA ENERGY GLOBAL HOLDINGS B.V.; *and* NEXTERA ENERGY SPAIN HOLDINGS B.V.,

　　　　Petitioners,

v.

KINGDOM OF SPAIN,

　　　　Respondent.

No.: 1:19-cv-01618-TSC

---

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RESPONDENT'S MOTION TO STRIKE PETITIONERS' CROSS-MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO STAY BRIEFING SCHEDULE ON PETITIONERS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Respondent the Kingdom of Spain ("Spain") respectfully submits this reply memorandum of law in further support of its Motion to Strike Petitioners' Cross-Motion for Summary Judgment, or, In the Alternative, to Stay the Briefing Schedule on Petitioners' Cross-Motion for Summary Judgment (the "Motion").

**PRELIMINARY STATEMENT**

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") cast numerous ill-conceived aspersions regarding Spain's supposed delay tactics relating to the Motion. In doing so, NextEra ignores Spain's well-established right, as a foreign sovereign, to a threshold determination of its sovereign immunity defense. There is nothing untoward about the Motion and the relief it seeks, and in fact it is entirely reasonable and expected. NextEra's desire to enforce the ICSID Award in this case as fast as possible is not a valid excuse to trample Spain's right to receive a determination of its sovereign immunity defense

1

at the inception of this case, which is necessary given that sovereign immunity is a *complete immunity to suit*, and not just a defense to liability. If Spain is forced to litigate the merits before its sovereign immunity arguments are addressed, the purpose of sovereign immunity will be completely subverted. It is NextEra, then, who is trying to subvert the proper procedure and Spain's rights on this issue by prematurely filing its cross-motion for summary judgment.

NextEra's haste to file its cross-motion for summary judgment and its opposition to the Motion highlight several fatal procedural defects. First, the Court has established a briefing schedule for the motion to dismiss, which the parties agreed to. No cross-motion for summary judgment was provided for. NextEra cannot now upend the agreed procedural steps by filing a cross-motion for summary judgment which it claims should be fully briefed just one day after briefing concludes on Spain's motion to dismiss. This defies the agreement of the parties and the order the Court, and creates procedural disorder. The Scheduling Order entered on April 29, 2022, and as amended on May 31, 2022, does not contemplate any cross motion, because it was clear that the orderly resolution of this case required a resolution of Spain's jurisdictional defenses in the motion to dismiss first. Second, Spain has not filed its Response to the Petition yet—again, because its motion to dismiss is still pending. If Spain's motion to dismiss is denied, NextEra will have every opportunity to move for summary judgment after Spain files its response to the Petition.

Lastly, NextEra's outrage regarding Spain's Motion is performative, and irrelevant. NextEra itself has delayed this case and created significant additional legal expense when it refused to agree to a stay when this case was initially filed in 2019, and then decided to file numerous "Notices of Supplemental Authority" without obtaining leave of court. *See* ECF Nos. 27-28, 30, 32. NextEra's tactic has caused the need for an additional round of briefing, and thus created significant expense associated with the well-founded stay ordered by the Court. Further, during

the time the case has been stayed—and indeed during the past few weeks—there have been highly relevant developments related to this case. For example, while NextEra previously argued that the *Achmea* decision did not apply to the Energy Charter Treaty ("ECT"), the *Komstroy* decision clarified that it does and NextEra has abandoned that argument. The briefing on that issue that NextEra forced Spain to engage in was thus was a complete waste of recourses. Also, while NextEra trumpeted that not a single investment treaty tribunal has found that it lacked jurisdiction due to the so-called intra-EU objection, just last week the tribunal's decision in *Green Power Partners v The Kingdom of Spain* (SCC V2016/135) became public. The tribunal in *Green Power Partners* dismissed the case for lack of jurisdiction due to the intra-EU objection. Finally, it has also just come to light last week that the Energy Charter Conference has confirmed that its member states have reached an agreement in principle regarding a revised text of the ECT which would further clarify that the arbitration provisions therein **do not** apply to intra-EU disputes.

