# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                        :
NEXTERA ENERGY GLOBAL HOLDINGS                          :
B.V. and NEXTERA ENERGY SPAIN                           :
HOLDINGS B.V.,                                          :
                                                        :
                                       Petitioners,     :
                                                        :   Civil Action No. 19-cv-01618-TSC
                             v.                         :
                                                        :
KINGDOM OF SPAIN,                                       :
                                                        :
                                       Respondent.      :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**PETITIONERS' MOTION FOR LEAVE (1) TO FILE A SURREPLY TO NEW POINTS FIRST RAISED IN RESPONDENT'S REPLY SUBMISSION ON ITS MOTION TO DISMISS AND (2) TO INTRODUCE A SUPPLEMENTAL AUTHORITY**

Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively, "NextEra"), by and through their undersigned counsel, respectfully request that this Court: (1) grant them leave to file the attached Surreply in Opposition to Respondent the Kingdom of Spain's ("Spain") Motion to Dismiss and in Support of Petitioners' Cross-Motion for Summary Judgment (the "Surreply"), together with the attached Supplemental Declaration of Professor George Bermann ("Bermann Supplement Decl."), and (2) to grant the parties leave to submit a supplemental authority from the D.C. Circuit that bears on several of Spain's purported claims, *Micula v. Gov't of Romania*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022), in a joint submission of no longer than five pages each, to be filed within one week from the grant of this motion.

NextEra seeks to file the Surreply because, in Spain's June 29, 2022 Reply on its pending Motion to Dismiss (consisting of a reply brief, ECF No. 74, "Spain MTD Reply," and a further expert declaration by Professor Hindelang, ECF No. 74-1, "Hindelang 2022 Reply Decl."),[1] Spain:

- extensively quotes a recently-decided arbitration award, *Green Power Partners v. Spain*, No. V2016/135 (SCC 2022) ("*Green Power*") (ECF No. 74-2), which was decided in mid-June 2022, meaning that NextEra has not yet had an opportunity to respond to it;

- refers to a proposal among signatories of the Energy Charter Treaty ("ECT") to amend the ECT (the "ECT Agreement in Principle"), which was reached on June 24, 2022, again giving NextEra no opportunity to respond;

- advances (through Professor Hindelang's Reply Declaration) an argument – never made before in this action – that the ECT somehow is subject to an "*inter se*" modification, pursuant to Article 41(1) of the Vienna Convention on the Law of Treaties ("VCLT"), exonerating Spain from its commitment to arbitrate; and

- materially modifies its *forum non conveniens* argument by contending that the relevant "test" in this District is to be found in a hitherto uncited case, *Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.*, 421 F. Supp. 2d 87 (D.D.C. 2006), *aff'd sub nom. TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928 (D.C. Cir. 2007).

A surreply is appropriate as to each of these points because NextEra has not had any opportunity to contest these new arguments previously, nor will it have any such opportunity in the future without a surreply. Indeed, Spain's reply brief and expert report were filed to close the full briefing of this dispute. The present motion is thus timely, necessary, and justified under the applicable standards of motion practice.

The parties have met and conferred; Spain does not consent to the relief being sought. Spain also seeks the right to submit a further "sur-sur-reply" if leave to file a surreply is granted. As noted below, this request is ill-founded. *See infra* at 6.

---

[1]     Needless to say, NextEra does not seek to respond to Spain's 33-page reply brief and 43-page reply expert report in their entirety. Consequently, the Surreply is limited in scope to address only the newly-raised arguments and authorities discussed herein. Similarly, Professor Bermann's Supplemental Declaration only responds to the new matters put forth in Professor Hindelang's 2022 Reply Declaration that are identified below.

## I.
### A SURREPLY IS WARRANTED BECAUSE SPAIN'S REPLY HAS RAISED NEWLY-DECIDED AUTHORITIES AND ENTIRELY NEW ARGUMENTS

**A.     Applicable Standards**

A motion for leave to file a surreply falls within the sound discretion of the Court. *Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Wultz v. Islamic Republic of Iran*, No. 08-CV-1460 RCL, 2010 WL 4135913, at *1 (D.D.C. Oct. 20, 2010) (citation omitted).  In this Circuit, "district court[s] routinely grant[] such motions" when this standard is satisfied.  *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).  Such grants are routine because the availability of a surreply to a litigant is a matter of procedural fairness; surreplies are the only opportunity that opposing parties have to "mitigate[]" the "unfairness [that] is inevitable whenever new evidence is presented in a [moving party's reply]."  *See Mitchell v. Craftworks Restaurants & Breweries, Inc.*, No. CV 18-879 (RC), 2018 WL 5297815, at *7 (D.D.C. Oct. 25, 2018).  In balancing the fairness concerns presented in a given case, the Court may also consider if the "sur-reply is 'helpful to the adjudication' of the motion to dismiss" and if granting the motion would be "unduly prejudicial to the [non-moving party]."  *Lopez v. Council on Am.-Islamic Rels.  Action Network, Inc.*, 657 F. Supp. 2d 104, 108 (D.D.C. 2009), *aff'd*, 383 F. App'x 1 (D.C. Cir. 2010) (quoting *Am. Forest & Paper Ass'n v. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996)).

