UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                    :
NEXTERA ENERGY GLOBAL HOLDINGS                                      :
B.V. and NEXTERA ENERGY SPAIN                                       :
HOLDINGS B.V.,                                                      :
                                                                    :
                              Petitioners,                          :
                                                                    :  Civil Action No. 19-cv-01618-TSC
               v.                                                   :
                                                                    :
KINGDOM OF SPAIN,                                                   :
                                                                    :
                              Respondent.                           :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**PETITIONERS' SURREPLY TO RESPONDENT'S
JUNE 29, 2022 REPLY SUBMISSION**

Pursuant to the grant of leave from this Court, Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively, "NextEra"), by and through their undersigned counsel, submit this Surreply to the Kingdom of Spain's ("Spain") June 29, 2022 Reply, which Spain submitted in further support of its Motion to Dismiss the Petition.

**PRELIMINARY STATEMENT**

Spain's Reply papers, as served on June 29, 2022, including the accompanying reply declaration of its expert, Professor Steffen Hindelang ("Hindelang 2022 Reply"), raised four new points. As shown below and in the accompanying Supplemental Declaration of Professor George A. Bermann ("Bermann Supplemental Decl."), these new points do not assist Spain:

(1)     ***The (lack of) relevance of the* Green Power *award*.**  Spain has claimed that the June 16, 2022 arbitral award in *Green Power Partners v. Spain*, No. V2016/135 (SCC 2022)

("*Green Power*") (ECF 74-2) alters the manner in which this Court should approach the current Petition. It does not, because:

- Unlike the arbitration that led to the May 31, 2019 award in the present case (the "Award") (ECF 1-4), the *Green Power* arbitration was not conducted under the ICSID Convention;[1] rather, the *Green Power* arbitration was conducted pursuant to the Swedish Arbitration Act and the rules of the Institute of Arbitration of the Stockholm Chamber of Commerce ("SCC"). As such, *Green Power* does not address the issue currently before the Court, namely, whether, as a matter of international law, United States courts are required, under Article 54 of the ICSID Convention, to enforce the Award in this case.

- Even if the validity of an ICSID Convention arbitration agreement could be re-litigated in a proceeding to enforce an ICSID Award (which it cannot), *Green Power*'s jurisdictional holdings involve a different legal system and a different question than that faced by the present (*NextEra*) arbitral tribunal in the present matter. In issuing the Award (and its prior liability/jurisdiction ruling), the *NextEra* tribunal examined whether, **as a matter of international law**, an agreement to arbitrate arising from Article 26 of the Energy Charter Treaty, Dec. 17, 1994, 2080 U.N.T.S. 95 (the "ECT") (ECF No. 1-6), was a "consent" to arbitrate under the ICSID Convention. *Green Power* did not address this issue, much less apply international law or the ICSID Convention. Instead, the *Green Power* tribunal held that, *because it was seated in Sweden*, Swedish arbitral law (and, by extension, EU law) directly applied to the question of whether Spain's agreement to arbitrate was binding. Because the present arbitration was not governed by Swedish or EU law, *Green Power* is entirely irrelevant to the issues decided by the tribunal in this case.

(2) ***The (lack of) relevance of the Energy Charter Conference's "agreement in principle" to revise the text of the ECT.*** Spain's Reply makes the novel claim that a proposed agreement among ECT Contracting Parties to amend the ECT prospectively might have an impact on the Award. It cannot. The Award is fully decided and is *res judicata* between the parties, pursuant to Article 53 of the ICSID Convention. Besides, this agreement in principle does not propose to retroactively alter the ECT, much less invalidate previously-issued awards or the rights of investors in ICSID arbitrations commenced prior to the (future) effective date of the proposed amendment.

---

[1] Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Nov. 18, 1965, 575 U.N.T.S. 159 (the "ICSID Convention") (ECF 1-5).

