UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTERA ENERGY GLOBAL HOLDINGS B.V. *and* NEXTERA ENERGY SPAIN HOLDINGS B.V., <br><br> Petitioners, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> Respondent. | No. 19-cv-01618-TSC |

**THE KINGDOM OF SPAIN'S RESPONSE TO PETITIONERS' MOTION FOR LEAVE (1) TO FILE A SURREPLY TO NEW POINTS RAISED IN RESPONDENT'S REPLY SUBMISSION ON ITS MOTION TO DISMISS AND (2) TO INTRODUCE A SUPPLEMENTAL AUTHORITY**

Respondent Kingdom of Spain ("Respondent" or "Spain") hereby respectfully submits its response to Petitioners' motion ("Motion") (ECF No. 75) for an order (1) granting them leave to file a Surreply in Opposition to Respondent's Motion to Dismiss, and in Support of Petitioners' Cross-Motion for Summary Judgment, along with a Supplemental Declaration of Professor George Bermann, and (2) granting them leave to submit a supplemental authority. Sensitive to the Court's admonishment to not clutter this docket, as reflected in the Minute Order of September 8, 2020, and the limits placed on the parties' submissions to this date, as reflected in the Minute Order of May 31, 2022, Spain is surprised that Petitioners now seek to file literally over 40 new pages of new arguments in opposition to Spain's Motion to Dismiss. This is not proper, and by the sheer volume of pages Petitioners ask to submit, they betray that this is not a proper request for a surreply. Further, the underlying basis of the Motion simply goes to show that the Motion to Dismiss is in fact well founded, and that this Court should refrain from wading

into the highly dynamic issues of international law involved here, including in particular relating to the application and effect of the EU Treaties and decisions of the EU's highest court, the CJEU, to EU citizens who have subjected themselves to the EU Treaties and the decisions of the CJEU. Indeed, if anything, the Motion shows that, at best, short of dismissing the case altogether, the Court should *sua sponte* stay these proceedings.

### I. PETITIONERS' PURPORTED MOTION FOR A SURREPLY IS SIMPLY AN EFFORT TO ADDRESS CONTINUING DEVELOPMENTS IN THE HIGHLY DYNAMIC AREA OF LAW UNDERLING THIS CASE, WHICH DOES NOT WARRANT A SURREPLY

Spain does not intend to address in detail the merits of the arguments raised and asserted in the additional filings that NextEra has requested to file. Rather, as further described below, Spain reserves its rights to file a sur-sur-reply to any sur-reply that the Court may grant to Petitioners. That said, Spain makes the following observations about the Motion.

#### A. Petitioners Do Not Seek to Address "New Arguments" but Rather Seek the Opportunity to Address Various Developments Related to this Case

Petitioners do not seek to address four "newly raised" arguments in the typical sense, and as described in the applicable law. Rather, Petitioners in essence seek to address new cases and developments that were issued or occurred after Petitioners submitted their opposition to Spain's Motion to Dismiss, and improperly try to get the last word on Spain's motion.

First, Petitioners point to the *Green Power* arbitration award that was issued recently. This was not a new argument raised by Spain; instead, it is merely a recent development in the highly dynamic area of law showing that no valid arbitration agreement exits in this case. Second, Petitioners point to the agreement among signatories of the Energy Charter Treaty to amend it to clarify that no valid arbitration agreement exists related to this case, but this is not a "new argument" asserted by Spain either. Rather it relates to continuing developments in this

2

area of law.  Third, Petitioners point to arguments from Professor Hindelang relating to the VCLT in this reply declaration.  But these are not "new arguments" -- instead, as clearly evidenced in the declaration, Professor Hindelang was merely directly addressing points raised by Petitioners' expert relating to the VCLT.   Fourth, Petitioners point to the fact that Spain cited to a new case which set out the standard for *forum non conveniens*.  But the argument is not new, and simply citing a new case is not raising a "new argument."

Simply put, Petitioners do not seek to correct any unfairness, or apply the applicable law governing whether a surreply should be granted.  Rather, they seek to address continuing developments in the area of law underlying case and to get the last word.  These new decisions and developments, however, are happening on a monthly and sometimes weekly basis.  For example, just two weeks ago, the Luxembourg Court of Cassation rendered a decision refusing to enforce an ICSID Award in favor of the Miculas based upon the reasoning of the CEJU in Achmea.  See Exhibit A annexed hereto. This is not the purpose of a surreply.  These circumstances do not warrant the filing of a surreply.

