UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                  :
NEXTERA ENERGY GLOBAL HOLDINGS                                    :
B.V. and NEXTERA ENERGY SPAIN                                     :
HOLDINGS B.V.,                                                    :
                                                                  :
                                    Petitioners,                  :
                                                                  :   Civil Action No. 19-cv-01618-TSC
                    v.                                            :
                                                                  :
KINGDOM OF SPAIN,                                                 :
                                                                  :
                                    Respondent.                   :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

**PETITIONERS' REPLY IN SUPPORT OF ITS MOTION FOR LEAVE (1) TO FILE A SURREPLY AND (2) TO INTRODUCE A SUPPLEMENTAL AUTHORITY**

Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") hereby submit this reply in support of their motion seeking: (1) leave to file a Surreply to Respondent the Kingdom of Spain's June 29, 2022, Reply Memorandum on its Motion to Dismiss ("Spain's Reply"), and (2) leave to submit a supplemental authority.

The present motion presents two simple, indeed, narrow questions.  First, have the ordinary standards for presenting a surreply been met?  Plainly, they have: Spain's June 29, 2022, Reply took the liberty of introducing several new arguments as well as referring to the June 2022 award in *Green Power Partners v. Spain*, No. V2016/135 (SCC 2022) ("*Green Power*") (ECF No. 74-2) and a June 2022 announcement by the Energy Charter Conference ("ECT Agreement in Principle") (ECF No. 75-3).  By definition, NextEra was not able to address these authorities in its opposition to Spain's motion to dismiss, nor was it able to respond to the two other new points in Spain's

Reply (its new "*inter se* modification" argument and its embrace of a supposed *forum non conveniens* "test" from an authority first unveiled in its Reply).  The responsible course would have been for Spain to simply consent to the surreply.

The second issue is whether NextEra should be given leave to submit a new D.C. Circuit authority, *Micula v. Gov't of Romania*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022). No prejudice would be occasioned to Spain from this request – NextEra's proposed order would give Spain the ability to comment on this case as well.  Again, the responsible course would have been to simply consent to this arrangement.  Spain, however, engages in a lengthy commentary on *Micula* while *still* attempting to gag NextEra from introducing it.

Not content with only one instance of "having its cake and eating it too," Spain then submits a further new authority in brazen defiance of the Court's prior direction that no supplemental authority be introduced except by leave of Court.  Tactics such as this are rarely encountered and never countenanced.[1]

Were that not enough, Spain's opposition brief then demands, without any basis, that it be given a "sur-sur-reply."  ECF No. 76, at 4.  Aside from being procedurally defective (Spain has not cross-moved for such relief), the request is patently unsupported by precedent and should therefore be rejected, along with the rest of its arguments.

---

[1] Straying even further, Spain uses its opposition brief to further develop its stay application, arguing "that this Court should refrain from wading into the highly dynamic issues of international law involved here."  ECF No. 76, at 1-2.  Such submissions have no place in a purely procedural brief and are, in any event, improper – the Court is perfectly situated to determine any "international law" issues arising in this case.

## I.
## SPAIN'S OPPOSITION BRIEF FAILS TO REFUTE THE NEED FOR A SURREPLY (INDEED, IT CONFIRMS THE NEED)

A.   **Incontestably, NextEra Had No Prior Chance to Address Spain's New Arguments**

As noted already, a party should be granted leave to file a surreply if it "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Wultz v. Islamic Republic of Iran*, No. 08-CV-1460 RCL, 2010 WL 4135913, at *1 (D.D.C. Oct. 20, 2010) (citation omitted); *see also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). Although Spain fails to address these authorities, it concedes "*Petitioners in essence seek to address new cases and developments* that were issued or occurred after Petitioners submitted their opposition to Spain's Motion to Dismiss . . . ." ECF No. 76, at 2 (emphasis added).

That concession should end the matter. Yet, Spain persists in arguing that *Green Power* and the ECT Agreement in Principle somehow are not "new arguments" for which a surreply should be granted because they merely "relate[] to continuing developments in this area of law." *Id.* at 2-3. To the contrary, a surreply is proper whenever a new development is presented for the first time in a reply submission, however that material might be characterized. *See, e.g.*, *Ben-Kotel*, 319 F.3d at 536 (finding a surreply would have been proper to respond to factual "affidavits and records").

As for Spain's attempts to maintain that the two other new points are not new:

- Professor Hindelang's argument that the ECT is subject to an "*inter se* modification" under Article 41(1) of the Vienna Convention on the Law of Treaties ("VCLT") is not found in any of Spain's prior motion papers. *See* ECF No. 74-1 ¶¶ 27-39. The self-serving claim that this new argument "was merely directly addressing points raised by Petitioners' expert relating to the VCLT" (ECF No. 76, at 3) is no answer because neither Professor Bermann nor NextEra raised VCLT Article 41(1) before.

