# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTERA ENERGY GLOBAL HOLDINGS B.V. and NEXTERA ENERGY SPAIN HOLDINGS B.V., | |
| Petitioners, | |
| v. | Civil Action No. 19-cv-01618-TSC |
| KINGDOM OF SPAIN, | |
| Respondent | |

# MEMORANDUM IN SUPPORT OF
# PETITIONERS' RENEWED MOTION FOR SUMMARY JUDGMENT

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") respectfully submit this Renewed Motion for Summary Judgment against Respondent the Kingdom of Spain ("Spain"), renewing NextEra's pending Cross-Motion for Summary Judgment filed on June 9, 2022 (ECF No. 70 (attached hereto as Ex. 1), the "Motion").[1] The material undisputed facts of this case and the applicable law have not changed since NextEra filed its Motion, Memorandum of Law and Statement of Material Facts in support, which NextEra attaches here as exhibits to this motion for ease of reference. (ECF Nos. 68, 69; *see* Exs. 2-5.) The only intervening development in this case is the D.C. Circuit's recent ruling affirming this Court's determination that is has jurisdiction to enforce NextEra's arbitral award against Spain. *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088 (D.C. Cir. 2024). NextEra's Motion is therefore ripe for resolution, and the Court should grant summary judgment for NextEra in this matter under Federal Rule of Civil Procedure 56 for all the reasons set forth in the Motion and its supporting filings, which NextEra incorporates here by reference.

To recap briefly, NextEra filed its Motion for summary judgment on June 9, 2022, as a cross motion in response to Spain's motion to dismiss this action. (ECF No. 70; *see* Ex. 1.) To date, Spain has not filed a brief in opposition to NextEra's Motion. Instead, on June 17, 2022, Spain moved to strike the Motion pending the Court's consideration of Spain's parallel motion to dismiss this case for lack of jurisdiction based on sovereign immunity. (ECF No. 71.) Spain then filed an action in the Dutch courts in Amsterdam, seeking an anti-suit injunction preventing the instant action from proceeding. (*See* ECF No. 84 at 4.) In response, NextEra filed a motion in this Court seeking a preliminary injunction and temporary restraining order protecting this Court's jurisdiction and preventing the Dutch action from interfering with this lawsuit. (ECF No. 78.)

---

[1] Citations to "Ex." Refer to exhibits to the declaration of Bradley A. Klein, filed herewith.

On February 15, 2023, the Court issued an order denying Spain's motion to dismiss, holding that the Court could exercise jurisdiction over Spain pursuant to the arbitration exception in the Foreign Sovereign Immunities Act, (ECF No. 84 at 7-15), and granting NextEra's motion for a preliminary injunction, enjoining Spain from seeking to interfere with the Court's jurisdiction through the parallel Dutch action. (*Id.* at 16-27.) With respect to NextEra's Motion for summary judgment, the Court denied Spain's motion to strike, but did not rule on the Motion at that time, electing to "give Spain a chance to appeal the court's rulings on the other motions, including the court's jurisdictional holdings." (*Id.* at 28-29.) The Court indicated that it would allow Spain to respond to the Motion at a later time to "give Spain 'an opportunity to supplement [its] submissions[]' . . . with . . . merits arguments Spain promises, including . . . 'that the award was illegally procured by Petitioners['] false representations.'" (*Id.* at 29 (citations omitted).)

Spain then appealed the Court's order. (ECF No. 87.) On August 16, 2024, the D.C. Circuit issued its decision on Spain's appeal.. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088 (D.C. Cir. 2024). The panel unanimously affirmed the Court's ruling that Spain had waived sovereign immunity in this matter, giving the Court jurisdiction over NextEra's action to enforce its award, *id.* at 1104-05, but, by a split vote, it vacated the Court's preliminary injunction relating to Spain's Dutch court action, *id.* at 1111. The D.C. Circuit's mandate has now issued, returning the case to this Court. Mandate, *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 23-7031, Dec. 10, 2024 (D.C. Cir.).[2]

---

[2] The D.C. Circuit also reversed an order *granting* a motion to dismiss a similar action to enforce an arbitral award against Spain in *Blasket Renewable Invts., LLC v. Kingdom of Spain*, 665 F. Supp. 3d 1 (D.D.C. 2023). *See NextEra*, 112 F.4th at 1098. That case too is again before the District Court following issuance of the D.C. Circuit's mandate. *See NextEra*, 112 F.4th at 1111.

