**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                  :
NEXTERA ENERGY GLOBAL HOLDINGS                                    :
B.V. and NEXTERA ENERGY SPAIN                                     :
HOLDINGS B.V.,                                                    :
                                                                  :
                                        Petitioners,              :
                                                                  :   Civil Action No. 19-cv-01618-TSC
                       v.                                         :
                                                                  :
KINGDOM OF SPAIN,                                                 :
                                                                  :
                                        Respondent.               :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**MEMORANDUM IN SUPPORT OF**
**<u>PETITIONERS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT</u>**

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") respectfully submit this Supplemental Motion for Summary Judgment against Respondent the Kingdom of Spain ("Spain"), supplementing NextEra's pending Renewed Motion for Summary Judgment filed on December 12, 2024 (ECF No. 96, the "Renewed Motion").

## PRELIMINARY STATEMENT

On May 31, 2019, an arbitral tribunal of the International Centre for Settlement of Investment Disputes ("ICSID"), constituted under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Nov. 18, 1965, 575 U.N.T.S. 159 (ECF No. 1-5, the "ICSID Convention"), issued an arbitral award in favor of NextEra against Spain (ECF No. 1-4, the "Award"). NextEra's Renewed Motion explains that the D.C. Circuit's recent decision affirming that the Court has jurisdiction to enforce the Award requires summary judgment for NextEra in the amount of the Award, as NextEra requests in its original Petition in this action (ECF No. 1, the "Petition"; *see* ECF No. 96).

After NextEra filed its Petition, Spain requested review of the Award by an Annulment Committee convened by ICSID. The Annulment Committee's March 18, 2022 Decision on Annulment (ECF No. 68-60, the "Decision on Annulment," attached at Ex. 4, at 5-167) unanimously upheld the Award, and issued a separate award for additional costs and fees of $3.5 million plus interest in favor of NextEra, against Spain (the "Annulment Costs").[1] This award for the Annulment Costs issued while NextEra's Petition in this Court was already pending. NextEra therefore now moves, consistent with authority in this Circuit, to supplement its pending Renewed

---

[1] Citations to "Ex." refer to exhibits (ECF Nos. 96-2 through 96-6) to the declaration of Bradley A. Klein filed in support of NextEra's Renewed Motion (ECF No. 96-7).

1

Motion with a request for summary judgment on the Annulment Costs as well.  The same reasons require summary judgment on those costs as on the Award.

## FACTUAL BACKGROUND

NextEra describes the material undisputed facts of this case in the memorandum supporting its original Cross-Motion for Summary Judgment (ECF No. 68 at 9-16, attached at Ex. 2 (ECF No. 96-3)), which are incorporated in its Renewed Motion and also incorporated in this motion by reference.  NextEra here summarizes only the facts relevant to the present supplemental request for summary judgment on the Annulment Costs; the Court may refer to NextEra's prior briefing for further detail.

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. are private limited liability companies incorporated under the laws of the Netherlands. (Petition ¶ 4.)  Defendant the Kingdom of Spain is a foreign state within the meaning of the FSIA. *See* 28 U.S.C. § 1603(a).

As noted in NextEra's Renewed Motion, NextEra made certain investments in Spain, which were subsequently the subject of arbitration proceedings before an arbitral tribunal constituted pursuant to the ICSID Convention.  (SMF ¶¶ 4-6.)[2]  In 2019, a duly constituted ICSID Tribunal held that Spain's treatment of these investments violated the Energy Charter Treaty, 2080 U.N.T.S. 100 (1994) (ECF No. 1-6, the "ECT"), leading to the Award, which required Spain to pay NextEra €290.6 million in compensation, plus interest and then-incurred costs and fees. Award ¶¶ 37(2)-(6); (SMF ¶¶ 10, 11).

---

[2]  Citations to "SMF" refer to the Statement of Material Facts filed in support of NextEra's Cross-Motion for Summary Judgment, incorporated in NextEra's Renewed Motion (Ex. 3, ECF No. 96-4).  Citations to "Supp. SMF" refer to the Supplemental Statement of Material Facts filed herewith.

