IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | Civil Action No. 19-cv-01618-TSC |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

Now that the D.C. Circuit has resolved an intra-district conflict on the Kingdom of Spain's assertion of sovereign immunity, Spain will timely petition for certiorari from the Supreme Court of the United States. Spain's petition will seek review of the D.C. Circuit's decision holding (1) that the FSIA's arbitration exception provides jurisdiction to confirm arbitral awards against Spain that were issued to EU nationals pursuant to the Energy Charter Treaty ("ECT"), even in the absence of a finding that a valid arbitration agreement exists between the parties; and (2) that *forum non conveniens* is categorically unavailable in proceedings to confirm a foreign arbitral award, even though the Second Circuit has held the opposite. *See Figueiredo Ferraz e Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 386 (2d Cir. 2011).

The questions presented for certiorari present serious legal issues, including questions related to a foreign sovereign's immunity from suit in the United States (an issue the Supreme Court takes seriously, often calling for the views of the United States). Moreover, the "burden of defending against a lawsuit is irreversible and constitutes harm" to a foreign sovereign seeking

certiorari of an immunity decision. *Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020). On the other side, there is no comparable harm to Petitioners from this brief stay, and the equities favor it. Accordingly, to "preserve the full scope of [Spain's] immunity," *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000), the Court should stay this case pending the conclusion of proceedings in the Supreme Court.

## ARGUMENT

This Court has "broad discretion to stay all proceedings in a case while awaiting the outcome of other proceedings." *Faizi v. Garland*, No. 24-cv-839, 2024 WL 5075824, at *2 (D.D.C. Dec. 11, 2024); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts ordinarily consider four factors when exercising that discretion: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Philipp*, 436 F. Supp. 3d at 65 (quoting *Cuomo v. United States NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985)). Where, as here, a foreign sovereign would be forced to litigate in district court while attempting to obtain review of a decision denying its sovereign immunity, "the first factor to be considered is not likelihood of success on the merits, but rather whether or not th[e] case presents serious legal questions." *Id.* at 67. The third and fourth factors are often addressed together in a "balance of the equities."

### I.  Spain's Petition for Certiorari Raises Serious Legal Questions.

The merits of Spain's appeal weigh in favor of a stay. Given the current "procedural posture," this factor can be satisfied so long as a "serious legal question is presented." *Philipp*, 436 F. Supp. 3d at 65; *see also e.g.*, *Republican Nat'l Comm'n v. Pelosi*, No. 22-cv-659, 2022 WL 1604670, at *3 (D.D.C. May 20, 2022). A legal question is serious when it is "substantial"

enough to constitute a "fair ground for litigation." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977).

That standard is readily satisfied here, where Spain's forthcoming petition presents two serious legal questions: On the question of jurisdiction, the D.C. Circuit already had to resolve an intra-district conflict on the FSIA issue presented, and on the doctrine of *forum non conveniens*, there is an acknowledged circuit split with the Second Circuit (this Court, like Judge Leon, was bound by D.C. Circuit precedent and did not have occasion to consider the application of *forum non conveniens* to this dispute among European parties).

On the former issue, the petition for a writ of certiorari implicates vital questions about the FSIA's arbitration exception to foreign-sovereign immunity and "the comity doctrine, where these questions have yet to be resolved by the Supreme Court[] and . . . can affect relations between the United States and foreign nations." *Philipp*, 436 F. Supp. 3d at 67; *see also Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983) ("[A]ctions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States and the primacy of federal concern is evident."). Particularly given that the D.C. Circuit already had to resolve a conflict between this Court and Judge Leon based on hundreds of pages of briefing before the D.C. Circuit, there is no doubt that a serious legal question is presented. *See Republican Nat'l Comm.*, 2022 WL 1604670, at *3 ("[c]haracteristics of a serious legal question include that the question is 'complicated'" and that there is "persuasive authority" supporting it (citations omitted)).

Moreover, the *forum non conveniens* question likewise independently satisfies this standard. There is an entrenched circuit split over whether that doctrine is available in proceedings to confirm a foreign arbitral award. *See LLC SPC Stileks v. Republic of Moldova*,

985 F.3d 871, 876 n.1 (D.C. Cir. 2021) (recognizing split); *Figueiredo*, 665 F.3d at 390–91 (same). Accordingly, the prospect of Supreme Court review is significant.

## II. If the Supreme Court Were to Recognize Spain's Sovereign Immunity, Interim Litigation Will Have Inflicted Irreparable Harm on Spain.

