# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

NEXTERA ENERGY GLOBAL HOLDINGS   :
B.V. and NEXTERA ENERGY SPAIN       :
HOLDINGS B.V.,                           :
                                   :
                 Petitioners,   :
                                   :   Civil Action No. 19-cv-01618-TSC
               v.               :
                                   :
KINGDOM OF SPAIN,                   :
                                   :
                 Respondent.   :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PETITIONERS' MEMORANDUM IN OPPOSITION TO
## <u>RESPONDENT'S MOTION TO STAY</u>

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ............................................................................................................3

I.        GRANTING A STAY WOULD CONTRAVENE THE D.C. CIRCUIT'S MANDATE, WHICH SPAIN DID NOT ASK THE D.C. CIRCUIT OR SUPREME COURT TO STAY.................................................................3

II.      EVEN IF THE COURT POSSESSED POWER TO GRANT A STAY, SPAIN COULD NOT SATISFY THE TRADITIONAL STAY FACTORS..........................................................................................5

A.     Spain Cannot Show a Likelihood of Success on the Merits, Because There Is Neither a Reasonable Probability that the Supreme Court Will Grant Certiorari Nor a Fair Prospect that the Supreme Court Will Reverse ........................................................................................ 5

B.     Spain Will Not Suffer Irreparable Injury Without a Stay ..................... 7

C.     A Stay Would Substantially Harm NextEra ........................................ 8

D.     The Public Interest Favors Proceeding to Enforce the ICSID Award, Not Delay................................................................................................ 9

E.     Spain's Counterarguments Fail ......................................................... 10

CONCLUSION.......................................................................................................11

i

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*In re A.F. Moore & Associates*,
 974 F.3d 836 (7th Cir. 2020) ...........................................................................3, 4

*Citizens for Responsibility & Ethics in Washington v. Federal Election Commission*,
 904 F.3d 1014 (D.C. Cir. 2018)........................................................................5, 10

*Conkright v. Frommert*,
 556 U.S. 1401 (2009)...........................................................................................5, 7

*Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
 932 F.3d 126 (3d Cir. 2019)...................................................................................9

*Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
 Misc. No. 17-00151-LPS, 2023 WL 4826467 (D. Del. July 27, 2023) ...............9

*Davis v. Pension Benefit Guaranty Corp.*,
 571 F.3d 1288 (D.C. Cir. 2009) ..........................................................................10

*Figueiredo Ferraz e Engenharia De Projeto Ltda. v. Republic of Peru*,
 665 F.3d 384 (2d Cir. 2011)...................................................................................7

*KalshiEX LLC v. Commodity Futures Trading Commission*,
 119 F.4th 58 (D.C. Cir. 2024)................................................................................5

*Lee Memorial Hospital v. Becerra*,
 10 F.4th 859 (D.C. Cir. 2021) ................................................................................3

*McBride v. CSX Transportation*,
 611 F.3d 316 (7th Cir. 2010) ..................................................................................5

*NextEra Energy Global Holdings B.V. v. Kingdom of Spain*,
 112 F.4th 1088 (D.C. Cir. 2024)........................................................................1, 4

*Nken v. Holder*,
 556 U.S. 418 (2009)......................................................................................2, 5, 10

*In re NTE Connecticut, LLC*,
 26 F.4th 980 (D.C. Cir. 2022)................................................................................8

*Philipp v. Federal Republic of Germany*,
 436 F. Supp. 3d 61 (D.D.C. 2020) ......................................................................10

*Statek Corp. v. Development Specialists, Inc. (In re Coudert Bros. LLP),*
    809 F.3d 94 (2d Cir. 2015)........................................................................................3

*In re Time Warner Cable, Inc.,*
    470 F. App'x 389 (5th Cir. 2012) ...........................................................................4

*United States v. Lentz,*
    352 F. Supp. 2d 718 (E.D. Va. 2005) .....................................................................4

*Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela,*
    87 F.4th 510 (D.C. Cir. 2023)..................................................................................7

*Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,*
    559 F.2d 841 (D.C. Cir. 1977) ..............................................................................10

*Whitehead v. Frawner,*
    Civ. No. 17-275 MV/KK, 2019 WL 4016334 (D.N.M. Aug. 26, 2019) .............4

## STATUTES

28 U.S.C. § 1605(a)(6)................................................................................................6

28 U.S.C. § 1650a...............................................................................................6, 7, 10

28 U.S.C. § 2101(f)....................................................................................................2

## RULES

Fed. R. Civ. P. 1.......................................................................................................10

## OTHER AUTHORITIES

18B Fed. Prac. & Proc. Juris. § 4478.3 (3d ed. 2024) ................................................3

Convention on the Settlement of Investment Disputes between States and Nationals of
    Other States, November 18, 1965, 575 U.N.T.S. 159......................................6, 7

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra"), by and through their undersigned counsel, submit this Memorandum in Opposition to the motion of Respondent the Kingdom of Spain ("Spain") to stay the case pending Supreme Court review.

## PRELIMINARY STATEMENT

Spain's motion to stay this action pending United States Supreme Court review is the latest in a long series of meritless attempts to evade its obligations to pay NextEra's ICSID award and postpone adjudication of NextEra's claims—delay tactics that have run in parallel with attempts to thwart this Petition altogether, via anti-suit actions in foreign courts. Even on its own terms, however, Spain's stay motion fails. Granting a stay would contravene the D.C. Circuit's mandate—which Spain never asked the D.C. Circuit or Supreme Court to stay—and in any event fails under the traditional legal test for stay motions.

NextEra filed this action in June 2019. Spain obtained a stay pending its ICSID annulment application, but it lost that application in early 2022. Subject matter jurisdiction has been established by this Court and its views unanimously endorsed by the D.C. Circuit, and Spain's meritless *forum non conveniens* argument also rejected. The D.C. Circuit has "remand[ed] for further proceedings." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1101-05, 1111 (D.C. Cir. 2024); Judgment, *NextEra Energy*, No. 23-7031 (D.C. Cir. Aug. 16, 2024). And the future pathway is equally clear—to quote this Court, "pursuant to 28 U.S.C. § 1650a(a)'s unambiguous directive, the court should afford the Award full faith and credit and enter judgment enforcing it." (Memorandum Opinion, ECF No. 84, at ECF p. 25.)

Spain now asks this Court to halt those further proceedings—that is, to effectively stay the D.C. Circuit's mandate—pending Supreme Court review. The only basis Spain offers for halting the "further proceedings" (as ordered by the D.C. Circuit) is its subjective view that the D.C.

1

Circuit is wrong. But this Court cannot grant a stay in these circumstances. By statute, 28 U.S.C. § 2101(f), and basic principles of appellate court power and stare decisis, only the D.C. Circuit or the Supreme Court could stay the appellate mandate. But after the full D.C. Circuit denied Spain's petition for rehearing en banc, without a single judge calling for a vote, *NextEra Energy*, No. 23-7031 (D.C. Cir. Dec. 2, 2024), Spain did not ask either the D.C. Circuit or the Supreme Court to stay the mandate. So the "further proceedings" directed by the D.C. Circuit must now proceed.

