# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NextEra Energy Global Holdings B.V. and
NextEra Energy Spain Holdings B.V.,

        *Petitioners*,

v.

Kingdom of Spain,

        *Respondent*.

Civil Action No. 19-cv-01618-TSC

**REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STAY**

    NextEra's opposition to the Kingdom of Spain's request for a stay fails at every step to take into account Spain's sovereign status, which the Supreme Court and D.C. Circuit have repeatedly explained deserves special solicitude.  *First*, despite NextEra's arguments to the contrary, Spain has shown that its assertion of sovereign immunity is substantial and a strong candidate for certiorari in the Supreme Court.  Spain's additional ground for Supreme Court review—that the doctrine of *forum non conveniens* should apply in proceedings to confirm a foreign arbitral award—likewise is a strong candidate for Supreme Court review given the acknowledged circuit split.  *Second*, NextEra's discussion of the harms also ignores Spain's sovereignty and invents supposed harm not implicated here.  *Finally*, NextEra asserts that the public interest supports quick confirmation without even mentioning the public interest in preserving Spain's assertion of sovereign immunity.  A pause until the Supreme Court can decide whether to hear these substantial questions is reasonable and supported by the balance of these equities.

I.      **A Stay Would Not Violate the Circuit's Mandate.**

NextEra asserts that this Court has no authority to stay its proceedings because there was an interlocutory appeal and mandate by the D.C. Circuit. Opp. 3-4. That is wrong. This Court, of course, has the discretion to stay any proceeding before it. *See*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Under that power, courts in this district have considered applications to stay post-remand proceedings pending certiorari on the merits, including where sovereign immunity is at issue. *See, e.g.*, *Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 64-65 (D.D.C. 2020) (granting stay, even after D.C. Circuit denied request to stay the mandate and the Supreme Court denied a request to stay proceedings); *de Csepel v. Hungary*, No. 10-cv-1261, 2022 WL 3026998, at *3 (D.D.C. Aug. 1, 2022) (denying stay). Indeed, in *Philipp*, the parties first sought a stay in the Supreme Court, but the Court refused even to consider a stay pending certiorari until *after* petitioners first asked the district court. 436 F. Supp. 3d at 64 (noting that the Supreme Court's denial of stay that preceded the district court's grant of such relief was "without prejudice to petitioners filing a new application after seeking relief in the district court"). Plainly, the law permits precisely what Spain seeks here.

Consistent with that, NextEra's odd assertion that "*only* the D.C. Circuit or the Supreme Court" could issue such a stay is not supported by the statute—28 U.S.C. § 2101(f)—or caselaw it cites. *See* Opp. at 2 (emphasis added). *First*, Section 2101(f) expressly only applies to stays of the "execution and enforcement" of a "final judgment or decree." That is not the case here. This case lacks a final judgment from this Court, let alone the D.C. Circuit. This is a simple request to stay proceedings in a district court, not a request to stay execution of judgment. *Second*, the primary case on which NextEra relies, *In re A.F. Moore & Associates*, 974 F.3d 836 (7th Cir. 2020) (per curiam), has no relevance here. The only thing NextEra portrays remotely accurately

2

is that the Seventh Circuit stated that it had no need to interpret § 2101 because it found the district court acted contrary to its mandate. *Id.* at 840. But the key is how so. There, the litigant asked the Seventh Circuit to recall its own mandate and to stay its reissuance, which the appellate court "summarily denied." *Id.* at 838. The district court, nonetheless, issued its own stay. It was that decision, overriding the appellate court's decision *on the stay request*, that caused the Seventh Circuit to say that its remand "presupposed that further proceeding would be had at an ordinary pace" and that "its mandate foreclosed a stay pending certiorari." *Id.* at 842. Its penultimate sentence makes that clear: "The district court here relied only on the pending petition for a writ of certiorari to grant the stay *that we had already denied*." *Id.* (emphasis added). That is not the situation here.[1]

## II. Spain's Petition for Certiorari Raises Serious Legal Questions.

NextEra does not contest that Spain's forthcoming petition for certiorari will raise serious legal questions; nor could it. The D.C. Circuit rejected Spain's assertion of sovereign immunity on grounds raised by no party, the United States filed an amicus brief supporting Spain's position, two members of this Court disagreed about the appropriate outcome, and the rejection of the *forum non conveniens* in this context has a well-entrenched circuit split.

