UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NEXTERA ENERGY GLOBAL HOLDINGS B.V. and NEXTERA ENERGY SPAIN HOLDINGS B.V.,

          Petitioners,

v.

KINGDOM OF SPAIN,

          Respondent.

Civil Action No. 19-cv-01618-TSC

---

**PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITIES RELEVANT TO RESPONDENT'S MOTION TO STAY**

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") respectfully direct the Court to the recent orders issued by Judge AliKhan denying motions to stay filed by the Kingdom of Spain ("Spain") in *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 1:20-cv-01708-LLA, ECF No. 88 (D.D.C. Jan. 27, 2025) (attached at Exhibit 1), and *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 1:18-cv-01753-LLA-MAU, ECF No. 103 (D.D.C. Jan. 27, 2025) (attached at Exhibit 2).

In *Cube* and *Infrastructure Services*, both of which involve actions to confirm ICSID awards rendered under the Energy Charter Treaty, the court considered scenarios effectively identical to Spain's pending Motion to Stay in this case. In each case, premised like this one on a party's action to enforce an arbitral award against Spain arising out of the same events, the court had stayed proceedings pending the appeal of this Court's February 15, 2023 decision in the present action (ECF No. 84), dismissing Spain's sovereign immunity objections to NextEra's

petition. *Cube*, ECF No. 88 at 1–2; *Infrastructure Servs.*, ECF No. 103 at 1. In that appeal, as the Court is aware, the D.C. Circuit affirmed this Court's finding of subject matter jurisdiction under the Foreign Sovereign Immunities Act, returning the case (and also returning the parallel action in *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 1:19-cv-01871-TSC (D.D.C.)) to this Court. *See Cube*, ECF No. 88 at 1–2; *Infrastructure Servs.*, ECF No. 103 at 2. The D.C. Circuit issued its mandate in this action (and *9REN*) on December 10, 2024. (ECF No. 91.)

In *Cube* and *Infrastructure Services*, Spain then moved in the district court for a complete stay pending its anticipated petition for certiorari to the Supreme Court in this action (and *9REN*). *Cube*, ECF No. 88 at 1–2; *Infrastructure Servs.*, ECF No. 103 at 2. As this Court is aware, Spain's Motion to Stay in this action (and *9REN*) seeks the same relief for the same reasons. (*See* ECF No. 102-1 at 2–6.)

The decisions in *Cube* and *Infrastructure Services* denied Spain's motions and lifted the prior stays in those cases. *Cube*, ECF No. 88 at 3; *Infrastructure Servs.*, ECF No. 103 at 4. In each case, the court held that its decision was supported by "several factors," first of which was that Spain is unlikely to prevail on the merits of its petition for certiorari in this action given the unanimity of the D.C. Circuit's jurisdictional holding. *Cube*, ECF No. 88 at 2–3; *Infrastructure Servs.*, ECF No. 103 at 3. The court also found it "[t]elling[]" and "curious" that Spain had chosen to seek a stay in the district court *after* the D.C. Circuit issued its mandate in this action and *9REN*, rather than moving in the D.C. Circuit to stay the mandate pursuant to established appellate rules. *Cube*, ECF No. 88 at 3; *Infrastructure Servs.*, ECF No. 103 at 3. As NextEra has explained here, that strategy alone prohibits a stay because it contravenes the directive of the D.C. Circuit in its mandate. (*See* ECF No. 105 at 3–4.)

The court in *Cube* and *Infrastructure Services* further found Spain "unlikely to face hardship" without a stay, and found the plaintiffs likely to face hardship under a stay because of

the large body of pending cases against Spain in this District based on arbitral awards arising from the same facts, all proceeding to judgments in parallel.  *Cube*, ECF No. 88 at 3; *Infrastructure Servs.*, ECF No. 103 at 3–4.  Those situations, too, are precisely equivalent to the posture of the parties here.

*Cube* and *Infrastructure Services* thus join the growing ranks of decisions in this District denying Spain's motions for stays in these and similar related cases. (*See, e.g.*, ECF No. 105 at 8 (summarizing other pending actions).)  Only a single judge of this District has granted stays in this posture, after being reversed by the D.C. Circuit on the issue of Spain's sovereign immunity.  *See Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 1:21-cv-02463-RJL, Minute Order, Jan. 8, 2025 (D.D.C.); *AES Solar Energy Cooperatief U.A. v. Kingdom of Spain*, No. 1:21-cv-03249-RJL, Minute Order, Jan. 22, 2025 (D.D.C.).  As NextEra has argued in its brief on Spain's pending motion, a stay is inappropriate in this case for the same reasons justifying the growing majority view of courts in this District.

| | |
|---|---|
| Dated: January 29, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Bradley A. Klein_____<br>Bradley A. Klein<br>D.C. Bar Number 973778<br>John A.J. Barkmeyer<br>D.C. Bar Number 1014956<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC  20005-2111<br>(202) 371-7000<br>bradley.klein@skadden.com<br>john.barkmeyer@skadden.com<br><br>Timothy G. Nelson (appearing *pro hac vice*)<br>New York Bar Number 3060175<br>Amanda Raymond Kalantirsky (appearing *pro hac vice*) |

3

        New York Bar Number 4812418
        SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP
        One Manhattan West
        New York, NY 10001
        (212) 735-3000
        (212) 735-2000 (fax)
        timothy.g.nelson@skadden.com
        amanda.raymond@skadden.com

        David Herlihy SC (appearing *pro hac vice*)
        New York Bar Number 4167920
        A&O SHEARMAN (IRELAND) LLP
        53 Merrion Square South
        Suite 201
        Dublin D02 PR63
        IRELAND
        david.herlihy@aoshearman.com

        *Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.*