# EXHIBIT 27

Official Journal
of the European Union

EN
L series

2024/2121   6.8.2024

## Declaration on the legal consequences of the judgment of the Court of Justice in *Komstroy* and common understanding on the non-applicability of Article 26 of the Energy Charter Treaty as a basis for intra-EU arbitration proceedings

MADE BY THE REPRESENTATIVES OF THE GOVERNMENTS OF THE MEMBER STATES AND OF THE EUROPEAN UNION ON 26 JUNE 2024

HAVING in mind the Energy Charter Treaty, signed at Lisbon on 17 December 1994 (OJ L 380, 31.12.1994, p. 24) and approved on behalf of the European Communities by Council and Commission Decision 98/181/EC, ECSC, Euratom of 23 September 1997 (OJ L 69, 9.3.1998, p. 1), as it may be amended from time to time ('Energy Charter Treaty'),

HAVING in mind the rules of customary international law as codified in the Vienna Convention on the Law of Treaties (VCLT),

CONSIDERING that the members of a Regional Economic Integration Organisation within the meaning of Article 1(3) of the Energy Charter Treaty hereby express a common understanding on the interpretation and application of a treaty in their *inter se* relations,

RECALLING that withdrawal from the Energy Charter Treaty does not affect the status as a member of the Regional Economic Integration Organisation of the Party who is signatory to this Declaration that withdrew, nor does it preclude an interest in expressing a common understanding on the interpretation and application of that Treaty for as long as it may be held to produce legal effects in relation to that member and in particular in respect of Article 47(3) of the Energy Charter Treaty,

HAVING in mind the Treaty on European Union (TEU), the Treaty on the Functioning of the European Union (TFEU), the Treaty establishing the European Atomic Energy Community (Euratom) and general principles of European Union and Euratom law,

CONSIDERING that the references to the European Union in this Declaration are to be understood also as references to its predecessor, the European Economic Community and, subsequently, the European Community, until the latter was superseded by the European Union,

RECALLING that, in line with the case-law of the Permanent Court of International Justice (*Question of Jaworzina (Polish-Czechoslovakian Frontier)*, Advisory Opinion, [1923] PCIJ Series B No. 8, 37) and the International Court of Justice (*Reservations on the Convention on the Prevention and Punishment of the Crime of Genocide*, Advisory Opinion, [1951] I.C.J. Reports, 15, 20), the right of giving an authoritative interpretation of a legal rule belongs to the parties to an international agreement in relation to that agreement,

RECALLING that the Member States of the European Union have assigned that right of giving authoritative interpretation of Union and Euratom law to the Court of Justice of the European Union (CJEU), as explained by the CJEU in its judgment of 30 May 2006, in *Commission v Ireland (Mox Plant)*, C-459/03 (ECLI:EU:C:2006:345, paragraphs 129 to 137), where it held that the exclusive competence to interpret and apply Union and Euratom law extends to the interpretation and application of international agreements to which the European Union, Euratom and the Member States are parties, in the relationship between two Member States or the European Union or Euratom and a Member State,

RECALLING that according to Article 344 TFEU and Article 193 Euratom, Member States of the European Union are not entitled to submit a dispute concerning the interpretation or application of the TEU, the TFEU and Euratom to any method of settlement other than those provided for therein,

RECALLING that in its judgment of 6 March 2018, in *Achmea*, C-284/16 (ECLI:EU:C:2018:158), the CJEU held that Articles 267 and 344 TFEU must be interpreted as precluding a provision in an international agreement concluded between Member States under which an investor from one of those Member States may, in the event of a dispute concerning investments in the other Member State, bring proceedings against the latter Member State before an arbitral tribunal whose jurisdiction that Member State has undertaken to accept,

RECALLING the consistently reiterated position of the European Union that the Energy Charter Treaty was not meant to apply in intra-EU relations and that it was not, and could not have been, the intention of the European Union, Euratom and their Member States, that the Energy Charter Treaty would create any obligations among them since it was negotiated as an instrument of the European Union's external energy policy with the view to establish a framework for energy cooperation with third countries whereas, by contrast, the Union's internal energy policy consists of an elaborate system of rules designed to create an internal market in the field of energy which exclusively regulate the relations between the Member States,

RECALLING that in its judgment of 2 September 2021, in *Komstroy*, C-741/19 (ECLI:EU:C:2021:655, paragraph 66) (the *Komstroy* judgment) confirmed in its Opinion 1/20 (ECLI:EU:C:2022:485, paragraph 47), the CJEU held that Article 26(2)(c) of the Energy Charter Treaty must be interpreted as not being applicable to disputes between a Member State and an investor of another Member State concerning an investment made by the latter in the former Member State,

