# EXHIBIT 45

**DECLARATION OF THE REPRESENTATIVE**
**OF THE GOVERNMENT OF HUNGARY,**

**OF 26 JUNE 2024**

**ON THE LEGAL CONSEQUENCES OF THE JUDGMENT OF THE COURT OF**
**JUSTICE IN *KOMSTROY* AND OF THE NON-APPLICABILITY OF ARTICLE 26 OF**
**THE ENERGY CHARTER TREATY AS A BASIS FOR INTRA-EU ARBITRATION**
**PROCEEDINGS**

THE REPRESENTATIVE OF THE GOVERNMENT OF HUNGARY MAKES THE FOLLOWING DECLARATION:

HAVING in mind the Energy Charter Treaty, signed at Lisbon on 17 December 1994 (OJ 1994 L 380, p. 24) and approved on behalf of the European Communities by Council and Commission Decision 98/181/EC, ECSC, Euratom of 23 September 1997 (OJ 1998 L 69, p. 1), as it may be amended from time to time ('Energy Charter Treaty'),

HAVING in mind the rules of customary international law as codified in the Vienna Convention on the Law of Treaties (VCLT), in particular the principle of pacta sunt servanda under Article 26, the non-retroactivity of treaties under Article 28, and Article 40 on the amendment of multilateral treaties and Article 41 on agreements to modify multilateral treaties only between certain parties,

RECALLING that in its judgment of 2 September 2021, in *Komstroy*, C-741/19 (EU:C:2021:655, paragraph 66) (the *Komstroy* judgment) confirmed in its Opinion 1/20 (EU:C:2022:485, paragraph 47), the CJEU held that Article 26(2)(c) of the Energy Charter Treaty must be interpreted as not being applicable to disputes between a Member State and an investor of another Member State concerning an investment made by the latter in the former Member State,

CONSIDERING the judicial practise of international arbitration,

CONSIDERING further that new intra-EU arbitration proceedings could not be proceeded.

**THE GOVERNMENT OF HUNGARY**

**DECLARES THAT HUNGARY SHARES THE FOLLOWING UNDERSTANDING ON THE NON-APPLICABILITY OF ARTICLE 26(2)(c) OF THE ENERGY CHARTER TREATY AS A BASIS FOR INTRA-EU ARBITRATION PROCEEDINGS:**

1. **For the sake of clarity, Hungary confirms that** Article 26(2)(c) of the Energy Charter Treaty shall be interpreted and applied in such a way that it shall no longer serve as a legal

1

basis for disputes between an investor of one Member State and another Member State in connection with an investment in the territory of that other Member State.

**The understanding is based on the following elements of Union law:**

i.    the interpretation of the Court of Justice of the European Union pursuant to which Article 26(2)(c) of the Energy Charter Treaty does not apply as a basis for intra-EU arbitration proceedings; and

ii.   the primacy of European Union law, recalled in Declaration No 17, annexed to the Final Act of the Intergovernmental Conference which adopted the Treaty of Lisbon, as a rule of international law governing conflict of norms in their mutual relations with the result that in any event Article 26(2)(c) of the Energy Charter Treaty does not apply as a basis for intra-EU arbitration proceedings.

**The understanding is based on the following elements of international law:**

i.    The withdrawal of the applicability of Article 26(2)(c) of the Energy Charter Treaty in intra-EU arbitration proceedings may be ensured in accordance with international law by a future amendment of the Energy Charter Treaty through bilateral or multilateral treaty between all or certain parties to the treaty, in accordance with Article 40 or 41 of the Vienna Convention on the Law of Treaties.

**2. Paragraph 1 is without prejudice to the interpretation and application of other provisions of the Energy Charter Treaty to the extent they concern intra-EU relations.**

Done at Brussels 26 June 2024, in the Hungarian and English languages, all texts being equally authentic. In case of any divergence of interpretation, the English text shall prevail.

**Bálint ÓDOR**
Ambassador Extraordinary and Plenipotentiary
Permanent Representative