# EXHIBIT 57



| SVEA HOVRÄTT<br>Avdelning 02<br>Rotel 020114 | **DOM**<br>2024-06-28<br>Stockholm | Mål nr<br>T 1626-19 |
|---|---|---|

## PARTER

**Kärande**
Konungariket Spanien
Abogacia General del Estado
Calle Ayala, 5
28001 Madrid
Spanien

Ombud: Advokaterna James Hope, Mattias Rosengren och Cecilia Möller Norsted
Advokatfirman Vinge KB
Box 1703
111 87 Stockholm

**Svarande**
1. Foresight Luxembourg Solar 1 S.à.r.l., B146200
68/70, Boulevard de la Pétrusse
L-2320 Luxemburg
Luxemburg

2. Foresight Luxembourg Solar 2 S.à.r.l., B151603
Samma adress

3. GWM Renewable Energy I S.p.A., RM – 1305360
Via Ventiquattro Maggio 43
Cap 00187, Rom
Italien

4. GWM Renewable Energy II S.r.l., RM – 1305410
Samma adress

5. Athena Investments A/S 36696915 (tidigare Greentech Energy Systems A/S)
Kongens Nytorv 28
1050 Köpenhamn K
Danmark

Ombud för 1–5: Advokaterna Jakob Ragnwaldh, Robin Rylander, David Sandberg och Mattias Arnesson samt biträdande juristerna Anna Liliebäck och Hedvig Aspelin
Mannheimer Swartling Advokatbyrå AB
Box 1711
111 87 Stockholm

Dok.Id 2057927

| **Postadress** | **Besöksadress** | **Telefon** | **Telefax** | **Expeditionstid** |
|---|---|---|---|---|
| Box 2290<br>103 17 Stockholm | Birger Jarls Torg 16 | 08-561 670 00<br>08-561 675 00<br>**E-post**: svea.avd2@dom.se<br>www.svea.se | | måndag – fredag<br>08:00–16:30 |

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 2<br>T 1626-19 |

**SAKEN**
Ogiltighet och klander av skiljedom

_____

### HOVRÄTTENS DOMSLUT

1. Hovrätten förklarar att den i Stockholm meddelade skiljedomen av den 14 november 2018 i SCC:s mål nr V 2015/150 är ogiltig.

2. Foresight Luxembourg Solar 1 S.à.r.l., Foresight Luxembourg Solar 2 S.à.r.l., GWM Renewable Energy I S.p.A., GWM Renewable Energy II S.r.l. och Athena Investments A/S ska ersätta Konungariket Spanien för dess rättegångskostnad i hovrätten med 352 684,19 EUR och 2 800 kr jämte ränta på beloppen enligt 6 § räntelagen från dagen för hovrättens dom till dess betalning sker. Av ersättningen utgör 340 000 EUR ombudsarvode.

_____

| SVEA HOVRÄTT<br>Avdelning 02 | DOM | Sid 3<br>T 1626-19 |
|---|---|---|

**BAKGRUND**

Konungariket Spanien (Spanien) är medlemsstat i Europeiska unionen (EU). Foresight Luxembourg Solar 1 S.à.r.l. och Foresight Luxembourg Solar 2 S.à.r.l. är luxemburgska aktiebolag. GWM Renewable Energy I S.p.A. och GWM Renewable Energy II S.r.l. är italienska aktiebolag. Athena Investments A/S (tidigare Greentech Energy Systems A/S) är ett danskt investeringsbolag. (Tillsammans benämns svarandeparterna som investerarna.) Även Luxemburg, Italien och Danmark är medlemsstater i EU. Spanien, Luxemburg, Italien, Danmark och EU har alla undertecknat och ratificerat energistadgefördraget (jfr EGT L 69, 9.3.1998).

Under åren 2009-2010 förvärvade investerarna ett antal bolag som ägde tre solcellsparker i Spanien.

Den 2 november 2015 påkallade investerarna skiljeförfarande mot Spanien vid Stockholms Handelskammares Skiljedomsinstitut (SCC), enligt artikel 26 i energistadgefördraget, och de s.k. SCC-reglerna. Som grund för talan åberopade investerarna att Spanien hade brutit mot sina förpliktelser enligt fördraget. Sätet för skiljeförfarandet var Stockholm.

