# EXHIBIT 59



| | | |
|---|---|---|
| **SVEA COURT OF APPEAL**<br>Division 02<br>Section 020114 | **JUDGMENT**<br>May 27, 2024<br>Stockholm | Case no.<br>T 4236-19 |

## PARTIES

**Appellant**

The Italian Republic
Avvocatura Generale dello Stato
Via dei Portoghesi, 12
Rome 00186
Italy

Counsel: Attorneys-at-law James Hope, Mattias Rosengren and Cecilia Möller Norsted
Advokatfirman Vinge KB
Box 1703
111 87 Stockholm

**Appellee**

CEF Energia B.V., RSIN 821442430
Hoogoorddreef 15
1101 BA, Amsterdam
The Netherlands

Counsel: Attorneys-at-law Jakob Ragnwaldh, Robin Rylander, David Sandberg and Mattias Arnesson, and associates Anna Liliebäck and Hedvig Aspelin
Mannheimer Swartling Advokatbyrå AB
Box 1711
111 87 Stockholm

## THE CASE
Invalidity and challenge of arbitral award

———————————————

## THE JUDGMENT OF THE COURT OF APPEAL

1. The Court of Appeal hereby grants the appellant's motion in that the Court of Appeal declares the arbitral award of January 16, 2019 in SCC case no. V 2015/158, rendered in Stockholm, is invalid.

2. CEF Energia B.V. is ordered to pay the Italian Republic's costs in connection with their Court of Appeal litigation in the sum of EUR 140,852.42 and SEK 3,416, together with interest on those amounts in accordance with Article 6 of the

Doc.Id 2057912

| **Mailing Address** | **Street Address** | **Telephone** | **Fax** | **Reception** |
|---|---|---|---|---|
| Box 2290<br>103 17 Stockholm | Birger Jarls Torg 16 | +46 (0)8-561 670 00<br>+46 (0)8-561 675 00<br>**E-mail**: svea.avd2@dom.se<br>www.svea.se | | Monday – Friday<br>08:00 – 4:30 p.m. |

Case 1:19-cv-01618-TSC   Document 109-59   Filed 06/11/24   Page 3 of 18

page 2

SVEA COURT OF APPEAL                    **JUDGMENT**                    T 4236-19
Division 02

Swedish Interest Act from the date of the Court of Appeal's judgment until payment is made. Of

that amount, EUR 102,000 is counsel fees.

_____

SVEA COURT OF APPEAL **JUDGMENT** T 4236-19
Division 02

### BACKGROUND

The Italian Republic (Italy) is a Member State of the European Union (EU). CEF Energia B.V. (CEF Energia) is a Dutch company. The Netherlands is also an EU Member State. Italy, the Netherlands and the EU have all signed and ratified the Energy Charter Treaty (*cf*. EGT L 69, 3.9.1998).

During the period 2010 to 2012, CEF Energia acquired interests in three Italian companies, all of which owned and operated solar power plants in Italy.

On November 20, 2015, CEF Energia initiated arbitral proceedings against Italy before the Arbitration Institute of the Stockholm Chamber of Commerce (SCC), pursuant to Article 26 of the Energy Charter Treaty and the so-called SCC Rules. As legal basis for its action, CEF Energia claimed that Italy had breached its obligations under the Energy Charter Treaty. The seat of the arbitration proceedings was Stockholm.

On January 16, 2019, the arbitral award was issued, according to which Italy had breached its obligations under the provision contained in Article 10(1) of the Energy Charter Treaty. The arbitral award ordered Italy to pay damages and compensation for CEF Energia's costs. The costs of the arbitration proceedings were shared between the parties in certain ways.

On April 24, 2019, following a request by Italy, the Court of Appeal decided that the continued enforcement of the arbitral award rendered between the parties may not take place until further notice.

In March 2021, the Court of Appeal decided to send a request for a preliminary ruling to the Court of Justice of the European Union (CJEU) in Case no. T 3229-19 and subsequently ordered that this case should be stayed pending the CJEU's opinion. Referring to its judgments of September 2, 2021, Komstroy, C-741/19, EU:C:2021:655, and October 26, 2021, PL Holdings, C-109/20, EU:C:2021:875, the CJEU asked the Court of Appeal in October 2021 whether the request for a preliminary ruling was upheld. The Court of Appeal decided to inform the CJEU that the request for a preliminary ruling was not upheld.

