# EXHIBIT 60



| | | | |
|---|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02<br>Rotel 020114 | **DOM**<br>2024-03-27<br>Stockholm | | Sid 1 (13)<br>Mål nr<br>T 15200-22 |

**PARTER**

**Kärande**
Konungariket Spanien
Abogacía General del Estado
Calle Ayala 5
28001 Madrid
Spanien

Ombud: Advokaterna Pontus Ewerlöf och Johan Wahlund samt biträdande juristerna Andreas Grundstedt och Johanna Klingstedt
Hannes Snellman Advokatbyrå AB
Box 7801
103 96 Stockholm

**Svarande**
TRIODOS SICAV II, B115771
11–13 Boulevard de la Foire
1528 Luxembourg
Luxemburg

Ombud: Advokaterna Jakob Ragnwaldh, Robin Rylander och David Sandberg samt biträdande juristerna Mattias Arnesson och Anna Liliebäck
Mannheimer Swartling Advokatbyrå Aktiebolag
Box 1711
111 87 Stockholm

**SAKEN**
Ogiltighet och klander av skiljedom

_____

**Hovrättens domslut, se nästa sida.**

Dok.Id 2035952

| **Postadress** | **Besöksadress** | **Telefon** | **Telefax** | **Expeditionstid** |
|---|---|---|---|---|
| Box 2290<br>103 17 Stockholm | Birger Jarls Torg 16 | 08-561 670 00<br>08-561 675 00<br>**E-post**: svea.avd2@dom.se<br>www.svea.se | | måndag – fredag<br>08:00–16:30 |

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 2<br>T 15200-22 |

### HOVRÄTTENS DOMSLUT

1. Hovrätten bifaller käromålet på så sätt att hovrätten förklarar den i Stockholm meddelade skiljedomen av den 24 oktober 2022 i SCC:s mål nr V 2017/194 ogiltig.

2. TRIODOS SICAV II ska ersätta Konungariket Spanien för dess rättegångskostnad i hovrätten med 104 750 EUR och 2 800 kr jämte ränta på beloppen enligt 6 § räntelagen från dagen för hovrättens dom till dess betalning sker. Av ersättningen utgör 104 750 EUR ombudsarvode.

_____

| SVEA HOVRÄTT<br>Avdelning 02 | DOM | Sid 3<br>T 15200-22 |
|---|---|---|

## BAKGRUND

Konungariket Spanien (Spanien) är medlemsstat i Europeiska unionen (EU). TRIODOS SICAV II (Triodos) är en riskkapitalfond registrerad i Luxemburg och inkorporerad under luxemburgsk lag. Även Luxemburg är en medlemsstat i EU. Spanien, Luxemburg och EU är fördragsslutande parter till energistadgefördraget (jfr EGT L 69, 9.3.1998).

Under åren 2008 till 2010 gjorde Triodos, genom en underfond, fyra investeringar på den spanska energimarknaden. Dessa investeringar skedde dels genom att Triodos förvärvade aktier i bolag med befintliga solcellsanläggningar, dels genom investering i nybyggnation av solcellsanläggningar.

Den 21 december 2017 påkallade Triodos skiljeförfarande mot Spanien vid Stockholms Handelskammares Skiljedomsinstitut (SCC), enligt artikel 26 i energistadgefördraget, och de s.k. SCC-reglerna. Som grund för talan åberopade Triodos att Spanien hade brutit mot sina förpliktelser enligt energistadgefördraget. Sätet för skiljeförfarandet var Stockholm.

Den 24 oktober 2022 meddelades skiljedomen, enligt vilken Spanien brutit mot sina förpliktelser enligt bestämmelsen i artikel 10.1 energistadgefördraget. Genom skiljedomen förpliktades Spanien att betala skadestånd och ersättning för Triodos kostnader. Kostnaderna för skiljeförfarandet delades mellan parterna på visst sätt.

Hovrätten har den 23 december 2022, efter yrkande av Spanien, beslutat att fortsatt verkställighet av den mellan parterna meddelade skiljedomen tills vidare inte får ske.

## YRKANDEN OCH INSTÄLLNING

Spanien har i första hand yrkat att hovrätten ska förklara skiljedomen ogiltig i dess helhet. I andra hand har Spanien yrkat att hovrätten ska upphäva den i dess helhet.

