# EXHIBIT 83



Reports of Cases

ORDER OF THE VICE-PRESIDENT OF THE COURT

27 October 2021 *

(Interim relief – Article 279 TFEU – Application for interim measures – Second subparagraph of Article 19(1) TEU – Article 47 of the Charter of Fundamental Rights of the European Union – Effective judicial protection – Independence of judges – Disciplinary regime for judges – Examination of questions of law concerning the lack of independence of judges – Periodic penalty payment)

In Case C-204/21 R,

APPLICATION for interim measures under Article 279 TFEU, lodged on 7 September 2021,

**European Commission**, represented by K. Herrmann and P.J.O. Van Nuffel, acting as Agents,

applicant,

supported by:

**Kingdom of Belgium**, represented by M. Jacobs, C. Pochet and L. Van den Broeck, acting as Agents,

**Kingdom of Denmark**, represented by M. Søndahl Wolff and V. Pasternak Jørgensen, acting as Agents,

**Kingdom of the Netherlands**, represented by M.K. Bulterman and J. Langer, acting as Agents,

**Republic of Finland**, represented by H. Leppo, acting as Agent,

**Kingdom of Sweden**, represented by H. Shev, C. Meyer-Seitz, M. Salborn Hodgson, H. Eklinder, R. Shahsavan Eriksson, O. Simonsson and J. Lundberg, acting as Agents,

interveners,

v

**Republic of Poland**, represented by B. Majczyna, acting as Agent,

defendant,

THE VICE-PRESIDENT OF THE COURT,

---

\* Language of the case: Polish.



ECLI:EU:C:2021:878                                                                1

after hearing the Advocate General, A.M. Collins,

makes the following

**Order**

1  By its application for interim measures, the European Commission asks the Court to order the Republic of Poland to pay a daily penalty payment to the budget of the European Union with a view to encouraging that Member State to give effect as soon as possible to its obligations under the order of the Vice-President of the Court of 14 July 2021, *Commission* v *Poland* (C-204/21 R, EU:C:2021:593) ('the order of 14 July 2021').

2  That application was submitted in the context of an action under Article 258 TFEU for failure to fulfil obligations, brought by the Commission on 1 April 2021, seeking a declaration that:

 – by adopting and maintaining in force Article 42a(1) and (2) and Article 55(4) of the ustawa – Prawo o ustroju sądów powszechnych (Law relating to the organisation of the ordinary courts) of 27 July 2001 (Dz. U. of 2001, No 98, item 1070), as amended by the ustawa o zmianie ustawy – Prawo o ustroju sądów powszechnych, ustawy o Sądzie Najwyższym oraz niektórych innych ustaw (Law amending the Law relating to the organisation of the ordinary courts, the Law on the Supreme Court and certain other laws) of 20 December 2019 (Dz. U. of 2020, item 190; 'the amending law') (collectively, 'the amended Law relating to the ordinary courts'), Article 26(3) and Article 29(2) and (3) of the ustawa o Sądzie Najwyższym (Law on the Supreme Court) of 8 December 2017 (Dz. U. of 2018, item 5), as amended by the amending law ('the amended Law on the Supreme Court'), Article 5(1a) and (1b) of the ustawa – Prawo o ustroju sądów administracyjnych (Law relating to the organisation of the administrative courts) of 25 July 2002 (Dz. U. of 2002, item 1269), as amended by the amending law ('the amended Law relating to the administrative courts'), and Article 8 of the amending law, which prohibit any national court from reviewing compliance with the EU requirements relating to an independent and impartial tribunal previously established by law, the Republic of Poland has failed to fulfil its obligations under the second subparagraph of Article 19(1) TEU, read in conjunction with Article 47 of the Charter of Fundamental Rights of the European Union ('the Charter'), in the light of the case-law of the European Court of Human Rights concerning Article 6(1) of the European Convention for the Protection of Human Rights and Fundamental Freedoms, signed in Rome on 4 November 1950, and under Article 267 TFEU and the principle of primacy of EU law;

