# EXHIBIT 87

# Amsterdam court orders Dutch companies to pay Spain monies collected under intra-EU ECT award if the award is successfully enforced abroad

*Published: Feb 06, 2025 | By:*

An Amsterdam court has issued a Judgment against two Dutch entities, AES Solar Energy Coöperatief ("AES") and Ampere Equity Fund ("AEF"), directing the companies to make payments to Spain if enforcement proceedings of the intra-EU UNCITRAL award issued in PV Investors v. Spain are successful.

While the court's February 5, 2025 Judgment remains unpublished, we are able to provide some details of the court's reasoning below.

Readers may recall that enforcement of this intra-EU award has given rise to several rulings in the USA and the Netherlands.

The Dutch claimants sought enforcement of the award in the USA, but they eventually sold their rights under the award to the US-based Blasket Renewable Investments ("Blasket"), which is currently pursuing multiple court proceedings to enforce this award (and other awards) against Spain.

In the PV Investors case, a US court first found that Spain could rely on its sovereign immunities since it did not have the legal capacity to consent to arbitration under the Energy Charter Treaty ("ECT") in an intra-EU context. This finding was later overturned on appeal, but Spain has already announced its intention to challenge this appeals ruling before the US Supreme Court – leading the district court to stay the proceedings.

In the Netherlands, the Dutch courts found that they lacked jurisdiction to enjoin Blasket from seeking an anti-anti-enforcement injunction in the USA, but the Amsterdam court later ruled that it had jurisdiction over Spain's request for measures directed against AES and AEF, and aimed at preventing the award's enforcement. It is in this context that the Amsterdam court issued its Judgment yesterday.

We have learned that in the Judgment, the court:

- Declared that the award constituted unlawful state aid under EU law so long as the EU Commission had not yet ruled on the issue;
- Declared that the recovery of damages under the award by Blasket (or any other entity relying on the damages originally awarded to AES and AEF) would be contrary to EU law as long as the state aid proceedings remained pending; and
- Ordered AES and AEF to pay to Spain any amount that Spain may be ordered to pay to Blasket (or any successor in title), on two conditions: (i) that enforcement of the award results in an actual payment by Spain, and (ii) that the European Commission has not yet ruled on whether the award amounts to unlawful state aid under EU law. If and when the European Commission rules on the issue, the court ordered that damages would be owed to Spain by Blasket in proportion to what the EU Commission considers to be unlawful state aid in the award.

We understand that, in these Dutch proceedings, Spain was represented by Simmons and Simmons in Amsterdam, while AES and AEF were represented by Houthoff.

We are seeking to learn more, and we will provide a full analysis when the Judgment is made public.