# Exhibit 6

# Swiss Federal Tribunal upholds intra-EU renewable energy award against Czech Republic

*Published: Jul 17, 2024 | By: Lisa Bohmer*

The Swiss Federal Tribunal has dismissed the Czech Republic's bid to set aside a 2023 Final Award and preceding 2017 Partial Award issued in [Natland Investment Group et al. v. Czech Republic](#).

The court, composed of Judges Christina Kiss (chair), Yves Rüedi, and Marie-Chantal May Canellas, reached this decision in a June 13, 2024 Judgment [[click to download](#)],* which was released today.

Notably, the court mused that a 2021 Decision that declared the respondent's Achmea objection inadmissible qualified as a preliminary award and should have been challenged separately – which the state had failed to do. The tribunal then dismissed the Czech Republic's allegation that the state had been deprived of its right to be heard in the arbitration due to the arbitrators' alleged failure to address the state's arguments based on the alleged primacy of EU law. For the court, the arbitration tribunal had in fact sufficiently addressed these arguments, in circumstances where the arbitrators were not under any obligation to address every single argument raised by the parties.

The set-aside application was consequently dismissed, and the Czech Republic was ordered to pay costs.

The investors were represented by Niederer Kraft Frey, while the Czech Republic was represented by Lenz & Staehelin and Wehland Arbitration.

**Background: Czech Republic applies for annulment of 15-million-USD Final Award and previous Partial Award**

[Readers may recall](#) that the investors are four companies registered in the Netherlands, Cyprus and Luxembourg. All four entities invested in the Czech company Energy 21, which in turn owns and operates 11 photovoltaic (PV) power plants in Czechia. In this PCA-administered UNCITRAL arbitration, the claimants alleged that the Czech Republic had breached the Energy Charter Treaty, as well as the Czechia's bilateral investment treaties with Cyprus and the Netherlands when reducing incentives to be paid to these PV plants.

In a [2017 Partial Award](#), an arbitration tribunal of [Alfredo Bullard](#) (chair), [John Beechey](#) (claimants' appointee) and [Christopher Thomas](#) upheld some claims advanced by the investors, finding that the imposition of a solar levy breached the fair and equitable treatment standard (while dismissing other claims). The tribunal directed the parties to address issues of damages in a separate phase. This Partial Award [was upheld](#) by the Swiss Federal Tribunal in 2020.

The state then sought to raise the 2018 Achmea Decision of the Court of Justice of the European Union before the tribunal, but in a [March 2021 decision](#) ("2021 Decision"), the tribunal found that this objection was inadmissible.

The tribunal issued its [Final Award in December 2023](#), ordering the state to pay around 350 million CZK (15 million USD) in damages, plus interest, based on a finding that the European Commission would have considered Czechia's solar incentives scheme to amount to state aid to the extent that it provided for rates of return above 9.4%.

The Czech Republic challenged this Final Award at the arbitration seat, in Switzerland. On the same occasion, the state also reiterated its challenge against the Partial Award.

**Court declines to rule on alleged conflict of interest stemming from counsel's previous work with the PCA**

During the set-aside proceedings, the investors alleged that the state's counsel, Mr. Wehland, should be disqualified due to a conflict of interest stemming from the fact that he had previously worked for the PCA.

In the Judgment, the Federal Tribunal swiftly noted that it was not necessary to rule on this allegation, considering the outcome of the set-aside proceedings.

**Czech Republic can challenge Partial Award based on alleged denial of right to be heard regarding merits determinations**

Turning to the applicable legal standard, the court stressed that the grounds for set-aside spelled out in Article 190(2) of the Swiss Private International Law Act ("PILA") were limitative, placing a high burden of the applicant. The court also recalled that it would not act as an appeals tribunal in set-aside proceedings. Furthermore, the tribunal noted that all set-aside grounds must be invoked in the initial set-aside application.

