# Exhibit 15

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**CAVALUM SGPS, S.A.**

**v.**

**KINGDOM OF SPAIN**

**(ICSID Case No. ARB/15/34)**

---

**PROCEDURAL ORDER No. 6**
**on the Kingdom of Spain's Request for Reconsideration of the**
**Tribunal's Decisions on Jurisdiction of 31 August 2020 and 10 January 2022**

**Members of the Tribunal**
Lord Collins of Mapesbury, LL.D, F.B.A., President of the Tribunal
Sir Daniel Bethlehem, Q.C., Arbitrator
Mr. David R. Haigh, Q.C., Arbitrator

**Secretary of the Tribunal**
Ms. Anna Toubiana

---

7 September 2022

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

**Table of Contents**

I.    PROCEDURAL BACKGROUND ........................................................................ 1

II.   POSITION OF THE PARTIES .......................................................................... 1

  A.  Spain's Position .......................................................................................... 1

    1.  Request to Reopen the Proceedings and Introduce a New Legal Authority into the Record ........................................................................................................ 1

    2.  Request to Reconsider the Tribunal's Decision on Jurisdiction of 31 August 2020 and its Decision Declining to Reconsider its Decision on Jurisdiction of 10 January 2022 3

  B.  The Claimant's Position ............................................................................ 6

    1.  Request to Reopen the Proceedings and Introduce a New Legal Authority into the Record ........................................................................................................ 6

    2.  Request to Reconsider the Tribunal's Decision on Jurisdiction of 31 August 2020 and its Decision Declining to Reconsider its Decision on Jurisdiction of 10 January 2022 10

III.  THE TRIBUNAL'S DECISION ...................................................................... 13

  A.  Background ............................................................................................... 13

  B.  Controlling provisions ............................................................................. 16

  C.  Conclusions .............................................................................................. 17

IV.   OPERATIVE PART ........................................................................................ 21

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

## I. PROCEDURAL BACKGROUND

1. On 4 April 2022, the Tribunal declared the proceedings closed.

2. On 28 June 2022, Spain filed a Request for the Reopening of the Proceedings, the Introduction of a New Legal Authority into the Record and the Reconsideration of the Tribunal's Decisions of 31 August 2020 and 10 January 2022 (the "**Request**").

3. Following the invitation of the Tribunal, the Claimant presented its observations on the Request on 8 July 2022 (the "**Claimant's Observations**").

## II. POSITION OF THE PARTIES

### A. SPAIN'S POSITION

#### 1. Request to Reopen the Proceedings and Introduce a New Legal Authority into the Record

4. In its Request, Spain claims that the recent Award in *Green Power K/S and SCE Solar Don Benito v. Kingdom of Spain* ("**Green Power** Award"),[1] rendered under the Rules of Stockholm Chamber of Commerce ("**SCC**"), compels this Tribunal to reopen its proceedings, authorise the introduction of a new legal authority into the record, and reconsider its Decision on Jurisdiction, Liability and Directions on Quantum dated 31 August 2020 ("**Decision on Jurisdiction of 31 August 2020**") and its Decision on Spain's Request of Reconsideration dated 10 January 2022.[2]

5. For Spain, by accepting this Request and revising its conclusions, the Tribunal has the opportunity to address the "tremendous injustice" Spain faced when called upon to defend itself against claims by European Union ("**EU**") investors, who did not enjoy legal standing to commence investment arbitration under Article 26(3) of the European Charter Treaty ("**ECT**").[3]

---

[1] *Green Power K/S and SCE Solar Don Benito v. Kingdom of Spain,* SCC-2016/135, Award, 16 June 2022.

[2] Respondent's Request for Reconsideration, 28 June 2022, paras. 1, 41; *See* also, Tribunal's Decision on Jurisdiction, Liability and Directions on Quantum, 31 August 2020; Tribunal's Decision on the Kingdom of Spain's Request of Reconsideration, 10 January 2022.

[3] Respondent's Request for Reconsideration, 28 June 2022, para. 40.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

6.    Under Rule 38(2) of the ICSID Arbitration Rules, Spain contends that ICSID tribunals are exceptionally empowered to reopen the proceedings when new evidence constitutes a decisive factor or when there is a vital need for clarification on certain points.[4] In Spain's submission, the *Green Power* Award meets the threshold for reopening the proceedings under the ICSID Arbitration Rules. In the *Green Power* Award, the SCC Tribunal concluded that it lacked jurisdiction over a dispute between an EU investor and an EU Member State under the ECT.[5] According to Spain, both the *Green Power* tribunal and this Tribunal were called upon to deal with an intra-EU dispute and decide on an intra-EU objection to jurisdiction, a fact which signals the relevance and applicability of the *Green Power* Award to ICSID cases analogous to it, including the present proceedings, which concern an intra-EU dispute.[6] Thus, Spain submits that the *Green Power* Award must be introduced into the record as new legal authority, and the parties should be permitted to submit their comments, and the Tribunal should reconsider its Decision on Jurisdiction, Liability and Directions on Quantum and Decision on Spain's request of reconsideration of 10 January 2022.[7]

7.    In support of its Request, Spain relies on Procedural Order No. 1 dated 5 May 2016 ("**Procedural Order No. 1**"). Under Procedural Order No. 1, the disputing parties may be allowed to submit additional or responsive documents after the filing of their last submissions when the Tribunal determines that exceptional circumstances exist.[8] For Spain, in light of the *Green Power* Award, such exceptional circumstances do exist, and the Tribunal is compelled to admit it into the record and allow the parties to submit their views.[9]

8.    The *Green Power* tribunal's conclusions regarding the intra-EU jurisdictional objection, the application of EU law, and the absence of consent to arbitrate intra-EU disputes under

---

[4] *Id.*, para. 2.

