UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------  x
                                   :
NEXTERA ENERGY GLOBAL HOLDINGS     :
B.V. and NEXTERA ENERGY SPAIN      :
HOLDINGS B.V.,                     :
                                   :
                    Petitioners,   :
                                   :  Civil Action No. 19-cv-01618-TSC
         v.                        :
                                   :
KINGDOM OF SPAIN,                  :
                                   :
                    Respondent.    :
                                   :
---------------------------------  x

**PETITIONERS' RESPONSE TO THE KINGDOM OF SPAIN'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Petitioners NextEra Energy Global Holdings B.V., and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") hereby respond to the Notice of Supplemental Authority (ECF No. 114) submitted by Respondent the Kingdom of Spain ("Spain"), directing the Court to the European Commission's ("EC's") *Commission Decision on the measure State aid SA.54155 (2021/NN) implemented by Spain – Arbitration award to Antin* (March 24, 2025) ("*Antin*").

This decision does not address, much less change, the authority that binds this Court to grant NextEra's pending Renewed and Supplemental Motions for Summary Judgment. Rather, it is another entry in a list of non-U.S. authority that Spain would have the Court apply in place of the binding mandates of U.S. treaty and federal statute. The ICSID Convention requires this Court to "recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award . . . as if it were a final judgment of a [U.S.] court" (ECF No. 1-5 at 27, art. 54(1)); *Antin* does not change that obligation. Federal statute mandates that "[t]he

1

pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States," 22 U.S.C. § 1650a(a); *Antin* does not even mention that obligation.

In short, *Antin* simply does not alter the binding authority that requires recognition and enforcement of the arbitral award here.  It is merely one more European "authority" in the same vein as the grab bag of EC and CJEU measures that Spain and its *amicus* have urged the Court to apply over U.S. law in their recent filings.  (*See, e.g.*, ECF No. 108 at 5-11, 15-23; ECF No. 111-1 at 2-6.)  As Professor George Bermann has observed in his most recent declaration filed with the Court, whatever the effect of these authorities on European Union ("EU") member states, "[n]one of them is a valid excuse under international law for an EU Member State to violate its obligations under the ECT and the ICSID Convention," and, "more importantly, none of them can possibly justify expecting a State outside the EU, such as the United States, to disregard its own treaty obligations on such basis."  (ECF No. 113-4 ¶ 67; *see id.* ¶ 48 ("[R]eference to court decisions within the EU is not, from an international law perspective, relevant or useful in analyzing the status of the Award in the present case, or the United States' obligations under the ICSID Convention.").)

Notably also, a similar "state aid" decision was made by the EC in the case of *Micula v. Government of Romania*, 101 F.4th 47, 51 (D.C. Cir. 2024)—a case where a court of this District has entered a large ICSID Award.  Romania urged, in that case, that the EC's state aid decision was a basis for refusing enforcement of the ICSID award (and/or vacating a judgment upon that award), but both Judge Mehta and the D.C. Circuit rejected those arguments multiple times.  *See id.* at 51-55.  If anything, *Antin* confirms those rulings: it acknowledges that a binding ICSID award

produces legal effects (or, in the EC's words, is "liable to have an impact") outside the EU even if the EC views it as "contrary to Union law." (ECF No. 114-1 at 44 ¶ 218.)

For the above reasons, *Antin* is irrelevant to the resolution of NextEra's Renewed and Supplemental Motions for Summary Judgment.

| | |
|---|---|
| Dated: April 3, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Bradley A. Klein_____<br>Bradley A. Klein<br>D.C. Bar Number 973778<br>John A.J. Barkmeyer<br>D.C. Bar Number 1014956<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC  20005-2111<br>(202) 371-7000<br>bradley.klein@skadden.com<br>john.barkmeyer@skadden.com<br><br>Timothy G. Nelson (appearing *pro hac vice*)<br>New York Bar Number 3060175<br>Amanda Raymond Kalantirsky (appearing *pro hac vice*)<br>New York Bar Number 4812418<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY 10001<br>(212) 735-3000<br>(212) 735-2000 (fax)<br>timothy.g.nelson@skadden.com<br>amanda.raymond@skadden.com<br><br>David Herlihy SC (appearing *pro hac vice*)<br>New York Bar Number 4167920<br>A&O SHEARMAN (IRELAND) LLP<br>53 Merrion Square South<br>Suite 201<br>Dublin D02 PR63<br>IRELAND<br><br>*Attorneys for NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V.* |