**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NEXTERA ENERGY GLOBAL HOLDINGS B.V.** and **NEXTERA ENERGY SPAIN HOLDINGS B.V.**,<br><br>*Petitioners*,<br><br>v.<br><br>**KINGDOM OF SPAIN**,<br><br>*Respondent*. | Civil Action No. 19-1618 (TSC) |

## ORDER

Petitioners NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. (collectively, "NextEra") seek to enforce an arbitral award issued by the Internal Centre for Settlement of Investment Disputes ("ICSID") against Respondent the Kingdom of Spain ("Spain"), *see* Award, ECF No. 1-4, and collect legal fees, costs, and interest granted by a decision denying annulment of that award, *see* Decision on Annulment, ECF No. 68-60 ("Decision"). In September 2025, the court granted NextEra's motions for summary judgment and ordered the parties to submit a joint proposed final judgment. ECF Nos. 122, 123. The parties subsequently represented that they agreed on all terms except for the applicable pre- and post-judgment interest rates. *See* Joint Status Report at 3, ECF No. 125 ("JSR").

***Pre-Judgment Interest Rate.*** The parties dispute whether the pre-judgment interest rate specified in the Award and Decision is a monthly or annual rate. The Award requires Spain to pay pre-judgment interest "at the rate of 0.234%, compounded monthly." Award ¶ 37(3). Similarly,

the Decision states that Spain shall pay "interests on th[e] amount [awarded] at the rate of 0.234% compounded monthly." Decision ¶ 533(3). Spain reads the text to mean that the interest rate is 0.234% per year, with the interest compounded monthly. *See* JSR at 15. By contrast, NextEra contends that the interest rate is monthly, and amounts to over 2.8% per year. *See id.* at 7.

Spain has the better argument. In issuing the Award, the tribunal explained that it had selected the interest rate "on the basis of 5-year Spanish sovereign bonds as at the date of the Award." *See* Award ¶ 12. The "5-year sovereign bond rate was 0.234%" on that date. *Id.* ¶ 13. It is undisputed that the bond rate was an annual rate. In fact, Spanish law requires the 5-year sovereign bond yield to be calculated and expressed as an annual figure. *See* Article 14.2, Order ECE/27/2019, B.O.E. n. 19, Jan. 22, 2019 (Spain). Because the Award incorporated the Spanish 5-year bond rate, it follows that the 0.234% is an annual rate, not a monthly rate.

The same rationale also applies to the Decision. Like the Award, the Decision adopted the Spanish 5-year sovereign bond rate. It ordered Spain to pay interest on legal fees and expenses at "the same interest rate granted in the Award." Decision ¶¶ 532–533. Because the interest rate in the Award was an annual rate, the rate in the Decision also applies on an annual basis.

That the Award and Decision relied on the Spanish 5-year bond yield is enough to resolve the parties' disagreement, but if more evidence were needed, the background convention of expressing interest rates provides it. As a default rule, interest rates are "expressed as a percentage of the principal payable for a *one-year period*." *Interest Rate*, Black's Law Dictionary (11th ed. 2019) (emphasis added); *see also* Joel G. Siegel & Jae K. Shim, *Dictionary of Accounting Terms* 243 (4th ed. 2005) (defining "interest rate" as the "rate, usually expressed as a percentage per annum charged on money borrowed or lent"). That convention has been recognized in this Circuit

too. In *Robinson v. District of Columbia*, 341 F. Supp. 3d 97 (D.D.C. 2018), for example, the Court considered the plaintiff's request for "pre-judgment interest at a rate of 4%, compounded monthly." *Id.* at 114. The Court understood the plaintiff to be requesting interest at a rate of 4% per year, and for the interest to be compounded monthly. *See id.* & n.15.

Despite the full text of the Award and Decision and the background convention regarding interest rates, NextEra argues that because the phrase "compounded monthly" follows the interest rate specified in the Award and Decision, the rate is a monthly rate. JSR at 5. But that argument fails twice over. First, it attempts to forge a connection between the interest rate period and the frequency of compounding when none exists. An interest rate is not defined by the frequency at which the interest compounds. *See, e.g.*, *Robinson*, 341 F. Supp. 3d at 114 & n.15 (acknowledging the difference between interest rate period and compounding period). Nor does the compounding period bear any logical connection to the interest rate. *See* Siegel & Kim, *supra*, at 91 (defining "compounding period" as "time during which compound interest is computed," which can be "on a daily, monthly, annual, or other basis"). Indeed, interest accrued at a given rate may *never* compound. *See Simple Interest*, Black's Law Dictionary (11th ed. 2019) (defined as "[i]nterest paid on the principal only and not on the accumulated interest."). Just because the Award and Decision specify a compounding period, that does not mean the interest rate is tied to that period.