This is all to say that there is a reason why NextEra seeks to ignore the procedural agreements and orders of the Court in this case and try to forge ahead as quickly as possible. NextEra is trying to counter an ever-growing body of law that squarely contradicts the relief it is seeking in the Petition. Spain reserves its rights to file a proper response the Petition, if necessary, at the appropriate time, and urges the court to proceed under the Scheduling Order entered on April 29, 2022 (as amended on May 31, 2022), and then address NextEra's cross-motion for summary judgment at the proper time, if necessary. NextEra's current attempt to move for summary judgment is premature and out of order.

**ARGUMENT**

**I.      This Court Has the Authority to Strike the Cross-Motion, or Stay the Briefing Schedule**

NextEra first cites a number of inapplicable cases regarding the standard on a motion to

strike under Federal Rule of Civil Procedure ("FRCP") Rule 12(f). Spain did not discuss the standard for a motion to strike under FRCP Rule 12(f) because Spain is not moving under FRCP Rule 12(f). As NextEra's counsel ably points out, the cross-motion is not a "pleading" under FRCP Rule 12(f). This Court, however, has the inherent power to control its own docket. There is no reason for this court to be held hostage by NextEra's decision to prematurely file a cross-motion for summary judgment. There is also no reason to ignore the proper procedural steps agreed to by the parties and so-ordered by the Court in its orders setting forth the briefing schedule. An orderly adjudication of this matter requires a decision on Spain's jurisdictional defenses first, and then if necessary, Spain will file a response to the Petition and NextEra can move for summary judgment.

In addition, the Court's inherent power to control its docket also gives it the power to immediately deny the Cross-Motion without prejudice, which would allow NextEra to move for summary judgment in the future, at the proper juncture. In fact, that is not at all dissimilar to the procedural route taken earlier in this case; this Court previously denied Spain's motion to dismiss without prejudice in light of its decision to stay proceedings pending resolution of Spain's application before the ICSID *ad hoc* committee. ECF No. 39.

If the Court deems this approach to be preferred to striking the motion for summary judgment or staying the briefing on same, Spain respectfully requests that the Court deny the motion for summary judgment without prejudice.

## II. The Cross-Motion Should Be Stricken or Stayed (or Dismissed Without Prejudice) Until After the Motion to Dismiss is Decided

NextEra argues that Spain does not have a right to a threshold determination of its jurisdictional defenses, and tries to distinguish *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020). NextEra's arguments fail to land. While NextEra states that *P&ID* was a confirmation petition brought under the New York Convention and the FAA,

NextEra completely fails to address the keystone underpinning of the decision—the sanctity of foreign sovereign immunity. As the Court in *P&ID* stated, "foreign sovereign immunity provides not only a defense from liability but also a shield from trial and the attendant burdens of litigation. So if the immunity is wrongly denied at the outset of a case, it cannot be vindicated after final judgment." *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 581 (D.C. Cir. 2020).

If Spain's sovereign immunity defense is not adjudicated first, including any interlocutory appeal, it faces the risk of being robbed of its sovereign immunity, as it cannot be vindicated after final judgment. Numerous cases have noted that sovereign immunity decisions on a motion to dismiss are immediately appealable specifically because of the need to determine the validity of the immunity before a sovereign is forced to litigate. *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004); *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000); *Wye Oak Tech., Inc. v. Republic of Iraq*, 666 F.3d 205, 210 (4th Cir. 2011) ("Orders denying sovereign immunity are immediately appealable collateral orders."). Given that right to an immediate appeal of a decision on sovereign immunity, the interests of judicial economy also support an initial determination of the sovereign immunity defense before turning to the merits arguments. And whereas NextEra presents a potential interlocutory appeal as a downside of dealing with the foreign sovereign immunity arguments first, the availability of an interlocutory appeal is actually salutary—again, sovereign immunity to suit is rendered meaningless if not adjudicated before proceeding to the merits. *See Price v. Socialist People's Libyan Jamahiriya*, 389 F.3d 192, 197 (D.C. Cir. 2004); *see also Phoenix Consulting*, 216 F.3d at 39 ("to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit.") (quotations omitted). If foreign sovereign's sovereign immunity defense is not

therefore addressed before the merits of the case, "the purpose to be served by sovereign immunity [would] be unduly compromised." *Price*, 389 F.3d at 197.