**B.     Spain's Reply Papers Rely Upon Four Previously-Unmade Arguments and Propositions, Thus Warranting a Surreply**

> 1.     The *Green Power* Decision Is New – Meaning NextEra Has Had No Opportunity to Respond to It

On June 16, 2022, an arbitral tribunal based in Sweden issued a decision in the *Green Power* case.  Spain has cited this case extensively in its MTD Reply as well as in Professor

Hindelang's 2022 Reply Declaration, claiming that it is directly supportive of its case. *See* Spain MTD Reply, at 2, 27; Hindelang 2022 Reply Decl. ¶¶ 11, 22-24. According to Spain, the *Green Power* award – despite being the *only* award out of dozens of ECT arbitrations to rule in favor of a respondent State on the intra-EU issue – is part of an alleged movement among arbitrators "to appreciate the reality of *Komstroy*," and "dismiss intra-EU cases brought under Article 26 of the ECT due to the lack of an agreement to arbitration." Spain MTD Reply at 27.

NextEra's position is that *Green Power* has no bearing on the issues actually before this Court and that, in any event, its reasoning is self-evidently distinguishable and inapposite. However, because *Green Power* was issued *after* NextEra filed its opposition brief on June 9, 2022, NextEra has not been able to address this authority and its (lack of) relevance to the present dispute. Accordingly, it is a proper matter for a surreply.

2.      NextEra Also Has Had No Opportunity to Respond to
Spain's Claims Regarding Amendment of the ECT

Spain's reply brief refers to recent negotiations among signatories to the ECT, which, it claims, support its "intra-EU" arguments. *See* Spain MTD Reply at 2, 7. The "agreement in principle" referenced by Spain was only reached by the Energy Charter Conference on June 24, 2022, and therefore NextEra has not had an opportunity to refute Spain's claims. Thus, these too are a proper subject for a surreply.

3.      As Professor Hindelang's New "Modification" Theory
Was Made for the First Time in a Reply Declaration,
Fairness Requires NextEra be Allowed to Respond

Professor Hindelang's 2022 Reply Declaration hatches a new theory of treaty interpretation, namely, that the ECT somehow has been "modified" by an amendment between certain contracting parties "*inter se*," thus relieving Spain of its express commitment to ICSID Convention arbitration. In support of this novel theory, he makes a lengthy series of arguments

4

about the power of states to modify a multilateral treaty "*inter se*" pursuant to Article 41 of the VCLT.  *See* Hindelang 2022 Reply Decl. ¶¶ 27-39.  He omits to mention that the theory was floated before the *NextEra* tribunal, and soundly rejected.

The "modification" theory was not advanced by Professor Hindelang in his moving declaration (or by Spain) in this or the prior motion to dismiss.  NextEra thus seeks to address the reasons why (1) the new theory is barred in this action as *res judicata*, and (2) in any event, the new theory is utterly without merit and is incompatible with the VCLT.

4.    Spain's Newfound Reliance Upon *Termorio*, Supposedly as the Source of the "Test" for *Forum Non Conveniens* in this District, Calls for Correction

Spain's MTD Reply also materially modifies its case on *forum non conveniens*.  Confronted with authority from the D.C. Circuit that directly forecloses its *forum non conveniens* motion, Spain pivots to claim that the "test" for the "D.C. District Court" is to be found in the first-instance decision in *Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.*, 421 F. Supp. 2d 87 (D.D.C. 2006), *aff'd sub nom. TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928 (D.C. Cir. 2007).  *See* Spain MTD Reply at 4-8.

Spain's use of *"aff'd sub nom.*" without fully addressing the D.C. Circuit's reasons for affirmance is unsatisfactory.  It lends the impression that the 2007 D.C. Circuit affirmance sanctioned a *forum non conveniens* dismissal of the award enforcement petition.  As will be demonstrated in NextEra's Surreply, the reality is that the 2007 D.C. Circuit decision in *TermoRio*: (i) gives absolutely no support to Spain's *forum non conveniens* theory; (ii) says nothing to contradict the controlling authority that forecloses a *forum non conveniens* theory in cases such as this; and indeed, (iii) materially supports NextEra's case.

5

**C.    Underline: If Leave is Denied, Each of the Four New Points Should be Disregarded**

Were the Court to nonetheless find that NextEra's Surreply is not warranted in full or in part, Spain's newly-raised assertions outlined above should, at a minimum, be ignored. *See Lu,* 45 F. Supp. 3d at 91 ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the Court may either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." (*citing Ben-Kotel*, 319 F.3d at 536)).