(3)  *Professor Hindelang's new argument that the ECT is subject to an "**inter se**" modification pursuant to Article 41(1) of the Vienna Convention on the Law of Treaties ("VCLT").* Although Article 26 of the ECT contains an explicit consent by its Contracting Parties (including Spain) to arbitrate ECT disputes under the ICSID Convention, and although Spain did not issue any reservation or other statement diminishing that consent when it signed the treaty, Professor Hindelang's new theory is that the ECT should be viewed as having been implicitly modified by EU law, such that Spain did not consent to arbitrate "intra-EU" ECT disputes. Besides being legally irrelevant (once again, this has no impact on the operation of the ICSID Convention), this theory is incompatible with the findings of the *NextEra* tribunal in this case and, in any event, cannot be squared with the terms of Article 41(1) of the VCLT.

(4)  *The true holdings in the* **Termorio** *case.* Spain persists in seeking *forum non conveniens* dismissal, despite this being squarely contrary to controlling D.C. Circuit precedent. In a sleight of hand, Spain's Reply papers unveil another authority, *Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.*, 421 F. Supp. 2d 87 (D.D.C. 2006), *aff'd sub nom. TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928 (D.C. Cir. 2007), which it claims supplies a "two-part test" for the application of *forum non conveniens* in the present case. The reference to a "sub nom." affirmance implies, wrongly, that *Termorio* alters the unbroken line of D.C. Circuit authority foreclosing a *forum non conveniens* argument in cases such as this.

Spain omits the inconvenient fact that when *Termorio* reached the D.C. Circuit, it did *not* affirm the District Court's holdings on *forum non conveniens*. On the contrary, the D.C. Circuit proceeded to the substance of the case. It exercised the Court's substantive power under Article V of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 3, 9 U.S.C. 201 (the "New York Convention"), to decline to enforce

the award, it did so on grounds that undermine Spain's position here: the D.C. Circuit held that because the award at issue in *Termorio* had not survived an annulment proceeding under the applicable arbitral law (Colombian law), it could not be enforced. By contrast here, the present Award *has* survived annulment under the applicable law (Article 52 of the ICSID Convention), thus further underscoring the need to enforce the Award.

## I.
## THE RATIONALE OF THE SCC AWARD IN *GREEN POWER* IS INAPPLICABLE TO ICSID PROCEEDINGS

Both Spain and Professor Hindelang tout the recent arbitral award in *Green Power* as somehow affecting or altering the analysis of how the Award in this case should be treated. It does neither.

As a threshold matter, Spain takes virtually no account of the fact that *Green Power* was decided by a Stockholm-seated tribunal under the SCC rules. By contrast, the current case involves a final award governed by the ICSID Convention. Consequently, the single issue presented by the Petition in this action is whether the final ICSID Award is entitled to enforcement pursuant to Article 54 of the ICSID Convention and the Settlement of Investment Disputes Act of 1966, 22 U.S.C. § 1650a(a). *All* relevant authority indicates that the *NextEra* Award, including its award of damages, is entitled to enforcement. Against that background, the mere fact that a Swedish-seated tribunal, acting under another set of rules, denied a different investor's claims has no relevance to the present case. It simply does not alter the ICSID Convention's mandate.

This dispenses with Spain's claim that *Green Power* should change this Court's "appreciation" of *Komstroy*. *See* Spain MTD Reply (ECF No. 74), at 27. *Komstroy*[2] and its related

---

[2]   *Republic of Moldova v. Komstroy*, No. C-741/19 (CJEU 2021) ("*Komstroy*") (ECF No. 62-67).

EU authority, *Achmea*,³ remain irrelevant. Spain's belated attempt here to challenge to the validity of the arbitration agreement using EU law has no bearing whatsoever on whether, under applicable D.C. Circuit standards, the facts of an arbitration agreement and an arbitral award have been proven. NextEra MTD Opp. (ECF No. 68) at 3-6. Furthermore, the ICSID Convention precludes Spain from revisiting the correctness of an ICSID Convention award. The Award in this case explicitly rejected Spain's "intra-EU"/*Achmea* argument in its entirety. For the same reasons, Spain cannot, in this case, revisit the express conclusion of the annulment committee that the binding nature of the tribunal's jurisdictional findings are *unaffected* by the 2021 *Komstroy* decision.