### B. Petitioners' Request That the Court Exclude the Four Points Referenced Above is Meritless

Perhaps understanding that they have no basis to seek to file a surreply, Petitioners ask that in the alternative the Court disregard the three points raised above.   However, as discussed above, the complaints made by Petitioners do not relate to "new argument" asserted by Spain. The first two points are comments on developments that arose since the time the Renewed Motion to Dismiss was filed.   The third point is not a "new argument" but is rather an example of Spain's expert responding to the arguments of Petitioners' expert.   The fourth point simply focuses on the fact that Spain cited another applicable case in setting out the standard for dismissal based upon *forum non conveniens*.   It would thus be improper to exclude any of these points.

## II. PETITIONERS' REQUEST THAT THE COURT PRECLUDE SPAIN FROM FILING A SUR-SUR-REPLY SHOWS THAT IT IS SEEKING AN IMPROPER ADVANTAGE AND THAT IT IS NOT ENTITLED TO A SURREPLY IN THE FIRST PLACE

If Petitioners are permitted to file a surreply on the points raised above, Spain should be given the opportunity to file a response to that surreply.

The basis for Petitioners request is, in essence, that Spain "load[ed] its final submission with new argument." That is baseless, as noted above, and Petitioners' attempt to portray the circumstances as such simply shows that the Motion has no merit.

Further, by contending that a sur-sur-reply could not satisfy the requirements for granting a surreply, Petitioners admit that they are not seeking to file new arguments in the surreply. But if the surreply would contain no new arguments, then these arguments that Petitioners would like to raise have already been made (by Petitioners' reasoning) and therefore the Motion should be denied on that basis alone. A surreply is not a vehicle to repeat arguments that Petitioners have already made.

## III. PETITIONERS' APPLICATION TO FILE A SUPPLEMENTAL AUTHORITY SHOULD ALSO BE DENIED, AND THE COURT SHOULD *SUA SPONTE* STAY THESE PROCEEDINGS

The court has already expressed its displeasure with multiple notices of supplemental authority. Spain does not necessarily believe that it would be inappropriate for the Court to be updated on developments, and as noted above, Spain believes there are developments that the Court may benefit from being aware of, such as the fact that more courts in Europe continue to refuse to enforce ICSID awards due to the *Achmea* and *Komstroy* decisions.

That said, the Micula decision referred to by Petitioners is not precedential, and does not bear on any of the material issues in this case, and Petitioners apparently plan to only make

arguments based upon it that could have already been made or have in fact already been made. For example, Petitioners argue that this decision is pertinent because Romania made some of the same arguments in that case that Spain raises in this case. But those arguments were made long before the decision in question, and in fact Petitioners have already referred to the Micula case in their opposition. Further, and perhaps more importantly, the Micula case, as Spain has also already discussed in its reply, deals with a different factual background given that Romania was not a member of the EU when the alleged breaches of the ECT occurred, and that the judgment in that case was entered prior to any relevant authority in Europe holding that there was no arbitration agreement in that case. Secondly, Petitioners' argument that the Micula decision draws a distinction between an award governed by the ICSID Convention and the arbitral law of another country misses the point, and is not relevant. Here, the question is whether an arbitration agreement exists, and that question was not before the court in the Micula decision. The Micula decision concerned the application of § 116 of the Second Restatement of Conflict of Laws. The Micula decision thus is not "helpful" in the adjudication of this case.

### IV.   CONCLUSION

For all the reasons above, Spain requests that the Court deny the Motion.

Dated: July 27, 2022

                                          Respectfully submitted,

                                          By:   /s/ Matthew J. Weldon

                                          Matthew J. Weldon (*pro hac vice*)
                                          New York Bar Number 4832408
                                          New York Bar Number 5282181
                                          599 Lexington Avenue
                                          New York, New York 10022
                                          (212) 536-4042

Matthew.Weldon@klgates.com

Brian D. Koosed
D.C. Bar Number 1034733
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9204
Brian.Koosed@klgates.com

Michael DeMarco (*pro hac vice*)
New York Bar Number 4142477
1 Lincoln St.
Boston, MA 02111
(617) 951-9111
Michael.DeMarco@klgates.com

*Counsel for Respondent Kingdom of Spain*

**CERTIFICATE OF SERVICE**

I certify that on July 27, 2022, I caused a true and correct copy of the foregoing Response to be filed using the Court's Electronic Case Filing System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Matthew. J. Weldon
Matthew J. Weldon