- Spain's attempt to downplay its reliance in its Reply on *Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.*, 421 F. Supp. 2d 87 (D.D.C. 2006), *aff'd sub nom. TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928 (D.C. Cir. 2007), a case never cited prior to Spain's Reply, is unconvincing. Spain's Reply cites to *Termorio* no less than seven

3

times and argues (for the first time) that a "two-part test" set out in *Termorio* governs the *forum non conveniens* analysis in D.C. district courts. It then proceeds to structure its entire *forum non conveniens* analysis around this supposed "two-part test." *See* ECF No. 74, at 4 ("As to the first prong of the two-part test . . . ."); *id.* at 5 ("The second prong of the two-part test . . . .").

Both arguments warrant a surreply. *See Wultz,* No. 08-CV-1460 RCL, 2010 WL 4135913, at *2 (granting leave to file a surreply to address an issue of law where the moving party "developed this argument for the first time in its reply").

B.   **Spain is Not Entitled to File a Sur-Sur-Reply**

Spain demands an opportunity to file a sur-sur-reply without any attempt to analyze, much less refute, the applicable authorities stating that a party in its position has no presumptive "right" to file such a brief. Spain merely asserts that, because "Petitioners admit that they are not seeking to file new arguments in the surreply," the "arguments that Petitioners would like to raise have already been made (by Petitioners' reasoning) and therefore the Motion should be denied on that basis alone." ECF No. 76, at 4. Spain's confused argument does nothing to change the conclusion that any sur-sur-reply Spain may seek to introduce is unwarranted and should be summarily denied.

## II.
## SPAIN'S APPROACH TO NEW AUTHORITIES IS INCONSISTENT AND UNTENABLE

A.   **Spain's Attempt to Gag Discussion of the D.C. Circuit's *Micula* Decision is Unavailing**

Spain contests NextEra's introduction of the recent *Micula* decision because, it argues, the decision "is not precedential, and does not bear on any of the material issues in this case, and Petitioners apparently plan to only make arguments based upon it that could have already been made or have in fact already been made." ECF No. 76, at 4-5. Spain additionally contends that "Petitioners have already referred to the Micula case in their opposition. Further, and perhaps

4

more importantly, the Micula case, as Spain has also already discussed in its reply, deals with a different factual background . . . ." *Id.* at 5.  Spain's superficial arguments miss the mark.

First, the decision is precedential.  D.C. Circuit Rule 32.1(b)(1)(B) plainly states that "[a]ll unpublished orders or judgments of this court . . . entered on or after January 1, 2002, may be cited as precedent."[2]

Second, NextEra could not possibly "have already referred to the Micula case in their opposition."  ECF No. 76, at 5.  While NextEra discussed other decisions in the *Micula* line of cases in its opposition, it could not have discussed the specific decision it now seeks to introduce into the record – the D.C. Circuit Court's decision of June 24, 2022 – because that decision had not been rendered by the time that NextEra filed its opposition on June 9, 2022.

Third, the D.C. Circuit's final resolution of the *Micula* parties' arguments about the act of state, comity, and foreign sovereign compulsion doctrines are obviously key to this proceeding because the same objections were made here.  The D.C. Circuit's recent *Micula* decision thus is more than "'helpful' in the adjudication of this case" (*see* ECF No. 76, at 5), it is controlling precedent for the adjudication of this similarly-situated case.  Accordingly, NextEra reiterates its request to fully address the import of the recent *Micula* decision.

**B.**     **Spain's Unauthorized Submission of a New Authority Should Not Be Countenanced**

Spain's opposition brief introduces (as Exhibit A; ECF No. 76-1) a July 14, 2022, Luxembourg Court of Cassation decision concerning whether to enforce the *Micula* award in Luxembourg.  This is a brazen violation of the Court's Minute Order of September 8, 2020, which

---

[2]   On July 27, 2022, the D.C. Circuit issued orders denying Romania's petitions for a rehearing and en banc review.  *Micula,* No. 20-7116, 1:17-cv-02332-APM (Doc. #1956679); *id.* (Doc. #1956680).

states, in relevant part: "No further argument is permitted regarding Respondent's Motion [15] *absent leave of court and for good cause shown*." (emphasis added).

Despite attempting to invoke the Court's Minute Order as somehow weighing against allowing NextEra's Surreply and supplemental authority (*see* ECF No. 76, at 1, 4),[3] Spain appears to believe that the same rules do not apply to it. Spain failed to seek leave to introduce the Luxembourg decision, and its submission should be rejected for that reason alone.