2

In the present posture, NextEra's Motion for summary judgment remains pending and is ripe for completion of briefing and resolution by the Court. There have been no material intervening changes to the applicable law or to the facts of this case pertinent to the Motion since NextEra filed it in June 2022. Now as then, the Court should issue summary judgment in favor of NextEra, concluding this years-long odyssey to enforce a simple arbitral award issued under the International Centre for Settlement of Investment Disputes ("ICSID").

Summary judgment under Rule 56 is appropriate in suits to enforce an ICSID award "[a]fter the complaint is filed and service effected." *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 118 (2d Cir. 2017). To issue judgment, the Court need only ensure "that the award is authentic" and "that its enforcement order is consistent with the award." *TECO Guat. Holdings, LLC v. Republic of Guat.*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019). NextEra's Motion and supporting papers identify the award issued in NextEra's favor under ICSID on May 31, 2019. *NextEra Glob. Energy Holdings B.V. v. Kingdom of Spain*, ARB/14/11, Award (ICSID 2019) (the "Award") (ECF No. 1-4). There is no dispute about the Award's authenticity or the consistency of the enforcement order NextEra seeks in this case with the terms of the Award. (*See* Statement of Material Facts, ECF No. 68-69 (attached hereto as Ex. 3) at ¶¶ 10-11, 17.) The undisputed facts therefore establish the only elements necessary for the judgment NextEra seeks. *See TECO*, 414 F. Supp. 3d at 101.

Moreover, case law emerging in the two years since this Court's ruling has only reinforced the grounds for summary judgment, recognizing that "[22 U.S.C.] Section 1650a prohibits relitigation of issues that have been fully considered, carefully addressed, and decided on the merits in an ICSID action." *Valores Mundiales, S.L. v. Bolivarian Republic of Venez., Ministerio del Poder Popular para Relaciones Exteriores*, 87 F.4th 510, 520 (D.C. Cir. 2023); *see also*

3

*Blasket Renewable Invts., LLC v. Kingdom of Spain*, No. 1:23-cv-02701-RC, 2024 WL 4298808, at *8-10 (D.D.C. Sept. 26, 2024) (granting summary judgment enforcing ICSID award to petitioner investor under Energy Charter Treaty, over Spain's assertion of ICSID's legal error and "infringe[ment] on the power of EU authorities or courts," because "Congress foreclosed this form of judicial review when implementing the ICSID Convention"), *appeal filed*, No. 24-07166 (D.C. Cir. Oct. 29, 2024).

NextEra respectfully renews its Motion and requests, for all the reasons explained here and in its prior Motion papers, that the Court grant NextEra summary judgment pursuant to Federal Rule of Civil Procedure 56. In addition, because the Court's prior injunction against Spain's Dutch action has been vacated, Spain could resume proceedings in the Dutch courts or other foreign courts at any time to attempt once again to interfere with this Court's resolution of this case. Given this risk, NextEra respectfully requests that, once briefing on the Motion is completed, the Court address the Motion as soon as possible.

| | |
|---|---|
| Dated: December 12, 2024<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Bradley A. Klein<br>Bradley A. Klein<br>D.C. Bar Number 973778<br>John A.J. Barkmeyer<br>D.C. Bar Number 1014956<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC  20005-2111<br>(202) 371-7000<br>bradley.klein@skadden.com<br>john.barkmeyer@skadden.com<br><br>Timothy G. Nelson (appearing *pro hac vice*)<br>New York Bar Number 3060175<br>Amanda Raymond Kalantirsky (appearing *pro hac vice*)<br>New York Bar Number 4812418<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY 10001<br>(212) 735-3000<br>(212) 735-2000 (fax)<br>timothy.g.nelson@skadden.com<br>amanda.raymond@skadden.com<br><br>David Herlihy (appearing *pro hac vice*)<br>New York Bar Number 4167920<br>A&O SHEARMAN (IRELAND) LLP<br>53 Merrion Square South<br>Suite 201<br>Dublin D02 PR63<br>IRELAND<br><br>*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.* |