ICSID awards are not subject to appeal; however, the ICSID Convention permits "annulment" of a tribunal's award on certain enumerated grounds. *See* ICSID Convention arts. 52, 53. ICSID submits applications for annulment to a three-member *ad hoc* committee appointed by the Chairman of the ICSID Administrative Council. *See id.* art. 52(3). On September 26, 2019, Spain applied to ICSID to annul the Award. (SMF ¶ 12.) Spain argued to the Annulment Committee, among its 22 contentions of error, that the tribunal had manifestly exceeded its jurisdiction, essentially reviving the jurisdictional and EU-law arguments that Spain had unsuccessfully made to the ICSID tribunal in the first instance. *See* Decision on Annulment ¶¶ 216-67 (Ex. 4 at 63-76); (SMF ¶ 14). The Annulment Committee considered briefing and evidence submitted by the parties, as well as additional submissions from the European Commission. *See* Decision on Annulment ¶¶ 20-53 (Ex. 4 at 21-26); (SMF ¶ 15). On March 18, 2022, the Annulment Committee issued its final Decision on Annulment, rejecting Spain's arguments, dismissing its application for annulment, and upholding the Award in full. *See* Decision on Annulment ¶ 533 (Ex. 4 at 164); (SMF ¶ 16).

As relevant to the instant supplemental motion, the Annulment Committee awarded NextEra the Annulment Costs: (1) $3.5 million in attorneys' fees and expenses; and (2) interest on the sum of $3.5 million compounded at 0.234% monthly beginning on April 17, 2022. *Id.*; (Supp. SMF ¶ 18).[3] To date, Spain has not paid any part of the Annulment Costs. (Supp. SMF ¶ 20.)

ICSID awards are "binding" and "shall not be subject to any appeal." ICSID Convention art. 53(1). The reference to an "award" in article 53(1) of the ICSID Convention includes decisions on annulment rendered under article 52. *Id.* art. 53(2). Accordingly, upon the final decision of an

---

[3] The Annulment Committee also directed Spain to bear the costs of the annulment proceeding, totaling $528,474.49. (Supp. SMF ¶ 19.) This amount is not payable to NextEra, and this supplemental motion does not seek amounts that were not awarded to NextEra.

3

annulment committee, there is no further opportunity for a party to an ICSID arbitration to contest the tribunal's final award. *See id.* art. 53(1). Implementing this article of the Convention, Congress passed the Convention on the Settlement of Investment Disputes Act of 1966, which provides that ICSID awards "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).

NextEra's Renewed Motion seeks summary judgment on the amounts reflected in the Award as NextEra set forth in its Petition. (*See* ECF No. 96.) Because Spain instituted its annulment proceedings only after NextEra filed its Petition in this matter, the amounts noted in the Petition do not include the Annulment Costs, the award of which did not exist at the time of NextEra's filing. Consistent with precedent in this Circuit as explained below, NextEra now supplements its Renewed Motion to seek summary judgment enforcing the Annulment Committee's award of the Annulment Costs as well. *See Valores Mundales, S.L. v. Bolivarian Republic of Venez.*, No. 1:19-cv-00046-ACR-RMM, 2023 WL 3453633, at *7 (D.D.C. May 15, 2023) ("*Valores Mundiales I*"), *aff'd sub nom. Valores Mundiales, S.L. v. Bolivarian Republic of Venez., Ministerio del Poder Popular para Relaciones Exteriores*, 87 F.4th 510 (D.C. Cir. 2023) ("*Valores Mundiales II*").

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal courts enforce ICSID awards upon a party's motion for summary judgment "[a]fter the complaint is filed and service effected." *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 118 (2d Cir. 2017).

Where an ICSID annulment committee awards costs and fees in annulment proceedings

4

after the prevailing party has filed a petition to enforce the tribunal's underlying award, the Court may add the additional costs and fees to the judgment amount when resolving a motion for summary judgment on the petition. This was the Court's approach in *Valores Mundiales I*, in which a private petitioner filed a suit to enforce an ICSID award against a foreign nation "before the *ad hoc* [annulment] committee rendered its final decision" and moved for summary judgment after the annulment committee issued its decision. 2023 WL 3453633, at *3-4. The Court held that the petitioner was "entitled to all fees and costs ordered by the annulment committee," even though the annulment committee issued its fee determination after the petitioner moved for summary judgment. *Id.* at *7. The D.C. Circuit affirmed, holding that this approach was not an abuse of the Court's discretion. *Valores Mundiales II*, 87 F.4th at 523-24.[4]

## ARGUMENT

As NextEra's Renewed Motion explains, Spain has fought NextEra's enforcement of the Award for five years, attempting throughout to contest subject matter jurisdiction in a manner that amounts to relitigating the jurisdictional arguments it raised, and lost, twice, before the ICSID tribunal and the ICSID Annulment Committee. The D.C. Circuit has now resolved those jurisdictional arguments in its recent ruling affirming this Court's determination that it has subject matter jurisdiction to enforce the Award. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1104-05 (D.C. Cir. 2024). There remains no other basis for Spain to contest the Award, and NextEra is therefore entitled to summary judgment. *See* 22 U.S.C. § 1650a(a).