If this Court lacks jurisdiction (as Spain will ask the Supreme Court to hold), Spain will irrefutably suffer irreparable harm as a matter of law. As courts in this district have recognized, a foreign sovereign suffers irreparable harm when its is forced "to incur the time and expenses of litigation" in this context. *Philipp*, 436 F. Supp. 3d at 68 (D.D.C. 2020) (granting stay pending resolution of Germany's petition for certiorari); *see also de Csepel v. Hungary*, No. 10-cv-1261, 2022 WL 3026998, at *3 (D.D.C. Aug. 1, 2022) (recognizing irreparable harm where sovereign immunity at issue, but finding that it was not implicated where, unlike here, "defendants do not intend to seek certiorari" on sovereign immunity); *cf. Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020) (stressing that sovereign immunity is "an immunity from the burdens of becoming involved in any part of the litigation process" (citation omitted)). Indeed, that is the very reason why immediate, interlocutory appeal is available for a denial of sovereign immunity; the immunity would be "irretrievably lost" if Spain were forced to litigate now. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985) (discussing, generally, the collateral order doctrine); *see also Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) (holding that an order rejecting a claim of foreign sovereign immunity "comes within the ambit of the 'collateral order doctrine'" precisely because "sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits"). The absence of a stay will accordingly result in irreparable harm to Spain if the Supreme Court grants certiorari and reverses.

### III. The Balance of the Equities Favors a Stay.

The foregoing reasons demonstrate that the principal considerations favor issuing a stay here, and the balance of the equities is merely "extra icing on a cake already frosted." *Van Buren v. United States*, 593 U.S. 374, 394 (2021) (quoting *Yates v. United States*, 574 U.S. 528, 557 (2015) (Kagan, J., dissenting)). Nonetheless, the balance of the equities also favors issuing a stay.

Neither Petitioners—nor anyone else—will be meaningfully harmed by staying the district court proceedings pending resolution of the petition for certiorari. "[B]riefly staying this matter" while the Supreme Court considers Spain's "request for a writ of certiorari" poses no risk of weakening Petitioners' "position in this litigation," so this factor "weighs in favor" of a stay. *Philipp*, 436 F. Supp. 3d at 69. Mere delay caused by a stay pending a decision on certiorari does not harm Petitioners; the balance favors the sovereign seeking immunity unless Petitioners could show that "their litigation position will be weakened—as by the loss of evidence or a potentially avoidable expenditure of funds—if the matter is stayed." *de Csepel*, 2022 WL 3026998, at *4 (citing *Loving v. IRS*, 920 F. Supp. 2d 108, 111–12 (D.D.C. 2013), which denied a "motion [to] stay in part because granting it would require plaintiffs to face a 'Hobson's choice' of expending time and money on potentially unnecessary compliance with [an] order or risking the loss of professional licensure"). Petitioners could show no such harm. They are seeking a monetary award and have already briefed their motion (and supplemental motion) for summary judgment. Petitioners are also protected by the availability of pre-judgment interest if they ultimately succeed before the Supreme Court and then obtain a judgment enforcing the award. The delay will cause them no harm that would weigh in favor of requiring a foreign sovereign to litigate in district court while pursuing an appeal of the denial of its sovereign immunity.

The public interest also strongly favors ensuring that Spain is not improperly subject to suit in the United States. As the Supreme Court has recognized, "[a]ctions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States." *Verlinden*, 461 U.S. at 493. Thus, as the United States itself explained in the proceedings before the D.C. Circuit, there is a strong federal "interest in ensuring that courts correctly interpret the Foreign Sovereign Immunities Act," U.S. Br. at 1, 2024 WL 402588, which weighs strongly in favor of keeping the stay in place until the Supreme Court has a chance to review Spain's petition for certiorari.

## CONCLUSION

For the foregoing reasons, Spain respectfully requests that this Court stay proceedings pending the consideration and disposition of its forthcoming petition for a writ of certiorari.

Dated: December 30, 2024

Respectfully submitted,

/s/ Carter G. Phillips

| | |
|---|---|
| Eamon P. Joyce (D.C. Bar No. 483127) | Carter G. Phillips (D.C. Bar No. 264176) |
| Simon Navarro (*pro hac vice pending*) | Peter A Bruland (D.C. Bar No. 1600717) |
| Tyler J. Domino (D.C. Bar No. 1619758) | Cody M. Akins (D.C. Bar No. 90012255) |
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| 787 Seventh Avenue | 1501 K Street, NW |
| New York, NY 10019 | Washington, DC 20005 |
| Telephone: (212) 839-8555 | Telephone: (202) 736-8000 |
| Fax: (212) 839-5599 | Facsimile: (202) 736-8711 |
| ejoyce@sidley.com | cphillips@sidley.com |
| snavarro@sidley.com | pbruland@sidley.com |
| tdomino@sidley.com | cakins@sidley.com |

*Attorneys for Respondent Kingdom of Spain*