What's more, even assuming this Court could disregard the D.C. Circuit's mandate, the traditional stay factors weigh heavily against a stay. *See Nken v. Holder*, 556 U.S. 418, 428 (2009). Spain's motion merely reheats the same stale arguments it made in its failed petition for rehearing en banc, without even addressing NextEra's responses. (*See* NextEra's Response to Petition for Rehearing or Rehearing En Banc, *NextEra Energy*, No. 23-7031, ECF No. 2080103 (D.C. Cir. Oct. 16, 2024) ("Rehearing Opp."), attached hereto as Exhibit 1 to the Declaration of Bradley A. Klein). *First*, Spain cannot show a likelihood of success on the merits, because there is no reasonable probability that the Supreme Court will grant review, much less a fair prospect that the Court will reverse the D.C. Circuit. *Second*, Spain cannot show that it will be irreparably harmed by a stay. Spain has not shown that it will be impossible to recoup the funds it must pay NextEra to satisfy the award in the unlikely event the Supreme Court grants review and reverses. And Spain's claim that it suffers irreparable injury by having to litigate despite its purported immunity fails because Spain *lacks* immunity, as this Court and the D.C. Circuit have already determined. *Third*, NextEra *will* be substantially harmed by a stay. Because Spain is now among the world's biggest and most prolific ICSID award debtors (in terms of the number of adverse awards against it, as well as the total dollar value of those awards), numerous other investors are racing to enforce international arbitral awards against Spain, and delay will prejudice NextEra's ability to collect.

In addition, Spain's gamesmanship in not asking for a stay of the mandate means that this Court's preliminary injunction has been vacated, allowing Spain another opportunity to seek relief in foreign courts to interfere with this Court's enforcement jurisdiction. *Finally*, the public interest weighs against a stay, because it supports enforcing § 1650a, the law Congress enacted precisely to ensure that ICSID award holders can vindicate their judgments and the United States can honor its ICSID Convention obligations. Further delay would only undermine that interest.

The Court should deny Spain's stay motion, just as Judge Mehta and Judge Bates recently did in, respectively, *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 1:22-cv-2403 (D.D.C.) ("*BayWa*"), and *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 1:20-cv-0817 (D.D.C.) ("*InfraRed*").

## ARGUMENT

### I.
### GRANTING A STAY WOULD CONTRAVENE THE D.C. CIRCUIT'S MANDATE, WHICH SPAIN DID NOT ASK THE D.C. CIRCUIT OR SUPREME COURT TO STAY

A district court lacks power to stay an action on remand for further proceedings pending resolution of a petition for a writ of certiorari seeking Supreme Court review when doing so would violate the terms of the D.C. Circuit's mandate. "[A]n appellate mandate binds a lower court on remand," 18B Fed. Prac. & Proc. Juris. § 4478.3 (3d ed. 2024), and the district court cannot violate the mandate's "spirit" or "letter." *In re A.F. Moore & Assocs.*, 974 F.3d 836, 840 (7th Cir. 2020) (per curiam); *see Lee Mem'l Hosp. v. Becerra*, 10 F.4th 859, 867 n.1 (D.C. Cir. 2021) (Randolph, J., concurring); *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 809 F.3d 94, 99 (2d Cir. 2015). Thus, when (as here) a court of appeals holds that a district court has subject matter jurisdiction and remands for further proceedings, the district court cannot stay those proceedings while the losing party seeks Supreme Court review. *See In re A.F. Moore*, 974 F.3d at 840-41.

The appellate court's remand "presuppose[s] that further proceeding[s] would be had [in the district court] at an ordinary pace." *Id.* at 841. The district court's "duty" is to proceed. *Id.*

To be sure, the losing party does have a means of seeking a stay of further proceedings on remand pending resolution of a Supreme Court certiorari petition. But under the operative statute, the losing party needs to request such relief from "a judge of the court rendering the judgment or decree [i.e., the D.C. Circuit] or . . . a justice of the Supreme Court." 28 U.S.C. § 2101(f). The statute does not confer this power on a district court. *See In re Time Warner Cable, Inc.*, 470 F. App'x 389 (5th Cir. 2012) (per curiam). As "[v]irtually every court to have considered this question" has concluded, *Whitehead v. Frawner*, Civ. No. 17-275, 2019 WL 4016334, at *1-2 (D.N.M. Aug. 26, 2019), "§ 2101(f) makes clear that only an appellate court or a justice of the Supreme Court has jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a *certiorari* petition," *United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005). The mandate rule compels the same result: "a district court can exercise its inherent authority only consistent with [the appellate court's] mandate and [that] mandate foreclose[s] a stay pending certiorari." *In re A.F. Moore*, 974 F.3d at 842.