Instead, NextEra attempts to raise the bar for Spain by ignoring decades of precedent by the D.C. Circuit and this Court explaining the standards a party seeking a stay must meet. *See* Opp. 5-7. As explained in Spain's opening memorandum: Where, as here, a foreign sovereign

---

[1] And even if it were, that out-of-circuit decision would not bar this Court from exercising discretion to stay proceedings pending resolution of a petition for certiorari, given the Supreme Court's understanding of its ability to do so. As mentioned above, the same situation occurred in *Philipp*: The D.C. Circuit summarily denied a motion to stay the mandate, yet the Supreme Court instructed petitioners to seek a stay from the district court before it would consider a stay application itself. The district court, acting under its inherent authority, granted the stay.

would be forced to litigate in district court while attempting to obtain review of a decision denying its sovereign immunity, "the first factor to be considered is not likelihood of success on the merits, but rather whether or not th[e] case presents serious legal questions." *Philipp*, 436 F. Supp. 3d at 67 (citing cases); *see also Loving v. IRS*, 920 F. Supp. 2d 108, 110 (D.D.C. 2013) ("[T]he Court need not determine that it erred and will likely be reversed—an acknowledgment one would expect few courts to make; instead, so long as the other factors strongly favor a stay, such remedy is appropriate if 'a serious legal question is presented.'" (quoting *CREW v. Office of Admin.*, 593 F. Supp. 2d 156, 160 (D.D.C. 2009))).

This oft-applied standard does not "eliminate any of the stay factors," as NextEra contends, Opp. at 10; rather, the case it relies on for that proposition simply rejected the notion that a movant "need *only* establish that serious legal questions are at issue" without satisfying the other traditional stay factors. *See Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009) (explaining that "*Holiday Tours* did not eliminate the *other* factors") (emphases added). The court did not reject the "serious legal questions" standard. Indeed, the D.C. Circuit went on to apply the sliding-scale approach in that very case, as the Court should do here.

Because there is no questions Spain's petition for certiorari raises serious legal issues, this factor is satisfied. In any event, given the United States's support for Spain's positions on sovereign immunity, and the circuit split about the availability of *forum non conveniens* in these circumstances, there is a good probability of certiorari and a fair prospect of reversal.

### III.     Interim Litigation Will Inflict Irreparable Harm on Spain.

NextEra's only rejoinder regarding irreparable harm to Spain relies on the assumption that *Spain is wrong* about its sovereign immunity. But the question of irreparable harm is based on the state of the world *if Spain is right*. *See United States v. Facebook, Inc.*, No. 19-cv-2184, 2024 WL 291739, at *2 (D.D.C. Jan. 12, 2024) ("In an irreparable harm analysis, the Court

4

'assumes, without deciding, that the movant has demonstrated a likelihood that [it is right on the merits].'" (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 303 (D.C. Cir. 2006))). No one could ever satisfy the irreparable harm standard if the Court assumes they are wrong. The merits, of course, are "addressed by another prong of the" analysis. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 303.

NextEra does not contest—nor could it—that if Spain has sovereign immunity from suit, continuing to litigate now would cause it irreparable harm. *Philipp*, 436 F. Supp. 3d at 68 (finding that forcing a sovereign to "incur the time and expenses of litigation" pending a petition for certiorari would constitute irreparable harm); *see also de Csepel*, 2022 WL 3026998, at *3 (recognizing irreparable harm where sovereign immunity at issue, but finding that it was not implicated where, unlike here, "defendants do not intend to seek certiorari" on sovereign immunity); *cf. Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020) (stressing that sovereign immunity is "an immunity from the burdens of becoming involved in any part of the litigation process" (citation omitted)).

In addition, resuming the enforcement of the award may cause irreparable harm because it may force Spain to violate its obligations under EU law. The European Commission has "determined that . . . award[s] like the one[s] here constitute 'State Aid,' *i.e.*, a public subsidy, that Spain may not pay absent the Commission's approval." EU Comm'n Amicus Br. 11 (D.C. Cir.). Were a court to issue a judgment enforcing the award, Spain may be put in a position of "violat[ing] its EU law obligations." *Id*.