RECALLING that, as an interpretation by the competent court and reflecting a general principle of public international law, the interpretation of the Energy Charter Treaty in the *Komstroy* judgment applies as of the approval of the Energy Charter Treaty by the European Union, Euratom and their Member States,

CONSIDERING that Articles 267 and 344 TFEU must be interpreted as precluding an interpretation of Article 26 of the Energy Charter Treaty that allows for disputes between, on the one hand, an investor of one Member State of the European Union and, on the other hand, another Member State of the European Union, the European Union or Euratom to be resolved before an arbitral tribunal ('intra-EU arbitration proceedings'), and

CONSIDERING, in any event, that, where disputes cannot be settled amicably, a party may as always choose to submit in accordance with national law disputes between a Member State (or, as the case may be, the European Union or the Euratom) and an investor of another Member State for resolution to the competent courts or administrative tribunals, as guaranteed by general principles of law and respect for fundamental rights, enshrined inter alia in the Charter of Fundamental Rights of the European Union,

SHARING the common understanding expressed in this Declaration that, as a result, a clause such as Article 26 of the Energy Charter Treaty could not in the past, and cannot now or in the future serve as legal basis for arbitration proceedings initiated by an investor from one Member State concerning investments in another Member State,

REITERATING Declaration No 17, annexed to the Final Act of the Intergovernmental Conference which adopted the Treaty of Lisbon, which recalls that the Treaties and the law adopted by the Union on the basis of the Treaties have primacy over the law of the Member States, and that the principle of primacy constitutes a conflict rule in their mutual relations,

RECALLING, consequently, that, in order to resolve any conflict of norms, an international agreement concluded by the Member States of the European Union under international law may apply in intra-EU relations only to the extent that its provisions are compatible with the EU Treaties,

CONSIDERING that, as a result of the non-applicability of Article 26 of the Energy Charter Treaty as a legal basis for intra-EU arbitration proceedings, also Article 47(3) of the Energy Charter Treaty cannot extend, and was not intended to extend, to such proceedings,

CONSIDERING that, as a result of the non-applicability of Article 26 of the Energy Charter Treaty as a legal basis for intra-EU arbitration proceedings, where intra-EU arbitration proceedings are pending, the signatories to this Declaration that are concerned by those proceedings, whether as respondent or as home State of an investor, should cooperate with one another in order to ensure that the existence of this Declaration is brought to the attention of the arbitral tribunal in question, allowing the appropriate conclusion as to absence of jurisdiction of the tribunal to be drawn,

CONSIDERING, in addition, that no new intra-EU arbitration proceedings should be registered, and

AGREEING that where a notice of arbitration is nevertheless delivered the signatories that are concerned by those proceedings, whether as respondent or as home State of an investor, should cooperate with one another in order to ensure that the existence of this Declaration is brought to the attention of the arbitral tribunal in question, allowing the appropriate conclusion to be drawn that Article 26 of the Energy Charter Treaty cannot serve as a legal basis for such proceedings,

CONSIDERING, nevertheless, that settlements and arbitral awards in intra-EU investment arbitration cases that can no longer be annulled or set aside and were voluntarily complied with or definitively enforced should not be challenged,

REGRETTING that arbitral awards have already been rendered, continue to be rendered and could still be rendered in a manner contrary to the rules of the European Union and Euratom, including as expressed in the interpretations of the CJEU, by arbitral tribunals in intra-EU arbitration proceedings initiated with reference to Article 26 of the Energy Charter Treaty,

also REGRETTING that such arbitral awards are the subject of enforcement proceedings, including in third countries, that in pending intra-EU arbitration proceedings purportedly based on Article 26 of the Energy Charter Treaty arbitral tribunals do not decline competence and jurisdiction, and that arbitration institutions continue to register new arbitration proceedings and do not reject them as manifestly inadmissible due to lack of consent to submit to arbitration,

CONSIDERING, therefore, that it is necessary to reiterate, expressly and unambiguously, the consistent position of the European Union and its Member States by means of an instrument reaffirming their common understanding on the interpretation and application of the Energy Charter Treaty, as interpreted by the CJEU, to the extent that it concerns intra-EU arbitration proceedings,

CONSIDERING that, in accordance with the judgment of the International Court of Justice of 5 February 1970, *Barcelona Traction, Light and Power Company Limited (Belgium v. Spain)* (ICJ Reports 1970, p. 3, paragraphs 33 and 35) and as explained by the CJEU in the *Komstroy* judgment, certain provisions of the Energy Charter Treaty are intended to govern bilateral relations,

CONSIDERING therefore that any such instrument only concerns the bilateral relationships between the European Union, Euratom and their Member States, respectively, and, by extension, the investors from those Contracting Parties to the Energy Charter Treaty, and that as a result, this Declaration affects only parties that are governed by the rules of the European Union as a Regional Economic Integration Organisation within the meaning of Article 1(3) of the Energy Charter Treaty and does not affect the enjoyment by the other parties to the Energy Charter Treaty of their rights under that Treaty or the performance of their obligations,