Den 14 november 2018 meddelades skiljedomen, enligt vilken Spanien hade brutit mot sina förpliktelser enligt artikel 10.1 energistadgefördraget. Genom skiljedomen förpliktades Spanien att betala skadestånd och ersättning för investerarnas kostnader, innefattande kostnader för skiljeförfarandet.

Hovrätten beslutade den 21 februari 2019, efter yrkande av Spanien, att fortsatt verkställighet av den mellan parterna meddelade skiljedomen tills vidare inte får ske.

I mars 2021 beslutade hovrätten att i mål nr T 3229-19 tillsända Europeiska unionens domstol (EU-domstolen) en begäran om förhandsavgörande och förordnade därefter i april 2021 att även detta mål skulle vila i avvaktan på EU-domstolens ställningstaganden. I oktober 2021 översände EU-domstolen kopior av domstolens domar av den 2 september 2021, Komstroy, C-741/19, EU:C:2021:655, och den 26 oktober 2021, PL

Holdings, C-109/20, EU:C:2021:875 och ställde samtidigt, mot bakgrund av nämnda domar, frågan till hovrätten om begäran om förhandsavgörande vidhölls. Hovrätten beslutade att tillställa EU-domstolen beskedet att begäran om förhandsavgörande inte vidhölls.

## YRKANDEN M.M.

Spanien har yrkat att hovrätten i första hand ska förklara skiljedomen ogiltig i dess helhet alternativt upphäva den i dess helhet. Spanien har i andra hand yrkat att hovrätten ska upphäva skiljedomen till den del Spanien ålagts att utge skadestånd med belopp överstigande 7,8 miljoner euro (punkten 562(c) i skiljedomen) samt till följd av det fördela kostnaderna (punkten 562(d) i skiljedomen) med hänsyn härtill.

Investerarna har motsatt sig Spaniens yrkanden.

Parterna har yrkat ersättning för rättegångskostnader.

Målet har med parternas samtycke avgjorts utan huvudförhandling.

## PARTERNAS TALAN

**Spanien**

*Ogiltighet enligt 33 § första stycket 1 eller 2 lagen om skiljeförfarande*

Skiljedomen är ogiltig enligt såväl 33 § första stycket 1 som 33 § första stycket 2 lagen (1999:116) om skiljeförfarande (skiljeförfarandelagen).

Skiljedomen innefattar prövning av frågor som enligt svensk lag inte får avgöras av skiljemän. EU-domstolen har slagit fast att skiljeklausulen i artikel 26 energistadge-fördraget ska tolkas så att den inte är tillämplig på tvister mellan en medlemsstat och en investerare från en annan medlemsstat. Sådana tvister får inte lämnas till avgörande av skiljemän, vare sig på förhand eller när de uppkommit. Detta eftersom en sådan

skiljenämnd har att tolka och tillämpa unionsrätten och det inte finns någon möjlighet för en skiljenämnd att begära förhandsbesked hos EU-domstolen. Det finns därmed en begränsning i lag – i detta fall i artiklarna 267 och 344 Fördraget om Europeiska unionens funktionssätt (FEUF) och artiklarna 4.3 och 19 Fördraget om Europeiska unionen (FEU). Det föreligger således ett indispositivt processhinder. Sådana investeringstvister faller utanför det skiljedomsmässiga området även på den grunden att de rör allmänna intressen på ett märkbart sätt. Bevarandet av unionsrättens särskilda egenskaper och dess autonomi är ett sådant allmänt intresse som medför att tvisten inte är skiljedomsmässig.

De frågor som skiljenämnden haft att avgöra i skiljeförfarandet rör vidare EU:s regler om statligt stöd. Parterna i skiljeförfarandet har inte kunnat förlikas i dessa frågor, eftersom tillåtligheten av statligt stöd är underkastad EU-kommissionens exklusiva kompetens. Dessa frågor är således sådana frågor som enligt svensk lag inte får avgöras av skiljemän.