SVEA COURT OF APPEAL  **JUDGMENT**  T 4236-19

Division 02

## REQUESTS FOR RELIEF, ETC.

Italy has primarily requested that the Court of Appeal declare the arbitral award invalid in its entirety or set it aside in its entirety. Should the Court of Appeal find that the arbitral award cannot or should not be declared invalid or set aside in one or more parts, Italy has requested, in the alternative, that the Court of Appeal should declare the award invalid or set aside in the other respects.

CEF Energia has opposed Italy's request for relief.

The parties have claimed compensation for litigation costs.

With the agreement of the parties, the case was decided without a main hearing.

## THE PARTIES RESPECTIVE CASE

**Italy**

***Invalidity under section 33, first paragraph (1) or (2) of the Swedish Arbitration Act***

The arbitral award is invalid under both section 33, first paragraph (1) and section 33, first paragraph (2) of the Swedish Arbitration Act (1999:116) (the "Arbitration Act").

The arbitral award involves the determination of issues that under Swedish law may not be determined by arbitrators. The CJEU has ruled that the arbitration clause in Article 26 of the Energy Charter Treaty must be interpreted as not applying to disputes between a Member State and an investor from another Member State. Such disputes may not be submitted to arbitration, either *ex ante* or after they have arisen. This is because such an arbitral tribunal may interpret and apply EU law, and there is no possibility for an arbitral tribunal to request a preliminary ruling from the CJEU. There is thus a limitation in law – in this case in Articles 267 and 344 of the Treaty on the Functioning of the European Union (TFEU) and Articles 4 and 19 of the Treaty on European Union (TEU). There is therefore a compulsory procedural obstacle.

SVEA COURT OF APPEAL            **JUDGMENT**            T 4236-19
Division 02

Such investment disputes also fall outside the scope of arbitration on the basis that they concern public interests in a significant way. The preservation of the specific characteristics of EU law and its autonomy is one such public interest that renders the dispute non-arbitrable.

Furthermore, the arbitral award and the manner in which it was made are manifestly incompatible with the public policy of Sweden. The arbitration proceedings were based on Article 26 of the Energy Charter Treaty. Such arbitration may lead to an arbitral tribunal deciding disputes which may concern the application or interpretation of EU law. The arbitration tribunal has not been able to request a preliminary ruling from the CJEU and the limited review of an arbitration award that can be made under Swedish law is not sufficient to guarantee the full effect of EU law. The arbitration clause in Article 26 is thus liable to undermine both the principle of mutual trust between the Member States and the preservation of the specific character of EU law, which is ensured by the preliminary ruling procedure under Article 267 TFEU. The arbitration clause is therefore incompatible with the principles of sincere co-operation pursuant to Article 4(3), first paragraph TEU and undermines the autonomy of EU law, which is enshrined, *inter alia*, in Article 344 TFEU. The arbitral award has thus been made unlawfully, since it is incompatible with the fundamental rules and principles governing the legal order in the European Union and thus also in Sweden. Despite this, the arbitral tribunal has considered itself to have jurisdiction to rule on the dispute.

### *Setting aside following challenge under section 34, first paragraph (1) of the Arbitration Act*

The arbitral award shall be set aside as it is not covered by a valid arbitration agreement between the parties.

No valid arbitration agreement has been concluded between CEF Energia and Italy based on Article 26 of the Energy Charter Treaty. An interpretation of the Treaty in accordance with the Vienna Convention and EU law provides that it does not refer to a dispute between a Member State and an investor from another Member State.