Triodos har motsatt sig Spaniens yrkanden.

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 4<br>T 15200-22 |

Parterna har yrkat ersättning för rättegångskostnader.

Målet har med parternas samtycke avgjorts utan huvudförhandling.

**PARTERNAS TALAN**

**Spanien**

*Ogiltighet enligt 33 § första stycket 1 eller 2 lagen om skiljeförfarande*

I *första hand* ska skiljedomen förklaras ogiltig i enlighet med 33 § första stycket 2 lagen (1999:116) om skiljeförfarande (skiljeförfarandelagen) eftersom skiljedomen eller det sätt på vilket skiljedomen tillkommit är uppenbart oförenligt med grunderna för rättsordningen i Sverige (ordre public).

Genom avgörandena i EU-domstolens domar av den 6 mars 2018, Achmea, C-284/16, EU:C:2018:158, den 2 september 2021, Komstroy, C-741/19, EU:C:2021:655, och den 26 oktober 2021, PL Holdings, C-109/20, EU:C:2021:875, har domstolen slagit fast att investeringsskyddstvister mellan en medlemsstat och en investerare från en annan medlemsstat inte får avgöras genom skiljeförfarande.

Enligt EU-domstolen anses EU-interna investeringsskyddstvister undergräva såväl principen om ömsesidigt förtroende mellan medlemsstaterna som bevarandet av unionsrättens särdrag, som säkerställs genom förfarandet för förhandsavgöranden enligt artikel 267 Fördraget om Europeiska unionens funktionssätt (FEUF). Skilje-klausuler som föreskriver sådana skiljeförfaranden innebär att medlemsstater undandrar tvister som kan avse tillämpningen eller tolkningen av unionsrätten från sina egna domstolars behörighet. Därmed lämnas ingen möjlighet till överklagande som medlemsstaterna enligt artikel 19.1 Fördraget om Europeiska unionen (FEU) ska tillhandahålla. Sådana skiljeklausuler är således inte förenliga med principen om lojalt

samarbete i artikel 4.3 första stycket FEU och undergräver unionsrättens autonomi, vilken bl.a. stadfästs i artikel 344 FEUF.

Skiljedomen innefattar tillämpning och tolkning av unionsrätt, vilket faller under EU-domstolens exklusiva kompetens. Triodos är ett bolag baserat i Luxemburg. Eftersom Luxemburg är en medlemsstat i EU kan Triodos i egenskap av investerare inte förlita sig på artikel 26 energistadgefördraget för att etablera ett bindande skiljeavtal gentemot en annan medlemsstat, i detta fall Spanien, för att avgöra en tvist som avser de grundläggande friheterna inom EU och även statligt stöd.

Alternativt ska skiljedomen i *andra hand* förklaras ogiltig i enlighet med 33 § första stycket 1 skiljeförfarandelagen eftersom tvisten mellan parterna, av ovan angivna skäl, inte är skiljedomsmässig.

*Upphävande efter klander enligt 34 § första stycket 1 skiljeförfarandelagen*

För det fall hovrätten anser att skiljedomen inte ska ogiltigförklaras ska skiljedomen i stället upphävas med stöd av 34 § första stycket 1 skiljeförfarandelagen.

I enlighet med EU-domstolens avgöranden i Achmea, Komstroy och PL Holdings ska artikel 26 energistadgefördraget tolkas så att den inte är tillämplig på tvister mellan en medlemsstat och en investerare från en annan medlemsstat angående en investering som sistnämnda investerare gjort i den förstnämnda medlemsstaten. Följaktligen har det inte förelegat något anbud om skiljeförfarande som Triodos kunnat acceptera i enlighet med artikel 26 och därmed göra Spanien skiljebundet.