 – by adopting and maintaining in force Article 26(2) and (4) to (6) and Article 82(2) to (5) of the amended Law on the Supreme Court and Article 10 of the amending law, which place the examination of complaints and questions of law concerning the lack of independence of a court or judge under the exclusive jurisdiction of the Izba Kontroli Nadzwyczajnej i Spraw Publicznych (Extraordinary Review and Public Affairs Chamber) of the Sąd Najwyższy (Supreme Court, Poland) ('the Extraordinary Review and Public Affairs Chamber'), the Republic of Poland has failed to fulfil its obligations under the second subparagraph of Article 19(1) TEU, read in conjunction with Article 47 of the Charter, and under Article 267 TFEU and the principle of primacy of EU law;

 – by adopting and maintaining in force points 2 and 3 of Article 107(1) of the amended Law relating to the ordinary courts and points 1 to 3 of Article 72(1) of the amended Law on the

Supreme Court, under which the examination of compliance with the EU requirements relating to an independent and impartial tribunal previously established by law may be classified as a 'disciplinary offence', the Republic of Poland has failed to fulfil its obligations under the second subparagraph of Article 19(1) TEU, read in conjunction with Article 47 of the Charter, and under Article 267 TFEU;

– by conferring on the Izba Dyscyplinarna (Disciplinary Chamber) of the Sąd Najwyższy (Supreme Court) ('the Disciplinary Chamber'), whose independence and impartiality are not guaranteed, jurisdiction to hear and determine cases having a direct impact on the status of judges and trainee judges and the performance of their office, such as, first, applications for authorisation to initiate criminal proceedings against judges and trainee judges or to detain them and, second, cases relating to employment and social security law that concern judges of the Sąd Najwyższy (Supreme Court) and cases relating to the compulsory retirement of those judges, the Republic of Poland has failed to fulfil its obligations under the second subparagraph of Article 19(1) TEU;

– by adopting and maintaining in force Article 88a of the amended Law relating to the ordinary courts, Article 45(3) of the amended Law on the Supreme Court and Article 8(2) of the amended Law relating to the administrative courts, the Republic of Poland has infringed the right to respect for private life and the right to protection of personal data, guaranteed by Article 7 and Article 8(1) of the Charter and by Article 6(1)(c) and (e), Article 6(3) and Article 9(1) of Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation) (OJ 2016 L 119, p. 1).

3   By the order of 14 July 2021, the Vice-President of the Court ordered the Republic of Poland, pending delivery of the judgment closing the proceedings in Case C-204/21:

(a) to suspend, first, the application of point 1a of Article 27(1) of the amended Law on the Supreme Court, under which the Disciplinary Chamber has jurisdiction to adjudicate, at both first instance and second instance, on applications for authorisation to initiate criminal proceedings against judges or trainee judges, place them in provisional detention, arrest them or summon them to appear before it, and second, the effects of the decisions already adopted by the Disciplinary Chamber on the basis of that article which authorise the initiation of criminal proceedings against or the arrest of a judge, and to refrain from referring cases covered by that article to a court which does not meet the requirements of independence defined, in particular, in the judgment of 19 November 2019, *A. K. and Others (Independence of the Disciplinary Chamber of the Supreme Court)* (C-585/18, C-624/18 and C-625/18, EU:C:2019:982);

(b) to suspend the application of points 2 and 3 of Article 27(1) of the amended Law on the Supreme Court, on the basis of which the Disciplinary Chamber has jurisdiction to adjudicate in cases relating to the status of judges of the Sąd Najwyższy (Supreme Court) and the performance of their office, in particular in cases relating to employment and social security law and in cases relating to the compulsory retirement of those judges, and to refrain from referring those cases to a court which does not meet the requirements of independence defined, in particular, in the judgment of 19 November 2019, *A. K. and Others (Independence of the Disciplinary Chamber of the Supreme Court)* (C-585/18, C-624/18 and C-625/18, EU:C:2019:982);

(c) to suspend the application of points 2 and 3 of Article 107(1) of the amended Law relating to the ordinary courts and of points 1 to 3 of Article 72(1) of the amended Law on the Supreme Court, which allow the disciplinary liability of judges to be incurred for having examined compliance with the requirements of independence and impartiality of a tribunal previously established by law, within the meaning of Article 19(1) TEU in conjunction with Article 47 of the Charter;