At the same time, the previous challenge against the Partial Award had been circumscribed by the provisions of Article 190(3) PILA, which only allows applications to set aside preliminary awards based on the grounds spelled out in Articles 190(2)(a) and 190(2)(b) (regarding the improper constitution of the arbitration tribunal and wrong jurisdictional findings, respectively). For the court, this meant that the Partial Award could be challenged at this juncture based on Article 190(2)(d) (guaranteeing the "principle of equal treatment of the parties or their right to be heard in an adversary procedure") – but only insofar as such a procedural violation concerned the tribunal's merits determinations.

**2021 decision dismissing Achmea objection as inadmissible should have been challenged separately**

This also meant, according to the court, that the Final Award could not now be challenged based on an alleged lack of jurisdiction of the arbitration tribunal (based on Article 190(2)(b)), since such arguments should have been raised against the Partial Award in the previous set-aside proceedings.

In this context, the court specifically observed that the Czech Republic had not filed for set-aside of the 2021 Decision, which had declared that the state's Achmea objection was inadmissible. While the Czech Republic had argued that the 2021 Decision was merely a procedural ruling, the Federal Tribunal was unconvinced. Rather, the judges reasoned that the 2021 Decision had "assessed in detail and exclusively" whether the state should be allowed to raise the Achmea objection at that juncture. Consequently, the judges found that the 2021 Decision was neither merely a procedural decision, nor a provisional decision, but rather as a preliminary award in the sense of Articles 186 and 190(3) of PILA.

The court also dismissed the idea that the Final Award had implicitly reaffirmed the tribunal's jurisdiction. In any event, the judges added that while the Czech Republic sought to rely on developments regarding intra-EU arbitrations post-dating the 2021 Objection, it would be contrary to the principle of good faith to invoke these arguments for the first time at the set-aside stage.

**Right to be heard entails minimum obligation to address main issues, but no obligation to examine every single argument**

The court next examined the right to be heard, as set out in Article 190(2)(d) of PILA. The judges observed that this was a constitutional right in Switzerland, which entailed a right for the parties to make submissions on

essential facts, legal arguments, and elements of proof, to participate in the hearings, and to obtain access to the record.

While Article 190(2)(d) of PILA did not entail a "right to a justification of an international arbitration decision" as such, the court added that the right to be heard did result in a "minimal duty on the part of the arbitrators to examine and deal with the issues relevant to the decision". This duty could be violated, the court continued, if the arbitral tribunal, "due to an oversight or a misunderstanding, disregards legally relevant assertions, arguments, evidence or motions for evidence of a party". However, the right to be heard did not mean that the "arbitral tribunal must expressly deal with every single individual submission of the parties".

**Neither Partial Award nor Final Award violated Czechia's right to be heard**

On the facts, the court was unconvinced by the Czech Republic's allegation that the arbitration tribunal had denied the state its right to be heard by allegedly failing to address the state's arguments regarding the primacy of EU law.

The court noted that the arbitration tribunal had expressly listed the state's EU law arguments in the Partial Award and explained why it chose not to follow these arguments. The fact that the tribunal had not addressed in detail each argument raised by the state in that respect was deemed insufficient to warrant a set-aside decision, especially since the Czech Republic's EU law arguments had, at that juncture, remained "relatively general".

With respect to the Final Award, the tribunal had expressly considered the impact of EU law in a section titled "EU State Aid Rules" and it had taken this into account when calculating the *quantum* owed to the investors, while rejecting the state's allegation that the intra-EU nature of the dispute entailed that no damages were owed.

The court concluded that the arbitration tribunal had not failed to address the state's arguments on EU law based on a mistake or misunderstanding of the parties' pleadings.

**Czech Republic is ordered to pay costs**

The set-aside application was consequently dismissed, and the Czech Republic was ordered to pay 42,000 CHF in costs of the set-aside proceedings, as well as 52,000 CHF in legal costs incurred by the investors.

* The Judgment is only available in German. All translations were made by *IAReporter*.