[5] *Id.*, para. 3.

[6] *Id.*, paras. 2-4, 29.

[7] *Id.*, para. 4.

[8] Procedural Order No. 1, 5 May 2016, para. 16.3.

[9] Respondent's Request for Reconsideration, 28 June 2022, para. 9.

2

Case 1:19-cv-01618-TSC   Document 113-19   Filed 03/13/25   Page 6 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

the ECT signal the material significance and pertinence of the *Green Power* Award to the dispute at hand.[10]

9.   In addition, Spain notes that the *Green Power* Award, being rendered on 16 June 2022 and notified to Spain on 21 June 2022, "postdates the Parties' last written submissions…"[11] Thus, Spain was unable to add this legal authority to its submissions, the material importance of which is apparent and should prompt this Tribunal to add the *Green Power* Award to the record as new legal authority.[12]

> **2.   Request to Reconsider the Tribunal's Decision on Jurisdiction of 31 August 2020 and its Decision Declining to Reconsider its Decision on Jurisdiction of 10 January 2022**

10.   Spain requests the reconsideration of the Tribunal's Decision on Jurisdiction of 31 August 2020 on Spain's request of reconsideration of 10 January 2022 in light of the *Green Power* Award.

11.   Spain first addresses the contents of the *Green Power* Award. Spain argues that as with the issues before this Tribunal, the *Green Power* tribunal was called upon to decide on a dispute between an EU investor and an EU Member State under the ECT. Contrary to the present case, the *Green Power* tribunal upheld the intra-EU jurisdictional objection.[13]

12.   In the *Green Power* Award, the tribunal unanimously concluded that it lacked jurisdiction over a dispute that involved the application and interpretation of EU law, being based on an ECT claim brought by an EU investor against an EU Member State regarding subsidies to the renewable energy producers, which under EU law constitute State aid.[14] The *Green Power* tribunal reached this conclusion in an attempt to safeguard the autonomy of EU law "…to which both parties to the arbitration are subordinate."[15]

---

[10] *Id.*, paras. 8, 12-29.

[11] *Id.*, paras. 3, 7.

[12] *Id.*, para. 7.

[13] *Id.*, paras. 12-16.

[14] *Id.*, para. 16.

[15] *Ibid.*

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

13.  The *Green Power* tribunal examined whether there is a consent to arbitrate intra-EU disputes under the ECT (*ratione voluntatis*). In this context, the tribunal focused on whether Article 26 ECT could apply intra-EU in light of other provisions of the ECT and Articles 31-33 of the Vienna Convention on the Law of Treaties, and it denied its jurisdiction.[16]

14.  According to Spain, the claimant's argument in the *Green Power* case, that the rejection of intra-EU application of the ECT requires a disconnection clause is wrong because the EU, being based on an economic integration agreement, constitutes a regional economic integration organization ("**REIO**"), was foreseen in Article 25 ECT. In this context, the tribunal considered Article 26 ECT in conjunction with Article 25 ECT.[17] In the same vein, the *Green Power* tribunal referred to the definition of REIO in Article 1(3) ECT, which indicates that the ECT Contracting States recognised the transfer of competences between EU Member States and the EU and the binding nature of the EU Institutions' decisions in matters falling within the material scope of the ECT including in respect of "…State Aid issues and the inter-se applicability of the provisions of Article 344 TFEU."[18]

15.  In addition, the *Green Power* tribunal endorsed the *Achmea* and *Komstroy* rulings.[19] As noted, *Achmea* clarified that the validity of offers to arbitrate intra-EU disputes had to be examined under the EU law and intra-EU arbitration clauses referring to investor-State or State-to-State disputes, being incorporated in bilateral or multilateral treaties, are incompatible with EU law (Articles 267 and 344 TFEU). Otherwise, the autonomy of EU law would be jeopardised. The *Green Power* tribunal also affirmed that the *Komstroy* judgment confirmed the analogous application of the *Achmea* reasoning to the ECT.[20]

---

[16] Respondent's Request for Reconsideration dated 28 June 2022, paras. 17-19.

[17] *Id.*, para. 20.

[18] *Id.*, paras. 20-23.

[19] *Republic of Slovakia / Achmea BV,* Judgment of the Court of Justice of the European Union Case C-284/16, 6 March 2018; *Republic of Moldova / Komstroy LLC,* Judgment of the Court of Justice of the European Union Case C-741/19, 2 September 2021.