Second, NextEra's argument runs headlong into the ordinary reading of the text. The Award grants interest "at the rate of 0.234%, compounded monthly." Award ¶ 37(3). The phrase "compounded monthly" is set off by a comma, suggesting that it "stands independent of the language" fixing the interest rate which precedes it. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). And that makes sense. An interest *rate* cannot compound monthly.

Only the interest accrued under a given interest rate can compound. *See Interest*, Black's Law Dictionary (11th ed. 2019). NextEra's interpretation thus threatens to distort the most natural reading of the text.

NextEra also claims that a 0.234% annual interest rate would "result in a massive windfall for Spain, effectively rewarding it" for, *inter alia*, "delaying the enforcement and satisfaction of NextEra's award for more than six years and counting." JSR at 7. But NextEra nowhere suggests that Spain improperly delayed the enforcement proceedings. And in any event, an award of pre-judgment interest at the rate of 0.234% per year is not unfair to NextEra, because the arbitral panel issuing the Award viewed *any* pre-judgment interest as a boon to the company. *See* Award ¶ 18. Indeed, NextEra recognized as much because it sought "the same interest rate specified in the Award" during the proceedings on annulment. *See* Decision ¶¶ 56; 510–531. There is nothing improper about holding NextEra to the limited—and purposefully limited—interest rate the tribunal awarded it.

NextEra also insists that the Award and Decision could not have fixed a 0.234% annual interest rate because such a rate would be anomalously low compared to the rates specified in other ICSID awards enforced in this district. *See* JSR at 7–8. But the cases NextEra cites undermine its argument. In *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-cv-1753 (D.D.C. Sept. 30, 2025), for example, the award granted interest "at the rate of 2.07%, compounded monthly." Award ¶ 748(d), ECF No. 1-1. The parties understood that the interest rate applied per year. *See* JSR ¶ 4(b), ECF No. 116; Judgment, ECF No. 117. Similarly, in *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 23-cv-2701 (D.D.C. Nov. 15, 2024), the award granted interest "at the rate of 1.6%, compounded monthly." Award ¶ 73(v), ECF No. 1-1. Again, it was

understood that the interest rate was on an annual basis. *See* JSR ¶ 4(b), ECF No. 27; Judgment, ECF No. 28. Other cases follow the same pattern. *See, e.g.*, JSR ¶ 4(b), ECF No. 75, *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 19-cv-3783 (D.D.C. Sept. 12, 2025) (interest rate was yearly when award specified interest "a rate of 2.07%, compounded monthly," *see* Award ¶ 81(b), ECF No. 1-1); JSR ¶ 4(b), ECF No. 86, *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 20-cv-817 (D.D.C. Sept. 12, 2025) (parties treated an award that was silent about the interest rate period as referring to an annual rate, *see* Award ¶ 605, ECF No. 3-1).

NextEra suggests that the interest rates in those awards were "all around 2%" and "clearly intended to be annual rates," unlike the interest rate here. JSR at 7–8. But the interest rate NextEra proposes is significantly higher—over 2.8%. Regardless, the other awards were typically based on the yield of the Spanish 10-year bonds for the relevant periods. *See, e.g.*, Award ¶ 733, *Infrastructure Servs.*, No. 18-cv-1753; Award ¶ 44, *Blasket*, No. 23-cv-2701; Award ¶ 68, *Blasket*, No. 19-cv-3783. The Award here, however, was based on the Spanish 5-year bond yield. Seeking to circumvent this difference, NextEra suggests that its proposed rate is "comparative[ly] consisten[t] with the Spanish five-year sovereign bond rate over the last ten years." JSR at 8 (footnote omitted). Whether that contention is accurate, however, is irrelevant, because the ICSID tribunal chose the Spanish five-year bond rate as of the date of the arbitration. *See* Award ¶ 13. As NextEra acknowledges, this court cannot rewrite the Award. *See* JSR at 5. And contrary to NextEra's complaints, by disagreeing over the proper interpretation of the Award, Spain does not seek to impermissibly "relitigate[]" the interest rate. *See id.* at 6. Both parties recognize the interpretation of the Award and Decision remains unsettled. *See id.* at 5. So Spain is no more

relitigating the matter by arguing that the interest rate applies annually than NextEra is by contending it applies monthly.