NextEra tries to avoid the outcome of the sovereign immunity case law by arguing that the D.C. Circuit held in *P&ID* that a foreign sovereign waives its right to a threshold adjudication of its sovereign immunity defense if it has briefed its sovereign immunity and merits issues in one motion. Opposition Brief at 9. Even if the dicta cited by NextEra is binding on this Court, which Spain denies, Spain has not briefed its merits issues and immunity defense in a single motion. The arguments raised in Spain's briefing all are asserted in order to support it motion to dismiss for lack of jurisdiction, and as noted by NextEra, Spain in its opposition to the motion to dismiss has specifically reserved its arguments which go to the merits of the Petition. That some of these arguments touch other threshold issues such as whether to dismiss under *forum non conveniens* or on the grounds of international comity does not change the procedural posture. For instance, if the Court were to exercise its discretion to dismiss this action on the grounds of international comity, it would be inefficient not to have that determined at the threshold with other jurisdictional defenses. *See Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549 (9th Cir. 2020), *cert. denied*, 141 S.Ct. 1735 (2021) (affirming decision to grant motion to dismiss on international comity grounds)  ("adjudicative comity [is] a discretionary act of deference by a national court to decline to exercise jurisdiction in a case properly adjudicated in a foreign state.").

Contrary to NextEra's assertions, Spain has reserved, but not yet briefed, its merits defenses. Spain plans to assert that the arbitral award was procured by fraud (through the submission of intentionally altered documents), which will obviously require further additional filings and explanation. These are not only serious allegations, but as the Court will see, they can clearly be substantiated.  Such arguments not only deserve the light of day, but they cry out for the

Court's attention and adjudication—at the proper time.

### III. Spain's Briefing Schedule In the *Cube Infrastructure* Litigation Is Irrelevant

NextEra also cites to another case where Spain consented to a motion timetable that involved a cross-motion for summary judgment. Opposition Brief at 12, citing *Cube Infrastructure Fund SICAV v. Spain*, No. 1:20-cv-01708 (ESG) (D.D.C. June 15, 2022) (ECF No. 47). But the mere fact that Spain agreed to proceed to brief a cross-motion for summary judgment in one case does not serve as a waiver of its right to seek an orderly resolution of this case, obviously, nor does NextEra cite any case law to support its argument.

### IV. NextEra's Procedural Gambit Cannot Be Rewarded

NextEra implausibly claims that Spain's opposition to the cross-motion was due June 23, 2022, and that Spain "chose not to respond." Opposition Brief at 13. Of course, this ignores that Spain's response was the Motion itself, which was filed on June 17, 2022, and smacks of obvious gamesmanship which has no place in this proceeding. One small example of this is that NextEra apparently takes the position that while the briefing for the motion to dismiss was properly scheduled over the course of two months, the motion for summary judgment should be briefed in just three weeks. This defies logic and common sense.

Further, NextEra appears to try to fault Spain for not agreeing to an extended brief, but this argument is also nonsensical—unless NextEra is content for the motion for summary judgment to be stayed until after the ruling on Spain's motion to dismiss. But obviously NextEra does not agree to that, which is why it filed the motion for summary judgment in the first place and does not consent to that relief.

In any event, NextEra's desperate gambit to try to force a premature motion for summary judgment cannot stand for all of the reasons stated above. In the event that this Motion is denied,

7

Spain requests that the Court order Spain and NextEra to further collaborate and present a briefing schedule that is reasonable for both parties in the circumstances.

## **CONCLUSION**

For all of the above reasons, Spain's Motion should be granted.


Dated: June 28, 2022

    Respectfully submitted,

    By:   /s/ Matthew J. Weldon

Matthew J. Weldon
New York Bar Number 4832408
599 Lexington Avenue
New York, New York 10022
(212) 536-4042
Matthew.Weldon@klgates.com

Brian D. Koosed
D.C. Bar Number 1034733
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9204
Brian.Koosed@klgates.com

Michael DeMarco (*pro hac vice*)
New York Bar Number 4142477
1 Lincoln St.
Boston, MA 02111
(617) 951-9111
Michael.DeMarco@klgates.com

*Counsel for Respondent Kingdom of Spain*

## CERTIFICATE OF SERVICE

I certify that on June 28, 2022, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF").  The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Matthew J. Weldon
Matthew J. Weldon