## II.
### SPAIN IS NOT ENTITLED TO FILE A SUR-SUR-REPLY

Spain has stated that, if the present motion is granted and NextEra files a surreply, it will seek leave to file a "sur-sur-reply." Third Declaration of Cesar Riviere dated July 13, 2022, Ex. 1, at *1. Plainly it wants the "last word." But, a party who (like Spain) loads its final submission with new arguments is not automatically entitled to file a "sur-sur-reply," instead it must independently satisfy the standards set forth above (in Section I.A) for filing such a pleading. *See Groobert v. President & Directors of Georgetown Coll.*, 219 F. Supp. 2d 1, 13-14 (D.D.C. 2002) ("strik[ing] the defendant's proposed reply to the surreply since it repeats issues the defendant should have raised in its original reply" and "refus[ing] to allow the filing of the defendant's proposed reply to the plaintiff's second surreply since the defendant does not raise or respond to any new matters."); *see also Shea v. Clinton*, No. CV 02-577 (RCL), 2012 WL 13075787, at *3 (D.D.C. Dec. 7, 2012) ("The 'prejudice' that comes from not having the 'last word' is not the kind of prejudice relevant when considering whether to grant leave to file a surreply."). Spain cannot plausibly do so here because the scope of the Surreply is limited to points raised for the first time in Spain's Reply.

**III.**
**APPLICATION FOR LEAVE TO INTRODUCE A NEW AUTHORITY**

On June 24, 2022, the D.C. Circuit issued the per curiam opinion *Micula v. Gov't of Romania*, No. 20-7116, 2022 WL 2281645, at *1 (D.C. Cir. June 24, 2022) (*"Micula"*), rejecting Romania's appeal of a post-judgment order of the District Court (1) denying Romania's motion for relief from a judgment enforcing an ICSID Convention award and (2) granting petitioners' motion for a civil contempt order and sanctions. As here, the award in *Micula* arose from an "intra-EU" dispute and involves an ICSID Convention award.

NextEra requests permission to submit *Micula* as a supplemental authority, because:

- In *Micula*, Romania sought to excuse its non-compliance with the subject award (and the money judgment entered thereupon by Judge Mehta) by invoking the same defenses to award enforcement as are advanced by Spain in its present motion, namely: "comity," the "Act of State" doctrine, and the "foreign sovereign compulsion" doctrine. *See* Brief for Respondent-Appellant at 32, 36-38, *Micula*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022) (Doc. #1898957). The D.C. Circuit rejected Romania's appeal in its entirety. *See Micula*, 2022 WL 2281645, at *2. The holdings in *Micula* thus are pertinent to the present case because Spain also seeks to invoke those same arguments, and NextEra will submit that the Circuit's holdings directly undermine Spain's position.

- In *Micula*, the D.C. Circuit also addressed the status of awards rendered under the ICSID Convention. It drew a distinction between awards that are subject to the arbitral law of a particular country and awards governed by the ICSID Convention (which are subject to the "law of the ICSID Convention"). *See id.* at *1.[2]

*Micula* is thus a persuasive decision "helpful to the adjudication of the motion to dismiss." *Cf. Lopez*, 657 F. Supp. 2d at 108. Accordingly, NextEra seeks leave to submit it into the record for the Court's consideration.

Should the Court permit introduction of this case, NextEra suggests that each party may adequately address the case in a joint submission of no longer than five pages each.

---

[2]    Although Romania recently filed a petition for rehearing and *en banc* review of the *Micula* decision; it almost goes without saying that this pending application does not alter the decision's persuasiveness.

## <u>CONCLUSION</u>

NextEra respectfully requests that the Court: (1) grant it leave to file the attached Surreply and Supplemental Declaration addressing only the new claims and related developments in facts and precedent that NextEra discusses herein and would otherwise be "unable to contest" at any time in this proceeding; and (2) grant the parties leave to submit *Micula* as a supplemental authority in a joint submission of no longer than five pages each, to be filed within one week from the grant of this motion.

Dated: July 13, 2022                    Respectfully submitted,

Washington, D.C.

                        /s/ Bradley A. Klein
                        Bradley A. Klein
                        D.C. Bar Number 973778
                        SKADDEN, ARPS, SLATE,
                          MEAGHER & FLOM LLP
                        1440 New York Avenue, N.W.
                        Washington, DC  20005-2111
                        (202) 371-7000
                        bradley.klein@skadden.com

                        Timothy G. Nelson (appearing *pro hac vice*)
                        New York Bar Number 3060175
                        Amanda Raymond Kalantirsky (appearing *pro hac vice*)
                        New York Bar Number 4812418
                        Cesar Riviere (appearing *pro hac vice*)
                        New York Bar Number 5746326
                        SKADDEN, ARPS, SLATE,
                          MEAGHER & FLOM LLP
                        One Manhattan West
                        New York, NY 10001
                        (212) 735-3000
                        (212) 735-2000 (fax)
                        timothy.g.nelson@skadden.com
                        amanda.raymond@skadden.com
                        cesar.riviere@skadden.com

                        David Herlihy (appearing *pro hac vice*)
                        New York Bar Number 4167920
                        ALLEN & OVERY LLP
                        One Bishops Square
                        London
                        E1 6AD
                        ENGLAND
                        +44 20 3088 2837
                        david.herlihy@allenovery.com

                        *Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 13, 2022, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF").  The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Bradley A. Klein

Bradley A. Klein