Even were debate over the "intra-EU" issue capable of being entertained at this stage, the *Green Power* award would remain distinguishable because it does not answer the key question that was before the *NextEra* tribunal, namely, whether, *as a matter of international law*, Spain's offer to arbitrate (in Article 26 of the ECT) and NextEra's acceptance (by initiating arbitration) created a binding consent to arbitrate for purposes of Article 25 of the ICSID Convention. On the contrary, *Green Power* eschews any international law analysis and positively stresses that the *Green Power* case was not governed by the ICSID Convention.

The *Green Power* tribunal held that because that arbitration was seated in Stockholm, the validity of the arbitration clause was a question of Swedish law under the "pertinent *lex arbitri*, i.e. the Swedish Arbitration Act as the law governing the arbitral proceedings which take place in Sweden." *Green Power* ¶ 163. And, because Sweden is part of the EU, Swedish law was treated as directly incorporating EU law. *Green Power* ¶¶ 166, 412, 475, 477; Bermann Supplemental Decl. ¶¶ 14-16. Thus, applying EU law directly to the

---

³ *Slovak Republic v. Achmea B.V.*, No. C-284/16 (CJEU 2018) ("*Achmea*") (ECF No. 62-47).

issue of jurisdiction in that case on the basis that it was part of the "*lex arbitri*," the *Green Power* tribunal treated *Achmea* and *Komstroy* as being directly binding upon it.  *Green Power* ¶¶ 474-77; Bermann Supplemental Decl. ¶¶ 17-18.

At no point did the *Green Power* tribunal purport to analyze, much less apply, *international law* to the question of whether there was a valid arbitration clause.  *See* Bermann Supplemental Decl. ¶¶ 17-20.  In fact, the *Green Power* tribunal took pains to clarify that a different result might have been reached in an ICSID Convention proceeding – as ICSID proceedings are not beholden to the *lex arbitri* of the seat of arbitration[4] – and pointedly emphasized the *Green Power* claimants' conscious choice to bring their claims under the SCC rather than ICSID.  *Green Power* ¶ 163.  For its part, Spain itself noted that the claims in *Green Power*, if brought under ICSID, would not be "subject to the domestic *lex arbitri* of the seat in an EU Member State," *id.* ¶ 137, and therefore would not require that EU law be applied to the tribunal's jurisdictional analysis.[5]

Conveniently, Spain does not even attempt to address the procedural context in which the *Green Power* tribunal operated.  Instead it merely asserts, *ipse dixit*, that the same result should apply here – conveniently ignoring, yet again, that the tribunal in the present case has already rejected all of its "intra-EU" arguments.  As such, *Green Power* adds nothing to the present analysis.

---

[4] *See* NextEra MTD Opp. at 27-29.

[5] The *Green Power* award discusses, at length, how the role of national courts (and the national law of the seat of arbitration, via the *lex arbitri*) in reviewing New York Convention awards is dramatically more expansive than that under the ICSID Convention.  *See Green Power* ¶¶ 137, 147, 160-63, 430 & n.499, 439-41.

## II.
## THE RECENT NEGOTIATIONS AMONG ECT CONTRACTING STATES ARE PATENTLY IRRELEVANT

Spain's Reply claims that there has been a recent "agreement in principle" to modify the ECT among ECT Contracting Parties. *See* Spain MTD Reply at 2, 7. This also leads nowhere. As noted before, the current issue presented by the Petition is whether the final ICSID Convention Award should be enforced. The conclusions underpinning the Award (including its prior jurisdictional holding to the effect that Article 26 of the ECT contains a binding consent to ICSID Convention arbitration) cannot be relitigated.

Spain cites a recent "agreement in principle" among ECT Contracting Parties (the "Energy Charter Conference") to amend the ECT *in the future*[6] to exempt EU Member States from "intra-EU" arbitration. Spain MTD Reply at 2, 7. Contrary to Spain's claim, however, this in no way "further clarif[ies] that the arbitration provisions therein **do not** apply to intra-EU disputes," *id.* (emphasis in original), to the contrary, it shows that the ECT in its present form contains no such escape clause. Professor Bermann has indeed already shown the 1994 drafters of the ECT rejected any escape clause. *See* Declaration of Professor George A. Bermann, dated June 9, 2022 ("Bermann Initial 2022 Decl.") (ECF No. 68-1) ¶ 52. This shows that the ECT does not contain one.

---

[6] The "agreement in principle" is only a potential modification and has not yet been (and potentially may not be) formally adopted by the ECT Contracting Parties. The agreement in principle is, in fact, still in draft form pending "editorial and legal review." Decision of the Energy Charter Conference, dated June 24, 2022, at *2 (Bermann Supplemental Decl., Ex. 58). Only following this process will the modernized ECT be submitted for adoption by the ECT Contracting Parties, at which point the new text will have to be ratified by three-fourths of the Contracting Parties to enter into force. *Id.* Any conclusions that Spain attempts to draw regarding the authoritativeness of the proposed disconnection clause now – before the text of the proposed provision even is made public – is, at best, premature.

Moreover, amendment to the ECT would be prospective only. It would not retroactively invalidate the past operation of the ECT. The amendment thus would have no applicability to the present dispute, which concerns an Award that was rendered over three years ago, and for which the consent to arbitrate was perfected by the parties over eight years ago. *See* Bermann Initial 2022 Decl. ¶ 82 n.124 (*citing RENERGY S.à.r.l. v. Spain*, ARB/14/18, Award ¶ 348 (ICSID 2022) (ECF No. 68-33) ("With a view to the arguments of amendment, suspension, or regarding the alleged effects of the EU Member States Declarations . . . any such effect would come too late in this case to affect or invalidate the consent perfected by the Parties at the relevant time, i.e. the date of the Request [for arbitration].")). Thus, the "agreement in principle," even if it were to someday come into force, would have no relevance to this case.

### III. ARGUMENTS CONCERNING THE "*INTER SE*" MODIFICATION OF THE ECT UNDER ARTICLE 41(1) VCLT WERE CONCLUSIVELY REJECTED BY THE TRIBUNAL AND THUS ARE *RES JUDICATA* HERE

Professor Hindelang's Reply Declaration contains a new argument to the effect that the ECT has somehow been modified among EU Member States (pursuant to Article 41(1)(b) of the Vienna Convention on the Law of Treaties ("VCLT")) such as to exonerate Spain from its obligation to arbitrate intra-EU disputes. *See* Reply Expert Declaration of Prof. Hindelang, dated June 29, 2022 ("Hindelang 2022 Reply Decl.") (ECF No. 74-1) ¶¶ 27-39. Professor Bermann easily dispatches with this new argument, *see* Bermann Supplemental Decl. ¶¶ 21-34, and his careful and erudite refutation need not be restated here.

In any event, there remains the more fundamental problem that Spain's argument cannot even be reached in this proceeding *at all*, given, as NextEra has explained previously, an ICSID tribunal's jurisdictional conclusions are *res judicata* and are binding on this Court. Spain's Article 41 "*inter se*" argument was conclusively rejected by the tribunal, and cannot be relitigated in this

8

proceeding. *See NextEra Energy Global Holdings B.V. v. Spain*, ARB/14/11, Decision on Jurisdiction, Liability and Quantum Principles (ICSID 2019) ("Liability Decision") (ECF No. 1-4, Annex A) ¶¶ 320, 331, 352, 357 ("Respondent and the EC have further argued that intra-EU obligations were superseded in application of Articles 41(1)(b) of the VCLT on the amendment of a treaty by a later treaty . . . . the Tribunal has had no evidence placed before it that would demonstrate that the subsequent EU Treaties were amending the ECT for the purpose of Article 41(1)(b) of the VCLT."); NextEra MTD Opp. at 29-30.

**IV.**
**<u>*TERMORIO* DOES NOT DISTURB THE D.C. CIRCUIT AUTHORITY
BARRING SPAIN'S *FORUM NON CONVENIENS* ARGUMENT</u>**

Spain's Reply contends for the first time that a "two-part test" for *forum non conveniens*, generally applicable in the "D.C. District Court," is contained in the first instance decision *Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.*, 421 F. Supp. 2d 87, 103 (D.D.C. 2006) ("*TermoRio I*"). In its citation to *TermoRio I*, Spain notes without elaboration it was "*aff'd sub nom.*" by the D.C. Circuit in *TermoRio S.A. E.S.P. v. Electranta S.P.,* 487 F.3d 928 (D.C. Cir. 2007) ("*TermoRio II*").

To avoid any impression that *TermoRio II* also addressed *forum non conveniens*, the responsible course would have been for Spain to clarify that the D.C. Circuit in *TermoRio II* did *not* apply *forum non conveniens*. Regrettably, Spain did not. A clarification is warranted.

*TermoRio I* and *II* involved a petition to enforce an arbitration award concerning a dispute between TermoRio and Electranta, two Columbian companies, that was issued by a Columbian tribunal seated in Columbia under the rules of the International Chamber of Commerce (the "ICC"). *TermoRio II*, 487 F.3d at 245, 249. TermoRio brought a petition to enforce the award under Chapter II of the Federal Arbitration Act ("FAA"), which implements the New York

9

Convention in the United States and thereby governs the enforcement of ICC awards rendered internationally. *Id.* at 243. Pursuant to Article V of the New York Convention, Electranta argued that the award should not be recognized because it had been vacated by a Columbian court applying Columbian law. *Id.* at 245; *see also supra* at 5-6 (explaining that New York Convention arbitrations are subject to the law of the seat of the arbitration as the applicable *lex arbitri*).

In *TermoRio I*, the district court agreed with Electranta and dismissed TermoRio's petition on several grounds, including, "in the alternative," *forum non conveniens*. *TermoRio II*, 487 F.3d at 243. But on appeal, the D.C. Circuit pointedly declined to consider the district court's *forum non conveniens* analysis, finding "it unnecessary to determine whether the case might have been dismissed on the ground of *forum non conveniens*." *Id.* Instead, the D.C. Circuit in *TermoRio II* only "h[e]ld that the District Court properly dismissed appellants' enforcement action under Article V(1)(e) of the New York Convention." *Id.*

Of course, the fact that the D.C. Circuit proceeded to apply the terms of Article V of the New York Convention meant that the *forum non conveniens* plea was, in effect, leapfrogged in favor of a decision that reached the applicable standards under the New York Convention – the very inquiry that a *forum non conveniens* plea, if sustained, would have bypassed. Accordingly, the D.C. Circuit's decision in *Termorio II* does nothing to alter the *unbroken* string of D.C. Circuit decisions holding that "the doctrine of '*forum non conveniens* **is not available in proceedings to confirm a foreign arbitral award**' in the United States." NextEra MTD Opp. at 38 (emphasis in original) (*quoting Tatneft v. Ukraine*, 21 F.4th 829, 840 (D.C. Cir. 2021)).

Indeed, in *TermoRio I* and *II*, an award was denied enforcement because it was annulled by "the 'competent authority' in the primary Contracting State," i.e., Colombia's courts, the courts of the seat of arbitration. *TermoRio II*, 487 F.3d at 249. In the present case, the subject Award

10

has *survived* annulment proceedings before the *only* authority competent to hear such applications, an ICSID annulment committee. This, if anything, fortifies NextEra's position.[7]

---

[7] Even were the *forum non conveniens* test discussed in *TermoRio I* compatible with D.C. Circuit law (and it is not), Spain's argument would fail for the reasons explained already. *See* NextEra MTD Opp. at 39-41.

Dated: July 13, 2022

Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein
Bradley A. Klein
D.C. Bar Number 973778
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)
New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
Cesar Riviere (appearing *pro hac vice*)
New York Bar Number 5746326
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com
cesar.riviere@skadden.com

David Herlihy (appearing *pro hac vice*)
New York Bar Number 4167920
ALLEN & OVERY LLP
One Bishops Square
London
E1 6AD
ENGLAND
+44 20 3088 2837
david.herlihy@allenovery.com

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*