Even were the Court to consider waiving compliance with its Order, there is no good cause here. Although Spain claims the decision shows that "courts in Europe continue to refuse to enforce ICSID awards due to the *Achmea* and *Komstroy* decisions" (*id.* at 4), the facts remain that a court of this district *enforced* the *Micula* award despite these authorities, and the D.C. Circuit affirmed that decision. Spain fails to explain why the conclusions of a foreign court are relevant in such circumstances.[4]

## C.  Spain's Renewed Bid for a "*Sua Sponte*" Stay Is Improper

Spain argues that NextEra's motion "shows that, at best, short of dismissing the case altogether, the Court should *sua sponte* stay these proceedings," because "this Court should refrain from wading into the highly dynamic issues of international law involved here, including in

---

[3]   NextEra's instant motion fully complies with this Order: it requests leave before filing, and demonstrates a "good cause" basis for requesting additional briefing for, both the Surreply and the *Micula* authority. Spain's insinuation that NextEra's motion is in any way improper is entirely disingenuous.

[4]   In the Luxembourg decision, the court rejected a petition to confirm an ICSID award *on the basis of its own rules of immunity*, noting that, as a result of CJEU case law (*e.g.*, *Achmea* and *Komstroy*), EU law precludes an inference that the consent to arbitrate under the applicable BIT was also a waiver of immunity from suit. This decision on the interpretation and application of foreign immunity laws is decidedly irrelevant to the FSIA's sovereign immunity analysis required here. Accordingly, whether introduced as fact or as law, the Luxembourg decision is not of assistance to this Court.

particular relating to the application and effect of the EU Treaties and decisions of the EU's highest court, the CJEU, to EU citizens who have subjected themselves to the EU Treaties and the decisions of the CJEU." ECF No. 76, at 1-2.  Needless to say, Spain's new argument for the relief requested in its unrelated motion to stay (ECF No. 71) has no place in its brief opposing NextEra's instant motion for leave, which is merely procedural in nature.

Spain's position, moreover, is at odds with its own arguments on its main motion to dismiss. Having loaded the record with voluminous European law and treaty arguments, Spain cannot now claim that the Court should avoid considering them.[5]

In any event, the notion that this Court should refrain from deciding "international law" issues ignores that Congress has conferred jurisdiction upon district courts to enforce awards arising under the ICSID Convention – as well as the power to determine any sovereign immunity objections.  In such circumstances, Spain's own cases confirm that district courts ***have a "virtually unflagging obligation ... to exercise the jurisdiction given them."*** *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (citation omitted) (emphasis added); *see also Wye Oak Tech., Inc. v. Republic of Iraq*, 666 F.3d 205, 211 (4th Cir. 2011) (citation omitted).  This obligation supersedes "the bounds of any inherent authority the district court may have had to stay proceedings in the interest of judicial economy," and can subject a district court to a writ of mandamus requiring the adjudication of a stayed case where a "stay order as issued exceeded the proper exercise of authority of the District Court." *Belize*, 668 F.3d at 729, 733.  Accordingly, there is no merit to Spain's stay request.

---

[5] Of course, as explained further in NextEra's submissions on Spain's motion to dismiss, few (if any) of Spain's "international law" arguments actually need to be reached by this Court, because the criteria for enforcement under the ICSID Convention (and its enabling legislation) are readily met here.

| | |
|---|---|
| Dated: August 3, 2022<br><br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Bradley A. Klein<br>Bradley A. Klein<br>D.C. Bar Number 973778<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC  20005-2111<br>(202) 371-7000<br>bradley.klein@skadden.com<br><br>Timothy G. Nelson (appearing *pro hac vice*)<br>New York Bar Number 3060175<br>Amanda Raymond Kalantirsky (appearing *pro hac vice*)<br>New York Bar Number 4812418<br>Cesar Riviere (appearing *pro hac vice*)<br>New York Bar Number 5746326<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY 10001<br>(212) 735-3000<br>(212) 735-2000 (fax)<br>timothy.g.nelson@skadden.com<br>amanda.raymond@skadden.com<br>cesar.riviere@skadden.com<br><br>David Herlihy (appearing *pro hac vice*)<br>New York Bar Number 4167920<br>ALLEN & OVERY LLP<br>One Bishops Square<br>London<br>E1 6AD<br>ENGLAND<br>+44 20 3088 2837<br>david.herlihy@allenovery.com<br><br>*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.* |

**CERTIFICATE OF SERVICE**

    I certify that on August 3, 2022, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF").  The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Bradley A. Klein
Bradley A. Klein