---

[4] The Court's approach in *Valores Mundiales I* suggests that the Court should include annulment costs and fees in a judgment on the underlying petition *regardless* of whether the petitioner requests those amounts in a motion for summary judgment. *See* 2023 WL 3453633, at *7. However, for the avoidance of doubt, NextEra brings the instant Supplemental Motion to ensure that the Annulment Costs are properly before the Court for it to enforce.

For the same reasons, NextEra is entitled to the Annulment Costs as part of that judgment. The Court must enforce an ICSID award if "the award is authentic" and "its enforcement order is consistent with the award." *See TECO Guat. Holdings, LLC v. Republic of Guat.*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019). There can be no reasonable dispute that the Annulment Committee's award of the Annulment Costs is authentic, nor that the relief NextEra seeks in this supplemental motion—the precise amounts articulated by the Annulment Committee in its Decision on Annulment—is consistent with that award. *See* Decision on Annulment ¶ 533 (Ex. 4 at 164). Hence, there is no "genuine dispute as to any material fact" remaining, and NextEra "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The D.C. Circuit has confirmed that the Court may award annulment costs and fees upon a motion for summary judgment in proceedings to enforce the underlying Award, as NextEra seeks here, rather than requiring NextEra to file a separate action. *See Valores Mundiales II*, 87 F.4th at 523-24. Indeed, in *Valores Mundiales I*, the petitioner simply incorporated its request for annulment costs in a status report filed during the pendency of its motion for summary judgment, rather than filing a separate motion for summary judgment. *See* Joint Status Report, *Valores Mundialies, S.L. v. Bolivarian Republic of Venez.*, No. 1:19-cv-00046-ACR-RMM, Apr. 14, 2023 (ECF No. 41) at 1-2 (D.D.C.). Here, out of an abundance of caution and for the avoidance of any doubt as to whether the Annulment Costs award is properly before the Court, NextEra is filing the present Supplemental Motion.

Finally, as with the underlying Award, federal statute prohibits Spain from raising any further argument against enforcement on the merits at this phase, whether based on EU law or otherwise. *See* 22 U.S.C. § 1650a(a). Such merits arguments fall under the exclusive authority of the ICSID tribunal and are not reviewable by an enforcing court. *Id.*; *see* ICSID Convention, art. 54(1). Recent case law has only reinforced this conclusion: as the D.C. Circuit has held, "Section

1650a prohibits relitigation of issues that have been fully considered, carefully addressed, and decided on the merits in an ICSID action." *Valores Mundiales II*, 87 F.4th at 520; *see also Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 1:23-cv-02701-RC, 2024 WL 4298808, at *8-10 (D.D.C. Sept. 26, 2024) (granting summary judgment enforcing ICSID award to petitioner investor under Energy Charter Treaty, over Spain's assertion of ICSID's legal error and "infringe[ment] on the power of EU authorities or courts," because "Congress foreclosed this form of judicial review when implementing the ICSID Convention"), *appeal filed*, No. 24-7166 (D.C. Cir. Oct. 29, 2024); *Micula v. Gov't of Rom.*, 404 F. Supp. 3d 265, 275 (D.D.C. 2019) ("A federal court is 'not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award.'" (quoting *Mobil Cerro Negro,* 863 F.3d at 102)).

## CONCLUSION

As with the underlying Award, there is no dispute regarding the only two elements necessary for the Court to enforce the Annulment Committee's award of the Annulment Costs. For the foregoing reasons and those articulated in its Renewed Motion, NextEra respectfully requests that the Court grant its Supplemental Motion for Summary Judgment.

Dated: December 18, 2024  
Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein_____  
Bradley A. Klein  
D.C. Bar Number 973778  
John A.J. Barkmeyer  
D.C. Bar Number 1014956  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
1440 New York Avenue, N.W.  
Washington, DC  20005-2111  
(202) 371-7000  
bradley.klein@skadden.com  
john.barkmeyer@skadden.com  

Timothy G. Nelson (appearing *pro hac vice*)  
New York Bar Number 3060175  
Amanda Raymond Kalantirsky (appearing *pro hac vice*)  
New York Bar Number 4812418  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
One Manhattan West  
New York, NY 10001  
(212) 735-3000  
(212) 735-2000 (fax)  
timothy.g.nelson@skadden.com  
amanda.raymond@skadden.com  

David Herlihy SC (appearing *pro hac vice*)  
New York Bar Number 4167920  
A&O SHEARMAN (IRELAND) LLP  
53 Merrion Square South  
Suite 201  
Dublin D02 PR63  
IRELAND  

*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*