Spain did not ask the D.C. Circuit or a Justice of the Supreme Court to stay the D.C. Circuit's mandate. That mandate requires "further proceedings." *NextEra Energy*, 112 F.4th at 1111; Judgment, *NextEra Energy*, No. 23-7031 (D.C. Cir. Aug. 16, 2024); Mandate, *NextEra Energy*, No. 23-7031 (D.C. Cir. Dec. 10, 2024) (incorporating judgment). Spain thus cannot now ask this Court to contravene what the D.C. Circuit has commanded. And any argument that Spain is merely asking the Court to stay proceedings, and not the D.C. Circuit's mandate, would fail: the D.C. Circuit ordered "further proceedings," and Spain's only asserted basis for a stay is that it wants to challenge the D.C. Circuit's judgment.

4

## II.
## EVEN IF THE COURT POSSESSED POWER TO GRANT A STAY, SPAIN COULD NOT SATISFY THE TRADITIONAL STAY FACTORS

Even assuming the Court could grant a stay, Spain would not be entitled to one.  "A stay pending appeal is an 'extraordinary' remedy," *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 63 (D.C. Cir. 2024), and the stay applicant bears the burden of showing a stay is warranted, *Nken*, 556 U.S. at 433-34.  Spain must "(1) make a 'strong showing that [it] is likely to succeed on the merits'; (2) demonstrate that it will be 'irreparably injured'" without a stay; "(3) show that issuing a stay will not 'substantially injure the other parties interested in the proceeding'; and (4) establish that 'the public interest' favors a stay."  *KalshiEX*, 119 F.4th at 63 (alteration in original) (citation omitted).  The first two factors are the most "critical."  *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (*CREW*) (per curiam).  Spain cannot satisfy any of the factors.  All four weigh in favor of continuing apace.  And Spain's articulation of a more lenient standard is incorrect as a matter of law, as explained below.  *See infra* § II(E).

### A.      Spain Cannot Show a Likelihood of Success on the Merits, Because There Is Neither a Reasonable Probability that the Supreme Court Will Grant Certiorari Nor a Fair Prospect that the Supreme Court Will Reverse

Spain must show "a 'reasonable probability' that four Justices" will vote to grant certiorari and "a fair prospect that a majority of the Court will conclude that the decision below was erroneous."  *Conkright v. Frommert*, 556 U.S. 1401, 1402 (2009) (citation omitted); *see McBride v. CSX Transp.*, 611 F.3d 316, 317 (7th Cir. 2010).  Spain cannot do so.

*First*, the Supreme Court is unlikely to grant review, as Judge Mehta and Judge Bates recently concluded in rejecting Spain's materially identical stay requests in, respectively, *BayWa*, No. 1:22-cv-2403, and *InfraRed*, No. 1:20-cv-0817.  In this respect, NextEra's recent D.C. Circuit brief (submitted in opposition to Spain's failed request for rehearing en banc in the D.C. Circuit)

has already outlined why Supreme Court review is unlikely. (*See* Rehearing Opp. at ECF pp. 18-23.) In short, Spain cannot show that this case is one of the exceedingly rare cases meriting high Court review. There is no circuit split on either question ruled upon by the D.C. Circuit, as NextEra's rehearing opposition explains. Even Spain does not claim that the D.C. Circuit's holding that this Court has jurisdiction under the Foreign Sovereign Immunities Act's ("FSIA") arbitration exception implicates a circuit split. The D.C. Circuit correctly concluded that ECT Article 26 is an arbitration agreement "made by" Spain "with or for the benefit of a private party." *See* 28 U.S.C. § 1605(a)(6). And contrary to Spain's sky-is-falling remonstrations, the D.C. Circuit's opinion addresses only one particular type of arbitration agreement—a multilateral investment treaty—and applies only to *one* such treaty—the ECT. (Rehearing Opp. at ECF pp. 18-23.)

The D.C. Circuit's *forum non conveniens* holding is not "certworthy" either. For one thing, the Supreme Court has repeatedly denied cert petitions seeking review of the *forum non conveniens* conflict Spain claims here. *See, e.g.*, *Ukraine v. PAO Tatneft*, No. 22-19 (U.S.); *Belize v. BCB Holdings Ltd.*, No. 16-136 (U.S.); *Belize v. Newco Ltd.*, No. 16-135 (U.S.); *Belize v. Belize Soc. Dev. Ltd.*, No. 15-830 (U.S.). For another, there is no actual circuit conflict, because the question is not whether *forum non conveniens* is available in a *general* commercial international arbitration context. The question is whether *forum non conveniens* is available in enforcement proceedings governed by the ICSID Convention and its specific enforcing statute. (Rehearing Opp. at ECF p. 24); *see* Convention on the Settlement of Investment Disputes between States and Nationals of Other States, November 18, 1965, 575 U.N.T.S. 159 (the "ICSID Convention") (ECF No. 1-2); 28 U.S.C. § 1650a. The Second Circuit decision cited by Spain has not addressed that question, because it held only that *forum non conveniens* is available in actions under FAA Chapters II and III to enforce international commercial arbitration governed by the 1958 New York Convention

and/or 1975 Panama Convention. *See Figueiredo Ferraz e Engenharia De Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 392-93 (2d Cir. 2011). As the D.C. Circuit has recently underscored, the ICSID Convention is a special multilateral treaty governing investor-state disputes with unique features. *See Valores Mundiales, S.L. v. Bolivarian Republic of Venez.*, 87 F.4th 510, 514-16 (D.C. Cir. 2023). Those features, and 28 U.S.C. § 1650a's "full faith and credit" mandate, also foreclose any suggestion of a circuit split, and they underscore why the D.C. Circuit was correct in treating *forum non conveniens* as inapplicable in the ICSID-award-enforcement context. Indeed, the ICSID Convention positively directs enforcement in contracting-state courts (like this Court), ICSID Convention art. 54(1), and § 1650a requires this Court to give "full faith and credit" to ICSID awards as if they were final judgments. (Rehearing Opp. at ECF pp. 25-26.) Were all of that not enough, the present case could not possibly qualify for bona fide *forum non conveniens* dismissal (even under ordinary *forum non conveniens* standards) because Spain's obvious goal is to engineer a situation where *no* court enforces the Award. This in turn means that this case is a manifestly poor vehicle for Supreme Court review on the *forum non conveniens* issue. (*See* Rehearing Opp. at ECF pp. 26-27.)

In short, Spain cannot show a likelihood of success on the merits. It can show neither a reasonable prospect of Supreme Court review nor a fair prospect of reversal.

**B.    Spain Will Not Suffer Irreparable Injury Without a Stay**

Spain will not suffer irreparable injury without a stay. Spain could have asked the D.C. Circuit or the Supreme Court to stay the D.C. Circuit's mandate. But it did not. To be sure, "further proceedings" may mean that Spain will have to (finally) pay NextEra. But Spain has "not establish[ed] that recoupment will be impossible" in the unlikely event that it pays and the Supreme Court later reverses. *Conkright*, 556 U.S. at 1403. There is no irreparable monetary harm to Spain.

**C.    A Stay Would Substantially Harm NextEra**

By contrast, the facts here show that a stay *would* substantially harm NextEra.  *See* Minute

Order, *BayWa*, No. 1:22-cv-2403 (D.D.C. Dec. 23, 2024) (Judge Mehta's minute order denying a

stay); Order, *InfraRed*, No. 1:20-cv-0817, ECF No. 73 (D.D.C. Jan. 13, 2025) (Judge Bates' order

denying a stay).  Financial harm can be irreparable when "adequate compensatory or other

corrective relief" will not be available "in the ordinary course of litigation."  *In re NTE Conn., LLC*,

26 F.4th 980, 990 (D.C. Cir. 2022).  Spain is a prolific loser of ICSID cases—so much so that it is

among the biggest ICSID award debtors.  The NextEra award (EUR 290 million before interest)

is the largest, but there are at least 15 other ECT enforcement actions pending against Spain in this

district, one of which has already gone to a final judgment.  Judgment, *Blasket Renewable Invs.,*

*LLC v. Kingdom of Spain*, No. 1:23-cv-2701, ECF No. 28 (D.D.C. Nov. 15, 2024).  In addition,

Spain's award creditors are pursuing its assets in numerous other jurisdictions, including Australia

and the United Kingdom.

As other award creditors have already acknowledged,[1] each award creditor has a separate

and competing interest in pursuing enforcement against Spain (including against its U.S.-based

assets), so any further delay here jeopardizes NextEra's ability to recover against Spain.  If this

Court were to grant Spain's motion, NextEra could lose priority of its claims because creditors in

cases not stayed may obtain judgment sooner.  *E.g.*, *BayWa*, No. 1:22-cv-2403; *InfraRed*,

No. 1:20-cv-0817.

This can be illustrated in the recent enforcement of awards against Venezuela (another

repeat ICSID award debtor), which has culminated in an order of the Delaware District Court

---

[1]    *See, e.g.*, Opp. to Mot. to Maintain Stay at ECF pp. 9-10 & n.2, *Cube Infrastructure Fund*
*SICAV v. Kingdom of Spain*, No. 1:20-cv-1708, ECF No. 82 (D.D.C. Jan. 6, 2025).

attaching Venezuela's interests in PDV Holding, Inc. (the ultimate parent of petroleum retail business CITGO Holding, Inc.). *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 152 (3d Cir. 2019). In allowing enforcement against that asset (once it is auctioned), Judge Stark has indicated that creditors' claims to the proceeds shall be ranked according to the order in which they moved for a writ of attachment that was eventually granted. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, Misc. No. 17-00151-LPS, 2023 WL 4826467, at *11 (D. Del. July 27, 2023). In each case, this was dependent upon the date on which they obtained judgment and then registered that judgment in Delaware. *See id.* at *2. Award creditors that came late (e.g., because of delays in getting judgment in this District) ranked lower in the award creditor queue, potentially excluding them from recovery. *See id.* at *9, *11-12. Justice delayed is—quite literally—justice denied in such cases.

Were that not enough, further delay would provide Spain an opportunity to seek once again to interfere with this Court's enforcement jurisdiction, as it has already attempted to do in the Dutch courts. (Memorandum Opinion, ECF No. 84, at ECF pp. 16-20.) That is especially true given that because Spain has not properly sought to stay the D.C. Circuit's mandate, there is no longer an anti-suit injunction against Spain seeking foreign court interference with this Court's jurisdiction. Such interference would only further harm NextEra. The Court should not reward Spain's gamesmanship in seeking to take advantage of the D.C. Circuit mandate in lifting the Court's preliminary injunction while simultaneously attempting to bypass that mandate in order to stay further proceedings. Spain cannot have it both ways, and it cannot choose the aspects of the mandate it wishes to apply à la carte. Either the mandate applies or it does not.

**D.      The Public Interest Favors Proceeding to Enforce the ICSID Award, Not Delay**

The public interest favors prompt award enforcement, not a stay. As the government has explained, the United States has a "strong interest[]" in ensuring "that investors with ICSID awards

against foreign sovereigns be able to convert those awards into judgments . . . , consistent with the [ICSID] Convention."  U.S. Amicus Br. 1, *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, No. 15-707 (2d Cir. Mar. 30, 2016).  This is especially so given Congress's express command in 22 U.S.C. § 1650a that ICSID awards be upheld and enforced by U.S. Courts.  A stay would only undermine the public's interest in the "just, speedy, and inexpensive determination of cases."  Fed. R. Civ. P. 1.

**E.**    **Spain's Counterarguments Fail**

Spain cites *Philipp v. Federal Republic of Germany*, 436 F. Supp. 3d 61 (D.D.C. 2020), in arguing that because Spain is a foreign sovereign being "forced to litigate in district court" while seeking Supreme Court review of an adverse immunity decision, it need only show that its cert petition will present "serious" questions—not a likelihood that the Supreme Court will grant certiorari and reverse.  (Mot. at ECF p. 2.)  That is incorrect.  *Philipp*, 436 F. Supp. 3d at 66, relied on *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843-44 (D.C. Cir. 1977), but *Holiday Tours* did not involve a request for a stay pending a petition for certiorari, and it "did not eliminate" any of the stay factors, either.  *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009).  And in the 48 years since *Holiday Tours*, the Supreme Court and D.C. Circuit have made clear that likelihood of success on the merits is one of two "critical" stay factors, and that the "mere 'possibility'" of success is insufficient.  *Nken*, 556 U.S. at 434 (citation omitted); *see CREW*, 904 F.3d at 1016.  Spain cannot satisfy the traditional stay standard—even assuming this Court has authority to apply it.  *See supra* §§ II(A)-(D).

Spain also claims (Mot. at ECF p. 4) that it will suffer irreparable harm as a matter of law from defending against the lawsuit while it seeks Supreme Court review of the D.C. Circuit's immunity decision.  That question-begging argument fails because Spain *is not immune*, as this Court and the D.C. Circuit have already held.  So there is no harm.  *See also, e.g., Belize Soc. Dev.*

*Ltd. v. Belize*, No. 14-7002 (D.C. Cir. Oct. 21, 2015) (denying Belize's motion to stay mandate after adverse immunity decision).

Spain also says (Mot. at ECF p. 6) that the public interest favors a stay because there is a strong interest in ensuring the FSIA is interpreted correctly. Once again, Spain assumes its premise. The D.C. Circuit and this Court interpreted the FSIA correctly, so the public interest favors proceeding.

Finally, Spain points to Judge Leon's January 8, 2025, minute order staying *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 1:21-cv-2463 (D.D.C.). But that court's unreasoned ruling, apparently resting on a belief that the D.C. Circuit was wrong, is not reasoning that this Court, whose rulings the D.C. Circuit affirmed, should follow. Rather, it should take the same course as Judge Mehta in *BayWa*, No. 1:22-cv-2403, and Judge Bates in *InfraRed*, No. 1:20-cv-0817, and deny any stay.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Spain's Motion to Stay.

Dated: January 13, 2025
Washington, D.C.

Respectfully submitted,

/s/ Bradley A. Klein
Bradley A. Klein
D.C. Bar Number 973778
John A.J. Barkmeyer
D.C. Bar Number 1014956
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005-2111
(202) 371-7000
bradley.klein@skadden.com
john.barkmeyer@skadden.com

Timothy G. Nelson (appearing *pro hac vice*)

11

New York Bar Number 3060175
Amanda Raymond Kalantirsky (appearing *pro hac vice*)
New York Bar Number 4812418
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
(212) 735-2000 (fax)
timothy.g.nelson@skadden.com
amanda.raymond@skadden.com

David Herlihy SC (appearing *pro hac vice*)
New York Bar Number 4167920
A&O SHEARMAN (IRELAND) LLP
53 Merrion Square South
Suite 201
Dublin D02 PR63
IRELAND
david.herlihy@aoshearman.com

*Attorneys for NextEra Energy Global Holdings B.V. and
NextEra Energy Spain Holdings B.V.*