### IV. A Stay Pending Certiorari Would Not Harm NextEra.

NextEra contends that it would be harmed by a stay because it "could lose priority of its claims because creditors in cases not stayed may obtain judgment sooner." Opp. at 8. But, outside the realm of bankruptcy or some other indication that Spain cannot cover the judgments

against it—which does not exist and has not been invoked by NextEra—that harm is illusory. The mere assertion that others may obtain a judgment does not in any way reduce the judgment NextEra may obtain or its ability to recover on that judgment from Spain. NextEra's Venezuela example proves the point. *See* Opp. at 8 (discussing *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-00151, 2023 WL 4826467, at *11 (D. Del. July 27, 2023)). First, Spain is not Venezuela in terms of financial standing. Second, in that case, multiple entities were seeking a single set of assets to satisfy their judgments. There is no suggestion that would be the case here. Moreover, there is no indication in *Crystallex* that there were not *other* Venezuelan assets for the creditors to obtain; they were only subordinated as to the particular assets attached in that case. Third, NextEra is wrong about the premise: The court in *Crystallex* only created a priority list, rather than accepting a proposal to distribute the asset *pari passu*, in order to avoid "awarding creditors who did not actually act particularly diligently" by failing to pursue enforcement of their judgments. *Crystallex*, 2023 WL 4826467, at *11. There is no suggestion that NextEra is not acting or would not act diligently here. The hypothetical inability for NextEra to obtain one asset over another is not a harm that would weigh against forcing a sovereign to litigate while it pursues review of a substantial legal question concerning its sovereign immunity at the Supreme Court.

   **V.**  **The Public Interest Strongly Favors a Stay.**

  Finally, NextEra's assertion of the public interest in "converting ICSID awards into judgments," Opp. at 10, does not support a stay when weighed against the public interest in attending to the "sensitive issues concerning the foreign relations of the United States" raised by "[a]ctions against foreign sovereigns in our courts," *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983). The D.C. Circuit already held as much in this very case. It found that the "public interest in encouraging arbitration," codified by the "federal statute implementing the

6

ICSID Convention" is outweighed by Spain's sovereign status, particularly given that "[t]he United States has no direct interest in the underlying disputes between the Dutch and Luxembourgish companies and Spain," that "[t]here is no suggestion that U.S. law governs that underlying dispute," and that "the United States ha[s] [no] direct interest in the interpretation of the Energy Charter Treaty, a treaty to which it does not belong." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1110 (D.C. Cir. 2024). Indeed, the interested countries themselves do not even "understand the agreement they made with Spain to obligate Spain to arbitrate with their nationals." *Id.* So, as the D.C. Circuit explained, NextEra and the other "companies may struggle to enforce their arbitration awards [because] the awards are based on an interpretation of an international treaty that the treaty signers reject." *Id.* As the D.C. Circuit held, respecting Spain's status as a sovereign outweighs "the United States' obligation to uphold the ICSID Convention," *id.*, the only public interest NextEra raises.

## CONCLUSION

For the foregoing reasons and those stated in its opening brief, Spain respectfully requests that this Court stay proceedings pending the consideration and disposition of its forthcoming petition for a writ of certiorari.

Dated: January 21, 2025

Respectfully submitted,

/s/ Carter G. Phillips

| | |
|---|---|
| Eamon P. Joyce (D.C. Bar No. 483127) | Carter G. Phillips (D.C. Bar No. 264176) |
| Simon Navarro (admitted *pro hac vice*) | Peter A. Bruland (D.C. Bar No. 1600717) |
| Tyler J. Domino (D.C. Bar No. 1619758) | Cody M. Akins (D.C. Bar No. 90012255) |
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| 787 Seventh Avenue | 1501 K Street, NW |
| New York, NY 10019 | Washington, DC 20005 |
| Telephone: (212) 839-8555 | Telephone: (202) 736-8000 |
| Facsimile: (212) 839-5599 | Facsimile: (202) 736-8711 |
| ejoyce@sidley.com | cphillips@sidley.com |
| snavarro@sidley.com | pbruland@sidley.com |
| tdomino@sidley.com | cakins@sidley.com |

*Attorneys for Respondent Kingdom of Spain*