RECALLING that the European Union and Euratom and their Member States have informed the other contracting parties to the Energy Charter Treaty of their intention to conclude an agreement on the interpretation and application of the Energy Charter Treaty,

CONSIDERING that, in that manner and in line with their legal obligations under EU and Euratom law, but without prejudice to their right to make such claims as they consider appropriate in relation to costs incurred by them as respondents in relation to intra-EU arbitration proceedings, the European Union, Euratom and their Member States thereby ensure full and effective compliance with the *Komstroy* judgment, the unenforceability of existing awards, the obligation of arbitration tribunals to immediately terminate any pending intra-EU arbitration proceedings, and the obligation for arbitration institutions not to register any future intra EU arbitration proceedings, in line with their respective powers under Article 36(3) ICSID Convention and Article 12 SCC Arbitration rules, and for arbitration tribunals to declare that any intra-EU arbitration proceedings lack a legal basis,

UNDERSTANDING that this Declaration covers investor-State arbitration proceedings involving the European Union or its Member States as parties in intra-EU disputes based on Article 26 of the Energy Charter Treaty under any arbitration convention or set of rules, including the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (ICSID Convention) and the ICSID arbitration rules, the Arbitration Institute of the Stockholm Chamber of Commerce (SCC) arbitration rules, the United Nations Commission on International Trade Law (UNCITRAL) arbitration rules and *ad hoc* arbitration,

CONSIDERING that, further to this Declaration, its signatories intend to formalise their common understanding by means of a plurilateral treaty among themselves, the text of which has been negotiated and initialled by the signatories to this Declaration as an indication that the text is stable, and to make best efforts to deposit in due course their instruments of ratification, approval or acceptance of that treaty,

BEARING in mind that the provisions of this Declaration are without prejudice to the possibility for the European Commission or any Member State to bring an action before the CJEU based on Articles 258, 259 and 260 TFEU,

**TAKING INTO ACCOUNT THE FOREGOING, THE EUROPEAN UNION AND ITS MEMBER STATES ('THE SIGNATORIES')**

**DECLARE THAT THEY SHARE THE FOLLOWING COMMON UNDERSTANDING ON THE NON-APPLICABILITY OF ARTICLE 26 OF THE ENERGY CHARTER TREATY AS A BASIS FOR INTRA-EU ARBITRATION PROCEEDINGS:**

1. **The signatories hereby reaffirm, for greater certainty, that they share a common understanding on the interpretation and application of the Energy Charter Treaty, according to which Article 26 of that Treaty cannot and never could serve as a legal basis for intra-EU arbitration proceedings.**

   **That common understanding is based on the following elements of Union law:**

   i. **the interpretation of the Court of Justice of the European Union pursuant to which Article 26 of the Energy Charter Treaty does not apply, and should never have been applied, as a basis for intra-EU arbitration proceedings; and**

   ii. **the primacy of European Union law, recalled in Declaration No 17, annexed to the Final Act of the Intergovernmental Conference which adopted the Treaty of Lisbon, as a rule of international law governing conflict of norms in their mutual relations with the result that in any event Article 26 of the Energy Charter Treaty does not and could not apply as a basis for intra-EU arbitration proceedings.**

2. **The signatories reaffirm, for greater certainty, that they share the common understanding that, as a result of the absence of legal basis for intra-EU arbitration proceedings pursuant to Article 26 of the Energy Charter Treaty, Article 47(3) of the Energy Charter Treaty cannot extend, and could not have been extended, to such proceedings. Accordingly, in that respect, Article 47(3) of the Energy Charter Treaty cannot have produced any legal effects in intra-EU relations when a signatory withdrew from the Energy Charter Treaty prior to this Declaration, nor will it produce any legal effects in intra-EU relations if a signatory withdraws from the Energy Charter Treaty subsequently.**

3.  **For greater certainty, the signatories declaree that in accordance with the common understanding expressed in paragraphs 1 and 2, and without prejudice thereto, Article 26 of the Energy Charter Treaty does not apply as a basis for intra-EU arbitration proceedings and that, in that respect, Article 47(3) of the Energy Charter Treaty will not produce legal effects in intra-EU relations.**

4.  **Paragraphs 1 to 3 are without prejudice to the interpretation and application of other provisions of the Energy Charter Treaty to the extent they concern intra-EU relations.**

Done at Brussels in a single original in the Bulgarian, Croatian, Czech, Danish, Dutch, English, Estonian, Finnish, French, German, Greek, Hungarian, Irish, Italian, Latvian, Lithuanian, Maltese, Polish, Portuguese, Romanian, Slovak, Slovenian, Spanish and Swedish languages

on 26 June 2024.