Vidare är skiljedomen och det sätt på vilket den tillkommit uppenbart oförenligt med grunderna för rättsordningen i Sverige. Skiljeförfarandet har haft sin grund i artikel 26 energistadgefördraget. Ett sådant skiljeförfarande kan leda till att en skiljenämnd avgör tvister som kan avse tillämpning eller tolkning av unionsrätten. Skiljenämnden har inte kunnat begära förhandsavgörande från EU-domstolen och den begränsade prövning av en skiljedom som kan göras enligt svensk rätt är inte tillräcklig för att garantera unionsrättens fulla verkan. Skiljeklausulen i artikel 26 är därmed ägnad att undergräva såväl principen om ömsesidigt förtroende mellan medlemsstaterna som bevarandet av unionsrättens särdrag, som säkerställs genom förfarandet för förhandsavgöranden enligt artikel 267 FEUF. Skiljeklausulen är således inte förenlig med principerna om lojalt samarbete i artikel 4.3 första stycket FEU och undergräver unionsrättens autonomi, vilken bl.a. stadfästs i artikel 344 FEUF. Skiljedomen har alltså tillkommit på ett rättsstridigt sätt, eftersom den är oförenlig med de grundläggande bestämmelser och principer som reglerar rättsordningen i unionen och därmed också i Sverige.

| SVEA HOVRÄTT<br>Avdelning 02 | DOM | Sid 6<br>T 1626-19 |
|---|---|---|

Skiljedomen innefattar prövning och utdömande av olagligt statligt stöd i strid med artikel 108.3 FEUF. Bestämmelsen är att hänföra till grunderna för rättsordningen i unionen och därmed också i Sverige. Skiljedomen är inte verkställbar i Sverige.

*Upphävande efter klander enligt 34 § första stycket 1 skiljeförfarandelagen*

Skiljedomen ska upphävas, eftersom den inte omfattas av ett giltigt skiljeavtal mellan parterna.

Något giltigt skiljeavtal har inte kunnat ingås mellan investerarna och Spanien baserat på artikel 26 energistadgefördraget. En tolkning av energistadgefördraget i enlighet med Wienkonventionen och unionsrätten innebär att artikel 26 i fördraget inte omfattar en tvist mellan en medlemsstat och en investerare från en annan medlemsstat.

Skiljeklausulen i artikel 26 energistadgefördraget strider under alla förhållanden mot unionsrätten och är inte tillämplig i en tvist mellan en medlemsstat och en investerare från en annan medlemsstat. Energistadgefördraget utgör en integrerad del av unionsrätten eftersom EU är part i fördraget. EU:s primärrätt, däribland artiklarna 4.3 och 19 FEU samt artiklarna 267 och 344 FEUF, utgör hinder mot skiljeklausulen i artikel 26 medlemsstater emellan. En sådan skiljedomstol som den som avses i artikel 26 har att tolka och till och med tillämpa unionsrätten. Det föreligger inte något giltigt anbud om skiljeförfarande som kan ligga till grund för ett giltigt skiljeavtal. Det förhållandet att EU är part i energistadgefördraget förändrar inte bedömningen. Något giltigt skilje-avtal har alltså inte kommit till stånd mellan Spanien och investerarna.

Spanien har inte förlorat rätten att göra gällande att det inte föreligger ett giltigt skiljeavtal av den anledningen att skiljeklausulen i artikel 26 strider mot unionsrätten. Av EU-domstolens avgörande i PL Holdings följer att hovrätten är förhindrad att tillämpa bestämmelsen i 34 § andra stycket skiljeförfarandelagen på denna fråga, eftersom konsekvensen skulle kunna bli (om invändningen bedömdes ha fog för sig) att en skiljedom i ett skiljeförfarande som inletts med stöd av en ogiltig skiljeklausul upprätthålls. Spanien invände redan i svaromålet i skiljeförfarandet att skiljenämnden inte var behörig bl.a. på grund av att skiljeklausulen i artikel 26 strider mot

Case 1:19-cv-01618-TSC   Document 109-57   Filed 02/14/25   Page 8 of 16

SVEA HOVRÄTT
Avdelning 02

DOM

Sid 7
T 1626-19

unionsrätten. Spanien gjorde i vart fall senare under skiljeförfarandet gällande att artikel 26 strider mot unionsrätten och inte kan tillämpas. Investerarna framförde inte vid något tillfälle under skiljeförfarandet att invändningen framställts för sent, utan tvärtom accepterade de att den prövades.

*Proportionalitetsprincipen*

En ogiltigförklaring eller ett upphävande av skiljedomen strider inte mot den unionsrättsliga proportionalitetsprincipen. En ogiltigförklaring eller ett upphävande är nödvändigt för att säkerställa dessa grundläggande unionsrättsliga reglers efterlevnad.

**Delvis upphävande enligt 34 § första stycket 1, 2 eller 6 skiljeförfarandelagen i sin lydelse före den 1 mars 2019**

Investerarnas talan i skiljeförfarandet om påstådda brott mot artikel 10.1 energistadgefördraget grundade sig på ett antal regulatoriska åtgärder som Spanien vidtagit mellan åren 2010 och 2014.

Den ekonomiska beräkningsmodell som skiljenämnden baserade sin bedömning på innebar att en jämförelse gjordes mellan ett scenario där inga av de omtvistade åtgärderna vidtagits och ett verkligt scenario där alla dessa åtgärder vidtagits. Skiljenämnden konstaterade att de lagstiftningsåtgärder som inte hade bedömts utgöra brott mot energistadgefördraget eller som föll utanför skiljenämndens behörighet skulle exkluderas från skadeståndsberäkningen. Skiljenämnden tillerkände investerarna skadestånd för lagstiftningsåtgärder som inte hade bedömts utgöra brott mot energistadgefördraget och som låg utanför dess behörighet att döma över.

Skiljenämnden har överskridit sitt uppdrag genom att döma ut skadestånd för åtgärder som den funnit inte utgöra brott mot energistadgefördraget. Vidare har nämnden inte tagit hänsyn till dessa åtgärder i det kontrafaktiska scenariot, vilket också utgör ett uppdragsöverskridande.

Case 1:19-cv-01618-TSC   Document 109-57   Filed 02/14/25   Page 9 of 16

SVEA HOVRÄTT  
Avdelning 02

DOM

Sid 8  
T 1626-19

Skiljenämnden har dessutom dömt i en fråga som inte omfattades av dess behörighet. Detta har utgjort ett behörighets- alternativt ett uppdragsöverskridande. Skiljenämnden har inte heller tagit hänsyn till lagstiftningsåtgärden i det kontrafaktiska scenariot, vilket också utgör ett uppdragsöverskridande.

Samtliga dessa brister innebär i vart fall att skiljenämnden har gjort sig skyldig till fel i handläggningen som inverkat på utgången av målet.

Om skiljenämnden hade bedömt skadeståndets belopp med utgångspunkt i sin egen bedömning i ansvars- och behörighetsfrågorna skulle det utdömda skadeståndet ha uppgått till 7,8 miljoner euro.

**Investerarna**

*Ogiltighet enligt 33 § första stycket 1 eller 2 skiljeförfarandelagen*

Skiljedomen omfattar inte en prövning av en fråga som enligt svensk lag inte får prövas av skiljemän. Varken skiljedomen eller det sätt på vilken den tillkommit är uppenbart oförenlig med grunderna för rättsordningen i Sverige.

Parterna hade kunnat reglera sina mellanhavanden, dvs. frågan om kompensation för Spaniens avtalsbrott, genom ett förlikningsavtal. Frågorna är således skiljedomsmässiga.

En skiljenämnd som har att pröva en tvist enligt energistadgefördraget kan inte komma att tillämpa unionsrätten.

Energistadgefördraget är ett folkrättsligt traktat som ska tolkas och tillämpas i enlighet med Wienkonventionens bestämmelser. Att artikel 26 energistadgefördraget är tillämplig på tvisten och att det har funnits anbud om skiljeförfarande från Spanien till investerarna följer direkt av bestämmelsens ordalydelse. Traktatens förarbeten bekräftar att bestämmelsen är tillämplig även mellan medlemsstater och investerare från andra medlemsstater. Under de förhandlingar som föregick energistadgefördraget

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 9<br>T 1626-19 |

enades de fördragsslutande parterna om att inte införa någon bestämmelse i traktaten som undantar sådana EU-interna förhållanden från fördragets tillämpningsområde.

Energistadgefördraget styrs av folkrätten och står självständigt vid sidan av EU och EU:s rättsordning. Att EU, enligt sin egen rättsordning, även har inkorporerat fördraget förtar inte fördraget dess ställning som folkrättslig traktat. Det är i dess egenskap av folkrättslig traktat som skiljenämnden har tillämpat fördraget. Det är en integrerad del av unionsrätten och bindande för EU och dess medlemsstater. EU och dess medlemsstater måste iaktta skyldigheterna i fördraget, inklusive tvistlösnings- mekanismen i artikel 26. En tolkning i strid med konventionstextens ordalydelse är otillåten även enligt unionsrätten.

Tolkningen av artikel 26 påverkas inte av EU-domstolens uttalanden obiter dictum i avgörandet Komstroy. Uttalandena är begränsade till unionsrättens konstitutionella ramverk och oförenliga med tillämpliga folkrättsliga principer.

Skiljedomen innefattar inte prövning av statligt stöd, än mindre ett avgörande i en fråga om statligt stöd. Det föreligger inte någon oförenlighet mellan skiljedomen och unionsrätten i detta hänseende. Under alla förhållanden innebär en sådan påstådd oförenlighet inte att skiljedomen är uppenbart oförenlig med grunderna för rätts- ordningen i Sverige.

*Upphävande efter klander enligt 34 § första stycket 1 skiljeförfarandelagen*

Artikel 26 energistadgefördraget innehåller ett giltigt och bindande anbud om skilje- förfarande från alla fördragsslutande parter till investerare från andra fördragsslutande parter. Det saknas stöd såväl i artikelns ordalydelse som i dess kontext för att tvister mellan en medlemsstat och en investerare från en annan medlemsstat ska undantas från fördragets tvistlösningsmekanism. Spaniens klandergrund saknar fog eftersom tillämpligheten av artikeln, och det däri innefattade anbudet om skiljeförfarande, styrs av folkrätt och inte av unionsrätten. Även om unionsrätten vore tillämplig strider inte artikel 26 mot denna. Energistadgefördraget är ett multilateralt traktat som har ingåtts av EU:s medlemsstater, tredje länder och EU själv. Unionsrätten är inte tillämplig

| SVEA HOVRÄTT | DOM | Sid 10 |
|---|---|---|
| Avdelning 02 | | T 1626-19 |

materiell rätt i förfaranden under energistadgefördraget. Skulle konflikt uppstå mellan EU-fördragen och energistadgefördraget, har energistadgefördraget företräde enligt dess artikel 16.

Spanien har på grund av preklusion förlorat rätten att göra gällande att anbudet i artikel 26 energistadgefördraget är ogiltigt. Under skiljeförfarandet gjorde Spanien endast gällande att artikel 26 ska tolkas så att den inte innehåller ett anbud om skilje-förfarande från en medlemsstat till en investerare från en annan medlemsstat. Det som Spanien nu åberopar – att det inte förelegat något giltigt skiljeavtal av den anledningen att anbudet under artikel 26 ska anses ogiltigt – har Spanien inte invänt under skiljeförfarandet.

*Proportionalitetsprincipen*

Att upphäva eller ogiltigförklara skiljedomen skulle strida mot den unionsrättsliga proportionalitetsprincipen. De EU-rättsliga intressen som Spanien hänvisar till äventyras inte när det, som i detta fall, är fråga om ett avgörande som inte grundas på unionsrätt. Ett upphävande eller ogiltigförklarande av skiljedomen är därmed inte ägnat att uppnå de ändamål som Spanien åberopar. Ett upphävande eller ogiltigför-klarande skulle få drastiska ekonomiska konsekvenser för investerarna och innebära en allvarlig rättsförlust eftersom investerarnas möjligheter att få Spaniens kränkningar prövade kraftigt skulle begränsas. Om skiljedomen upphävs på unionsrättslig grund, skulle investerarna lida allvarlig skada, och Spanien belönas för att landet ingått ett folkrättsligt traktat (som även ingåtts av EU själv och som investerarna förlitat sig på) i strid med Spaniens unionsrättsliga åtaganden.

**Delvis upphävande enligt 34 § första stycket 1, 2 eller 6 skiljeförfarandelagen i sin lydelse före den 1 mars 2019**

Skiljenämnden har tagit hänsyn till sina slutsatser i ansvarsfrågan och enbart dömt ut skadestånd avseende de åtgärder som den ansåg utgjorde brott mot energistadge-fördraget och som föll inom dess behörighet. Skiljenämndens slutsats i skadestånds-

| SVEA HOVRÄTT<br>Avdelning 02 | DOM | Sid 11<br>T 1626-19 |
|---|---|---|

frågan speglar således dess slutsats i ansvars- och behörighetsdelen. Det är fråga om skiljenämndens bedömning i sak som inte kan utgöra grund för klander. Det är inte fråga om något handläggningsfel eller uppdragsöverskridande. Huruvida skiljenämnden gjort en korrekt beräkning av svarandenas skada saknar under alla omständigheter betydelse för frågan om skiljenämnden överskridit sitt uppdrag eller begått ett handläggningsfel.

## UTREDNINGEN

Parterna har åberopat skriftlig bevisning.

Europeiska kommissionen (kommissionen) har – med stöd av artikel 29 i rådets förordning (EU) 2015/1589 av den 13 juli 2015 om genomförandebestämmelser för artikel 108 i fördraget om Europeiska unionens funktionssätt – på eget initiativ inkommit med ett skriftligt yttrande till hovrätten.

## DOMSKÄL

### Disposition och prövningsordning

Hovrätten prövar först om skiljedomen är ogiltig på grund av att det sätt på vilket den tillkommit är uppenbart oförenligt med grunderna för rättsordningen i Sverige (se 33 § första stycket 2 skiljeförfarandelagen, jfr NJA 2022 s. 965). Först om skiljedomen inte skulle anses ogiltig på den grunden finns det skäl för hovrätten att pröva övriga ogiltighets- eller klandergrunder.

### Skiljedomens ogiltighet enligt 33 § första stycket 2 skiljeförfarandelagen

Genom avgörandena i EU-domstolens domar av den 6 mars 2018, Achmea, C-284/16, EU:C:2018:158, den 2 september 2021, Komstroy, C-741/19, EU:C:2021:655, och den 26 oktober 2021, PL Holdings, C-109/20, EU:C:2021:875, har EU-domstolen uttalat sig om skiljeklausuler i internationella investeringsskyddsavtal, som ingåtts av två eller flera medlemsstater i EU, och om avtalens förenlighet med unionsrätten.

I *Achmea* gällde frågan en skiljeklausul i ett investeringsskyddsavtal mellan två medlemsstater. Med hänvisning till att förfarandet med förhandsavgörande utgör kärnan i det unionsrättsliga domstolssystemet konstaterade EU-domstolen, *att* skiljenämnden kunde komma att tolka och tillämpa unionsrätten men *att* skiljenämnden inte utgjorde en domstol i den mening som avses i artikel 267 FEUF som kunde begära förhandsavgörande, samt *att* den behöriga nationella domstolen endast fick göra den begränsade prövning som följer av nationell rätt (se Achmea, punkterna 37–53).

EU-domstolen uttalade vidare att de aktuella medlemsstaterna genom att ingå ett bilateralt avtal upprättat en mekanism för att lösa tvister mellan en investerare och en medlemsstat som kan innebära att dessa tvister avgörs på ett sätt som inte säkerställer unionsrättens fulla verkan. Enligt EU-domstolen var den aktuella skiljeklausulen i avtalet inte förenlig med principen om lojalt samarbete och undergrävde därmed unionsrättens autonomi (se Achmea, punkterna 56–59).

I *Komstroy* uttalade sig EU-domstolen, bl.a. med hänvisning till sina uttalanden i Achmea, om skiljeklausulen i artikel 26.2. c) energistadgefördraget. EU-domstolen erinrade om att ett internationellt avtal, enligt domstolens fasta praxis, inte får inkräkta på den befogenhetsordning som slagits fast i fördragen och därmed på autonomin hos unionens rättsordning. Domstolen konstaterade också att eftersom energistadgefördraget är en unionsrättsakt har en sådan skiljedomstol som avses i artikel 26.6 att tolka och till och med tillämpa unionsrätten. (Se Komstroy, p. 42, 49 och 50.)

Därefter prövade EU-domstolen, med hänvisning till sina uttalanden i Achmea, *dels* om den aktuella skiljedomstolen utgjorde en del av domstolssystemet i Frankrike, *dels* om en skiljedom från en sådan skiljedomstol var underkastad en kontroll av en domstol som kan säkerställa att unionsrätten iakttas fullt ut och eventuellt begära förhandsavgörande från EU-domstolen (se Komstroy, p. 51– 60 med däri gjorda hänvisningar till Achmea). Dessa frågor besvarades nekande.

Mot denna bakgrund uttalade EU-domstolen att artikel 26.2. c) energistadgefördraget ska tolkas så att den inte är tillämplig på tvister mellan en medlemsstat och en investerare från en annan medlemsstat angående en investering som investeraren

gjort i den förstnämnda medlemsstaten (Komstroy, p. 66).

I det efterföljande avgörandet *PL Holdings* har EU-domstolen förtydligat att frågan huruvida ett skiljeorgans behörighet är giltig i de nu aktuella fallen inte kan vara beroende av hur parterna i tvisten agerar (jfr PL Holdings, p. 51–56). Av PL Holdings följer också att skiljeklausuler som har sin grund i internationella investeringsskydds-avtal mellan medlemsstater strider mot några av de mest grundläggande unionsrättsliga principerna i EU-fördragen, såsom principerna om ömsesidigt förtroende mellan med-lemsstaterna, lojalt samarbete och unionsrättens autonomi (se t.ex. PL Holdings, p. 46 med däri gjord hänvisning till Achmea).

Högsta domstolen har i NJA 2022 s. 965 uttalat att de nämnda förhandsavgörandena av EU-domstolen framför allt rör frågan huruvida medlemsstaterna har möjlighet att undandra tvister rörande myndigheters tillämpning av unionsrätten från unionens domstolssystem. Det är alltså fråga om grundläggande rättsprinciper av procedurmässig art. En sådan skiljedom mellan en medlemsstat och en investerare från en annan medlemsstat, som har meddelats med stöd av en skiljeklausul i ett inter-nationellt investeringsavtal, får anses ha tillkommit på ett rättsstridigt sätt, eftersom den är oförenlig med de grundläggande bestämmelser och principer som reglerar rättsordningen i unionen och därmed också i Sverige. (Se punkterna 55, 59 och 60 i Högsta domstolens avgörande.)

Den nu aktuella skiljedomen har meddelats i en investeringstvist mellan en medlems-stat och investerare från andra medlemsstater med stöd av artikel 26 i energistadge-fördraget. Ett upprätthållande av skiljedomen skulle därmed vara uppenbart oförenligt med grunderna för rättsordningen i Sverige. Det finns därför förutsättningar enligt 33 § första stycket 2 skiljeförfarandelagen att ogiltigförklara skiljedomen. Vid denna bedömning saknas det skäl att pröva övriga ogiltighets- och klandergrunder. Vad investerarna gjort gällande rörande den unionsrättsliga proportionalitetsprincipen motiverar ingen annan bedömning. Skiljedomen ska således förklaras ogiltig.

Genom domslutet har hovrättens tidigare beslut om inhibition fallit.

| SVEA HOVRÄTT | DOM | Sid 14 |
|---|---|---|
| Avdelning 02 | | T 1626-19 |

### Rättegångskostnader

Spanien har fått fullt bifall till sin talan. Enligt 18 kap. 1 § rättegångsbalken ska part som tappar målet som huvudregel ersätta motparten dennes rättegångskostnad. Det finns inte skäl att frångå huvudregeln i detta fall. Investerarna ska alltså som tappande parter förpliktas att ersätta Spanien för dess rättegångskostnad.

Enligt 18 kap. 8 § rättegångsbalken ska ersättning för rättegångskostnad fullt motsvara kostnaden för rättegångens förberedande och talans utförande jämte arvode till ombud eller biträde, såvitt kostnaden skäligen varit påkallad för tillvaratagande av partens rätt. Ersättning ska också utgå för partens arbete och tidsspillan i anledning av rättegången.

Spanien har yrkat ersättning med 340 000 EUR avseende ombudsarvode, 36 967,50 EUR avseende eget arbete och 12 950,92 EUR avseende utlägg.

Investerarna har invänt mot skäligheten i de yrkade ersättningarna för ombudsarvode och eget arbete. Såvitt gäller ersättningen för ombudsarvode har investerarna vitsordat ett belopp om 222 898 EUR som skäligt i och för sig. Det vitsordade beloppet motsvarar investerarnas yrkade ersättning för ombudsarvode.

När det gäller ersättning för ombudsarvode konstaterar hovrätten att målet har varit omfattande och principiellt viktigt för Spanien. Det har pågått under lång tid och genererat ett stort antal handlingar och omfattande skriftväxling. Tvisteföremålets värde är högt. Hovrätten godtar Spaniens uppgift om att praxisutvecklingen i EU-domstolen föranlett visst merarbete. Det nedlagda ombudsarbetet bedöms mot denna bakgrund varit skäligen påkallat för tillvaratagandet av Spaniens rätt. Spanien ska således tillerkännas ersättning för ombudsarvode i enlighet med sitt yrkande om 340 000 EUR.

Spanien har yrkat ersättning för 93 timmars eget arbete, med en timkostnad om 397,50 EUR, dvs. för en total kostnad om 36 967,50 EUR. Arbetet ska ha utförts av Spaniens interna jurister och en paralegal vid International Arbitration Department of the General State Attorney's Office (Ministry of Justice).

| SVEA HOVRÄTT  | DOM | Sid 15 |
|---|---|---|
| Avdelning 02 |  | T 1626-19 |

Investerarna har gjort gällande att tillerkännande av ersättning för arbete av statsanställda tjänstemän i denna typ av tvist inte är skäligt, och att, under alla förhållanden, nivån på den ersättning som Spanien begär inte är skälig. Investerarna har vitsordat 2 000 kr som en i och för sig skälig timkostnad.

Hovrätten konstaterar att arbete avseende upphandling av ombud, uppföljning enligt parternas avtal bestående av genomgång av fakturor för utfört arbete samt arbete med upprättande av kostnadsräkning är att hänföra till sådant arbete som normalt uppstår med anledning av att rättegångsombud anlitas för att föra partens talan. Ersättning för sådant arbete bör inte utgå. Spanien har därutöver yrkat ersättning för arbete bestående av koordinering med ombuden i målet avseende Spaniens yttranden. När ett ombud har anlitats för att föra partens talan är utgångspunkten att det är ombudet och inte parten själv som ska utföra det arbete som behövs för tillvaratagandet av partens rätt (jfr NJA 2023 s. 94, p. 15). Spanien har inte visat att det varit fråga om sådant arbete som varit skäligen påkallat för att tillvarata Spaniens rätt och därför ska ersättas vid sidan av ombudsarvodet. Ersättning för eget arbete ska därför inte utgå.

Vad Spanien yrkat i ersättning för utlägg bedöms vara såväl ersättningsgillt som skäligt. Utlägget för ansökningsavgift till hovrätten har emellertid varit en faktisk kostnad i svenska kronor. Ersättning ska således utgå för utlägg om 12 684,19 EUR och 2 800 kr.

### Överklagande

Enligt 43 § andra stycket lagen (1999:116) om skiljeförfarande får hovrättens dom överklagas bara om hovrätten anser det vara av vikt för ledningen av rättstillämpningen att ett överklagande prövas av Högsta domstolen. Hovrätten anser att det inte finns skäl att tillåta att avgörandet överklagas.

Hovrättens dom får inte överklagas.

I avgörandet har deltagit hovrättsråden Anne Kuttenkeuler, Maj Johansson, referent, och Sara Ulfsdotter.