If, in conjunction with interpretation, the Energy Charter Treaty were to be considered as meaning that Article 26 covers disputes between a Member State and an investor from another Member State, the

SVEA COURT OF APPEAL
Division 02

**JUDGMENT**

arbitration clause in the Article is, in any event, incompatible with EU law. The Energy Charter Treaty is an integral part of EU law, as the EU is a party to it. The EU Treaties, in particular Articles 267 and 344 TFEU, preclude the arbitration clause in Article 26 between the Netherlands and Italy. Such a dispute may concern the interpretation and application of EU law. Article 26 is therefore not applicable or valid in disputes between a Member State and an investor from another Member State. There is therefore no valid offer that can form the basis of a valid arbitration agreement. The fact that the EU is a party to the Energy Charter Treaty does not change this assessment. Hence, no valid arbitration agreement has been concluded between Italy and CEF Energia.

***Setting aside following challenge under section 34, first paragraph (2) or (6) of the Arbitration Act as amended before March 1, 2019***

In its reasons for the award, the arbitral tribunal ruled that EU law is part of international law and dismissed the relevance of the CJEU's decision in Achmea on the grounds that EU law is not part of international law. The arbitral tribunal has consequently adjudicated the same issue twice and thereby made directly opposite assessments.

It was not within the mandate of the arbitral tribunal to consider the same issue twice and under no circumstances to depart from its first opinion. The arbitral tribunal has therefore exceeded its mandate. In any event, this constitutes a procedural error.

In addition, the opposing positions on the same issue mean that the reasons for the award are so incomplete that it can be equated with an unreasoned award. The absence of reasons for the award constitutes a serious procedural error, in which case it must be presumed that there was an influence on the outcome. In any event, it is likely that the procedural error has affected the outcome. The question of whether EU law forms part of international law was a decisive issue in the arbitral tribunal's adjudication of whether the conclusions in the Achmea decision are applicable to the Energy Charter Treaty.

SVEA COURT OF APPEAL       **JUDGMENT**       T 4236-19
Division 02

If the arbitral tribunal's contradictory positions would not be equated with a lack of reasons for the award, the arbitral tribunal's actions nevertheless constitute procedural errors. The arbitral tribunal may not take a position on a crucial issue at one point in the arbitral award and then base subsequent conclusions on a directly opposite assessment. By departing from its initial position that EU law is part of international law, the arbitral tribunal committed a procedural error. The procedural error is serious and must be presumed to have affected the outcome. In any event, the procedural error is likely to have affected the outcome of the case. Had the arbitral tribunal maintained its position that EU law is part of international law, the arbitral tribunal, in accordance with its subsequent reasoning, would likely have concluded that the conclusions in Achmea were applicable to the Energy Charter Treaty.

**CEF Energia**

***Invalidity under section 33, first paragraph (1) or (2) of the Arbitration Act***

The arbitral award does not cover the determination of issues which, under Swedish law, may not be determined by arbitrators. Furthermore, neither the arbitral award nor the manner in which it was made is manifestly incompatible with the public policy of the Swedish legal system.

The parties could have settled the issues of whether Italy breached Article 10(1) of the Energy Charter Treaty, whether Italy was liable to pay damages for the breach and, if so, in what amount, by means of a settlement agreement. The issues are thus arbitrable.

An arbitral tribunal dealing with a dispute under the Energy Charter Treaty cannot apply EU law.

The Energy Charter Treaty is a treaty of international law to be interpreted and applied in accordance with the provisions of the Vienna Convention. The applicability of Article 26 of the Energy Charter Treaty to the dispute and the existence of offers of arbitration made by Italy to CEF Energia follow directly from the wording of the provision. The *travaux préparatoires* of the Treaty also confirm that the provision is also applicable between Member States and investors from other Member States. During the negotiations that preceded the Energy Charter Treaty,

SVEA COURT OF APPEAL          **JUDGMENT**          T 4236-19
Division 02

the Contracting Parties agreed not to introduce into the Treaty any provision excluding such intra-EU relations from the scope of the Treaty.

It is as a treaty under international law that the Energy Charter Treaty binds the parties, including for the purposes of this case Italy and the Netherlands. The interpretation of the treaty under public international law is not affected by the ruling of the CJEU in Komstroy. The CJEU lacks jurisdiction, both under EU law and international law, to interpret with binding effect the Energy Charter Treaty in its capacity as a treaty under international law. The statements of the CJEU on the interpretation of the Energy Charter Treaty are limited to the interpretation of the Energy Charter Treaty as an EU legal act; they do not concern the Energy Charter Treaty as a treaty under international law, interpreted in accordance with the Vienna Convention.

The applicability of the CJEU's decision in Komstroy, like the decision in Achmea, is based on the fact that the arbitral award can only be subject to limited judicial review. When the seat of arbitration is in Sweden, a court may, in the context of an action to set aside or in challenge proceedings, conduct an extended review of whether an arbitral award is contrary to mandatory EU law. In any event, Article 26 of the Energy Charter Treaty is therefore not contrary to EU law provided that the seat of arbitration is Sweden.

The legal consequence of an incompatibility between the arbitration clause in Article 26 and EU law is not, under EU law, that the arbitration clause in Article 26 is invalid. The case-law of the CJEU has confirmed that international law also binds the EU, that international treaties concluded by the EU and its Member States take precedence over EU law, that the EU respects the international law principle of *pacta sunt servanda*, and that the EU cannot invoke EU law in support of non-compliance with treaties.

### *Setting aside following challenge under section 34, paragraph (1) of the Arbitration Act*

Article 26 of the Energy Charter Treaty provides for a valid and binding offer of arbitration by any Contracting Party to investors from any other Contracting Party. There is no support either in the wording of the Article or in its context for the notion that disputes between a Member State and an investor from another Member State should be excluded from the dispute settlement mechanism of

SVEA COURT OF APPEAL        **JUDGMENT**       
Division 02

the Treaty. The offer under Article 26 is valid. Italy's ground for challenge is unfounded because the applicability of the Article, and the offer of arbitration contained therein, is governed by international law and not by EU law. Even if EU law were applicable, Article 26 is not contrary thereto. The Energy Charter Treaty is a multilateral treaty concluded by EU Member States, third countries and the EU itself. Should a conflict arise between the EU Treaties and the Energy Charter Treaty, the Energy Charter Treaty takes precedence according to Article 16 thereof. Furthermore, from an EU law perspective, the Energy Charter Treaty forms an integral part of EU law and is binding on the EU and its Member States.

### *Preclusion under section 34, second paragraph of the Arbitration Act*

Due to preclusion, Italy has forfeited the right to claim that the arbitration clause in Article 26 of the Energy Charter Treaty is invalid. During the arbitral proceedings, Italy only asserted that Article 26 should be interpreted as not containing an offer of arbitration from one Member State to an investor from another Member State. What Italy now invokes (that there was no valid arbitration agreement for the reason that the offer under Article 26 is to be considered invalid as contrary to EU law) has not been raised by Italy during the arbitral proceedings.

### *The principle of proportionality*

To set aside or declare invalid the arbitral award on the basis of EU law would be contrary to the EU law principle of proportionality. The EU law interests referred to by Italy are not jeopardized where, as in this case, the arbitral award is not in fact based on EU law. The setting aside or invalidity of the arbitral award is therefore not capable of achieving the objectives invoked by Italy. Furthermore, in the event of a setting aside or declaration of invalidity, such would have drastic financial consequences for CEF Energia and would entail a serious loss of rights since CEF Energia's possibilities to have Italy's violations reviewed would be severely limited. If the arbitral award were to be invalidated on the basis of EU law, CEF Energia would therefore suffer serious damage, and Italy would be rewarded for having entered into a treaty under international law, which was also entered into by the EU itself and on which CEF Energia relied, in violation of Italy's obligations under EU law.

SVEA COURT OF APPEAL  **JUDGMENT**  T 4236-19
Division 02

*Setting aside following challenge under section 34, first paragraph (2) or (6) of the Arbitration Act as amended before March 1, 2019*

The arbitral tribunal has not exceeded its mandate or committed any procedural error.

The assertion that the arbitral tribunal should have considered the same issue twice is contested. What, according to Italy, constitutes the same issue is in fact two different issues. Therefore, there are no contradictory assessments in the reasons for the award.

Even if it were the case that the arbitral tribunal's quoted statement from another arbitral award had referred to the same issue that the arbitral tribunal later considered, there would still have been no excess of mandate or procedural error.

A failure to comply with the parties' stipulation that an arbitral tribunal must state the reasons for the award cannot constitute an excess of mandate. In any event, there is no question of a total absence of reasons for the award and does not, even if Italy's assertion regarding the meaning of the reasons for the award were correct, constitute a procedural error.

**Italy's responses**

*Preclusion under section 34, second paragraph of the Arbitration Act*

The assertion that Italy would have forfeited the right to claim that there is no valid arbitration agreement on the basis that the arbitration clause in Article 26 is contrary to EU law is disputed. It follows from the CJEU's judgment in PL Holdings that the Court of Appeal is, in any event, precluded from applying the provision in Section 34, second paragraph of the Arbitration Act to this issue, since the consequence could be (if the objection were deemed to be justified) that an arbitral award in an arbitration initiated on the basis of an invalid arbitration clause is upheld. Furthermore, CEF Energia's objection to preclusion is unfounded. Already in the statement of defense in the arbitration, Italy objected that the arbitral tribunal did not have jurisdiction, *inter alia*, because the arbitration clause in Article 26 is contrary to EU law. Italy subsequently maintained and clarified the objection during

SVEA COURT OF APPEAL       **JUDGMENT**        T 4236-19
Division 02

the arbitration. This, *inter alia*, with reference to the decision of the CJEU of March 6, 2018, Achmea, C-284/16, EU:C:2018:158, and that the offer of arbitration in Article 26 is not applicable or valid. At no point during the arbitration did CEF Energia argue that the objection was not timely raised, but on the contrary, the company responded to the objection on the merits and accepted that it be examined.

### *The principle of proportionality*

The assertion that a declaration of invalidity or setting aside of the award would violate the EU law principle of proportionality is contested. If the Court of Appeal were to find that the award, and the arbitration agreement on which the award is based, are contrary to fundamental rules of EU law, and such basis for invalidity or setting aside therefore exist, an invalidity or setting aside is also necessary to ensure compliance with those fundamental rules of EU law.

### CEF Energia's responses

### *Preclusion under section 34, second paragraph of the Arbitration Act*

The CJEU's judgement in PL Holdings does not mean that the preclusion provision in Section 34, second paragraph of the Arbitration Act cannot be applied. CEF Energia has not forfeited the right to assert preclusion.

### THE INVESTIGATION

The parties have submitted documentary evidence.

### REASONS FOR THE JUDGMENT

### Disposition and order of review

Italy has primarily requested that the arbitral award must be declared invalid in its entirety pursuant to Section 33 of the Arbitration Act or set aside in its entirety pursuant to Section 34 of

SVEA COURT OF APPEAL        **JUDGMENT**       
Division 02

the same Act. In the alternative, Italy seeks the invalidity or partial set aside of the arbitral award. Italy has invoked several alternative legal bases in support of its request for invalidity and set aside. Italy has stated that it has no view on the order in which the Court of Appeal should rule on the claims for invalidity or to set aside.

CEF Energia has, as the company may be understood, considered that the Court of Appeal should examine the entire case, i.e., all requests for relief and legal grounds.

The Court of Appeal notes that the invalidity rules and the set aside rules in Sections 33 and 34 respectively of the Arbitration Act fulfil different protective interests. While the set aside rules aim to protect the interests of the parties to the arbitration, the invalidity rules aim to protect the public interest or the interests of third parties. Invalidity may be invoked without any time limit and the court must take account of the rules on invalidity even without a request by a party (see Government Bill 1998/99:35, pp. 140 and 231).

The Court of Appeal will first examine whether the decisions of the CJEU in Achmea, Komstroy and PL Holdings render the arbitral award invalid because the manner in which it was made is manifestly incompatible with the public policy of Sweden (see Section 33, first paragraph (2) of the Arbitration Act and *cf*. NJA 2022 p. 965). Only if the arbitral award would not be considered invalid on this basis is there reason for the Court of Appeal to consider other basis for invalidity or set aside.

**Invalidity of the award under section 33, first paragraph (2) of the Arbitration Act**

In the three preliminary rulings Achmea, Komstroy and PL Holdings, the CJEU has ruled on arbitration clauses in international investment protection agreements concluded by two or more EU Member States and their compatibility with EU law.

In *Achmea*, the issue concerned an arbitration clause in an investment protection agreement between two Member States. Noting that the preliminary ruling procedure is the core of the EU court system, the CJEU held *that* the arbitral tribunal could interpret and apply EU law but *that* the arbitral tribunal did not constitute a court or tribunal within the meaning of Article 267 TFEU that could request a

        

SVEA COURT OF APPEAL                    **JUDGMENT**
Division 02

preliminary ruling and *that* the competent national court could only exercise the limited review provided for by national law (see Achmea, paragraphs 37-53).

The CJEU further held that, by concluding a bilateral agreement, the Member States concerned had established a mechanism for resolving disputes between an investor and a Member State which could lead to those disputes being settled in a manner which did not ensure the full effectiveness of EU law. According to the CJEU, the arbitration clause at issue in the agreement was not compatible with the principle of sincere co-operation and thus undermined the autonomy of EU law (see Achmea, paragraphs 56-59).

In *Komstroy,* the CJEU, referring, *inter alia*, in particular to its judgments in Achmea, ruled on the arbitration clause in Article 26(2)(c) of the Energy Charter Treaty. The CJEU recalled that, according to the Court's settled case-law, an international agreement may not encroach on the system of competences established by the Treaties and, consequently, on the autonomy of the legal order of the EU. The Court also noted that since the Energy Charter Treaty is an act of the EU, the arbitral tribunal referred to in Article 26(6) has the task of interpreting and even applying EU law (see Komstroy, paragraphs 42, 49 and 50).

Thereafter, the CJEU, referring to its statements in Achmea, examined, *first,* whether the arbitral tribunal in question formed part of the court system in France and, *second,* whether an award of such an arbitral tribunal was subject to review by a court capable of ensuring full compliance with EU law and, possibly, requesting a preliminary ruling from the CJEU (see Komstroy, paragraphs 51-60, with references therein to Achmea). These questions were answered in the negative.

Against that background, the CJEU held that Article 26(2)(c) of the Energy Charter Treaty must be interpreted as not applying to disputes between a Member State and an investor from another Member State concerning an investment made by the latter in the former (see Komstroy, paragraph 66).

In the subsequent decision *PL Holdings,* the CJEU has clarified that the validity of an arbitral body's jurisdiction in the present cases cannot depend on the behavior of the parties to the dispute (*cf*. PL Holdings, paragraphs 51-56). From PL Holdings

SVEA COURT OF APPEAL          **JUDGMENT**          T 4236-19
Division 02

it also follows that arbitration clauses based on international investment protection agreements between Member States are contrary to some of the most fundamental principles of EU law enshrined in the EU Treaties, such as the principles of mutual trust between Member States, loyal co-operation and the autonomy of EU law (see, e.g., PL Holdings, paragraph 46 with reference therein to Achmea).

In NJA 2022 p. 965, the Swedish Supreme Court stated that the aforementioned preliminary rulings of the CJEU concern, in particular, the issue of whether Member States are able to exclude disputes concerning the application of EU law by public authorities from the EU's court system. It is therefore an issue of fundamental legal principles of a procedural nature. Such an arbitral award between a Member State and an investor from another Member State, made on the basis of an arbitration clause in an international investment agreement, may be considered to have been made unlawfully, since it is incompatible with the fundamental rules and principles governing the legal system of the EU and thus also of Sweden. (See paragraphs 55, 59 and 60 of the judgment of the Swedish Supreme Court).

The arbitral award in question was made in an investment dispute between a Member State and an investor from another Member State pursuant to Article 26 of the Energy Charter Treaty. Upholding the arbitral award would thus be manifestly incompatible with the public policy of the Swedish legal system. The Court of Appeal's opinions mean that there are prerequisites under section 33, first paragraph (2) of the Arbitration Act to declare the arbitral award invalid. Accordingly, there is no reason to consider other grounds for invalidity and set aside. CEF Energia's assertions regarding the principle of proportionality under EU law do not prevent the arbitral award from being invalidated. The arbitral award must thus be declared invalid.

**Litigation costs**

Italy's action has been fully upheld. According to Chapter 18, Section 1 of the Swedish Code of Judicial Procedure, a party who loses a case must, as a general rule, reimburse the other party for its litigation costs. There is no reason to depart from that general rule in this case. CEF Energia, as the losing party, shall therefore be ordered to pay Italy's litigation costs.

SVEA COURT OF APPEAL          **JUDGMENT**                    T 4236-19
Division 02

According to Chapter 18, Section 8 of the Swedish Code of Judicial Procedure, compensation for litigation costs shall fully correspond to the cost of preparing the case and conducting the proceedings, together with fees to counsel or assistants, insofar as the cost was reasonably necessary in order to safeguard the party's rights. Compensation shall also be paid for the party's own work and time wasted in connection with the proceedings.

Italy has claimed EUR 102,000 in legal fees, EUR 8,772 in translation fees, EUR 30,000 in own work, EUR 497.92 in expenses, EUR 4,450.80 in Italian pension tax for lawyers and EUR 25,458.56 in Italian VAT.

CEF Energia has accepted that the costs incurred by Italy for legal representation are reasonable. The company has objected to the reasonableness of the claimed compensation for Italy's own work and the pension tax.

The Court of Appeal makes the following assessment in relation to the litigation costs claimed by Italy.

### Fees for legal counsel

The reasonableness of Italy's claim for counsel fees is accepted by CEF Energia and Italy should therefore be awarded compensation in accordance with its claim for EUR 102,000.

### Own work

Italy has claimed reimbursement for 60 hours of in-house work, at an hourly rate of EUR 500, *i.e.* for a total cost of EUR 30,000, carried out by Italy's in-house lawyers specializing in dispute resolution and litigation.

CEF Energia submits that remuneration for the work of civil servants in this type of dispute is not reasonable and that, in any event, the level of remuneration requested by Italy is not reasonable. The company has asserted that SEK 2,000 is a reasonable hourly rate in itself.

SVEA COURT OF APPEAL         **JUDGMENT**         T 4236-19

Division 02

As a preliminary point, the Court of Appeal notes that work consisting of procurement and engagement of counsel, contacts and reviews with counsel and work on drawing up a bill of costs is to be attributed to work that normally arises as a result of counsel being engaged to conduct the party's case. Compensation for such work cannot be granted.

In addition, Italy has claimed compensation for work attributable to the co-ordination and review of submissions, as well as internal reviews and discussions regarding the submissions. When a representative has been engaged to conduct the party's case, the starting point is that it is the representative and not the party itself that is to perform the work necessary to safeguard the party's right (*cf*. NJA 2023 p. 94, paragraph 15). Italy has not shown that it was a question of such work that was reasonably required to safeguard Italy's right and therefore should be compensated in addition to the representative's fee. Compensation for their own work should therefore not be granted.

### *Pension tax for lawyers*

It has not been established otherwise than that the claimed reimbursement of EUR 4,450.80 for pension tax for lawyers under Italian law constitutes a cost to Italy. That cost must therefore be regarded as both recoverable and reasonable and compensation must therefore be paid in the amount claimed.

### *Translation fees, expenses and VAT*

What Italy has claimed in these respects is deemed to be both compensable and reasonable. However, the expenses consisting of the application fee to the Court of Appeal have been an actual cost in Swedish kronor. Compensation is therefore to be paid for translation fees of EUR 8,772, for disbursements of EUR 230 and SEK 2,800 and for VAT of EUR 25,399.62 and SEK 616.

SVEA COURT OF APPEAL           **JUDGMENT**          
Division 02

**Appeal**

Pursuant to Section 43, second paragraph of the Arbitration Act, the Court of Appeal's judgment may only be appealed if the Court of Appeal considers it important for the administration of justice that an appeal is heard by the Swedish Supreme Court. The Court of Appeal is of the opinion that there is no basis to allow an appeal of the judgment.

The Court of Appeal's judgment may not be appealed.

The judgment was delivered with the participation of Per Carlson, Senior Judge of Appeal, Carin Häckter, Judge of Appeal and Karin Kussak, co-opted member.