Det har vidare inte slutits ett giltigt skiljeavtal mellan parterna. Som fastställts av EU-domstolen utgör bestämmelser i internationella avtal som ingåtts av EU en integrerad del av unionsrätten. Eftersom EU är fördragsslutande part till energistadgefördraget, utgör fördraget således del av unionsrätten. Med "område" i artikel 26 energistadgefördraget avses hela EU, som alltså är en Regional Economic Intergration Organisation (REIO). Som framgår av artikel 1.10 energistadgefördraget verkar Spanien och Luxemburg inom samma område, eller REIO. Därmed är en investering i Spanien av

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 6<br>T 15200-22 |

en investerare från Luxemburg inte en investering i ett "område" som tillhör en annan "fördragsslutande part", utan inom området av samma "fördragsslutande part". Medlemsstaterna måste således anses ha överfört denna behörighet till EU. Det har alltså aldrig funnits ett stående anbud om skiljeförfarande från Spaniens sida som kunnat accepteras av Triodos.

**Triodos**

*Ogiltighet enligt 33 § första stycket 1 eller 2 skiljeförfarandelagen*

Det bestrids att skiljedomen eller det sätt på vilken den tillkommit är uppenbart oförenligt med grunderna för rättsordningen i Sverige. Skiljenämndens tolkning av artikel 26 energistadgefördraget är inte oförenlig med ordre public.

Tolkad enligt folkrätten är artikel 26 energistadgefördraget tillämplig på EU-interna förhållanden. Energistadgefördraget är en internationell traktat som ska tolkas och tillämpas i enlighet med Wienkonventionens bestämmelser. Att artikel 26 är tillämplig på tvisten och att det har funnits ett anbud om skiljeförfarande från Spanien till Triodos följer direkt av bestämmelsens ordalydelse. Energistadgefördragets förarbeten utvisar vidare tydligt att de fördragsslutande parterna var medvetna om att traktaten skulle bli tillämplig i EU-interna förhållanden, och att de fördragsslutande parterna enades om att inte införa någon bestämmelse i traktaten som undantar sådana EU-interna för-hållanden från fördragets tillämpningsområde.

Att EU:s institutioner är bundna av internationella avtal som EU ingår följer inte bara av folkrätten, utan även av artikel 216.2 FEUF. Likaså följer det av artikel 3.5 FEU att EU ska bidra till efterlevnad av internationell rätt. EU-domstolen har i sin praxis bekräftat att EU är skyldigt att utöva sin befogenhet med beaktande av internationell rätt i dess helhet, innefattande bland annat bestämmelserna i de internationella avtal som EU är bundet av, och att bestämmelser i fördrag till vilka EU är part ska tolkas i enlighet med Wienkonventionen.

SVEA HOVRÄTT
Avdelning 02

**DOM**

Sid 7
T 15200-22

I Komstroy uttalade sig EU-domstolen inte om tolkningen av artikel 26 energistadgefördraget enligt folkrätten och Wienkonventionen. I stället uttalade sig domstolen endast om hur bestämmelsen ska tolkas i sin egenskap av EU-rättsakt. En EU-konform tolkning saknar helt relevans på det folkrättsliga planet. Tolkningen av artikel 26 i Komstroy är således inte bindande för hovrätten när den tolkar bestämmelsen i egenskap av traktatsbestämmelse.

Bedömningen av om sättet på vilket skiljedomen tillkom strider mot ordre public måste göras i ljuset av att energistadgefördraget är en traktat som ska tolkas enligt folkrätten, och i ljuset av de EU-rättsliga principer som redogjorts för ovan. En tolkning av artikel 26 energistadgefördraget i enlighet med folkrätten kan därför inte strida mot EU-rättslig ordre public. EU-rätten kräver inte heller att nationella domstolar tolkar nationell rätt – och således inte heller internationell rätt – contra legem, för att komma fram till ett EU-konformt resultat.

Att EU-rättens autonomi skulle undergrävas av att EU-rätt tolkas och tillämpas enbart i egenskap av en traktat till vilken EU är part motsägs av tidigare praxis från EU-domstolen. När en skiljenämnd tillämpar energistadgefördraget som tillämplig rätt i ett skiljeförfarande under traktaten, tillämpas inte fördraget i egenskap av EU-rättsakt, utan i egenskap av folkrättslig traktat. En skiljenämnd som konstituerats under energistadgefördraget tolkar eller tillämpar inte heller några andra EU-rättsliga bestämmelser när den avgör tvisten. EU-rätt kan således inte komma att tolkas eller tillämpas i skiljeförfaranden under energistadgefördraget.

Det bestrids vidare att skiljedomen skulle innefatta en prövning av en fråga som inte är skiljedomsmässig.

Tvisten mellan Spanien och Triodos avsåg frågan om Spanien brutit mot sina förpliktelser enligt energistadgefördraget och därmed var skyldigt att utge ersättning till Triodos. De i skiljedomen prövade frågorna är förlikningsbara och således skiljedomsmässiga enligt svensk rätt.

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 8<br>T 15200-22 |

Vad EU-domstolen genom sina avgöranden i Achmea och Komstroy har ansett strida mot EU-rätten är inte att någon viss fråga avgörs genom skiljeförfarande, utan att två EU-medlemsstater samtycker till att undandra tvister som kan röra tolkningen eller tillämpningen av EU-rätt från de nationella domstolarna, och därmed från möjligheten att begära förhandsavgörande. En skiljeklausul i ett EU-internt investeringsavtal skulle vara förenlig med EU-rätten, om den gav parterna till tvisten möjlighet till materiell överprövning i nationell domstol. Det finns således i och för sig inget hinder mot att tvister under EU-interna investeringsavtal avgörs genom skiljeförfarande.

*Upphävande efter klander enligt 34 § första stycket 1 skiljeförfarandelagen*

Triodos bestrider Spaniens påstående att artikel 26 energistadgefördraget inte innehåller ett anbud om skiljeförfarande mellan parterna och att något giltigt skiljeavtal mellan dem inte finns.

Hovrätten kan inte lägga EU-domstolens tolkning i Komstroy av artikel 26 energi-stadgefördraget till grund för bedömningen av om skiljedomen omfattas av ett giltigt skiljeavtal. Behörigheten för en skiljenämnd i en tvist under energistadgefördraget grundas direkt på artikeln i dess egenskap av överenskommelse mellan suveräna stater. Hovrätten måste således tolka den i dess egenskap av traktatsbestämmelse. Som för-klarats ovan innebär detta att tolkningen ska ske enligt Wienkonventionen och resul-terar i att artikel 26 är tillämplig även i EU-interna förhållanden.

Vilket "område" som avses i artikel 26 bestäms av mot vilken fördragsslutande part som en tvist är riktad. Om en investerare, så som i detta fall, riktar ett krav mot Spanien är det relevanta området Spaniens territorium. Endast om ett krav skulle riktas mot EU skulle det relevanta området vara hela EU.

**UTREDNINGEN**

Parterna har åberopat skriftlig bevisning.

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | DOM | Sid 9<br>T 15200-22 |

## DOMSKÄL

### Disposition och prövningsordning

Spanien har yrkat att skiljedomen i första hand ska ogiltigförklaras enligt 33 § skiljeförfarandelagen och i andra hand upphävas enligt 34 § samma lag. Spanien har åberopat två alternativa grunder till stöd för sin ogiltighetstalan och två alternativa grunder till stöd för sin klandertalan.

Triodos har ansett att hovrätten bör pröva hela målet, dvs. samtliga yrkanden och grunder, även för det fall Spanien skulle få framgång beträffande något av sina yrkanden.

Hovrätten konstaterar att ogiltighetsreglerna och klanderreglerna, i 33 § respektive 34 § skiljeförfarandelagen, tillgodoser olika skyddsintressen. Medan klanderreglerna tar sikte på skiljeparternas skyddsintressen syftar ogiltighetsreglerna till att skydda ett allmänt eller tredje mans intresse. Ogiltigheten får göras gällande utan någon tidsbegränsning och domstolen ska beakta ogiltighetsreglerna även utan yrkande av en part (se prop. 1998/99:35, s. 140 och 234).

Hovrätten prövar först om EU-domstolens avgöranden i Achmea, Komstroy och PL Holdings medför att skiljedomen är ogiltig på grund av att det sätt på vilket den tillkommit är uppenbart oförenligt med grunderna för rättsordningen i Sverige (se 33 § första stycket 2 skiljeförfarandelagen, jfr NJA 2022 s. 965). Först om skiljedomen inte skulle anses ogiltig på den grunden finns det skäl för hovrätten att pröva övriga ogiltighets- eller klandergrunder.

### Skiljedomens ogiltighet enligt 33 § första stycket 2 skiljeförfarandelagen

EU-domstolen har i de tre förhandsavgörandena Achmea, Komstroy och PL Holdings uttalat sig om skiljeklausuler i internationella investeringsskyddsavtal, som ingåtts av två eller flera medlemsstater i EU, och avtalens förenlighet med unionsrätten.

I *Achmea* gällde frågan en skiljeklausul i ett investeringsskyddsavtal mellan två medlemsstater. Med hänvisning till att förfarandet med förhandsavgörande utgör kärnan i det unionsrättsliga domstolssystemet konstaterade EU-domstolen, *att* skiljenämnden kunde komma att tolka och tillämpa unionsrätten men *att* skiljenämnden inte utgjorde en domstol i den mening som avses i artikel 267 FEUF som kunde begära förhandsavgörande, samt *att* den behöriga nationella domstolen endast fick göra den begränsade prövning som följer av nationell rätt (se Achmea, punkterna 37–53).

EU-domstolen uttalade vidare att de aktuella medlemsstaterna genom att ingå ett bilateralt avtal upprättat en mekanism för att lösa tvister mellan en investerare och en medlemsstat som kan innebära att dessa tvister avgörs på ett sätt som inte säkerställer unionsrättens fulla verkan. Enligt EU-domstolen var den aktuella skiljeklausulen i avtalet inte förenlig med principen om lojalt samarbete och undergrävde därmed unionsrättens autonomi (se Achmea, punkterna 56–59).

I *Komstroy* uttalade sig EU-domstolen, bl.a. med hänvisning till sina uttalanden i Achmea, om skiljeklausulen i artikel 26.2. c) energistadgefördraget. EU-domstolen erinrade om att ett internationellt avtal, enligt domstolens fasta praxis, inte får inkräkta på den befogenhetsordning som slagits fast i fördragen och därmed på autonomin hos unionens rättsordning. Domstolen konstaterade också att eftersom energistadgefördraget är en unionsrättsakt har en sådan skiljedomstol som avses i artikel 26.6 att tolka och till och med tillämpa unionsrätten. (Se Komstroy, p. 42, 49 och 50.)

Därefter prövade EU-domstolen, med hänvisning till sina uttalanden i Achmea, *dels* om den aktuella skiljedomstolen utgjorde en del av domstolssystemet i Frankrike, *dels* om en skiljedom från en sådan skiljedomstol var underkastad en kontroll av en domstol som kan säkerställa att unionsrätten iakttas fullt ut och eventuellt begära förhandsavgörande från EU-domstolen (se Komstroy, p. 51–60 med däri gjorda hänvisningar till Achmea). Dessa frågor besvarades nekande.

Case 1:19-cv-01618-TSC   Document 109-60   Filed 02/14/25   Page 12 of 14

SVEA HOVRÄTT  
Avdelning 02

DOM

Sid 11  
T 15200-22

Mot denna bakgrund uttalade EU-domstolen att artikel 26.2. c) energistadgefördraget ska tolkas så att den inte är tillämplig på tvister mellan en medlemsstat och en investerare från en annan medlemsstat angående en investering som sistnämnda investerare gjort i den förstnämnda medlemsstaten (Komstroy, p. 66).

I det efterföljande avgörandet *PL Holdings* har EU-domstolen förtydligat att frågan huruvida ett skiljeorgans behörighet är giltig i de nu aktuella fallen inte kan vara beroende av hur parterna i tvisten agerar (jfr PL Holdings, p. 51–56). Av PL Holdings följer också att skiljeklausuler som har sin grund i internationella investeringsskyddsavtal mellan medlemsstater strider mot några av de mest grundläggande unionsrättsliga principerna i EU-fördragen, såsom principerna om ömsesidigt förtroende mellan medlemsstaterna, lojalt samarbete och unionsrättens autonomi (se t.ex. PL Holdings, p. 46 med däri gjord hänvisning till Achmea).

Högsta domstolen har i NJA 2022 s. 965 uttalat att de nämnda förhandsavgörandena som lämnats av EU-domstolen framför allt rör frågan huruvida medlemsstaterna har möjlighet att undandra tvister rörande myndigheters tillämpning av unionsrätten från unionens domstolssystem. Det är alltså fråga om grundläggande rättsprinciper av procedurmässig art. En sådan skiljedom mellan en medlemsstat och en investerare från en annan medlemsstat, som har meddelats med stöd av en skiljeklausul i ett internationellt investeringsavtal, får anses ha tillkommit på ett rättsstridigt sätt, eftersom den är oförenlig med de grundläggande bestämmelser och principer som reglerar rättsordningen i unionen och därmed också i Sverige. (Se punkterna 55, 59 och 60 i Högsta domstolens avgörande.)

Den nu aktuella skiljedomen har meddelats i en investeringstvist mellan en medlemsstat och en investerare från en annan medlemsstat med stöd av artikel 26 i energistadgefördraget. Ett upprätthållande av skiljedomen skulle därmed vara uppenbart oförenligt med grunderna för rättsordningen i Sverige. Skiljedomen ska således förklaras ogiltig. Därmed finns inte skäl att pröva övriga ogiltighets- och klandergrunder.

Genom domslutet har hovrättens tidigare beslut om inhibition fallit.

| SVEA HOVRÄTT<br>Avdelning 02 | **DOM** | Sid 12<br>T 15200-22 |
|---|---|---|

**Rättegångskostnad**

Spanien har fått fullt bifall till sin talan. Enligt 18 kap. 1 § rättegångsbalken ska part som tappar målet som huvudregel ersätta motparten dennes rättegångskostnad. Det finns inte skäl att frångå huvudregeln i detta fall. Triodos ska alltså som tappande part förpliktas att ersätta Spanien för dess rättegångskostnad.

Enligt 18 kap. 8 § rättegångsbalken ska ersättning för rättegångskostnad fullt motsvara kostnaden för rättegångens förberedande och talans utförande jämte arvode till ombud eller biträde, såvitt kostnaden skäligen varit påkallad för tillvaratagande av partens rätt.

Spanien har yrkat ersättning med 209 500 EUR, avseende ombudsarvode, och 2 800 kr, avseende utlägg.

Triodos har invänt mot skäligheten i det yrkade arvodet. Bolaget har vitsordat ett belopp om 49 437,50 EUR som skäligt i och för sig. Det vitsordade beloppet motsvarar Triodos yrkade ersättning för ombudsarvode.

Inledningsvis konstaterar hovrätten att det förhållandet att Spanien och dess ombud avtalat om ett fast pris för arvodet saknar betydelse för bedömningen av vad som ska anses vara en skälig ersättning. Målet har avgjorts utan huvudförhandling och skriftväxlingen i hovrätten har varit begränsad. Den för hovrättens prövning centrala tvistefrågan är i huvudsak en rättsfråga varför den av Spanien relativt omfattande åberopade utredningen inte kan anses i alla delar motiverad. Det kan även noteras att den praxisutveckling som i och för sig skett på området skett innan Spanien väckte talan i detta mål, samt att Spanien tidigare varit part i mål med motsvarande tvistefråga och då företrätts av i huvudsak samma ombud. Även med beaktande av tvisteföremålets värde och betydelsen av utgången för Spanien anser hovrätten därför att de yrkade kostnaderna för ombudsarvode framstår som alltför höga i förhållande till målets omfattning och beskaffenhet.

SVEA HOVRÄTT  
Avdelning 02

**DOM**

Sid 13  
T 15200-22

Hovrätten finner vid en samlad bedömning att skälig ersättning för ombudsarvode uppgår till belopp motsvarande 50 procent av de yrkade, dvs. 104 750 EUR.

Kostnaden för utlägg är såväl ersättningsgill som skälig och ska utgå.

**Överklagande**

Enligt 43 § andra stycket lagen om skiljeförfarande får hovrättens dom överklagas bara om hovrätten anser det vara av vikt för ledningen av rättstillämpningen att ett överklagande prövas av Högsta domstolen. Hovrätten anser att det inte finns skäl att tillåta att avgörandet överklagas.

Hovrättens dom får inte överklagas.

I avgörandet har deltagit hovrättsråden Annika Malm, Eva Edwardsson och Carin Häckter, referent.