(d) to suspend the application of Article 42a(1) and (2) and Article 55(4) of the amended Law relating to the ordinary courts, of Article 26(3) and Article 29(2) and (3) of the amended Law on the Supreme Court, of Article 5(1a) and (1b) of the amended Law relating to the administrative courts and of Article 8 of the amending law, in so far as they prohibit national courts from verifying compliance with the requirements of the European Union relating to an independent and impartial tribunal previously established by law, within the meaning of Article 19(1) TEU in conjunction with Article 47 of the Charter;

(e) to suspend the application of Article 26(2) and (4) to (6) and Article 82(2) to (5) of the amended Law on the Supreme Court, and of Article 10 of the amending law, establishing the exclusive jurisdiction of the Extraordinary Review and Public Affairs Chamber to examine complaints alleging lack of independence of a judge or a court; and

(f) to communicate to the Commission, no later than one month after notification of the order of 14 July 2021, all the measures adopted in order to comply in full with that order.

**Forms of order sought**

4   The Commission claims that the Court should:

– order the Republic of Poland to pay to the budget of the European Union a daily penalty payment in an amount likely to encourage that Member State to give effect as soon as possible to the interim measures imposed by the order of 14 July 2021;

– declare that the daily penalty payment is due from the date of delivery of the order ruling on the present application for interim measures until the adoption, by that Member State, of all the measures necessary to comply with all the interim measures imposed by that order or until delivery of the judgment closing the proceedings in Case C-204/21; and

– order the Republic of Poland to pay the costs.

5   In its observations, lodged on 1 October 2021, the Republic of Poland requested that the case be examined by the Grand Chamber of the Court and argued that the Commission's application should be dismissed.

**The Republic of Poland's request that the case be referred to the Grand Chamber of the Court**

*Arguments*

6   The Republic of Poland considers that, in view of the precedent set by the order of 14 July 2021 and the form of order sought by the Commission, the application must be examined by the Grand Chamber of the Court. It maintains, in that regard, that a decision imposing a periodic penalty payment on a Member State should not be taken by a single Judge, in particular in a case in which objections have been raised in principle as to the competence of the European Union.

7   It also observes that the present case represents the Commission's first application requesting that a periodic penalty payment be imposed as an interim measure following a failure to enforce an earlier order and that that application is imprecise. In addition, the order of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland* (C-121/21 R, EU:C:2021:752), which is the only decision of the Court imposing a periodic penalty payment in such circumstances, contains no reasoning for the criteria which have been used to set the amount of the periodic penalty payment.

*Assessment*

8   In that regard, it must be borne in mind in the first place that, in accordance with Article 161(1) of the Rules of Procedure of the Court of Justice, read in conjunction with Article 1 of Decision 2012/671/EU of the Court of Justice of 23 October 2012 concerning the judicial functions of the Vice-President of the Court (OJ 2012 L 300, p. 47), the Vice-President of the Court is him or herself to rule on applications for suspension of operation or for interim measures or to refer those applications immediately to the Court.

9   Thus, pursuant to those provisions, competence has been conferred on the Vice-President of the Court to rule on any application for interim measures or, where he or she takes the view that the particular circumstances require the referral of the case to a formation of the Court, to refer such an application to the Court (orders of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland*, C-121/21 R, EU:C:2021:752, paragraph 10, and of 6 October 2021, *Poland* v *Commission*, C-204/21 R-RAP, EU:C:2021:834, paragraph 6).

10  It follows that it is for the Vice-President of the Court alone to assess, on a case-by-case basis, whether the applications for interim measures before him or her require referral to the Court for the purpose of their assignment to a formation of the Court (orders of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland*, C-121/21 R, EU:C:2021:752, paragraph 11, and of 6 October 2021, *Poland* v *Commission*, C-204/21 R-RAP, EU:C:2021:834, paragraph 7).

11  In the present case, the Commission's application requesting that a periodic penalty payment be imposed does not contain any information which might require it to be assigned to a formation of the Court.

12  In the first place, although the Republic of Poland refers to the importance of the issues examined in the order of 14 July 2021 and to the fact that it considers that those issues do not fall within the competence of the European Union, it must be pointed out that the examination of the

Commission's application does not involve an assessment of those issues, but only a determination of whether the imposition of a periodic penalty payment is necessary in order to ensure compliance with that order (see, to that effect, order of 20 November 2017, *Commission* v *Poland*, C-441/17 R, EU:C:2017:877, paragraph 104).

13   In the second place, the Republic of Poland's argument based on the fact that the application requesting that a periodic penalty payment be imposed as an interim measure is unprecedented and that the rules governing the examination of such an application are imprecise must, in any event, be rejected, given that the Grand Chamber of the Court has, by order of 20 November 2017, *Commission* v *Poland* (C-441/17 R, EU:C:2017:877), already ruled on an application by the Commission requesting that a periodic penalty payment be imposed, and given that the Vice-President has, by order of 20 September 2021, *Czech Republic* v *Poland* (C-121/21 R, EU:C:2021:752), ordered that a periodic penalty payment be imposed following a failure to enforce the order of the Vice-President of the Court of 21 May 2021, *Czech Republic* v *Poland* (C-121/21 R, EU:C:2021:420).

14   In the third place, it must be pointed out that the argument that a periodic penalty payment cannot, generally, be imposed by the Vice-President of the Court without the case in question being referred to a formation of the Court has already been rejected by order of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland* (C-121/21 R, EU:C:2021:752).

15   Accordingly, there is no need to refer the Commission's present application to the Grand Chamber of the Court.

**Admissibility of the Commission's application requesting that a periodic penalty payment be imposed**

*Arguments*

16   The Republic of Poland contends that the Commission's application requesting that a penalty payment be imposed is inadmissible.

17   It maintains, in that regard, that that application does not specify the amount of the periodic penalty payment which the Commission wishes the Court to impose. It is for the Commission to define precisely the content of the interim measures which it wishes to have applied. In addition, that omission infringes the Republic of Poland's rights of defence, inasmuch as it deprives that Member State of the right effectively to submit its observations regarding the amount of that periodic penalty payment.

*Assessment*

18   It should be borne in mind that, in the system of legal remedies established by the Treaty, a party may not only request, in accordance with Article 278 TFEU, that application of the act contested in the main action be suspended but may also rely on Article 279 TFEU in order to seek the grant of interim measures. Under the latter provision, the Court hearing an application for interim measures may, in particular, issue, on a provisional basis, appropriate directions to the other party (order of 20 November 2017, *Commission* v *Poland*, C-441/17 R, EU:C:2017:877, paragraph 96).

19  Article 279 TFEU therefore confers on the Court the power to prescribe any interim measures that it deems necessary in order to ensure that the final decision is fully effective (order of 20 November 2017, *Commission* v *Poland*, C-441/17 R, EU:C:2017:877, paragraph 97).

20  In particular, the Court hearing an application for interim measures must be able to ensure the effectiveness of an order directed at a party pursuant to Article 279 TFEU, by adopting any measure intended to ensure that the interim order is complied with by that party. Such a measure may entail, inter alia, provision for a periodic penalty payment to be imposed should that order not be respected by the relevant party (order of 20 November 2017, *Commission* v *Poland*, C-441/17 R, EU:C:2017:877, paragraph 100).

21  In that context, it should be noted that neither Article 279 TFEU nor Article 160 of the Rules of Procedure lays down an obligation for the Commission to propose a specific amount to the Court when requesting that a periodic penalty payment be imposed as an interim measure.

22  In addition, any proposals that may be put forward by the Commission as regards the amount of the periodic penalty payment to be imposed cannot, in any event, bind the Court hearing an application for interim measures, which remains free to set the periodic penalty payment imposed at an amount and in a form which it considers adequate, since the periodic penalty payment fixed must be both appropriate to the circumstances and proportionate to the ability to pay of that Member State (see, to that effect, order of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland* (C-121/21 R, EU:C:2021:752, paragraph 50).

23  Furthermore, in the case which gave rise to the order of 20 November 2017, *Commission* v *Poland* (C-441/17 R, EU:C:2017:877), the Court set the amount of a periodic penalty payment to be paid by a Member State although the Commission's application requesting that such a periodic penalty payment be imposed did not specify the amount of that periodic penalty payment.

24  The imposition of a periodic penalty payment on the basis of an application which does not specify the amount of that periodic penalty payment is not, moreover, liable to infringe the rights of defence of the Member State concerned, since that State retains the right to state in its observations, if appropriate in the alternative, the amount of the periodic penalty payment which it considers appropriate in the light of the circumstances of the case and its ability to pay.

25  In the light of all those factors, the objection of inadmissibility raised by the Republic of Poland must be rejected.

**Merits of the Commission's application requesting that a periodic penalty payment be imposed**

*Arguments*

26  The Commission submits that, in order to comply with the order of 14 July 2021, all the bodies of the Republic of Poland, including the courts, must cease to apply the provisions of national law referred to in that order until the date of delivery of the judgment closing the proceedings in Case C-204/21.

27   However, it is not apparent from the information provided by the Republic of Poland, by letter of 16 August 2021, that it has adopted all the measures necessary to implement the interim measures set out in that order.

28   Thus, first, no measure has been adopted expressly to prevent the Disciplinary Chamber from exercising the powers conferred on it in the cases referred to in point 1(a) and (b) of the operative part of the order of 14 July 2021.

29   In particular, the measures adopted by the First President of the Sąd Najwyższy (Supreme Court) give the President of the Disciplinary Chamber the option of adopting urgent procedural measures in cases where the jurisdiction of the Disciplinary Chamber must be suspended. Furthermore, that chamber remains seised of the cases assigned to it before 5 August 2021; its President or its members are to decide, at their discretion, whether or not it is appropriate to continue the proceedings initiated in such cases. In a number of those cases, the Disciplinary Chamber has, moreover, decided to hold a hearing or to rule on the substance of the case.

30   Furthermore, those measures are applicable only until 15 November 2021 at the latest and not until delivery of the judgment closing the proceedings in Case C-204/21.

31   Secondly, the measures adopted by the President of the Extraordinary Review and Public Affairs Chamber are also insufficient, since, first, that chamber may continue to rule on pending cases and, second, its exclusive jurisdiction to hear and determine the cases referred to in point 1(e) of the operative part of the order of 14 July 2021 has not been suspended, which means that the ordinary courts are still required to decline jurisdiction over such cases.

32   Thirdly, the Republic of Poland has not referred to any measure intended to implement the obligation to suspend the effects of the decisions already adopted by the Disciplinary Chamber, as required by point 1(a) of the operative part of that order, or to comply with the interim measures referred to in point 1(c) and (d) of that operative part.

33   In those circumstances, the Commission argues that it is necessary, in order to ensure the full effectiveness of the order of 14 July 2021, the effective application of EU law and compliance with the principles of the rule of law and the integrity of the EU legal order, to order the Republic of Poland to pay a daily penalty payment in an amount likely to encourage that Member State to give full effect as soon as possible to the interim measures set out in that order.

34   The Republic of Poland contends that all the measures necessary to enforce the order of 14 July 2021 have been adopted.

35   That Member State considers that, by virtue of that order, it is required not to suspend the binding nature of the application of the provisions referred to, but only their application, which does not require the adoption of general provisions. Consequently, the obligations arising from that order fall exclusively on the bodies called upon to apply those provisions, namely the courts and disciplinary officers.

36   Thus, the legislative bodies are not the addressees of those obligations, on the ground that they have only the power to adopt or repeal general provisions, which is not necessary in the present case. Similarly, those bodies also have no power to alter the content or binding nature of judicial

decisions without acting in breach of the principle of the separation of powers. The executive also does not have, within the Polish legal order, the power to give effect to an order to suspend the application of legislative provisions.

37  In accordance with those principles and the procedural autonomy of the Member States, guidelines were adopted by the First President of the Sąd Najwyższy (Supreme Court), pursuant to which it was deemed appropriate to leave it to the panels hearing cases to adopt decisions regarding the suspension or postponement of the cases pending before them.

38  The pleas in law put forward by the Commission seeking to prove that the Republic of Poland has not enforced the order of 14 July 2021 relate, in reality, to only a limited part of that order. The examples provided by the Commission do not call into question the fact that the majority of Polish courts rule in accordance with that order. In the rare cases in which Polish courts intend to depart from that order, the public authorities do not have the means to influence their decision. Such decisions may subsequently be called into question through the use of ordinary and extraordinary remedies. The existing legal framework is therefore sufficient and, in the light of the principle of the independence of judges, a Member State cannot be ordered to pay a periodic penalty payment on account of individual decisions handed down by its national courts.

39  Furthermore, the measures adopted by the Republic of Poland in the present case are similar to those adopted by that Member State following the order of 8 April 2020, *Commission* v *Poland* (C-791/19 R, EU:C:2020:277). However, the Commission did not request the imposition of a periodic penalty payment in the case which gave rise to that order.

40  If the Court were to find that the Republic of Poland has not taken all the measures necessary to enforce the order of 14 July 2021, it would be necessary to take into account a number of mitigating circumstances which would preclude the imposition of a periodic penalty payment.

41  First, the Republic of Poland has adopted all possible measures under Polish law. Secondly, Polish courts are complying, as a matter of principle, with the order of 14 July 2021, and any decisions contrary to that order may be annulled or disregarded. Thirdly, the measures necessary to enforce that order have been determined in accordance with the Commission's decision-making practice in the case which gave rise to the order of 8 April 2020, *Commission* v *Poland* (C-791/19 R, EU:C:2020:277). Fourthly, the Republic of Poland is contemplating various reforms which will render the dispute in Case C-204/21 devoid of purpose.

*Assessment*

*Imposition of a periodic penalty payment*

42  By the order of 14 July 2021, the Vice-President of the Court set out a list of interim measures, recalled in paragraph 3 of this order, with which the Republic of Poland was required to comply immediately.

43  However, it should be noted, in the first place, that it is not apparent from the documents before the Court that the measures adopted by the Republic of Poland would be sufficient to ensure the implementation of those interim measures.

44   First of all, although the Republic of Poland relies on measures of organisation adopted by the First President of the Sąd Najwyższy (Supreme Court), the arguments submitted in that regard do not enable it to be established that those measures ensure the implementation in full of the obligations set out in point 1(a) and (b) of the operative part of the order of 14 July 2021.

45   Thus, the Republic of Poland does not effectively dispute the Commission's claim that the President of the Disciplinary Chamber retains the power to adopt emergency measures in cases which fall within that chamber's jurisdiction under the provisions of national legislation referred to in the operative part of the order of 14 July 2021.

46   Similarly, it is apparent from the parties' convergent observations that the decision whether or not to continue the examination of cases pending within the Disciplinary Chamber is adopted, as the case may be, by the President or members of that chamber, without the measures adopted by the First President of the Sąd Najwyższy (Supreme Court) requiring them to suspend that examination.

47   In addition, the Republic of Poland has in no way claimed that the effects of the decisions already adopted by the Disciplinary Chamber referred to in point 1(a) of the operative part of the order of 14 July 2021 have been suspended; that Member State refers only to a case in which such a suspension was ordered.

48   Accordingly, it must be held that the provisions of national legislation conferring jurisdiction on the Disciplinary Chamber in the cases referred to in point 1(a) and (b) of the operative part of that order remain applicable in the Polish legal order.

49   Although the Republic of Poland contends that the measures adopted are nevertheless sufficient, on the ground that it is not necessary to adopt general measures which have the effect of suspending the binding nature of the provisions of national legislation at issue, it is sufficient to note that the fact that, as is acknowledged by that Member State, panels of the Disciplinary Chamber have acted in breach of some of the obligations arising from the order of 14 July 2021 shows that the path chosen by that Member State to ensure that order is enforced does not offer effective guarantees in that regard.

50   Next, the Republic of Poland has not disputed the Commission's claim that no national measure had been adopted to implement the obligations arising from point 1(c) and (d) of the operative part of that order. Moreover, that Member State has not provided the Court with any information as to how the Polish courts and authorities have complied with those obligations.

51   Lastly, as regards the obligations set out in point 1(e) of the operative part of the order of 14 July 2021, the Republic of Poland has not effectively challenged the Commission's claims that, first, cases pending before the Extraordinary Review and Public Affairs Chamber may still be examined by that chamber and, second, cases falling within that chamber's jurisdiction must still be referred to it by the ordinary courts.

52   In the second place, although the Republic of Poland contends that alternative measures intended to implement the order of 14 July 2021 could not be adopted in view of the limits imposed on the exercise of power by the national legislative and executive bodies and the exclusive jurisdiction of the Polish courts to rule on pending or already closed cases, that argument cannot succeed.

53  Admittedly, since that order sets out, in accordance with Article 279 TFEU, only interim measures, it does not require the Republic of Poland to repeal the provisions referred to in its operative part. Similarly, EU law in no way excludes the possibility that the implementation of such an order may be based, in part, on measures adopted by courts.

54  However, it should be borne in mind, first, that a Member State cannot plead provisions, practices or situations prevailing in its domestic legal order to justify failure to observe obligations arising under EU law (judgment of 12 November 2019, *Commission* v *Ireland (Derrybrien Wind Farm)*, C-261/18, EU:C:2019:955, paragraph 89), and, second, that the obligation of the Member States to comply with EU law is binding on all their authorities, including, for matters within their jurisdiction, the courts (judgment of 4 October 2018, *Commission* v *France (Advance payment)*, C-416/17, EU:C:2018:811, paragraph 106).

55  Therefore, even if the rules in force in the Polish legal order do not allow the legislative or executive bodies to adopt general measures ordering suspension of the application of the provisions of national legislation referred to in the operative part of the order of 14 July 2021, that fact has no bearing on the question whether the Republic of Poland has actually complied with that order or whether it is necessary to impose a periodic penalty payment in order to ensure the effectiveness of the interim measures set out in that order.

56  In the third place, the fact that the Republic of Poland has, in the present case, adopted measures similar to those adopted in order to comply with the order of 8 April 2020, *Commission* v *Poland* (C-791/19 R, EU:C:2020:277), and that the Commission did not consider it appropriate, in that case, to request that a periodic penalty payment be imposed following the adoption of those measures is not, in any event, such as to show that that Member State has effectively complied with the order of 14 July 2021.

57  In those circumstances, it appears necessary to strengthen the effectiveness of the interim measures set out in that order by providing for the imposition of a periodic penalty payment on the Republic of Poland in order to deter that Member State from delaying bringing its conduct into line with that order (see, by analogy, order of the Vice-President of the Court of 20 September 2021, *Czech Republic* v *Poland*, C-121/21 R, EU:C:2021:752, paragraph 49).

*Amount of the periodic penalty payment*

58  In order to determine the amount of the periodic penalty payment to be imposed in the present case, it should be borne in mind that the order of 14 July 2021 concerns interim measures, compliance with which is necessary in order to avoid causing serious and irreparable harm to the legal order of the European Union and, consequently, to the rights which individuals derive from EU law and the values, set out in Article 2 TEU, on which that Union is founded, in particular that of the rule of law.

59  In addition, it must be held that the arguments put forward by the Republic of Poland for the purpose of establishing the existence of 'mitigating circumstances' cannot succeed.

60  Thus, in the first place, it can be seen from the case-law referred to in paragraph 54 of this order that the fact that Polish law has hindered the adoption of additional measures to comply with the order of 14 July 2021 cannot be taken into account in order to assess the amount of the periodic penalty payment to be imposed.

61   In the second place, although the Republic of Poland contends that, despite the inadequacy of the measures adopted following the adoption of that order, Polish courts are complying in principle with that order, it must be held that it has not, in any event, adduced evidence capable of establishing that that assertion is well founded.

62   In the third place, the fact that the Commission considered it appropriate, in another case, not to implement the procedures necessary to ensure the application of an order setting out interim measures, even if it were established, cannot allow the Republic of Poland to avoid the obligations arising from the order of 14 July 2021 or justify a reduction in the amount of the periodic penalty payment necessary to deter that Member State from continuing in its conduct.

63   In the fourth place, the Republic of Poland's expressed intention to adopt, within a year, a series of measures intended to reform the Polish judicial system is not such as to prevent, in the absence of immediate action by that Member State, the occurrence of the harm referred to in paragraph 58 of this order.

64   Consequently, it is necessary to order the Republic of Poland, in the light of the circumstances of the present case and the ability to pay of that Member State, to pay the Commission a periodic penalty payment of EUR 1 000 000 per day, from the date on which the present order is notified to the Republic of Poland and until such time as that Member State complies with the obligations arising from the order of 14 July 2021 or, if it fails to do so, until the date of delivery of the judgment closing the proceedings in Case C-204/21.

On those grounds, the Vice-President of the Court hereby orders:

1. **The Republic of Poland shall pay the European Commission a periodic penalty payment of EUR 1 000 000 per day, from the date on which the present order is notified to the Republic of Poland and until such time as that Member State complies with the obligations arising from the order of the Vice-President of the Court of 14 July 2021, *Commission* v *Poland* (C-204/21 R, EU:C:2021:593), or, if it fails to do so, until the date of delivery of the judgment closing the proceedings in Case C-204/21.**

2. **The costs are reserved.**

[Signatures]