[20] Respondent's Request for Reconsideration dated 28 June 2022, paras. 23-24.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

16. Spain further notes that the *Green Power* tribunal, in its reasoning, took into account the 2019 Declaration of EU Member States and the 1998 Statement of the former European Communities to the ECT in relation to Article 26(3).[21]

17. For Spain, the *Green Power* tribunal's reasoning validates its arguments raised in the present proceedings. In Spain's contention, the SCC tribunal's reasoning will be followed by other SCC tribunals and the Svea Court of Appeal, if called upon to deal with requests for annulment. Spain also subscribes to the *Green Power* tribunal's view that the conclusion reached is not the result of the application of the Swedish law as *lex arbitri*, paving thus the way for the application of this reasoning to ICSID arbitrations.[22]

18. Spain then turns to the nature of ICSID tribunals' decisions and the possibility for reconsideration.[23] Spain submits that reconsideration of an ICSID tribunal's decision is neither contemplated nor expressly prohibited under the ICSID Convention or the ICSID Arbitration Rules.[24] In this context, Spain argues that the decisions of tribunals "…prior to the Award do not constitute *res judicata* in such a way as to prevent the Tribunal, in view of new evidence submitted to it after the date of its Decision, from proceeding to review it."[25] Spain contends that ICSID tribunals are empowered to reconsider their decisions "…when in view of new evidence the content of those Decisions could certainly be affected."[26] In so doing, tribunals are able to ensure efficiency and procedural economy since the parties would not have to wait until the matter is included in the final award and seek the award's annulment to have this issue addressed. In support of this conclusion, Spain endorses the approach taken by the *Standard Chartered Bank* tribunal.[27]

---

[21] *Id.*, para. 25.

[22] *Id.*, paras. 26-29.

[23] *Id.*, paras. 30-34.

[24] *Id.*, paras. 30-31.

[25] *Id.*, para. 32.

[26] *Id.*, paras. 32-33.

[27] *Ibid.*

Case 1:19-cv-01618-TSC    Document 113-19    Filed 03/13/25    Page 9 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

19. Finally, Spain submits that the "value of the *Green Power* Award is undeniable."[28] According to Spain, the *Green Power* Award is the first to conduct an in-depth analysis of the nature and status of the disputing parties and to conclude that it lacked jurisdiction over the intra-EU dispute.[29]

20. The *Green Power* Award, Spain says, is contrary to the Claimant's argument that no tribunal has ever upheld an intra-EU jurisdictional objection in an attempt to rebut Spain's objection to jurisdiction.[30]

21. In Spain's submission, this Tribunal cannot overlook the *Green Power* Award. Doing otherwise would "engage in a glaring inconsistency" as the consent given by the EU and EU Member States to arbitrate intra-EU disputes under the ECT would have been treated differently by SCC and ICSID tribunals.[31] Spain notes that this conclusion would contradict the fact that "…the impetus, promotion and participation in the negotiations to the ECT by the EU Member States and the EU itself…" and the time of ratifying were one and the same regardless of the arbitration institution that administers the relevant dispute.[32]

### B. THE CLAIMANT'S POSITION

#### 1. Request to Reopen the Proceedings and Introduce a New Legal Authority into the Record

22. In its Response, the Claimant submits that ICSID Arbitration Rule 38(2) imposes a high threshold for a Request to Reopen the Proceedings to be successful, which Spain did not meet.[33] For the Claimant, Rule 38(2) prescribes exceptional and exclusive grounds on which tribunals may reopen proceedings that have been closed, as reopening is premised upon the existence of new evidence constituting a decisive factor or the existence of a vital

---

[28] *Id.*, para. 35.

[29] *Ibid.*

[30] *Id.*, para. 36.

[31] *Id.*, para. 38.

[32] *Id.*, paras. 38-39.

[33] Claimant's Response to Spain's Request to Reopen the Proceedings, to Introduce a New Legal Authority into the Record, and to Reconsider two Prior Decisions, 8 July 2022, paras. 1-18.

Case 1:19-cv-01618-TSC    Document 113-19    Filed 03/13/25    Page 10 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

need for clarification on certain points.[34] In addition, the Claimant notes that "the closure of the proceedings precludes further production of evidence and submissions on clarification."[35]

23.    In this context, the Claimant submits that the *Green Power* Award, on which Spain's Request is based, is neither new evidence nor a decisive factor impacting the case at hand and the determination of Spain's intra-EU jurisdictional objection by the Tribunal.[36] Although the *Green Power* Award was issued by an SCC arbitral tribunal in an intra-EU dispute under the ECT, it does not constitute new evidence. The Claimant contends that there is no rule of binding precedent *(stare decisis)* in international arbitration, and arbitral tribunals are not compelled to consider and follow decisions rendered by other tribunals.[37] Thus, Rule 38(2), the Claimant says, was never intended to apply to new arbitral decisions as they do not bind future tribunals.[38] The Claimant states that Spain has failed to show a single example of an arbitral tribunal that reopened its proceedings to consider decisions issued by other tribunals.[39]

24.    Furthermore, it is the Claimant's submission that, by stating that the *Green Power* Award reflects the arguments that Spain has already raised before this Tribunal, Spain has implicitly acknowledged that the *Green Power* Award does not constitute new evidence.[40] In that regard, the Claimant argues that "[t]here is absolutely no basis for reopening a proceeding to consider arguments that Spain already has raised and the Tribunal already has rejected (twice)."[41]

25.    The Claimant submits that even if the decision were to be deemed new evidence, it could not be considered decisive in terms of Rule 38(2).[42] First, the Tribunal has determined in

---

[34] *Id.*, paras. 3-5.

[35] *Id.*, para. 5.

[36] *Id.*, para. 6.

[37] *Id.*, para. 7.

[38] *Id.*, para. 13.

[39] *Ibid*.

[40] *Id.*, para. 7.

[41] *Ibid*.

[42] *Id.*, para. 8.

Case 1:19-cv-01618-TSC    Document 113-19    Filed 03/13/25    Page 11 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

final terms its jurisdiction and it is not mandated to change its decision in light of a different ruling of another tribunal, regardless of whether it was called upon to decide a similar case.[43] Second, the fact that the *Green Power* tribunal was seated within the EU prompted it to conclude that EU law was applicable to determining its jurisdiction.[44] However, the present arbitration, being an ICSID arbitration, is delocalised, namely without a seat. As a result, the Claimant argues that the *Green Power* reasoning is not applicable to the present case, much less decisive.[45]

26.  In support of these conclusions, the Claimant refers to the *Cube v. Spain* case in which Spain attempted to reopen the proceeding to introduce a declaration made by several EU Member States on the *Achmea* decision to the record.[46] The *Cube* tribunal pointed out that it had completed its deliberations taking into consideration the materials presented by the parties and decided not to accept the Declaration or further submissions on it.[47] The *Cube* annulment committee, being called upon to decide on Spain's annulment request, which was partially based on the *Cube* tribunal's refusal to reopen the proceedings, noted that it was within the tribunal's powers to decline such a request and focus on the principle of finality of the decisions of arbitral tribunals.[48] The Claimant notes that, as the *Cube* annulment committee concluded, underlying to the ICSID Arbitration Rule 38 is the duty of arbitral tribunals to ensure the finality of their decisions and awards.[49] In that regard, tribunals are not compelled to "…maintain a record open (much less open a closed one) indefinitely" to consider "…any and all new decisions that may be rendered."[50]

27.  The Claimant further argues that Rule 38(2) provides for an exceptional remedy which "…does not create an entitlement to a subsequent reopening in relation to evidence which

---

[43] *Ibid.*

[44] *Ibid.*

[45] *Ibid.*

[46] *Id.*, para. 9.

[47] *Ibid.*

[48] *Id.*, paras. 10-11.

[49] *Id.*, para. 11, citing *Cube Infrastructure Fund SICAV and others v. Kingdom of Spain,* ICSID Case No. ARB/15/20, Decision on Annulment, 28 March 2022, paras. 472-474 [hereinafter: *Cube v. Spain*].

[50] *Id.*, para. 11.

a party wants to bring to the attention of the tribunal."[51] As the *Cube* annulment committee concluded, Rule 38(2) prompts tribunals to strike a fair balance between the parties' right to present their case and the principle of finality, and this suggests that there should be "…a point in every procedure when enough is enough."[52]

28.  In light of the above, the Claimant asserts that the present proceeding "…has reached the point where enough is enough,"[53] as the Tribunal has already considered and rejected the intra-EU jurisdictional objection and the request for reconsideration of its decision put forward by Spain.[54]

29.  The Claimant also relies on *EDF v. Romania* to illustrate that under Rule 38(2), the reopening of the proceedings is conditioned upon the existence of new evidence that would be considered decisive.[55] The Claimant relies on the EDF tribunal's view that the evidence adduced (i) should not merely confirm evidence already presented to the tribunal, (ii) should be capable of making a difference in the tribunal's decision, and (iii) that "evidence adduced last in time does not necessarily mean decisive."[56]

30.  Based on the above, the Claimant concludes that the *Green Power* Award, being "the sole example of an arbitral tribunal ever accepting the intra-EU objection,"[57] is neither new evidence nor decisive of the meaning of Rule 38(2) and it does not justify the reopening of the present proceedings as Spain requested.[58]

---

[51] *Id.*, para. 11, citing *Cube v. Spain*, paras. 472-474.

[52] *Ibid*.

[53] *Id.*, para. 12.

[54] *Id.*, para. 11, citing *Cube v. Spain*, para. 12.

[55] *Id.*, paras. 14-17, citing *EDF (Services.) Limited. Romania,* ICSID Case No. ARB/05/13, Award, 8 October 2009 ("*EDF v. Romania*").

[56] *Id.*, citing *EDF v. Romania*, paras. 15-16.

[57] *Id.*, para. 17.

[58] *Id.*, paras. 17-18.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

**2.    Request to Reconsider the Tribunal's Decision on Jurisdiction of 31 August 2020 and its Decision Declining to Reconsider its Decision on Jurisdiction of 10 January 2022**

31.    The Claimant also argues that the Tribunal should deny Spain's request to reconsider the Tribunal's previous Decision on Jurisdiction of 31 August 2020 and Spain's Request for Reconsideration of 10 January 2022.

32.    First, the Claimant asserts that Spain, being unhappy with the Tribunal's jurisdictional findings, attempts to alter the contents of the Tribunal's decision by treating it "as a mere draft that may be reopened at will."[59] In the Claimant's submission, Spain's Request undermines the principles of finality and efficiency that permeate ICSID arbitration. For the Claimant, Spain attempts to abuse the ICSID process, as it did not provide the Tribunal with any legal basis to support its request and exclusively bases its arguments on the *Green Power* Award.[60]

33.    Second, the Claimant notes that Spain ignored that the fact that this Tribunal, in its decision on Spain's first Request for Reconsideration, had already laid out the applicable standard for revisiting or reconsidering its previous decisions under the ICSID Convention and ICSID Arbitration Rules.[61] According to the Claimant, in its second Request for Reconsideration, Spain "did not address the Tribunal's discussion of the appropriate standard…," but simply repeated the arguments it put forward in its first Request for Reconsideration without proposing an alternative standard.[62]

34.    The Claimant argues that the fact of a new decision, namely the *Green Power* Award, does not suffice for this Tribunal to reconsider its previous Decision on Jurisdiction. In the Claimant's submission, this Tribunal had already reached that conclusion when it decided on Spain's first Request for Reconsideration. As the Tribunal noted, and the Claimant repeats, "….it would not be enough for a party to rely on a newly discovered legal authority

---

[59] *Id*., para. 19.

[60] *Ibid*.

[61] *Id*., para. 20.

[62] *Id*., paras. 20, 22.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)

Procedural Order No. 6

which merely supported the case on which it had failed…",[63] and it does not suffice for an applicant to "…produce subsequent legal authorities which cast doubt on a tribunal's decision."[64] For the Claimant, it must be shown that the subsequent legal development suggests that the tribunal "was wholly wrong" and that, if the legal authority at hand existed at the time of the decision, the tribunal would have reached a different conclusion.

35. The Claimant points to the fact that the *Green Power* Award "…is not a controlling legal authority."[65] In the absence of the principle of *stare decisis*, the Claimant notes, this Tribunal is not bound to consider the *Green Power* Award, nor to follow its reasoning.[66] Furthermore, the Claimant challenges the relevance of the *Green Power* Award to this Tribunal's reasoning, as the *Green Power* Award was rendered by an SCC tribunal seated within the EU, while the present arbitration, being conducted under the ICSID Convention, has no seat and *lex arbitri*.[67] Moreover, the *Green Power* tribunal ruled that the parties opted for an arbitration seated within the EU to the exclusion of ICSID arbitration, a decision which paved the way for the application of the EU and Swedish law, rendering the case law of the Court of Justice of the European Union ("**CJEU**") relevant to the determination of tribunal's jurisdiction.[68] For the Claimant, this reasoning does not have a bearing on the present proceeding.

36. In addition, the Claimant contends that the determination of a tribunal's jurisdiction is to be examined "…as of the date the arbitration commenced…", to the exclusion of subsequent events.[69] In that regard, the Claimant reminds this Tribunal that the *Green Power* Award, being rendered on 16 June 2022, post-dates the Tribunal's Decision on Jurisdiction of 31 August 2020. Thus, the Claimant concludes, "…it was not overlooked

---

[63] *Id*., para. 21, citing Tribunal's Decision on the Kingdom of Spain's Request for Reconsideration, 10 January 2022, paras. 79-81.

[64] *Ibid*.

[65] *Id.*, para. 23.

[66] *Ibid*.

[67] *Id.*, paras. 23, 26.

[68] *Id*., para. 26, citing *Green Power* Award, para. 162.

[69] *Id.*, para. 24.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)

Procedural Order No. 6

by the parties and the tribunal…" and it cannot be said that the Tribunal "…committed any error by not considering it."[70]

37.    The *Green Power* Award, the Claimant argues, merely supports the arguments that Spain has already put forward in the proceedings, and that this Tribunal, in common with many other ECT tribunals has already rejected.[71] For the Claimant, Spain failed to show that the Tribunal's Decision on Jurisdiction "…was wholly wrong."[72]

38.    Moreover, the Claimant takes issue with Spain's argument that the *Green Power* tribunal would have reached the same conclusion, even if it were an ICSID tribunal, on the grounds that the absence of *lex arbitri* does not matter.[73] The Claimant emphasises that the binding nature of the ICSID Convention on EU Member States is not affected by the CJEU rulings. Instead, the Claimant points out, ICSID Convention prevents EU Courts from applying domestic law "…in a way that would render an intra-EU ICSID arbitration inadmissible."[74] It is the Claimant's submission that it cannot be credibly "...asserted that an ICSID tribunal has no jurisdiction to hear intra-EU disputes."[75]

39.    Lastly, the Claimant indicates that "the applicability of the ICSID Convention is a critical distinguishing factor when considering the intra-EU objection."[76] The Claimant points to the fact that the *Green Power* tribunal rejected the relevance of ICSID tribunal's decisions on jurisdiction when called upon to decide the intra-EU objection, since ICSID tribunals, being without a seat, were not required to consider the impact of EU law. In essence, the Claimant subscribes to the *Green Power* tribunal's conclusion that "…the question of whether or not EU law applies to the determination of jurisdiction and, if so, the extent to which it does so, does not arise in the same manner in the circumstances of this [*Green*

---

[70] *Ibid.*

[71] *Id.*, para. 25.

[72] *Id.*, para. 26.

[73] *Id.*, para. 27.

[74] *Ibid.*

[75] *Ibid* .

[76] *Id.*, para. 28.

Case 1:19-cv-01618-TSC    Document 113-19    Filed 03/13/25    Page 16 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

*Power*] arbitration as in ICSID proceedings."[77] For the Claimant, the absence of a *lex arbitri* frees ICSID tribunals from any obligation to consider the application of EU law in the determination of their jurisdiction.

40. In conclusion, the Claimant urges this Tribunal to reject Spain's Request to reopen the proceedings and re-argue an issue already decided by the Tribunal in its Decision on Jurisdiction and on Spain's first Request for Reconsideration.[78]

## III.    THE TRIBUNAL'S DECISION

41. As indicated above, on 4 April 2022, the Tribunal declared the proceeding closed, and on 28 June 2022, the Respondent filed a request to reopen the proceeding pursuant to ICSID Arbitration Rule 38(2); for the Tribunal to decide on the admissibility of new evidence; and for the reconsideration of the Tribunal's decisions of 31 August 2020 and 10 January 2022.

42. In the *Green Power* Award, the claim under the ECT was made by Danish companies against Spain in an arbitration with its seat in Stockholm, Sweden, and operating under the Rules of the SCC. The *Green Power* tribunal, applying the decisions in *Achmea* and *Komstroy*, decided that Spain's offer to arbitrate under the ECT was not applicable in intra-EU relations and that there was therefore no offer of arbitration which the claimants could accept. Accordingly, the *Green Power* tribunal had no jurisdiction.

### A.    BACKGROUND

43. In *Achmea* the CJEU ruled:

> *Articles 267 and 344 TFEU must be interpreted as precluding a provision in an international agreement concluded between Member States, such as Article 8 of the Agreement on encouragement and reciprocal protection of investments between the Kingdom of the Netherlands and the Czech and Slovak Federative Republic, under which an investor from one of those Member States may, in the event of a dispute concerning investments in the other Member State, bring*

---

[77] *Id.*, para. 28, citing *Green Power* Award, paras. 439-441.

[78] *Id.*, para. 29.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

> *proceedings against the latter Member State before an arbitral tribunal whose jurisdiction that Member State has undertaken to accept.*

44.    In its Decision of 31 August 2020, the Tribunal concluded:[79]

> …

> *(3)    In the present case Article 26.6 ECT provides that the "tribunal established ... shall decide the issues in dispute in accordance with this Treaty and applicable rules and principles of international law."*

> *(4)    The issues in dispute are those concerning alleged breaches of obligations relating to investments: Article 26.1 ECT. Accordingly, Article 42(1) ICSID Convention and Article 26.6 ECT do not determine jurisdiction, and are not relevant for present purposes.*

> *(5)    By virtue of Article 25(1) ICSID Convention jurisdiction exists where (1) there is a legal dispute which (2) arises directly out of an investment, (3) between a Contracting State and a national of another Contracting State, and (4) which the parties to the dispute consent in writing to submit to the Centre.*

> *(6)    By virtue of Article 26.1-3 ECT: (1) where there arise disputes between a Contracting Party and an investor of another Contracting Party relating to an investment of the latter in the area of the former, (2) which cannot be settled amicably, (3) the investor party may submit it to ICSID arbitration, (4) if the Contracting Party of the investor and the Contracting Party to the dispute are both parties to the ICSID Convention.*

> *(7)    There is plainly a dispute between the Claimant and Spain which arises out of an investment in Spain, and the Contracting Party of the investor, Portugal, is party to the ECT and to the ICSID Convention, as is Spain.*

> *(8)    Accordingly Spain has given "its unconditional consent to the submission of [the] dispute to international arbitration" (Article 26.3.a ECT), and the Claimant has taken advantage of that consent.*

> *(9)    If the principles in the Achmea ruling apply to the ECT as a matter of EU law, that cannot affect the jurisdiction of the Tribunal under the applicable international law, namely the ECT and the ICSID Convention.*

> *(10)    ... there is nothing in the combination of the ECT and EU law which could give rise to an implication of a "disconnection" clause.*

> *(11)    There is no conflict between Article 26.1-3 ECT and Articles 267 and 344 TFEU such as to bring Article 30 VCLT into play.*

> *(12)    It is therefore not necessary to decide whether the effect of Article 16 ECT is that, even if there were an inconsistency between Articles 267 and 344 TFEU*

---

[79] Tribunal's Decision on Jurisdiction, Liability and Directions on Quantum, 31 August 2020, para. 370.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

*(and their predecessors) and the ECT, there would be no derogation from the dispute resolution provisions in Part V of the ECT.*

*(13) There is nothing in the Achmea ruling which could deprive a Tribunal so constituted of jurisdiction. Neither it, nor the decisions which it cites on multilateral agreements, suggest that Member States had no capacity to enter into agreements such as the ECT.*

*(14) The fact that the Tribunal, as a mechanism of international law, and not national law, cannot make a reference to the CJEU, does not deprive it of jurisdiction under international law. Nor can the plain meaning of the jurisdictional provisions of the ECT and the ICSID Convention be affected by the CJEU's interpretation of Articles 267 and 344 TFEU.*

*(15) The declaration of the majority of the Member States of January 2019 is a political declaration without legal force and ex post facto cannot and does not affect the 114 jurisdiction of the Tribunal; and in particular, as a declaration by only some of the parties to the ECT it cannot, for the purposes of Article 31 VCLT, be regarded as a subsequent agreement between the parties regarding its interpretation or application, or as subsequent practice establishing such agreement.*

*(16) The fact that EU law is international law for at least some purposes does not affect the conclusion that, on the plain meaning of the ECT and the ICSID Convention, the Tribunal has jurisdiction. It is true that EU law is international law because it is rooted in international treaties, but it does not follow that all of EU law is international law for all purposes, nor that it will necessarily be the applicable law in all circumstances.*

*(17) The fact that EU law has primacy under the principle in Costa v. ENEL does not affect the position. The principle is concerned with primacy over national law and not international law, whether customary law or treaty law.*

*(18) The fact that an Award of the Tribunal may not be effectively enforceable in an EU Member State does not affect its jurisdiction. It follows that the Tribunal has jurisdiction over the dispute.*

45. In its Decision of 10 January 2022, the Tribunal rejected a Request for Reconsideration by Spain which was founded on a further decision of the CJEU in *Komstroy*, in which the CJEU ruled that the principle in *Achmea* applied to the ECT on the basis that, despite the multilateral nature of the international agreement of which it forms part, a provision such as Article 26 ECT was intended to govern bilateral relations between two of the Contracting Parties, in an analogous way to the provision of the bilateral investment treaty at issue in *Achmea*.[80]

---

[80] Case C-741/19, *Republic of Moldova v. Komstroy LLC*, Judgment, 2 September 2021, RL-0106, paras. 60, 62-66.

Case 1:19-cv-01618-TSC    Document 113-19    Filed 03/13/25    Page 19 of 24
*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

46. This Tribunal ruled that there was no reasonable basis for re-considering its 2020 Decision. There was no new ruling by the CJEU which would decisively affect the 2020 Decision and which was unknown to the Tribunal and the parties. There was nothing in the reasoning in *Komstroy* which was not anticipated by the Tribunal or by the parties in their submissions leading to the 2020 Decision. *Komstroy* added nothing material to *Achmea* apart from its express application to the ECT, which had been taken fully into account by the parties in their arguments and by the Tribunal in its 2020 Decision.

B.    **CONTROLLING PROVISIONS**

47. By Article 38 of the ICSID Arbitration Rules:

> *(1) When the presentation of the case by the parties is completed, the proceeding shall be declared closed.*
>
> *(2) Exceptionally, the Tribunal may, before the award has been rendered, reopen the proceeding on the ground that new evidence is forthcoming of such a nature as to constitute a decisive factor, or that there is a vital need for clarification on certain specific points.*

48. Under paragraph 16.3 of Procedural Order No. 1, the parties may be allowed to submit additional or responsive documents after the filing of their last submissions when the Tribunal determines that exceptional circumstances exist.

49. In its Decision of 10 January 2022, this Tribunal accepted that its Decision on Jurisdiction, and its refusal to reconsider its Decision, are not *res judicata* in the sense that they are incapable of reconsideration.

50. Once the proceedings have been closed, it follows from a combination of the Rules and Procedural Order No. 1 that for the proceedings to be re-opened or for further documents to be submitted, one of the following factors must normally be present: (1) there is new evidence of a decisive character; (2) there is a vital need for clarification on specific points; or (3) there are exceptional circumstances justifying the submission of additional or responsive documents.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

### C.    CONCLUSIONS

51.    None of these factors can reasonably be said to be present in the circumstances now in contemplation.

52.    The first question is whether there is new evidence of a decisive character. A new legal authority, such as the *Green Power* Award, is not new evidence, since it is not evidence at all. An international arbitral decision in a different case is not evidence. Even if it were evidence, however, for the reasons given below, it would not be decisive.

53.    The second question is whether there is a vital need for clarification on specific points. The main purpose of this provision is to enable a tribunal to seek further assistance in the course of its deliberations. Even if it has wider application, however, there is no basis for a contention that such clarification is required in the present case.

54.    The third question is whether there are exceptional circumstances requiring the submission of additional or responsive documents. Procedural Order No. 1 was plainly contemplating the submission of further evidence, which the *Green Power* Award is not, and in any event no exceptional circumstances exist which could justify its submission to the Tribunal.

55.    In its Decision of 10 January 2022, however, the Tribunal accepted that the discovery of controlling legal authorities, existing prior to the decision, which had been overlooked by the parties and the tribunal, might justify reconsideration in exceptional circumstances.[81] In such a case, the Tribunal would have an inherent jurisdiction to revisit its decision to avoid an obvious injustice. But, it would not be enough for a party to rely on a newly discovered legal authority which merely supported the argument on which it had failed. So also, it could not be enough for a claimant to produce a subsequent case which cast doubt on a tribunal's decision. The mere fact that a subsequent case suggested that a tribunal's decision on the law might have been wrong was not sufficient to justify reconsideration, as otherwise there would be no finality. In its 10 January 2022 Decision, the Tribunal said:[82]

---

[81] Tribunal's Decision on the Kingdom of Spain's Request for Reconsideration, 10 January 2022, paras. 79-81.
[82] *Id.*, paras. 80-81.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)

Procedural Order No. 6

> *80. What must be shown is that the subsequent legal development not only undermines the Tribunal's legal conclusion, but shows that it was wholly wrong. It must be a decisive legal authority which, if it had existed at the time of the decision, would plainly have led to a different conclusion.*

> *81. That, in the Tribunal's view, is the relevant and appropriate touchstone, namely, some development (such as a relevant and controlling judgment or award) of such a nature as would have decisively affected a pre-final-award decision (of whatever character), had it been known to the tribunal at the time of the decision.*

56. The *Green Power* Award does not meet that standard. While its reasoning on jurisdiction extends over more than 40 pages, the crucial point of difference between that case and this is that the *Green Power* arbitration was conducted under the Rules of the Stockholm Chamber of Commerce and Swedish law, and that the Tribunal treated Swedish law as the law applicable to jurisdiction. Notably, the *Green Power* tribunal expressly stated that different considerations would be applicable to ICSID arbitrations.

57. On the last of these points, it is material that:

   (1) The *Green Power* tribunal, at the outset, considered it "noteworthy to highlight a significant difference between ICSID proceedings and arbitration proceedings such as the present one" and went on to say:

   > *As noted by the arbitral tribunal in* Electrabel v. Hungary: 'this ICSID arbitration <u>does not have its seat or legal place of arbitration in Hungary or elsewhere in the European Union. Such an arbitral seat could trigger the application of the lex loci arbitri</u> and give rise to the jurisdiction of the local courts in regard to the arbitral process, including challenges to the award.' *Similarly, in* Vattenfall v. Germany, *addressing specifically the implications of the* Achmea Judgment, *the arbitral tribunal observed that:* 'In contrast, <u>in cases where the investor opts for another forum, such as an ad hoc UNCITRAL arbitration or arbitration under the SCC Rules, that tribunal's jurisdiction may be circumscribed by the local arbitration law of the place of arbitration.</u>" [83]

   (2) The tribunal recognised that its task was to "determine whether Article 26 ECT can operate in the relations between Denmark and Spain, two EU Member States bound by a complex network of legal relations, as a basis for investors from Denmark … to rely on a valid unilateral offer by Spain to arbitrate *a dispute*

---

[83] *Green Power* Award, para. 161 (emphasis in the original).

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

*raising specific matters regulated by EU law in proceedings based in Stockholm, Sweden, another Member State.*"[84]

(3) It distinguished cases deciding that ICSID tribunals had jurisdiction[85] on the basis that they "were ICSID arbitrations and, as a result, the reasoning did not take account the relevance for jurisdictional matters of the applicable law attracted by the selection of the seat in an EU Member State."[86]

(4) Consequently,

"[t]he [Green Power] *Tribunal, which is concerned with arbitration proceedings between EU investors and an EU Member State, with the arbitration seat in Sweden, another Member State, has reached a different conclusion in the circumstances of the present case. Unlike the Tribunals in* Infracapital v Spain *and* Sevilla Beheer v Spain*, this Tribunal considers that EU law is part of the law applicable to the determination of jurisdiction. For these reasons, the Tribunal considers the reasoning of those ICSID tribunals on this issue inapposite for present purposes.*"[87]

(5) The Green Power tribunal decided that the annulment decision of the *ad hoc* committee in *SolEs Badajoz v. Spain*[88] was of limited relevance because (*inter alia*) "the Committee reviewed an award rendered under the ICSID Convention, not one having its seat in an EU Member State, as is the case in the present arbitration."[89]

---

[84] *Id.*, para. 334 (emphasis added).

[85] *Green Power* Award, citing *Vattenfall AB, Vattenfall GmbH, Vattenfall Europe Nuclear Energy GmbH, Kernkraftwerk Krummel GmbH & Co. oHG, Kernkraftwerk Brunsbuttel GmbH & Co. oHG v. Federal Republic of Germany*, ICSID Case No. ARB/12/12, Decision on the Achmea Issue, 31 August 2018, CL-0216, paras. 161 *et seq.*; *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain,* ICSID Case No. ARB/14/1, Award, 16 May 2018, CL-0198/RL-0091, para. 679; *Infracapital F1 S.a.r.l. and Infracapital Solar B.V.v. Kingdom of Spain,* ICSID Case No. ARB/16/18, Decision on Respondent's Request for Reconsideration regarding the Intra-EU Objection and the Merits, 1 February 2022; *Sevilla Beheer B. V. and others v. Kingdom of Spain,* ICSID Case No. ARB/16/27, Decision on Jurisdiction, Liability and the Principles of Quantum, 11 February 2022**.**

[86] *Green Power* Award, para. 439.

[87] *Ibid.*

[88] *Green Power* Award, citing *SolES Badajoz Gmbh v. Kingdom of Spain,* ICSID Case No. ARB/15/38, Decision on Annulment, 16 March 2022.

[89] *Green Power* Award, para. 441.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

(6) In other passages, the *Green Power* Award repeatedly emphasised the applicability of Swedish law as the seat of the arbitration.[90]

58. For those reasons, this Tribunal considers that nothing in the *Green Power* Award affects its Decision on Jurisdiction.

---

[90] *Id.*, paras. 412, 414, 475, 477.

*Cavalum SGPS, S.A. v. Kingdom of Spain*
(ICSID Case No. ARB/15/34)
Procedural Order No. 6

## IV.   OPERATIVE PART

59.   The Tribunal rejects Spain's request to (1) reopen the proceeding pursuant to ICSID Arbitration Rule 38(2); (2) admit new evidence; and (3) reconsider the Tribunal's Decisions of 31 August 2020 and 10 January 2022. The Tribunal's Decisions of 31 August 2020 and 10 January 2022 thus stand.

60.   Costs of the application are reserved to the final Award.


On behalf of the Tribunal:


_____

Lord Collins of Mapesbury, LL.D, F.B.A.

President of the Tribunal

Date: 7 September 2022