Finally, NextEra relies on a decision staying enforcement of the Award, which characterizes the interest rate as 0.234% per month, and claims that decision constituted an "express finding" that the interest rate applied on a monthly basis. *See* JSR at 5–6 (citing Stay Decision ¶ 93, Ex. 3, ECF No. 125). But a decision staying enforcement of the Award has no bearing on the terms of the Award itself. That is because the pecuniary obligations which NextEra now seeks to enforce were imposed by the Award, not the stay decision. A subsequent decision staying enforcement therefore could not have altered the underlying obligations. Consequently, the appropriate pre-judgment interest rate is 0.234% per year.

***Post-Judgment Interest Rate.*** Spain insists that the interest rate specified by the arbitral panels ought to govern post-judgment interest, *see* JSR at 21, whereas NextEra contends that 28 U.S.C. § 1961(a) supplies the appropriate post-judgment interest rate, *see id.* at 8. The parties' arguments materially track the submissions in *9REN Holding S.À.R.L. v. Kingdom of Spain*, No. 19-cv-1871 (D.D.C. 2019), where the Petitioners argued that 9 U.S.C. § 1961(a) controlled and Spain contended otherwise. *See* JSR at 3–9, ECF No. 118. The court incorporates its analysis from the Order disposing of the issue in *9REN* here. *See* Order at 1–6, ECF No. 127. As explained in the Order, Section 1961(a) supplies the post-judgment interest rate unless the award explicitly states otherwise. *Id.* That rule compels a straightforward result for the Decision: because it does not "explicitly state the interest rate to be applied 'post-*judgment*,'" Section 1961 supplies the appropriate post-judgment interest rate for the legal fees and expenses. *See id.* at 5 (quoting *OI*

*Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 16-cv-1533, 2019 WL 2185040, at *6 (D.D.C. 2019)); Decision ¶ 533(3).

Unlike the Decision, however, the Award does "expressly state[]" the applicable post-judgment rate. *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 19-cv-2943, 2023 WL 2536368, at *7 (D.D.C. Mar. 16, 2023). It requires Spain to pay NextEra "*post-judgment* interest on the amounts owing under th[e] Award . . . until date of payment at the rate of 0.234%, compounded monthly." Award ¶ 37(6), ECF No. 1-4 (emphasis added). The use of such express language distinguishes the Award here from those in the cases NextEra cites. *See, e.g.*, Award ¶ 748(d), *Infrastructure Servs.*, No. 18-cv-1753 (requiring Spain to pay "interest from the date of the Award to the date of payment" without mentioning the word "post-judgment"); Award ¶ 73(v), *Blasket*, No. 23-cv-2701 (same); *Archirodon Constr. (Overseas) Co. Ltd. v. Gen. Co. for Ports of Iraq*, No. 22-cv-1571, 2024 WL 341066, at *7 (D.D.C. Jan. 30, 2024) (award was "silent" on post-judgment interest); *Perenco*, 2023 WL 2536368, at *8 (award did "not explicitly state that a non-statutory rate applie[d] to post-*judgment* interest"); *Tenaris, S.A. v. Bolivarian Republic of Venezuela*, No. 18-cv-1373, 2021 WL 1177996, at *3 (D.D.C. Mar. 29, 2021) (award was "silent on a post-judgment interest rate"); *OI Eur. Grp.*, 2019 WL 2185040, at *7 (award made "no mention of what interest rate applie[d] 'post-judgment'"); *Miminco, LLC v. Democratic Republic of Congo*, 79 F. Supp. 3d 213, 218 (D.D.C. 2015) (award did "not expressly mention interest" (citation omitted)). Accordingly, the post-judgment interest rate is 0.234% per year.

For the foregoing reasons, the rate of pre-judgment interest is 0.234% per year. The rate of post-judgment interest is 0.234% per year for the Award and the rate specified in 9 U.S.C. § 1961(a) for the Decision. The parties shall file a joint proposed final judgment by October 26,

2026, which includes the arbitral award, legal fees, arbitration or legal costs, and a table forecasting the amount of pre-judgment interest that will have accrued from the day the proposed judgment is entered until thirty days thereafter.

It is **SO ORDERED**.

Date: October 13, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge